UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,<br>    Plaintiff<br><br>    v.<br><br>ANDREA CABRAL, SUFFOLK<br>COUNTY SHERIFF'S DEPARTMENT,<br>SUFFOLK COUNTY, and<br>CORRECTIONAL MEDICAL<br>SERVICES, INC.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 04-11935-DPW |

**<u>DEFENDANTS ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT AND SUFFOLK COUNTY'S PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. Civ. P. 12 (b)(6)</u>**

Now comes the Defendants and hereby move that this Honorable Court dismiss the following claims set forth in the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted. In support of this motion, the Defendant states the following.

1. Andrea Cabral Is Not A Proper Party In An Action Under M.G.L. c.149, § 185.

2. Counts V, VI, and VII Against Suffolk County Should Be Dismissed Pursuant To The Waiver Provisions Of M.G.L. c. 149, § 185.

3. The Plaintiff's Claims Under The Massachusetts Civil Rights Act Must Be Dismissed Because Liability Cannot Be Based On The Theory Of Respondeat Superior, There Are No Allegations Of Threats, Intimidation Or Coercion By Defendants To This Action, And A Municipality Cannot Be Sued Under M.G.L. c. 12, § 11I.

4. All Counts Against The Suffolk County Sheriff's Department Must Be Dismissed Because The Sheriff's Department Is Not A Legal Entity Amenable To Suit.

In further support of their motion, the Defendants submit the attached Memorandum of Law.

**Defendants Respectfully Request A Hearing On This Motion.**

>Respectfully submitted,
>For the Defendants
>By their Attorney
>
>/s/ Ellen M. Caulo
>Ellen M. Caulo
>B.B.O. #545250
>Deputy General Counsel
>Suffolk County Sheriff's Department
>200 Nashua Street
>Boston, MA  02114
>(617) 989-6681

Date: September 28, 2004

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Counsel for the Defendant hereby certifies pursuant to Local Rule 7.1 that she conferred with Jennifer M. Goddard, counsel for the Plaintiff, by telephone on September 28, 2004 in an attempt to resolve the issues raised by the instant motion.

>/s/ Ellen M. Caulo
>Ellen M. Caulo

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a true copy of the foregoing papers by mailing a copy, first-class, postage prepaid to counsel of record, Jennifer M. Goddard, Testa, Hurwitz & Thibeault, LLP, 125 High Street, Oliver Street Tower, Boston, MA 02110 on the 28th day of September 2004.

  SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 28th DAY OF SEPTEMBER 2004.


        /s/ Ellen M. Caulo
        Ellen M. Caulo