UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,<br>    Plaintiff<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK<br>COUNTY SHERIFF'S DEPARTMENT,<br>SUFFOLK COUNTY, and<br>CORRECTIONAL MEDICAL<br>SERVICES, INC.<br>    Defendants | Civil Action No. 04-11935-DPW |

**DEFENDANTS ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT AND SUFFOLK COUNTY'S MEMORANDUM IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS**

**I.   INTRODUCTION**

The Plaintiff is a former contract nurse employed by Defendant Correctional Medical Services, Inc. (CMS) at the Suffolk County House of Correction (HOC). She alleges in her complaint that the Defendants terminated her from her employment as a Nurse Practitioner at the HOC because she acted as an informant for the FBI. Specifically the Plaintiff asserts that the Defendants terminated her because she provided information to the FBI concerning suspected physical abuse of an inmate at the HOC.

The Plaintiff brought suit against Sheriff Andrea Cabral, Suffolk County Sheriff's Department, Suffolk County and Correctional Medical Services, Inc.

The claims against Sheriff Andrea Cabral are as follows: Count I, Violation of Federal Civil Rights; Count II, Violation of State Whistleblower Statute; Count VII,

1

Violation of State Civil Rights; Count IX, Defamation; and Count X, Intentional Infliction of Emotional Distress.

The claims against the Suffolk County Sheriff's Department are as follows: Count I, Violation of Federal Civil Rights; Count II, Violation of State Whistleblower Statute; Count III, Breach of Contract; Count V, Breach of Contract; Count VI, Termination in Violation of Public Policy; and Count VII, Violation of State Civil Rights.

The claims against Suffolk County are as follows: Count I, Violation of Federal Civil Rights; Count II, Violation of State Whistleblower Statute; Count III, Breach of Contract; Count V, Breach of Contract; Count VI, Termination in Violation of Public Policy; and Count VII, Violation of State Civil Rights.

Counts IV and VIII relate exclusively to direct claims against Defendant Correctional Medical Services, Inc. and are not addressed in the instant motion.

## II.     FACTS

For the purposes of the instant motion only, Defendants accept as true those facts set forth in the numbered paragraphs of the Plaintiff's Complaint and Exhibits A – C.

## III.    ARGUMENT

A complaint should be dismissed if the Plaintiff can prove no set of facts that would entitle her to the relief sought. "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Nader v. Citorn, 372 Mass. 96, 97 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In this case the Plaintiff

has failed to allege sufficient facts as to the following Counts in her Complaint that would entitle her to the relief sought.

    A.    **<u>Andrea Cabral Is Not a Proper Party In An Action Under M.G.L.c. 149, § 185.</u>**

The Plaintiff has brought suit against Andrea Cabral, an individual, in her official capacity as the Sheriff of Suffolk County.  Count II of the Plaintiff's Complaint alleges a violation of the State Whistleblower Statute by Defendant Andrea Cabral.  Under the State Whistleblower Statute an employer is prohibited from taking retaliatory action against an employee for engaging in certain protected conduct.  The State Whistleblower Statute confines liability to "employers", not individual supervisors. <u>Bennett v. City of Holyoke</u>, 230 F.Supp. 207, 221 (2002) (Former Holyoke police officer's whistleblower law suit dismissed as to individual defendants, including former Mayor of Holyoke and former chiefs of Holyoke Police, but not as to employer City of Holyoke); <u>Orell v. Umass Memeorial Medical Center, Inc</u>., 203 F.Supp.2d 52 (D.Mass. 2002). The statute defines an Employer as follows:

> the commonwealth, and its agencies or political subdivisions, including but not limited to, cities, towns, counties and regional school districts, or any authority, commission, board or instrumentality thereof. M.G.L. c. 149, § 185 (a)(2).

Although this definition identifies several entities considered to be employers within the meaning of the statute, there are no terms suggesting an intent to establish individual liability.  <u>Orell</u>, supra at 14.  It is undisputed that Andrea Cabral is an individual and thus by the plain meaning of the statute, she does not come within the definition of

3

"employer" pursuant to the statute. "The plain language of the statute suggests that the Massachusetts Legislature intended to exclude claims brought under the Whistleblower Statute against individual employees, even when acting in their official capacities" Bennett v. City of Holyoke, supra at 221. Thus, even when acting in her official capacity as Sheriff of Suffolk County, Andrea Cabral is not an "employer" for purposes of suit under the Whistleblower statute. Id. Accordingly, Count II of the Plaintiff's complaint must be dismissed as it fails to state a claim upon which relief may be granted.

**B.    Counts V, VI, And VII Against Suffolk County Should Be Dismissed Pursuant To The Waiver Provisions Of M.G.L. c. 149, § 185.**

Counts V (Breach of Contract), VI (Termination in Violation of Public Policy), and VII (State Civil Rights) of the Plaintiff's Complaint set forth claims based upon the same conduct, e.g. a discharge, that Plaintiff also alleges constitutes the core retaliation underlying her whistleblower claim set forth in Count II of her Complaint. The Whistleblower Statute specifically provides:

> Nothing in this section shall be deemed to diminish the rights, privileges remedies of any employee under any other federal or state law or regulation, or under any collective bargaining agreement or employment contract**; except that the institution of a private action in accordance with subsection (d) shall be deemed a waiver by the plaintiff of the rights and remedies available to him, for the actions of the employer, under any other contract, collective bargaining agreement, state law, rule or regulation, or under common law.** M.G.L. c. 149, § 185 (emphasis added).

The scope of this waiver provision clearly bars a Plaintiff who files suit under the Whistleblower statute from simultaneously bringing any other claims that could be adjudicated substantively under the Whistleblower statute. See Bennett v. City of Holyoke, 230 F.Supp 207, 220 (2002). In Bennett, a former police sergeant of the

4

Holyoke Police Department filed suit against the City of Holyoke and others alleging that his termination was in violation of the State Whistleblower Statue as well as other state law claims. The Court held as a matter of law that any of the plaintiff's state law claims against his employer, City of Holyoke, seeking damages for essentially the same conduct, i.e. unlawful discharge, were barred by the waiver provision of the Whistleblower statute. Only those claims that were distinct from his claim to recover for the retaliatory action were permissible. <u>Bennett,</u> supra at 221.

Similarly, in the instant case, the Plaintiff's allegations in Counts V, VI, and VII are based upon the same conduct, an alleged unlawful discharge, which constitutes the core retaliatory conduct underlying her whistleblower claim in Count II of her Complaint. The Plaintiff does not allege any conduct or claim against the Defendant Suffolk County in Counts V, VI, and VII that is distinct from her claim to recover for retaliatory action. Therefore her claims against Suffolk County in Counts V, VI, and VII are barred by the wavier provision of M.G.L. c. 149, § 185 and must be dismissed.

C. **<u>The Plaintiff's Claims under the Massachusetts Civil Rights Act Must Be Dismissed Because Liability Cannot Be Based On the Theory Of Respondeat Superior, There Are No Allegations Of Threats, Intimidation Or Coercion By Defendants To This Action, And A Municipality Cannot Be Sued Under M.G.L. c. 12,§ 11I.</u>**

To establish a claim under the Massachusetts Civil Rights Act (MCRA), a plaintiff must allege that "(1) her exercise or enjoyment of rights secured by the Constitution or laws of the United States, or rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with and (2) that the interference or attempted interference was by **threat, intimidation or coercion**."

5

(emphasis added).  M.G.L. c. 12, § 11H, 11I.  See also, Sarvis v. Boston Safe Deposit and Trust Co., 47 Mass. App. Ct. 86 (1999); Appleton v. Town of Hudson, et al, 397 Mass. 812 (1986).  "Conclusory allegations, amounting to a summarization of M.G.L. c. 12 § 11I fail to state a claim." Hobson v. McLean Hosp. Corp., 402 Mass. 413, 417 (1988); Flesner v. Technical Communications Corp., 410 Mass. 805, 818 (1991).

The Plaintiff's claim under the MCRA against Sheriff Andrea Cabral and Suffolk County must fail as a matter of law, since she has not alleged any conduct by them that could be considered a threat, intimidation or coercion.  Bally v. Northeastern University, 403 Mass. 713, 717 (1989).  See also, Bell v. Mazza, 394 Mass. 176, 182-83 (1985).  A threat, intimidation or coercion is an essential element to a claim under the MCRA. Broderick v. Roache, 803 F.Supp. 480, 485 (D. Mass. 1992) (citing Layne v. Superintendent, Massachusetts Correctional Institution, 406 Mass. 156, 158 (1989)).  To violate the MCRA, Sheriff Cabral and Suffolk County must have done "something akin to duress which causes the victim to relinquish her rights." Broderick, 803 F.Supp. at 485, quoting Butler v. RMS Technologies, Inc., 741 F.Supp. 1008, 1011 (D.Mass. 1990). The Supreme Judicial Court has defined threats, intimidation, and coercion as follows:

> "Threat" in this context involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm.  "Intimidation" involves putting in fear for the purpose of compelling or deterring conduct.  [We accept] a definition of coercion from Webster's New International Dictionary at 519 (2d ed. 1959):  "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done."  Bennett v. City of Holyoke, 230 F.Supp. 207,228 (2002) quoting from

Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467 (1994), cert. denied, 513 U.S. 868; see Carvalho v. Town of Westport, 140 F.Supp.2d 95, 100-01 (D.Mass. 2001) ("[T]he Supreme Judicial Court has suggested that a showing of an 'actual or

6

potential physical confrontation accompanied by a threat of harm' is a required element of a claim under the Act.").

The Plaintiff has not alleged any conduct by Sheriff Andrea Cabral or Suffolk County that could be considered a threat, intimidation or coercion as defined by the Supreme Judicial Court. At most the Plaintiff's Complaint alleges that she was questioned by investigators assigned to the Sheriff's Investigation Division (SID) regarding whether she provided information to the FBI pertaining to the suspected abuse of an inmate. (Plaintiff's Complaint ¶ 61)  At some point thereafter, the Plaintiff alleges Deputy Superintendent Mary Ellen Mastrorilli informed her that she was barred from the House of Correction for violating Sheriff's Department policies.  (Plaintiff's Complaint ¶¶ 63-64)   Nowhere in her Complaint does the Plaintiff allege that either the two SID investigators or Deputy Superintendent Mastorelli coerced, threatened or intimidated her. There are no allegations whatsoever of any actual or potential physical confrontation accompanied by a threat of harm between the Plaintiff and any of the Defendants.  Rather the Complaint simply posits that the Plaintiff was questioned and thereafter notified that she was barred from the HOC.   Although Count VII of the Plaintiff's Complaint contains conclusory language, amounting to a summarization of M.G.L. c. 12§ 11I, (Plaintiff's Complaint ¶ 127) there are no factual allegations to support a claim of threats, intimidation or coercion against Sheriff Andrea Cabral and Suffolk County.  Accordingly the Plaintiff's MCRA claims against Sheriff Andrea Cabral and Suffolk County must be dismissed.  See, Bennett v. City of Holyoke, supra.

Additionally, the Suffolk County Sheriff and Suffolk County cannot be held vicariously liable under the doctrine of respondeat superior for the alleged actions of its

7

employees. The courts have consistently held that the doctrine of respondeat superior does not apply to an action brought under the MCRA. See, Raymond v. City of Worcester, 142 F.Supp. 2d.145, 148-149 (D. Mass. 2001) ("municipalities cannot be sued under the Massachusetts Civil Right Act" and "the MCRA does not permit vicarious liability claims against municipalities."); Chaabouni v. City of Boston, 133 F.Supp. 2d 93, 103 (D. Mass. 2001); French v. United Parcel Service, 2 F. Supp. 2d 128, 133 (D. Mass. 1998); Broderick, 803 F.Supp. at 484; Vicarelli v. Business Intern, Inc., 973 F.Supp. 241 (D. Mass. 1997); Armstrong v. Lamy, 938 F.Supp. 1018 (D. Mass. 1996)

Furthermore, the Massachusetts Appeals Court has held that a municipality is not a "person" within the meaning of the MCRA, and that claims brought against the municipality under this statute were properly dismissed. Howcraft v. City of Peabody, 51 Mass.App.Ct. 573 (2001). See also, Metivier v. Town of Grafton, 148 F.Supp. 2d 98, 102 (D.Mass. 2001)(citing Howcraft, supra, for holding that municipality is not a person covered by the MCRA). All counts under the MCRA must therefore be dismissed.

**D.    All Counts Against the Suffolk County Sheriff's Department Must Be Dismissed Because The Sheriff's Department Is Not A Legal Entity Amenable To Suit.**

All counts against Defendant Suffolk County Sheriff's Department must be dismissed, as the Sheriff's Department is not a proper party, amenable to suit. "The Suffolk County Sheriff's Department" is neither a governmental entity, a legal subdivision of Suffolk County, nor a body politic and corporate for the purposes of suit. See, Kargman v. Boston Water and Sewer Commission, 18 Mass.App.Ct. 51 (1984).[1] The Commonwealth's General Laws are barren of any enabling legislation giving it

---

[1] Although St. 1992, c. 343 s. § 5 amended c. 258 § 1 to include local water and sewer commissions as public employers, the Court has continued to utilize the Kargman analysis. See Lafayette Place Assoc. v. Boston Redevelopment Authority, 427 Mass. 509 (1998).

8

powers or duties. It simply has no legal status and can neither sue nor be sued. See Morrison v. Lennett, 415 Mass. 857, 859-60 (1993)(trust cannot be sued because it is not a legal entity).

Additionally, Suffolk County, and not the Suffolk County Sheriff's Department is the "public employer" within the meaning of M.G.L. c. 258 § 1. Individuals working at the Suffolk County House of Correction are employees of Suffolk County. Gordon v. Sheriff of Suffolk County, 411 Mass. 2238 (1991); see also M.G.L. c. 126 § 18. Suffolk County is the proper defendant. Consequently, all counts against the Suffolk County Sheriff's Department must be dismissed for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

For all the foregoing reasons, the Defendants Sheriff Andrea Cabral, Suffolk County and the Suffolk County Sheriff's Department respectfully request that this Honorable Court grant their Partial Motion To Dismiss.

>   Respectfully Submitted,
>   For the Defendants
>   By their Attorney
>
>
>   /s/ Ellen M. Caulo
>   Ellen M. Caulo
>   BBO #545250
>   Deputy General Counsel
>   Suffolk County Sheriff's Department
>   200 Nashua Street
>   Boston, MA 02114
>   (617) 989-6681

Date:   September 28, 2004