UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11935DPW

|  |  |
|---|---|
| SHEILA J. PORTER, | ) |
|  | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ANDREA CABRAL, SUFFOLK | ) |
| COUNTY SHERIFF'S DEPARTMENT, | ) |
| SUFFOLK COUNTY, and | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, INC., | ) |
|  | ) |
|     Defendants. | ) |

## ANSWER OF THE DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO THE PLAINTIFF'S COMPLAINT

### INTRODUCTION

1.  The allegations set forth in Paragraph 1 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the plaintiff's Complaint, and therefore denies the same.

2.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 2 of the plaintiff's Complaint, and therefore denies the same. The defendant admits that it terminated plaintiff from her employment as a nurse practitioner with the defendant at the Suffolk County House of Corrections (HOC). The defendant denies the remaining allegations contained in the second sentence of Paragraph 2 of the plaintiff's Complaint.

3.  The allegations set forth in Paragraph 3 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 3 of the plaintiff's Complaint, and therefore denies the same.

4.  The defendant admits that it terminated plaintiff from her employment as a nurse practitioner with the defendant at the HOC. The defendant denies the remaining allegations contained in the first two sentences of Paragraph 4 of the plaintiff's Complaint. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence of Paragraph 4 of the plaintiff's Complaint and, therefore, denies the same

5.  Defendant denies the allegations set forth in the first sentence of Paragraph 5 of plaintiff's Complaint. The allegations set forth in the second through the fifth sentences of Paragraph 5 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second through fifth sentences of Paragraph 5 of the plaintiff's Complaint, and therefore denies the same. The allegations of the sixth sentence of Paragraph 5 of plaintiff's Complaint contain conclusions of law, and therefore no answer is required. To the extent that a response is required, the defendant denies the same. The allegations in the seventh and eighth sentences of Paragraph 5 of plaintiff's Complaint do not contain any allegation of fact and therefore, no answer is required. To the extent an answer is deemed required, the defendant denies the same.

## PARTIES

6.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence and the first clause of the second sentence of Paragraph 6 of the plaintiff's Complaint, and therefore denies the same. The allegations set forth in the second clause of the second sentence of Paragraph 6 of the plaintiff's Complaint contain conclusions of law, and therefore no answer is required. To the extent that a response is required, the defendant denies the same.

7.  The allegations of Paragraph 7 of plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the plaintiff's Complaint, and therefore denies the same.

8.  The allegations of Paragraph 8 of plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the plaintiff's Complaint, and therefore denies the same.

9.  The allegations of Paragraph 9 of plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations set
forth in Paragraph 9 of the plaintiff's Complaint, and therefore denies the same.

10.     The defendant admits that it is a corporation, headquartered in St. Louis, Missouri, and
that, from January 1, 2001 to the present, it had a contract with Suffolk County to provide
healthcare services to inmates at the Suffolk County House of Corrections.  The
defendant denies the remaining allegations set forth in Paragraph 10 of plaintiff's
Complaint.

## JURISDICTION AND VENUE

11.     The allegations set forth in Paragraph 11 of the plaintiff's Complaint contain conclusions
of law, and therefore no answer is required.  To the extent that a response is required, the
defendant denies the same.

12.     The allegations set forth in Paragraph 12 of the plaintiff's Complaint contain conclusions
of law, and therefore no answer is required.  To the extent that a response is required, the
defendant denies the same.

## STATEMENT OF FACTS

13.     The defendant admits upon information and belief that plaintiff worked as a nurse
practitioner at the Suffolk County House of Corrections from 1994 until January 2001,
under the employ of Correctional Health Solutions, Inc.; and from January 2001 until her
termination on June 10, 2003, under the employ of the defendant.  The defendant is
without knowledge or information sufficient to form a belief as to the truth of the
remaining allegations set forth in Paragraph 15 of the plaintiff's Complaint, and therefore
denies the same.

14.     The defendant admits that Mrs. Porter is an experienced nurse practitioner.  The
defendant is without knowledge or information sufficient to form a belief as to the truth
of the remaining allegations set forth in Paragraph 14 of the plaintiff's Complaint, and
therefore denies the same.

15.     The defendant admits that it was satisfied with plaintiff's job performance.  The
defendant is without knowledge or information sufficient to form a belief as to the truth
of the remaining allegations set forth in Paragraph 15 of the plaintiff's Complaint, and
therefore denies the same.

16.     The defendant admits that its regional manager received such a letter from the deputy
superintendent of the Suffolk County Sheriff's Department, dated August 26, 2002.  The
document speaks for itself.  The defendant is without knowledge or information sufficient
to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of
the plaintiff's Complaint, and therefore denies the same.

17.  The defendant denies the allegations set forth in Paragraph 17 of the plaintiff's Complaint.

18.  The defendant admits that it required plaintiff to comply with its own policies and that the Suffolk County Sheriff's Department required the defendant's on-site employees to comply with its applicable policies. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the plaintiff's Complaint, and therefore denies the same.

19.  The allegations set forth in Paragraph 19 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the plaintiff's Complaint, and therefore denies the same.

20.  The allegations set forth in Paragraph 20 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the plaintiff's Complaint, and therefore denies the same.

21.  The allegations set forth in Paragraph 21 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the plaintiff's Complaint, and therefore denies the same.

22.  The allegations set forth in Paragraph 22 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the plaintiff's Complaint, and therefore denies the same.

23.  The allegations set forth in Paragraph 23 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the plaintiff's Complaint, and therefore denies the same.

24.  The allegations set forth in Paragraph 24 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 24 of the plaintiff's Complaint, and therefore denies the same.

25.    The allegations set forth in Paragraph 25 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the plaintiff's Complaint, and therefore denies the same.

26.    The allegations set forth in Paragraph 26 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the plaintiff's Complaint, and therefore denies the same.

27.    The allegations set forth in Paragraph 27 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the plaintiff's Complaint, and therefore denies the same.

28.    The allegations set forth in Paragraph 28 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the plaintiff's Complaint, and therefore denies the same.

29.    The allegations set forth in Paragraph 29 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the plaintiff's Complaint, and therefore denies the same.

30.    The allegations set forth in Paragraph 30 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the plaintiff's Complaint, and therefore denies the same.

31.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the plaintiff's Complaint, and therefore denies the same.

32.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the plaintiff's Complaint, and therefore denies the same.

33.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the plaintiff's Complaint, and therefore denies the same.

34.    The defendant denies the allegations set forth in Paragraph 34 of the plaintiff's Complaint.

35.    The defendant denies the allegations set forth in Paragraph 35 of the plaintiff's Complaint.

36.    The defendant denies the allegations set forth in Paragraph 36 of the plaintiff's Complaint.

37.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the plaintiff's Complaint, and therefore denies the same.

38.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the plaintiff's Complaint, and therefore denies the same.

39.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the plaintiff's Complaint, and therefore denies the same.

40.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the plaintiff's Complaint, and therefore denies the same.

41.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the plaintiff's Complaint, and therefore denies the same.

42.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the plaintiff's Complaint, and therefore denies the same.

43.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the plaintiff's Complaint, and therefore denies the same.

44.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the plaintiff's Complaint, and therefore denies the same.

45.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the plaintiff's Complaint, and therefore denies the same.

46.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the plaintiff's Complaint, and therefore denies the same.

47.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the plaintiff's Complaint, and therefore denies the same.

48.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the plaintiff's Complaint, and therefore denies the same.

49.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the plaintiff's Complaint, and therefore denies the same.

50.   The defendant denies the allegations set forth in Paragraph 50 of the plaintiff's Complaint.

51.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the plaintiff's Complaint, and therefore denies the same.

52.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the plaintiff's Complaint, and therefore denies the same.

53.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the plaintiff's Complaint, and therefore denies the same.

54.   The allegations set forth in Paragraph 54 of the plaintiff's Complaint do not pertain to this defendant.  To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 54 of the plaintiff's Complaint, and therefore denies the same.

55.    The allegations set forth in Paragraph 55 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the plaintiff's Complaint, and therefore denies the same.

56.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the plaintiff's Complaint, and therefore denies the same.

57.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the plaintiff's Complaint, and therefore denies the same.

58.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the plaintiff's Complaint, and therefore denies the same.

59.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the plaintiff's Complaint, and therefore denies the same.

60.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the plaintiff's Complaint, and therefore denies the same.

61.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the plaintiff's Complaint, and therefore denies the same.

62.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the plaintiff's Complaint, and therefore denies the same.

63.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the plaintiff's Complaint, and therefore denies the same.

64.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the plaintiff's Complaint, and therefore denies the same.

65.   The defendant denies the allegations set forth in Paragraph 65 of the plaintiff's Complaint.

66.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the plaintiff's Complaint, and therefore denies the same.

67.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the plaintiff's Complaint, and therefore denies the same.

68.   The allegations set forth in Paragraph 68 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the plaintiff's Complaint, and therefore denies the same.

69.   The allegations set forth in Paragraph 69 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the plaintiff's Complaint, and therefore denies the same.

70.   The allegations set forth in Paragraph 70 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the plaintiff's Complaint, and therefore denies the same.

71.   The defendant denies the allegations set forth in Paragraph 71 of the plaintiff's Complaint.

72.   The defendant denies the allegations set forth in Paragraph 72 of the plaintiff's Complaint.

73.   The defendant admits that plaintiff's termination from employment at the HOC was effective on June 10, 2003. The defendant denies the remaining allegations set forth in Paragraph 73 of the plaintiff's Complaint.

74.   The defendant admits that it sent Mrs. Porter a final paycheck representing all monies owed to her and paperwork regarding her benefits. The defendant denies the remaining allegations set forth in Paragraph 74 of the plaintiff's Complaint.

75.     The defendant denies the allegations set forth in Paragraph 75 of the plaintiff's
        Complaint.

76.     The defendant states that the CMS Employee Success Guide speaks for itself and denies
        the allegations set forth in Paragraph 76 of the plaintiff's Complaint that are contrary to
        or inconsistent with the Success Guide.

77.     The defendant states that the CMS Employee Success Guide speaks for itself, and denies
        the remaining allegation set forth in Paragraph 77 of the plaintiff's Complaint that are
        contrary to or inconsistent with the Success Guide.

78.     The defendant denies the allegations set forth in Paragraph 78 of the plaintiff's
        Complaint.

79.     The defendant denies the allegations set forth in Paragraph 79 of the plaintiff's
        Complaint.

80.     The defendant admits that it received a letter from plaintiff's attorneys dated July 14,
        2003. The letter speaks for itself. The defendant denies the remaining allegations set
        forth in Paragraph 80 of plaintiff's Complaint.

81.     The defendant admits that it responded to plaintiff's July 14, 2003 letter, in a letter dated
        July 29, 2003. The letter speaks for itself. The defendant denies the remaining
        allegations set forth in Paragraph 81 of plaintiff's Complaint.

82.     The allegations set forth in Paragraph 82 of the plaintiff's Complaint do not pertain to
        this defendant. To the extent they are construed to pertain to this defendant, the
        defendant is without knowledge or information sufficient to form a belief as to the truth
        of the allegations set forth in Paragraph 82 of the plaintiff's Complaint, and therefore
        denies the same.

83.     The allegations set forth in Paragraph 83 of the plaintiff's Complaint do not pertain to
        this defendant. To the extent they are construed to pertain to this defendant, the
        defendant is without knowledge or information sufficient to form a belief as to the truth
        of the allegations set forth in Paragraph 83 of the plaintiff's Complaint, and therefore
        denies the same.

84.     The allegations set forth in Paragraph 84 of the plaintiff's Complaint do not pertain to
        this defendant. To the extent they are construed to pertain to this defendant, the
        defendant is without knowledge or information sufficient to form a belief as to the truth
        of the allegations set forth in Paragraph 84 of the plaintiff's Complaint, and therefore
        denies the same.

85.   The allegations set forth in Paragraph 85 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the plaintiff's Complaint, and therefore denies the same.

86.   The allegations set forth in Paragraph 86 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the plaintiff's Complaint, and therefore denies the same.

87.   The allegations set forth in Paragraph 87 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the plaintiff's Complaint, and therefore denies the same.

88.   The allegations set forth in Paragraph 88 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the plaintiff's Complaint, and therefore denies the same.

89.   The allegations set forth in Paragraph 89 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the plaintiff's Complaint, and therefore denies the same.

90.   The allegations set forth in Paragraph 90 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the plaintiff's Complaint, and therefore denies the same.

91.   The allegations set forth in Paragraph 91 of the plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to pertain to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the plaintiff's Complaint, and therefore denies the same.

92.    Defendant admits that plaintiff traveled to a conference in Texas to make a presentation regarding medical services in correctional facilities in October 2003. Defendant denies the remaining allegations set forth in Paragraph 92 of plaintiff's Complaint.

93.    The defendant admits that a position opened up for a nurse practitioner at another of its sites in Massachusetts, and that it hired the plaintiff as a Nurse Practitioner in October 2003 at the Essex County Correctional Facility. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the plaintiff's Complaint, and therefore denies the same.

94.    The defendant admits that it hired the plaintiff to work at the Essex County Correctional Facility. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 94 of the plaintiff's Complaint, and therefore denies the same.

95.    The defendant denies the allegations set forth in Paragraph 95 of the plaintiff's Complaint.

### COUNT I
### (Violation of 42 U.S.C. § 1983)
### (All Defendants)

96.    The defendant hereby incorporates by reference its responses to paragraphs 1 through 95 as if fully set forth herein.

97.    The allegations set forth in Paragraph 97 of plaintiff's Complaint contain legal conclusions to which the defendant need not reply. In the event that these allegations are construed to require a response, the defendant denies the same.

98.    The defendant denies the allegations set forth in Paragraph 98 of plaintiff's Complaint.

99.    The defendant denies the allegations set forth in Paragraph 99 of plaintiff's Complaint.

100.   The defendant denies the allegations set forth in Paragraph 100 of plaintiff's Complaint.

101.   The allegations set forth in Paragraph 101 of plaintiff's Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant denies the same.

102.   The defendant denies the allegations set forth in Paragraph 102 of plaintiff's Complaint, and denies that plaintiff is entitled to any recovery from this defendant.

### COUNT II
### (Violation of M.G.L. 149, § 185)

**(All Defendants)**

103.  The defendant hereby incorporates by reference its responses to paragraphs 1 through 102 as if fully set forth herein.

104.  The allegations set forth in Paragraph 104 of plaintiff's Complaint contain legal conclusions to which the defendant need not reply. In the event that these allegations are construed to require a response, the defendant denies the same.

105.  The defendant denies the allegations set forth in Paragraph 105 of plaintiff's Complaint.

106.  The defendant denies the allegations set forth in Paragraph 106 of plaintiff's Complaint.

107.  The defendant denies the allegations set forth in Paragraph 107 of plaintiff's Complaint, and denies that plaintiff is entitled to any recovery from this defendant.

**COUNT III**
**(Breach of Contract)**
**(Suffolk County and Suffolk County Sheriff's Department)**

108.  The defendant hereby incorporates by reference its responses to paragraphs 1 through 107 as if fully set forth herein.

109.  The allegations set forth in Paragraph 109 of plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to apply to this defendant, the defendant denies the same.

110.  The allegations set forth in Paragraph 110 of plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to apply to this defendant, the defendant denies the same, and denies that plaintiff is entitled to any recovery from this defendant.

**COUNT IV**
**(Breach of Contract)**
**(CMS)**

111.  The defendant hereby incorporates by reference its responses to paragraphs 1 through 110 as if fully set forth herein.

112.  The defendant denies the allegations set forth in Paragraph 112 of the plaintiff's Complaint.

113.  The defendant denies the allegations set forth in Paragraph 113 of the plaintiff's Complaint.

114.    The defendant denies the allegations set forth in Paragraph 114 of the plaintiff's
        Complaint, and denies that plaintiff is entitled to any recovery from this defendant.

### COUNT V
### (Breach of Contract)
### (Suffolk County, Suffolk County Sheriff's Department and CMS)

115.    The defendant hereby incorporates by reference its responses to paragraphs 1 through 114
        as if fully set forth herein.

116.    Defendant admits that it entered into a contract with Suffolk County regarding the
        provision of healthcare services, and that said contract was in effect at all relevant times.
        Defendant denies the remaining allegations set forth in Paragraph 116 of Plaintiff's
        Complaint.

117.    The defendant denies the allegations set forth in Paragraph 117 of plaintiff's Complaint.

118.    The allegations set forth in Paragraph 118 of plaintiff's Complaint contain legal
        conclusions to which the defendant need not reply.  In the event that these allegations are
        construed to require a response, the defendant denies the same.

119.    The defendant denies the allegations set forth in Paragraph 119 of plaintiff's Complaint.

120.    The defendant denies the allegations set forth in Paragraph 120 of plaintiff's Complaint,
        and denies that plaintiff is entitled to any recovery from this defendant.

### COUNT VI
### (Termination in Violation of Public Policy)
### (Suffolk County, Suffolk County Sheriff's Department and CMS)

121.    The defendant hereby incorporates by reference its responses to paragraphs 1 through 120
        as if fully set forth herein.

122.    The defendant is without knowledge or information sufficient to form a belief as to the
        truth of the allegations set forth in Paragraph 122 of the plaintiff's Complaint, and
        therefore denies the same.

123.    The defendant denies the allegations set forth in Paragraph 123 of plaintiff's Complaint.

124.    The defendant denies the allegations set forth in Paragraph 124 of plaintiff's Complaint.

125.    The defendant denies the allegations set forth in Paragraph 125 of plaintiff's Complaint,
        and denies that plaintiff is entitled to any recovery from this defendant.

## COUNT VII
### (Massachusetts Civil Rights Act, M.G.L. c. 12 §§ 11H and 11I)
### (All Defendants)

126. The defendant hereby incorporates by reference its responses to paragraphs 1 through 125 as if fully set forth herein.

127. The defendant denies the allegations set forth in Paragraph 127 of plaintiff's Complaint.

128. The defendant denies the allegations set forth in Paragraph 128 of plaintiff's Complaint, and denies that plaintiff is entitled to any recovery from this defendant.

## COUNT VIII
### (Intentional Infliction of Emotional Distress)
### (CMS)

129. The defendant hereby incorporates by reference its responses to paragraphs 1 through 128 as if fully set forth herein.

130. The defendant denies the allegations set forth in Paragraph 130 of plaintiff's Complaint.

131. The defendant denies the allegations set forth in Paragraph 131 of plaintiff's Complaint.

132. The defendant denies the allegations set forth in Paragraph 132 of plaintiff's Complaint, and denies that plaintiff is entitled to any recovery from this defendant.

## COUNT IX
### (Defamation)
### (Defendant Cabral)

133. The defendant hereby incorporates by reference its responses to paragraphs 1 through 132 as if fully set forth herein.

134. The allegations set forth in Paragraph 134 of plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to apply to this defendant, the defendant denies the same.

135. The allegations set forth in Paragraph 135 of plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to apply to this defendant, the defendant denies the same.

136. The allegations set forth in Paragraph 136 of plaintiff's Complaint do not pertain to this defendant. To the extent they are construed to apply to this defendant, the defendant denies the same.

137.    The allegations set forth in Paragraph 137 of plaintiff's Complaint do not pertain to this defendant.  To the extent they are construed to apply to this defendant, the defendant denies the same.

138.    The allegations set forth in Paragraph 138 of plaintiff's Complaint do not pertain to this defendant.  To the extent they are construed to apply to this defendant, the defendant denies the same, and denies that plaintiff is entitled to any recovery from this defendant.

## COUNT X
### (Intentional Infliction of Emotional Distress)
### (Defendant Cabral)

139.    The defendant hereby incorporates by reference its responses to paragraphs 1 through 138 as if fully set forth herein.

140.    The allegations set forth in Paragraph 140 of plaintiff's Complaint do not pertain to this defendant.  To the extent they are construed to apply to this defendant, the defendant denies the same.

141.    The allegations set forth in Paragraph 141 of plaintiff's Complaint do not pertain to this defendant.  To the extent they are construed to apply to this defendant, the defendant denies the same.

142.    The allegations set forth in Paragraph 142 of plaintiff's Complaint do not pertain to this defendant.  To the extent they are construed to apply to this defendant, the defendant denies the same, and denies that plaintiff is entitled to any recovery from this defendant.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to recover in any amount, and demands that the Complaint be dismissed and judgment be entered in favor of the Defendant for the costs and expenses of this action.

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the Plaintiff's complaint, and each count thereof, fails to state a claim upon which relief can be granted and thus said Complaint and counts should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6).

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that there is a lack of jurisdiction over the subject matter as there is no diversity of citizenship and/or as there is no valid claim

for jurisdiction under 42 U.S.C. § 1395dd, such that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b) (1).

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the Plaintiff, by her conduct and actions, has waived any and all rights she may have had against the defendant and; therefore, the plaintiff cannot recover in this action.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the Plaintiff, by her conduct and actions, is estopped to recover any judgment against the defendant.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the Plaintiff has breached the terms and conditions of the agreement or contract alleged in the Plaintiff's Complaint and, therefore, the Plaintiff cannot recover in this action.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the Plaintiff failed to comply with the written notification requirements of G.L. c. 149, § 185, and therefore cannot avail herself of the protections of that statute.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the alleged agreement or contract between it and the plaintiff is void for want of consideration.

### EIGHT AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the Plaintiff failed to mitigate her damages, if any.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the Plaintiff's actions are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that any claim for punitive damages is in violation of the provisions of the United States Constitution and the statutes and the Constitution of the Commonwealth of Massachusetts and, therefore, the Plaintiff is not entitled to recover for any claims for punitive damages.

**DEFENDANT REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

The Defendant,
CORRECTIONAL MEDICAL
SERVICES, INC.,
By its attorneys,

Alexandra B. Harvey, BBO # 548944
Jennifer A. Norton, BBO #658878
ADLER, COHEN, HARVEY,
    WAKEMAN & GUEKGUEZIAN, LLP
230 Congress Street
Boston, MA  02110
(617) 423-6674

## **CERTIFICATE OF SERVICE**

I, Jennifer A. Norton, as attorney for the defendant, Correctional Medical Services, Inc., hereby certify that on October 18, 2004, I served a copy of the following document:

1)    Answer of the Defendant Correctional Medical Services, Inc., to the Plaintiff's Complaint

by first class mail, postage prepaid, to counsel of record:

Joseph F. Savage, Jr., Esq.
Jennifer M. Goddard, Esq.
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Oliver Street Tower
Boston, MA  02110

Jennifer A. Norton