UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11935DPW

| | |
|---|---|
| SHEILA J. PORTER,<br><br>Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, SUFFOLK COUNTY, and CORRECTIONAL MEDICAL SERVICES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNTS IV, V, VI and VII OF PLAINTIFF'S COMPLAINT

Now comes the defendant and hereby moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings with respect to Counts IV (Breach of Contract), V (Breach of Contract), VI (Termination in Violation of Public Policy) and VII (Massachusetts Civil Rights Act) of plaintiff's complaint, on the grounds that these claims are waived by virtue of plaintiff's claim pursuant to the Whistleblower Statute, M.G.L. c. 149, § 185.

The Whistleblower Statute specifically provides:

> Nothing in this section shall be deemed to diminish the rights, privileges or remedies of any employee under any other federal or state law or regulation, or under any collective bargaining agreement or employment contract; *except that the institution of a private action in accordance with subsection (d) shall be deemed a waiver by the plaintiff of the rights and remedies available to him, for the actions of the employer, under any other contract, collective bargaining agreement, state law, rule or regulation, or under the common law.* M.G.L. c. 149, § 185(f) (emphasis added).

The United States District Court for the District Of Massachusetts has held, as a matter of law, that the above provision works to waive any of the plaintiff's claims "that may actually be pursued substantively via the Whistleblower Statute." *Bennett v. City of Holyoke*, 230 F. Supp.2d 207, 221 (D.Mass. 2002). In support of its holding, the *Bennett* court cited a Superior Court case which construed the Whistleblower Statute's waiver provision as applying "to related claims seeking damages essentially for the same conduct – e.g., a discharge – that constituted the core retaliation for the whistleblowing." *Id.* at 220, citing *Haddad v. Scanlon*, 1999 Mass. Super. LEXIS 272. The *Bennett* court further held that only those claims, which are distinct from the plaintiff's claim to recover for the retaliatory action and therefore cannot be pursued under the Whistleblower Statute, are not waived. 230 F. Supp.2d at 220-221.

In the instant case, the plaintiff's claims as alleged in Counts IV, V, VI and VII arise out of and seek damages for exactly the same conduct, *i.e.* plaintiff's alleged unlawful discharge, that constitute the alleged core retaliation for plaintiff's whistleblowing. These claims are not distinct from plaintiff's claim to recover for her allegedly retaliatory discharge, and thus they can be substantively pursued under plaintiff's Whistleblower Statute claim. As such, Counts IV, V, VI and VII as against Correctional Medical Services, Inc. are barred by the waiver provision of M.G.L. c. 149, § 185 and defendant's motion for judgment on the pleadings with respect to these counts should be allowed.

Defendant respectfully requests that this motion be consolidated with Defendants Andrea Cabral, Suffolk County Sheriff's Department and Suffolk County's Partial Motion To Dismiss on the same grounds.

**DEFENDANT RESPECTFULLY REQUESTS A HEARING ON THIS MOTION**

2

                                          The Defendant,
CORRECTIONAL MEDICAL
SERVICES, INC.,
By its attorney,

_____
Alexandra B. Harvey, BBO # 548944
ADLER, COHEN, HARVEY,
 WAKEMAN & GUEKGUEZIAN, LLP
230 Congress Street
Boston, MA  02110
(617) 423-6674

Dated:      November 1, 2004

3