

Correctional Medical Services

**Via Telecopy 617/248-7100**

July 29, 2003

Mr. Joseph F. Savage, Jr.
Testa, Hurwitz & Thibeault, LLP
High Street Tower
125 High Street
Boston, MA  02110

      Re:    Sheila Porter

Dear Mr. Savage:

      This is in response to your letter of July 14, 2003, to Sally Powers. Before responding to the allegations in your letter, it is necessary to state certain background facts.

      Correctional Medical Services ("CMS") contracts with Suffolk County to provide health care services at Suffolk County House of Correction ("Suffolk County"). As a contractor at Suffolk County, CMS employees, and, indeed, CMS itself, are permitted on jail premises only with Suffolk County's permission. Suffolk County reserves the right, by the terms of its Agreement with CMS, to bar any CMS employee from jail premises. Suffolk County's right to bar a CMS employee from the jail's premises is not subject to CMS approval, nor may CMS require any review of that decision. Suffolk County alone controls access to its premises.

      Under the terms of Suffolk County's Agreement with CMS, every CMS employee is required to submit to a security clearance and approval. The security clearance and approval is conducted solely by Suffolk County. The decision to grant the security clearance, or to revoke it, is solely Suffolk County's. No CMS employee may work at the jail without the security clearance.

      CMS maintains written personnel policies, including its Employee Handbook, the *Employee Success Guide*. The *Success Guide* is not a contract of employment. Indeed, the *Success Guide* expressly disclaims being a contract. As relevant here, CMS does not maintain contracts of employment with any of its employees.

      The *Success Guide* is subordinate to CMS' contracts with its clients, such as Suffolk County. CMS cannot publish a policy that takes precedence over its contractual relations with a client.

Mr. Joseph F. Savage, Jr.                    -2-                         July 29, 2003

The *Success Guide* specifically refers to client security policies and states that all CMS employees are subject to those policies. The *Success Guide* also states that the revocation of an employee's security clearance will result in an employee's termination. CMS cannot employ an individual at a site if the client has revoked the employee's security clearance.

Concerning Ms. Porter, she was employed by CMS at Suffolk County as a Nurse Practitioner. CMS was satisfied with Ms. Porter's job performance, work skills, and commitment to her position.

On or around June 10, 2003, CMS was notified that Ms. Porter was "locked out" by Suffolk County. Suffolk County revoked Ms. Porter's security clearance. CMS believes Ms. Porter learned of this action at the same time as CMS; the Company was not consulted prior to this action and had no part in it.

Upon loss of her security clearance, Ms. Porter was no longer able to provide services to CMS at Suffolk County. Since CMS has no other job site in the area at which Ms. Porter could be employed in a comparable position, CMS had no choice but to terminate Ms. Porter's employment.

CMS has attempted to learn from Suffolk County why it made the decision to revoke Ms. Porter's security clearance. CMS has also sought to obtain additional information to determine whether it might be possible to have Ms. Porter's security clearance reinstated so she could be reemployed. These actions by CMS have been unsuccessful.

CMS is sympathetic with Ms. Porter and this regrettable situation. CMS is willing to work with Ms. Porter in attempting to have Suffolk County reinstate her security clearance if that is appropriate. If Ms. Porter's security clearance can be reinstated, CMS would be pleased to rehire Ms. Porter to her prior position. Please advise how we may assist in this process.

As to your letter, there are several inaccurate statements in it. CMS and Suffolk County are not "joint employers" of Ms. Porter. CMS was Ms. Porter's sole employer. CMS is not in a position to investigate the allegations against Ms. Porter, since CMS was never apprised of the details supporting those allegations, nor its opinion solicited.

Your letter suggests that Ms. Porter was employed by CMS pursuant to a contract and has certain contractual rights. This is not correct. Ms. Porter had no contract of employment with CMS and is not entitled to "any procedural protections" described in the *Employee Success Guide*. As noted above, the *Success Guide* is not a contract.

CMS has not "rubberstamped" Suffolk County's decision to revoke Ms. Porter's security clearance. CMS played no role in the process. CMS has not, and will not, make any critical or disparaging remarks concerning Ms. Porter. Ms. Porter's job performance was satisfactory to CMS.

INIMAN2 762170v1

Mr. Joseph F. Savage, Jr.                    -3-                       July 29, 2003

  At your request, we have copied, and are forwarding to you, the personnel file of Ms. Porter. As noted above, we stand ready to work with your office, and Ms. Porter, to attempt to secure the reinstatement of her security clearance at Suffolk County. Please advise as to how we may accomplish this.

  Please contact me should you have any questions or wish to discuss the matter further.

Very truly yours,

Todd J. Aschbacher<br>
Assistant General Counsel

TJA:kkg

INIMAN2 762170v1