UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,<br>    Plaintiff<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK<br>COUNTY SHERIFF'S DEPARTMENT,<br>SUFFOLK COUNTY, and<br>CORRECTIONAL MEDICAL<br>SERVICES, INC.<br>    Defendants | Civil Action No. 04-11935-DPW |

### DEFENDANTS ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT AND SUFFOLK COUNTY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The above named defendants hereby respond to the allegations contained in the numbered paragraphs of the Amended Complaint as follows:

### INTRODUCTION

1.  The Defendants deny the allegations contained in the first sentence of ¶1 of the Complaint. The Defendants admit that in the Fall of 2001, at the request of then Suffolk County Sheriff Richard Rouse, Governor Jane Swift appointed a Special Commission to investigate and report on operations and management of the Suffolk County Sheriff's Department (Department). The Defendants further answer that the seventy-seven (77) page report (Stern Commission Report) issued by the Special Commission on October 15, 2002 speaks for itself and requires no responsive pleading. The Defendants deny the remaining allegations contained in ¶1 of the complaint.

2.  The Defendants deny that Plaintiff was an employee of the Department and have insufficient information to admit or deny the remaining allegations contained in the first sentence of ¶2 of the Complaint. The Defendants deny the remaining allegations contained in ¶2 of the Complaint. The Defendants further answer that the Plaintiff was

1

barred from the Suffolk County House of Correction, not terminated from the Suffolk County Sheriff's Department.

3.     Denied.

4.     The Defendants deny the allegations contained in ¶4. The Defendants further answer that the Plaintiff was barred from the Suffolk County House of Correction, not terminated from the Suffolk County Sheriff's Department.

5.     Denied.

## PARTIES

6.     The Defendants have insufficient information to admit or deny the allegations contained in the first sentence of ¶6 of the Complaint. The Defendants deny the remaining allegations contained in ¶6 of the Complaint and further answer that the Plaintiff was not an employee of the Department and was therefore not terminated from her employment with said Department.

7.     The Defendants admit that the Suffolk County Sheriff is responsible for the management and operation of the Suffolk County House of Correction and the Nashua Street Jail. The remaining allegations are conclusions of law to which no response is required. To the extent a response is required the Defendants deny the allegations.

8.     The Defendants admit that Sheriff Andrea Cabral is a resident of the Commonwealth of Massachusetts and was appointed to complete the term of Sheriff Richard Rouse who retired in November 2002. Sheriff Cabral took office on November 29, 2002. The Defendants deny the remaining allegations contained in the second sentence of ¶8. The Defendants deny that the Plaintiff was an employee of the Suffolk County Sheriff's Department. The remaining allegations contained in ¶8 are conclusions of law to which no response is required.

9.     The Defendants answer that the Suffolk County Sheriff's Department is a non-mayoral Department of the City of Boston and a Department of Suffolk County at all times pertinent to this litigation.

10.    The Defendants admit that Correctional Medical Services had a contract with the Suffolk County Sheriff's Department to provide healthcare services to inmates incarcerated at the Suffolk County House of Correction. The Defendants have insufficient information to admit or deny the remaining allegations contained in the first

sentence of ¶10. The Defendants have insufficient information to admit or deny the allegations contained in the second sentence of ¶10. The Defendants deny the remaining allegations contained in ¶10 of the Complaint.

## JURSIDICTION AND VENUE

11.This paragraph is a conclusion of law to which no response is required.

12.This paragraph is a conclusion of law to which no response is required.

## STATEMENT OF FACTS

13.The Defendants answer that the Plaintiff was a Correctional Medical Services (CMS) employee working at the Suffolk County House of Correction (HOC) from 2001 until she was barred from the HOC on June 10, 2003. The Defendants have insufficient information to admit or deny the remaining allegations contained in ¶13.

14.The Defendants have insufficient information to admit or deny the allegations contained in ¶14.

15.The Defendants have insufficient information to admit or deny the allegations contained in ¶15.

16.The Defendants have insufficient information to admit or deny the allegations contained in ¶16.

17.The Defendants admit that the Plaintiff was an employee of CMS. By way of further answer the Defendants state that CMS was the Plaintiff's sole employer. (See Exhibit C to Plaintiff's complaint, CMS' response to Plaintiff's demand letter). The Defendants deny that the Plaintiff was ever an employee of the Department or that the Department exercised direction and control over her work as a Nurse Practitioner at the HOC.

18.The Defendants admit that the Plaintiff, as a CMS employee working at the HOC, was required to comply with the policies and procedures of the Suffolk County Sheriff's Department. The Defendants are without sufficient information to admit or deny the remaining allegations contained in ¶18.

19.Denied.

20.Defendants have insufficient information to admit or deny the allegations contained in ¶20.

21.Denied.

22.     Denied.

23.     The Defendants answer that the allegations contained in ¶23 are immaterial to the instant litigation and require no response. To the extent that an answer is required, the Defendants state that in or about September 1999, a female correction officer turned over letters written by a male correction officer to a female inmate to her superiors; said letters had been written several years earlier. The Defendants have insufficient information to admit or deny the allegations contained in the second sentence of ¶23. The Defendants further answer that the Department terminated the male correction officer but he was later reinstated by an Arbitrator.

24.     The Defendants state that the allegations contained in ¶24 are immaterial to the instant litigation and require no response. To the extent an answer is required the Defendants deny the allegations contained in the first clause of ¶24 and, upon information and belief, admit that in or about April 2003 former jail officer Paul Davis testified on behalf of the government, pursuant to an agreement with the government protecting him from prosecution, in the matter of United States v. Eric J. Donnelly, et al. The Defendants deny the allegations contained in the second sentence of ¶24 and further answer that Paul Davis was terminated by the Department for numerous admitted policy violations, including, but not limited to, filing numerous false and misleading incident and use of force reports; repeatedly covering up the use of excessive force by other jail officers; repeatedly failing to take affirmative or remedial action when officers used excessive force against detainees; repeatedly lying to SID investigators and interfering in SID investigations into the use of excessive force by officers; and initially lying to the FBI about his knowledge of and involvement in the use of excessive force.

25.     The Defendants admit that after trial in May 2003, a jury sitting in the United States District Court for the District of Massachusetts returned a verdict in favor of the Plaintiff, Bruce Baron, against the Suffolk County Sheriff's Department. The Defendants deny the remaining allegations contained in ¶25 and further answer that the matter is under appeal.

26.     The Defendants deny the allegations contained in the first sentence of ¶26 and admit the remaining allegations.

27.     Denied.

28. The Defendants are without sufficient information to admit or deny the allegations that Mr. Baron's attorney was quoted at all or quoted correctly in the <u>Boston Globe</u>. To the extent that such a statement can be attributed to Mr. Baron's attorney, the Defendants answer that it is a statement of opinion, immaterial to the present action, to which no response is required. To the extent that a response is required, the Defendants deny the allegations contained in the statement attributed to Mr. Baron's attorney.

29. Denied.

30. Denied.

31. Defendants deny the allegations contained in the first two sentences of ¶31. The defendants have insufficient information to admit or deny the remaining allegations contained in ¶31.

32. The Defendants deny the allegations contained in the first sentence of ¶32. The Defendants have insufficient information to admit or deny the remaining allegations in ¶32

33. The Defendants have insufficient information to admit or deny the allegations in ¶33.

34. The Defendants have insufficient information to admit or deny the allegations in ¶34.

35. The Defendants have insufficient information to admit or deny the allegations in ¶35.

36. The Defendants have insufficient information to admit or deny the allegations in ¶36.

37. The Defendants have insufficient information to admit or deny the allegations in ¶37.

38. The Defendants have insufficient information to admit or deny the allegations contained in the first sentence of ¶38. The Defendants deny the allegations contained in the second and third sentence of ¶38. Upon information and belief the Defendants admit that DNA samples demonstrated that a correction officer was the father of Ms. Doe's child; such determination was subsequently adjudicated in a paternity proceeding.

39. Denied.

40. The Defendants admit the allegations contained in the first sentence of ¶40. The Defendants deny the allegations contained in the second sentence of ¶40. The Defendants have insufficient information to admit or deny the remaining allegations.

41. The Defendants have insufficient information to admit or deny the allegations contained in the first two sentences of ¶41. The Defendants further answer that upon information and belief, seven corrections officers from the Nashua Street Jail were indicted on criminal offenses that occurred from 1998 to 1999. The remaining allegations refer to the resolution of those criminal indictments; such resolution speaks for itself and requires no responsive pleading.

42. The Defendants have insufficient information to admit or deny the allegations contained in the first and third sentences of ¶42. The Defendants deny the allegations contained in the second sentence of ¶42. Upon information and belief, the Defendants further answer that a joint investigation between the FBI and the Suffolk County Sheriff's Department resulted in the arrest of two correction officers for drug offenses.

43. The Defendants have insufficient information to admit or deny the allegations contained in ¶43.

44. The Defendants have insufficient information to admit or deny the allegations contained in ¶44.

45. The Defendants have insufficient information to admit or deny the allegations contained in ¶45.

46. The Defendants answer that the allegations contained in ¶46 are immaterial to the instant litigation and require no responsive pleading. To the extent an answer is required, the Defendants respond to the allegations contained in the first sentence of ¶46 by stating that in or about September 1999 a female correction officer turned over letters written by a male correction officer to a female inmate; said letters had been written several years earlier. The Defendants have insufficient information to admit or deny the allegations contained in the second, third and fourth sentences of ¶46. The Defendants further answer that the Department terminated the male correction officer but he was later reinstated by an Arbitrator.

47. The Defendants have insufficient information to admit or deny the allegations contained in ¶47.

48. Denied. The Defendants further answer that in the Fall of 2001, at the request of then Suffolk County Sheriff Richard Rouse, Governor Jane Swift appointed a Special Commission to investigate and report on operations and management of the Suffolk County Sheriff's Department.

49. The Defendants admit that the Special Commission was comprised of seven individuals appointed by the Governor. The Defendants are without sufficient information to admit or deny whether said individuals were impartial, independent experts with relevant experience.

50. The Defendants answer that the report (Stern Commission Report) issued by the Special Commission on October 15, 2002, speaks for itself and requires no responsive pleading.

51. The Defendants have insufficient information to admit or deny the allegations contained in ¶51.

52. The Defendants answer that the report (Stern Commission Report) issued by the Special Commission on October 15, 2002, speaks for itself and requires no responsive pleading.

53. The Defendants answer that the report (Stern Commission Report) issued by the Special Commission on October 15, 2002, speaks for itself and requires no responsive pleading.

54. Denied.

55. Denied.

56. The Defendants have insufficient information to admit or deny the allegations contained in ¶56.

57. The Defendants have insufficient information to admit or deny the allegations contained in ¶57.

58. The Defendants have insufficient information to admit or deny the allegations contained in the first sentence of ¶58. The Defendants deny the allegations contained in the third sentence of ¶58. The Defendants further answer that the Plaintiff did not record her observations in the inmate's medical records. The Defendants further answer that the Plaintiff submitted a document recording her observations only after being requested to

do so by Department employees; said document was received by SID approximately nine days after the Plaintiff allegedly encountered the inmate in the infirmary.

59.     The Defendants have insufficient information to admit or deny the allegations contained in the first two sentences of ¶59.  The Defendants admit that someone other than the Plaintiff examined the inmate and further answer that the Plaintiff did not record her observations in the inmate's medical records.  The Defendants further answer that the Plaintiff submitted a document recording her observations that was received by SID several days later.

60.     The Defendants have insufficient information to admit or deny the allegations contained in ¶60.

61.     Denied.

62.     Denied.  The Defendants further answer that the Plaintiff was barred from the HOC on June 10, 2003 not terminated.

63.     The Defendants admit that on June 10, 2003 the Plaintiff met with Deputy Superintendent Mary Ellen Mastrorilli and an employee of CMS.  The Defendants have insufficient information to admit or deny the remaining allegations contained in ¶63.

64.     The Defendants have insufficient information to admit or deny the allegations contained in ¶64.  By way of further answer the Defendants state that the Plaintiff was barred from the HOC on June 10, 2003.

65.     Denied.

66.     The Defendants have insufficient information to admit or deny what the Plaintiff's "understanding" is regarding what if any entities are investigating the Plaintiff's allegations.  The Defendants further answer that the Plaintiff's "understanding" is immaterial to the allegations set forth in her complaint and accordingly requires no response.

67.     The Defendants have insufficient information to admit or deny the allegations in ¶67.

68.     The Defendants answer that Department Policy S220 speaks for itself and requires no responsive pleading.  The Defendants further answer that the Plaintiff was not an employee of the Department at all times relevant to the instant litigation.

69. Denied. The Defendants further answer that the Plaintiff was not an employee of the Department at all times relevant to the instant litigation, and she was barred from the HOC not terminated.

70. Denied.

71. Defendants deny the allegations contained in the first clause of ¶71 and have insufficient information to admit or deny the remaining allegations.

72. Defendants have insufficient information to admit or deny the allegations contained in ¶72. The Defendants further answer that the Plaintiff was barred not banished from the HOC.

73. Defendants have insufficient information to admit or deny the allegations contained in ¶73.

74. Defendants deny the allegation in the first sentence of ¶74 that the Department terminated the Plaintiff. The Defendants further answer that the Plaintiff was barred from the HOC, not terminated, as she was not an employee of the Department. The Defendants have insufficient information to admit or deny the remaining allegations contained in ¶74.

75. Defendants have insufficient information to admit or deny the allegations contained in ¶75.

76. Defendants have insufficient information to admit or deny the allegations contained in ¶76.

77. Defendants have insufficient information to admit or deny the allegations contained in ¶77.

78. Defendants have insufficient information to admit or deny the allegations contained in ¶78. The Defendants further answer by denying the allegation in the last sentence of ¶78 that the Suffolk County Sheriff's Department took "unlawful actions" against the Plaintiff.

79. Defendants have insufficient information to admit or deny the allegations contained in ¶79. The Defendants further answer by denying any retaliation against the Plaintiff.

80. Defendants admit that the Plaintiff, through her attorneys, sent a letter dated July 14, 2003 to Sheriff Andrea J. Cabral. The defendants have insufficient information to admit or deny the remaining allegations contained in ¶80.

81. Defendants have insufficient information to admit or deny the allegations contained in ¶81.

82. The allegations contained in the first two sentences of ¶82 refer to a letter sent by the General Counsel for the Suffolk County Sheriff's Department to Plaintiff's counsel; the contents of which speak for itself and do not require a responsive pleading. The Defendants deny the remaining allegations contained in ¶82.

83. Denied.

84. The allegations contained in ¶84 refer to a judgment that speaks for itself in an unrelated lawsuit that is completely immaterial to the instant litigation and therefore requires no response.

85. The allegations contained in ¶85 refer to an unrelated lawsuit that is completely immaterial to the instant litigation and therefore requires no response.

86. The allegations contained in ¶86 refer to an unrelated lawsuit that is completely immaterial to the instant litigation and therefore requires no response. The Defendants further answer that the Department did not attempt to renege on its agreement to pay the settlement; the date the settlement was due was the date that Sheriff Cabral took office; and the contempt fines, with the exception of the plaintiff's costs, were waived by the District Court upon the Department's motion.

87. Denied.

88. The Defendants answer that on or about August 25, 2004 the Suffolk County Sheriff's Department issued a statement to WCVB-TV, Channel 5 in response to its inquiries regarding allegations made by the Plaintiff in a <u>Boston Globe</u> story, just prior to her filing the instant lawsuit.

89. Denied.

90. The Defendants admit that or about August 25, 2004 they issued a statement to WCVB-TV, Channel 5 in response to its inquiries regarding allegations made by the Plaintiff in a <u>Boston Globe</u> story. The Defendants deny that the statement contained any defamatory, libelous or denigrating statements about the Plaintiff. The Defendants are

without sufficient information to admit or deny the manner in which WCVB-TV, Channel 5 News broadcast the statement or the extent of their viewing audience. The Defendants deny the remaining allegations contained in ¶90.

91. The Defendants admit that on or about September 8, 2004 Defendant Cabral appeared on the program "Greater Boston" for a televised debate with her then opponent in the primary election for Suffolk County Sheriff, Stephen Murphy. The Defendants deny that Defendant Cabral made any defamatory statements about the Plaintiff during the televised debate.

92. The Defendants admit that Defendant Cabral knew that the televised debate on "Greater Boston" would be broadcast to the public.

93. The Defendants deny that Defendant Cabral made any defamatory statements regarding the Plaintiff in the article published in the October 31, 2004 edition of the Boston Globe Magazine.

94. The Defendants deny that Defendant Cabral made any defamatory statements regarding the Plaintiff in the article published in the October 31, 2004 edition of the Boston Globe Magazine. The Defendants further answer that Defendant Cabral knew that statements made to the reporter during the course of her interview would be included in the article for publication in the Boston Globe Magazine. The Defendants are without sufficient information to admit or deny the extent of the Boston Globe Magazine's readership.

95. Denied.

96. Denied.

97. Denied.

98. The Defendants have insufficient information to admit or deny the allegations in ¶98. The Defendants further answer that the Plaintiff was not an employee of the Suffolk County Sheriff's Department at all times relevant to the instant litigation and accordingly was not discharged by them.

99. The Defendants have insufficient information to admit or deny the allegations in ¶99.

100. The Defendants have insufficient information to admit or deny the allegations in ¶100. The Defendants further answer that the Plaintiff was barred from the HOC on June 10, 2003, not discharged.

101. Denied.

## COUNT I
### (Violation of 42 U.S.C. §1983)
### (All Defendants)

102. The Defendants repeat and incorporate the responses to Plaintiff's allegations contained in ¶¶ 1 through 102 of the Amended Complaint.

103. The Defendants state that ¶103 states conclusions of law to which no response is required. To the extent that a response is required the Defendants deny the allegations in ¶103.

104. Denied. The Defendants further answer that the Plaintiff was barred from the HOC not discharged.

105. The Defendants state that ¶105 states conclusions of law to which no response is required. To the extent that a response is required the Defendants deny the allegations in ¶105

106. Denied.

107. The Defendants state that ¶107 states conclusions of law to which no response is required. To the extent that a response is required the Defendants deny the allegations in ¶107.

108. Denied.

109. The Defendants state that ¶109 states conclusions of law to which no response is required. To the extent that a response is required the Defendants deny the allegations in ¶109.

## COUNT II
### (Violation of M.G.L. 149, § 185)
### (Defendants Suffolk County and Suffolk County Sheriff's Department)

110. The Defendants repeat and incorporate the responses to the Plaintiff's allegations contained in ¶¶ 1 through 109 of the Amended Complaint.

111. The Defendants state that ¶111 states conclusions of law to which no response is required. To the extent that a response is required the Defendants deny the allegations in ¶111.

112. The Defendants state that ¶112 states conclusions of law to which no response is required. To the extent that a response is required the Defendants deny the allegations in ¶112.

113. Denied.

114. The Defendants state that ¶114 states conclusions of law to which no response is required. To the extent that a response is required the Defendants deny the allegations in ¶114.

## COUNT III
**(Breach of Contract)**
**(Suffolk County and Suffolk County Sheriff's Department)**

115. The Defendants repeat and incorporate the responses to the Plaintiff's allegations contained in ¶¶1 through 115 of the Amended Complaint.

116. The Defendants state that ¶116 states conclusions of law to which no response is required. To the extent a response is required the Defendants deny the allegations contained in ¶116.

117. The Defendants state that ¶117 contains conclusions of law to which no response is required. To the extent a response is required the Defendants deny the allegations contained in ¶117.

## COUNT IV
**(Breach of Contract)**
**(CMS)**

118–121. The Defendants state that no response is required to ¶¶ 118 through 121, as this count is against Defendant CMS.

## COUNT V
**(Breach of Contract)**
**(Suffolk County, Suffolk County Sheriff's Department and CMS)**

122. The Defendants repeat and incorporate the responses to the Plaintiff's allegations contained in ¶¶1 through 121 of the Amended Complaint.

123. The Defendants admit that Correctional Medical Services had a contract with the Suffolk County Sheriff's Department to provide healthcare services to inmates

incarcerated at the Suffolk County House of Correction and that such contract was in effect at all times relevant to this action.

124. Denied.

125. The Defendants state that ¶125 contains conclusions of law to which no responsive pleading is required. To the extent a response is required the Defendants deny the allegations contained in ¶125

126. The Defendants state that ¶126 contains conclusions of law to which no response is required. To the extent a response is required the Defendants deny the allegations contained in ¶126.

127. The Defendants state that ¶127 contains conclusions of law to which no response is required. To the extent a response is required the Defendants deny the allegations contained in ¶127.

## COUNT VI
### (Termination in Violation of Public Policy)
### (Suffolk County, Suffolk County Sheriff's Department and CMS)

128. The Defendants decline to respond to the allegations in ¶128 as a Motion to Dismiss is pending.

129. The Defendants decline to respond to the allegations in ¶129 as a Motion to Dismiss is pending.

130. The Defendants decline to respond to the allegations in ¶130 as a Motion to Dismiss is pending.

131. The Defendants decline to respond to the allegations in ¶131 as a Motion to Dismiss is pending.

132. The Defendants decline to respond to the allegations in ¶132 as a Motion to Dismiss is pending.

## COUNTY VII
### (Massachusetts Civil Rights Act, M.G.L. c. 12 §§ 11H and 11I)
### (Defendants Cabral and CMS)

133. Defendant Cabral repeats and incorporates the responses to Plaintiff's allegations contained in ¶¶1 through 132 of the Amended Complaint.

134. Defendant Cabral states that ¶134 contains conclusions of law to which no response is required. To the extent a response is required Defendant Cabral denies the allegations contained in ¶134.

135. Defendant Cabral states that ¶135 contains conclusions of law to which no response is required. To the extent a response is required Defendant Cabral denies the allegations contained in ¶135.

## COUNT VIII
### (Intentional Infliction of Emotional Distress)
### (CMS)

136 – 139. The Defendants state that no response is required to ¶¶ 136 through 139, as this count is against Defendant CMS.

## COUNT IX
### (Defamation)
### (Defendant Cabral)

140. Defendant Cabral repeats and incorporates the responses to the Plaintiff's allegations contained in ¶¶1 through 139 of the Amended Complaint.

141. The Defendant states that ¶141 contains conclusions of law to which no response is required. To the extent a response is required the Defendant denies the allegations contained in ¶141.

142. Denied.

143. Denied.

144. Denied.

145. The Defendant states that ¶145 contains conclusions of law to which no response is required. To the extent a response is required the Defendant denies the allegations contained in ¶145.

## COUNT X
### (Intentional Infliction of Emotional Distress)
### (Defendant Cabral)

146. Defendant Cabral repeats and incorporates the responses to the Plaintiff's allegations contained in ¶¶1 through 145 of the Amended Complaint.

147.  Denied.

148.  Denied.

149.  Defendant Cabral states that ¶149 contains conclusions of law to which no response is required. To the extent a response is required Defendant Cabral denies the allegations contained in ¶149.

## COUNT XI
### (Tortious Interference with Advantageous Relations)
### (Defendant Cabral)

150.  Defendant Cabral repeats and incorporates the responses to the Plaintiff's allegations contained in ¶¶1 through 149 of the Amended Complaint.

151.  Defendant Cabral admits that she was aware that the Plaintiff was employed by CMS at the time that the Plaintiff was barred from the HOC on June 10, 2003. Defendant Cabral denies that the Department ever employed the Plaintiff.

152.  Defendant Cabral denies the allegations contained in ¶152 of the Amended Complaint.  Defendant Cabral further answers that the Plaintiff was barred from the HOC, not terminated by the Department.

153.  Denied.

154.  Defendant Cabral states that ¶154 contains conclusions of law to which no response is required.  To the extent a response is required Defendant Cabral denies the allegations contained in ¶154.

## Affirmative Defenses

1.  The Amended Complaint fails to state a claim for which relief may be granted.

2.  The doctrine of respondeat superior does not apply to 42 U.S.C. § 1983 claims, and the plaintiff cannot establish that Suffolk County was the moving force behind any constitutional torts.

3.  Defendant Cabral is entitled to qualified immunity and therefore not liable under 42 U.S.C. § 1983.

4.  Liability under M.G.L. c. 12 §§ 11h & 11I cannot be based on the theory of respondeat superior, and there are no allegations of threats, intimidation or coercion by the Defendant Cabral to this action.

5.   The Suffolk County Sheriff's Department is not a legal entity amenable to suit.

6.   The Plaintiff's alleged injury is the result of acts or events for which the Defendants are not responsible.

7.   The Plaintiff has failed to comply with the written internal disclosure requirement of M.G.L. c. 149 §185.

8.   The Plaintiff's claims against Suffolk County and the Suffolk County Sheriff's Department in Counts V & VI are waived pursuant to M.G.L. c. 149 §185(f).

9.   The Plaintiff was not an employee of the Suffolk County Sheriff's Department and/or Suffolk County.

10.  The statements issued by the Defendants did not hold the Plaintiff up to contempt, hatred, scorn, or ridicule or tend to impair her standing in the community and thus were not defamatory.

11.  The statements issued by the Defendants did not constitute extreme and outrageous conduct and were not issued with the intent to cause the Plaintiff emotional distress.

12.  The Plaintiff has failed to mitigate her damages, if any.

13.  The Plaintiff's claims for punitive damages are in violation of the provisions of the United States Constitution and the statutes and the Constitution of the Commonwealth of Massachusetts, and therefore the Plaintiff is not entitled to recover punitive damages.

14.  The Plaintiff is estopped from recovering any judgment against the Defendants by her conduct and action.

## Jury Demand

The Defendants hereby demand a trial by jury on all claims so triable.

>   Respectfully submitted for
>   Defendants Andrea Cabral,
>   Suffolk County Sheriff's
>   Department, and Suffolk
>   County
>   By their attorney,

        /s/ Ellen M. Caulo  
        Ellen M. Caulo  
        BBO #545250  
        Suffolk County Sheriff's Department  
        200 Nashua Street  
        Boston, MA 02114

Date:   December 13, 2004