UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,        )<br>    Plaintiff        )<br>        )<br>    v.        )<br>        )<br>ANDREA CABRAL, SUFFOLK        )<br>COUNTY SHERIFF'S DEPARTMENT,        )<br>SUFFOLK COUNTY, and        )<br>CORRECTIONAL MEDICAL        )<br>SERVICES, INC.        )<br>    Defendants        )<br>        ) | Civil Action No. 04-11935-DPW |

**DEFENDANTS ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT AND SUFFOLK COUNTY'S MEMORANDUM IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT**

**I.        INTRODUCTION**

The Plaintiff is a former contract nurse employed by Defendant Correctional Medical Services, Inc. (CMS) at the Suffolk County House of Correction (HOC).  She alleges in her amended complaint that the Defendants terminated her from her employment as a Nurse Practitioner at the HOC because she acted as an informant for the FBI.  Specifically the Plaintiff asserts that the Defendants terminated her because she provided information to the FBI concerning suspected physical abuse of an inmate at the HOC.

The Plaintiff brought suit against Sheriff Andrea Cabral, Suffolk County Sheriff's Department, Suffolk County and Correctional Medical Services, Inc.

The claims against Sheriff Andrea Cabral are as follows: Count I, Violation of Federal Civil Rights; Count VII, Violation of State Civil Rights; Count IX, Defamation;

1

Count X, Intentional Infliction of Emotional Distress; and Count XI, Tortious Interference with Advantageous Relations.

The claims against the Suffolk County Sheriff's Department are as follows: Count I, Violation of Federal Civil Rights; Count II, Violation of State Whistleblower Statute; Count III, Breach of Contract; Count V, Breach of Contract; and Count VI, Termination in Violation of Public Policy.

The claims against Suffolk County are as follows: Count I, Violation of Federal Civil Rights; Count II, Violation of State Whistleblower Statute; Count III, Breach of Contract; Count V, Breach of Contract; and Count VI, Termination in Violation of Public Policy.

Counts IV and VIII relate exclusively to direct claims against Defendant Correctional Medical Services, Inc. and are not addressed in the instant motion.

## II.   FACTS

For the purposes of the instant motion only, Defendants accept as true those facts set forth in the numbered paragraphs of the Plaintiff's Complaint and Exhibits A – D.

## III.   ARGUMENT

A complaint should be dismissed if the Plaintiff can prove no set of facts that would entitle her to the relief sought.  "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Nader v. Citorn, 372 Mass. 96, 97 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In this case the Plaintiff

has failed to allege sufficient facts as to Count VI in her Amended Complaint that would entitle her to the relief sought.

A. **Count VI Of The Plaintiff's Amended Complaint Should Be Dismissed Pursuant To The Waiver Provisions Of M.G.L. c. 149, § 185.**

Count VI (Termination in Violation of Public Policy) of the Plaintiff's Amended Complaint sets forth claims based upon the same conduct, e.g. an alleged unlawful discharge, that Plaintiff also contends constitutes the core retaliation underlying her whistleblower claim set forth in Count II of her Amended Complaint. The Whistleblower Statute specifically provides:

> Nothing in this section shall be deemed to diminish the rights, privileges remedies of any employee under any other federal or state law or regulation, or under any collective bargaining agreement or employment contract**; except that the institution of a private action in accordance with subsection (d) shall be deemed a waiver by the plaintiff of the rights and remedies available to him, for the actions of the employer, under any other contract, collective bargaining agreement, state law, rule or regulation, or under common law.** M.G.L. c. 149, § 185 (emphasis added).

The scope of this clearly articulated waiver provision bars a Plaintiff who files suit under the Whistleblower statute from simultaneously bringing any other claims that could be adjudicated substantively under the Whistleblower statute. See Bennett v. City of Holyoke, 230 F.Supp 207, 220 (2002). In Bennett, a former police sergeant of the Holyoke Police Department filed suit against the City of Holyoke and others alleging that his termination was in violation of the State Whistleblower Statue as well as other state law claims. The Court held as a matter of law that any of the plaintiff's state law claims against his employer, City of Holyoke, seeking damages for essentially the same conduct, i.e. unlawful discharge, were barred by the waiver provision of the Whistleblower statute.

3

Only those claims that were distinct from his claim to recover for the retaliatory action were permissible. Bennett, supra at 221.

In the instant case, the Plaintiff's allegations in Count VI are based upon the same conduct, i.e. Plaintiff's alleged unlawful discharge, which constitutes the core retaliatory conduct underlying her whistleblower claim in Count II of her Amended Complaint. Specifically, in Count VI of her Amended Complaint the Plaintiff alleges that the Defendant terminated her because of her cooperation with law enforcement officials. (Plaintiff's Amended Complaint ¶¶129-130)   That is precisely the same conduct underlying her whistleblower claim set forth in Count II of her Amended Complaint, in which the Plaintiff asserts that the Defendants "retaliated against [her] by discharging her because she reported conduct, practices and policies of Suffolk County and the Department to law enforcement agencies".  (Plaintiff's Amended Complaint ¶112)   The Plaintiff does not allege any conduct or assert any claim against the Defendants Suffolk County and Suffolk County Sheriff's Department in Count VI that are distinct from her claim to recover for her alleged retaliatory discharge. As such the Plaintiff's claim in Count VI can be adjudicated substantively under her State Whistleblower claim and accordingly is barred by the wavier provision of M.G.L. c. 149, § 185 and must be dismissed.

### IV.  CONCLUSION

For all the foregoing reasons, the Defendants Sheriff Andrea Cabral, Suffolk County and the Suffolk County Sheriff's Department respectfully request that this Honorable Court grant their Partial Motion To Dismiss.

4

        Respectfully Submitted,
        For the Defendants
        By their Attorney

        <u>/s/  Ellen M. Caulo</u>
        Ellen M. Caulo
        BBO #545250
        Deputy General Counsel
        Suffolk County Sheriff's Department
        200 Nashua Street
        Boston, MA 02141
        (617) 989-6681

December 13, 2004