## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SHEILA PORTER,
     Plaintiff              )
)
)
      v.             )

ANDREA CABRAL, SUFFOLK
COUNTY SHERIFF'S DEPARTMENT,
SUFFOLK COUNTY, and
CORRECTIONAL MEDICAL
SERVICES, INC.
     Defendants

Civil Action No. 04-11935-DPW

### PROTECTIVE ORDER

It is hereby Ordered that:

1.    <u>Proceedings and Information Governed.</u>

(a)    This Order shall govern any document, information or other thing furnished by any party, including third parties, to any other party in connection with the above-captioned action ("this action"). The information protected includes, but is not limited to, documents, correspondence, things, exhibits, interrogatory answers, requests for admissions, deposition, trial, and grand jury testimony, and all copies, extracts, summaries, compilations, designations and portions thereof. This Order governs all proceedings in connection with this action, including pre-trial discovery, hearings, trial and appeal.

(b)    The following documents and information shall be deemed "Confidential Information" under this Order: (i) all medical-related documents relating to Inmate R.R.; (ii) all documents contained in Inmate R. R.'s institutional file from the Suffolk County House of Correction; (iii) all documents containing information protected by the CORI

Statute, M.G.L. c. 6 §§ 167-178 et seq.; (iv) all documents containing personnel information about current or former employees of the defendant; (v) all documents relating to the investigation performed into Inmate R. R.'s allegations; (vi) all statements taken under oath at any proceeding concerning the allegations in the complaint; (vii) all documents containing the Plaintiff's medical information; (viii) the Plaintiff's personnel file; and (ix) all documents containing the Plaintiff's prior testimony taken under oath at any proceeding.

2.     <u>Designation of Information</u>.

(a)     A party producing any document or other material, or serving any interrogatory answer, shall make such designation by stamping or otherwise marking each document, material or interrogatory answer page prior to production as "CONFIDENTIAL."

(b)     With respect to documents or materials produced by any third party, said designation shall be effected by advising the adverse party, in writing, of the documents that the designating party wishes to designate as "CONFIDENTIAL" hereunder within fifteen days of the designating party's receipt of those documents. Such a writing shall reasonably identify by description or otherwise, the documents so identified.

(c)     A party may designate as "CONFIDENTIAL" the deposition or trial testimony of that party or of any third party by making a statement upon the record as to such designation prior to the conclusion of the deposition or trial, or by advising the adverse party in writing within fifteen days after receipt of the transcript. The court reporter or the parties shall stamp as "CONFIDENTIAL" any portion of any transcript so designated.

3.    <u>Disclosure of Confidential Information</u>.  Information or materials designated as "CONFIDENTIAL" hereunder may be disclosed by the receiving party only to:

(a)    The attorneys retained by the parties in this action, and any respective support personnel to whom it is necessary that the material be shown for the sole purposes permitted hereunder;

(b)    The court personnel and court reporters;

(c)    The parties, their agents or representatives;

(d)    Non-party deposition witnesses during their deposition;

(e)    The persons employed or consulted by or on behalf of a party or that party's counsel for the purpose of serving as an expert witness in this action; and

(f)    Other persons upon prior written stipulation and agreement of the parties.

4.    <u>Affidavits</u>.  Before any information or material designated as "CONFIDENTIAL" hereunder, or the substance or contents thereof, may be given, shown, disclosed, made available or communicated in any way to any persons referred to in Paragraphs 3 (d), (e) and (f) hereof, such persons shall first execute an affidavit agreeing to be bound by the terms of this Order, and a copy of the affidavit shall be served on all parties.

5.    <u>Use</u>.    Any information or material designated as "CONFIDENTIAL" hereunder shall be used by the party and persons to whom it is disclosed solely for the purposes of, and in connection with, this action.  Confidential Information shall not be used by any such party or persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the court.  No

person who is furnished Confidential Information shall disclose it to any person not entitled under this Order to receive it. No Confidential Information shall be reproduced except as reasonably required for this action.

6.    Party's Own Information. The restrictions on the use of Confidential Information established by this Order are applicable only to the use by a party of Confidential Information or material received from an adverse party. A party is free to do whatever it desires with its own Confidential Information.

7.    Filing Confidential Information With the Court. Any Confidential Information filed with the court shall be marked with a legend in substance stating "CONTAINS CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."

8.    Return of Confidential Materials. Within 21 days after the final conclusion of this action, counsel for a receiving party shall return all copies of Confidential Information to counsel for the providing party, or shall destroy such information or material and certify the destruction to counsel for the providing party, except that documents or copies that contain or constitute attorney work product or attorney-client communications may be retained by counsel or destroyed rather than returned.

9.    Maintaining Confidentiality. Neither party shall be relieved from the obligation of maintaining the confidentiality of Confidential Information upon the termination of this lawsuit.

10.    Disputes Regarding "CONFIDENTIAL" Designations. Any party challenging the designation of materials as "CONFIDENTIAL" may move for a ruling

that a document or category of documents designated as "CONFIDENTIAL" is not entitled to such status and protection. Such a motion may be filed ten (10) days after the moving party serves a written request for modification upon the party who designated the information "CONFIDENTIAL." An opposition to such a motion shall be filed within five (5) days of service of the motion, or the motion shall be deemed granted. Service under this paragraph shall be by facsimile and by overnight courier.

11.    <u>Amendments</u>. Amendments to this Order shall be valid only upon their written approval by the Court.

**It is so ordered.**

By the Court,

*[signature]*

March 9, 2005