UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA J. PORTER<br><br>    Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, SUFFOLK COUNTY and CORRECTIONAL MEDICAL SERVICES, INC.<br><br>    Defendants. | Civil Action No. 04-11935-DPW |

## AMENDED NOTICE OF DEPOSITION

TO:     Ellen M. Caulo, Esq.
          Suffolk County Sheriff's Department
          Office of the General Counsel
          200 Nashua Street
          Boston, MA 02114

          Alexandra B. Harvey, Esq.
          Adler, Cohen, Harvey, Wakeman & Guekguezan, LLP
          230 Congress Street, 10th floor
          Boston, MA 02110

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Sheila J. Porter, by her counsel, will take the deposition upon oral examination of Defendants Suffolk County Sheriff's Department ("SCSD") and Suffolk County (collectively, "Suffolk"). The deposition will take place on April 28, 2005, at 10:00 a.m. at the offices of Goodwin Procter LLP, Exchange Place, Boston, MA 02109. The deposition shall be conducted before a notary public or other officer authorized to administer oaths and shall be recorded by stenographic means. The deposition will continue from day to day until completed.

The subject matter upon which examination is requested is set forth in Schedule A, attached. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Suffolk shall designate one or more officers, directors or managing agents, or other persons who consent to testify on Suffolk's behalf, who are most knowledgeable about the subjects set forth in Schedule A.

You are invited to attend and examine the witness.

SHEILA J. PORTER

By her attorneys,

_____
Joseph F. Savage Jr. (BBO #443030)
David S. Schumacher (BBO #647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: April 15, 2005

## Schedule A

### DEFINITIONS AND INSTRUCTIONS

1. "SCSD" means the Suffolk County Sheriff's Department, its officers, directors, employees, partners, corporate parent, subsidiaries, predecessors in interest, affiliates, attorneys, agents and representatives.

2. "Suffolk" means Suffolk County and the SCSD, their officers, directors, employees, partners, corporate parent, subsidiaries, predecessors in interest, affiliates, attorneys, agents and representatives.

3. "Cabral" means Andrea J. Cabral, her attorneys, agents and representatives.

4. "CMS" means Correctional Medical Services, Incorporated, its officers, directors, employees, partners, corporate parent, subsidiaries, predecessors in interest, affiliates, attorneys, agents and representatives.

5. "CHS" means Correctional Health Solutions, Inc.

6. "HOC" means the Suffolk County House of Corrections.

7. "Mrs. Porter" means Sheila J. Porter, her attorneys, agents and representatives.

8. The term "person" means any natural person or any business, legal or governmental entity or association.

9. The terms "communication" means the conveyance of information in any form and by any means.

10. The terms "concerning" or "concern" mean constituting, relating to, mentioning, discussing, evidencing, involving, depicting, describing, listing, consisting of, forming the basis of, commenting on, supporting, analyzing, forwarding, demonstrating, referring to or connected with, relying upon, or in any way related to the indicated subject.

11. The term "material involvement" means any significant, pertinent, relevant, or important association with, connection to, participation in, or contribution to any matter.

12. In construing these definitions and instructions: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine or neuter pronoun shall not exclude the other genders; (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (iv) the word "any" shall be read to mean each and every; and (v) no request will be geographically limited, except where specified.

### Topics

1. Mrs. Porter's barring and/or termination from the HOC.

2. The nature of any communications between Suffolk and Cabral concerning Mrs. Porter.

3. The nature of any communications between Suffolk and CMS and/or CHS concerning Mrs. Porter.

4. The employment relationship between Suffolk and CMS and/or CHS, including the contract for health-care services at the HOC.

5. Mrs. Porter's job and her job performance as an employee and/or independent contractor for Suffolk.

6. Mrs. Porter's communications with the FBI.

7. The investigation into inmate R.R.'s allegations in May and June 2003, including the interviews of Mrs. Porter.

8. The meeting attended by Mrs. Porter, Mary Ellen Mastrorilli and Donna Jurdak on or about June 10, 2003 that resulted in Mrs. Porter's lockout from the HOC.

9. The decision to bar Mrs. Porter from the HOC.

10. Mrs. Porter's interaction with inmate R.R. concerning a federal investigation in or about November 2002.

11. Compliance with and/or enforcement of the provisions contained in Policy S220 as shown under Section II ("Offenses") in the document produced by Suffolk Bates-labeled 780.

12. Suffolk's policies and practices concerning communications between HOC employees and/or independent contractors and the FBI and/or other law enforcement agencies.

13. The names of any and all individuals who worked at the HOC who have been barred within the last five years and the reason(s) for which they were barred.

14. The names of any and all individuals who worked at the HOC who violated Policy S220 in the last five years but were not barred and/or terminated from the HOC.

15. Any statements in the media by the Suffolk Defendants concerning Mrs. Porter including (1) the drafting and dissemination of the press statement submitted to Channel 5 on or about August 25, 2004 and any communications surrounding same; (2) the drafting and dissemination of statements provided to the Boston Globe Magazine concerning Mrs. Porter for an article appearing on or about October 29, 2004 and any communications surrounding same; (3) Defendant Cabral's statements during a televised political debate on or about September 8, 2004 and any communications surrounding same.

16. The HOC's implementation of any policies recommended by the Stern Commission.

17. The factual basis for Suffolk's denial of any allegations made by Mrs. Porter in the Amended Complaint.

18. The HOC's policies or procedures concerning document retention, including all policies or procedures concerning the deletion, retention, and storage of electronic information.

LIBA/1530868.1