UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA J. PORTER<br>       Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY<br>SHERIFF'S DEPARTMENT, SUFFOLK<br>COUNTY and CORRECTIONAL MEDICAL<br>SERVICES, INC.<br>       Defendants. | Civil Action No. 04-11935-DPW |

**PLAINTIFF'S UNOPPOSED MOTION FOR JUDICIAL ORDER
TO PRODUCE CERTIFIED COPIES OF MEDICAL RECORDS**

NOW COMES plaintiff Sheila J. Porter ("Mrs. Porter") in the above captioned matter and respectfully requests this Court to issue a Judicial Order for certified copies of medical records, books, papers, correspondence, and all other written or printed documentation in the possession, custody, and control of Prison Health Services, Inc., in any way relating to treatment of inmate Rene Rosario, date of birth April 15, 1972.  Defendants do not oppose this Motion.

As grounds for this Motion, Mrs. Porter states as follows:

1.      On May 19, 2003, Mr. Rosario, then an inmate at the Suffolk County House of Corrections, sustained injuries to his upper arm, shoulder and chest region.  He was treated at the infirmary for these injuries.  Mr. Rosario, who had cooperated with the FBI in a previous investigation, told Mrs. Porter that corrections officers had inflicted his injuries.  Mrs. Porter relayed her interaction with Mr. Rosario to medical personnel, her supervisor, and Sheriff's Investigative Division ("SID") investigators.

2.      Approximately ten days later, Mrs. Porter again encountered Mr. Rosario in the infirmary, this time with new injuries to his head.  Again, Mr. Rosario told Mrs. Porter that a corrections officer caused his injuries.  Mrs. Porter reported this incident as well to medical personnel, her supervisor and SID investigators.  Plaintiff also reported both incidents to the FBI.  On June 10, 2003, Mrs. Porter was barred from the House of Corrections ("HOC") and, shortly thereafter, terminated from Correctional Medical Services, Inc.

3.      Mr. Rosario's medical file contains information that is highly relevant and important to this case.   Mrs. Porter was told that she was barred from the HOC because she disclosed confidential information to an outside agency.  Employees of the Sheriff's Department have testified that she was barred for various other reasons, including her failure to document her observations in Mr. Rosario's medical file.  Sheriff's Department employees have testified that they reviewed Mr. Rosario's medical file in connection with the decision to bar Mrs. Porter.  Under these circumstances, it would be unfair to deny Mrs. Porter access to these records.

4.      While Mrs. Porter does not believe that Mr. Rosario is currently serving a sentence at the HOC, HOC Superintendent Gerard Horgan testified that the HOC maintains inmates' medical files for 30 years.  This information is now in the possession of Prison Health Services, Inc., who is currently providing medical services for the HOC.

5.      This information is not subject to any evidentiary privilege.  See Tower v. Hirschhorn, 397 Mass. 581, 588 n.9 (1986) ("Massachusetts does not recognize a physician-patient testimonial privilege."); accord Commonwealth v. Senior, 433 Mass. 453, 456-57 (2001).

6.      The Court has entered a Protective Order in this case.  The Protective Order expressly prohibits disclosure of Mr. Rosario's medical records.  Therefore, this information will not be disclosed to anyone besides the parties and the Court.

WHEREFORE, plaintiff respectfully requests that this Court order Prison Health Services, Inc., pursuant to a validly-issued subpoena (a copy of which is attached hereto as Exhibit A), to produce to Mrs. Porter all records of treatment of Rene Rosario, date of birth April 15, 1972, in or about May 2003, and the days thereafter.

                Respectfully Submitted

                SHEILA J. PORTER

                By her attorneys,

                */s/ David S. Schumacher*
                Joseph F. Savage Jr. (BBO #443030)
                David S. Schumacher (BBO #647917)
                GOODWIN PROCTER LLP
                Exchange Place
                Boston, MA 02109-2881
                617.570.1000

Dated: May 23, 2005

**Local Rule 7.1(A)(2) Certification**

      Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for Mrs. Porter has conferred in good faith with counsel for Defendants to resolve or narrow the issues raised in this motion, and that Defendants do not oppose this motion.

**Certificate of Service**

      I hereby certify that a true copy of the above document was served upon counsel for defendants by facsimile and first-class mail on May 23, 2005.

                */s/ David S. Schumacher*
                David S. Schumacher

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA J. PORTER<br>      Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, SUFFOLK COUNTY and CORRECTIONAL MEDICAL SERVICES, INC.<br>      Defendants. | Civil Action No. 04-11935-DPW |

JUDICIAL ORDER TO PRODUCE CERTIFIED MEDICAL RECORDS

This Court, _____, J., presiding, orders the Keeper of the Records for Prison Health Services, Inc., pursuant to a validly-issued subpoena, to produce copies of all records, books, papers, correspondence, and all other written or printed documentation in the possession, custody, and control relating, referring, or in any way pertaining to the treatment of Rene Rosario, D.O.B.: April 15, 1972, and to deliver said records to David S. Schumacher, Esq., Goodwin Procter LLP, Exchange Place, Boston, MA 02109 and the Clerk of Court, United States District Court, 1 Courthouse Way, Boston, MA 01608.

_____
District Court Judge

Dated: _____

LIBA/1547213.1