UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

SHEILA J. PORTER

    Plaintiff,

v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, SUFFOLK
COUNTY and CORRECTIONAL MEDICAL
SERVICES, INC.

    Defendants.

Civil Action No. 04-11935-DPW

---

## NOTICE OF SUBPOENA DUCAS TECUM

TO:  Ellen M. Caulo, Esq.              Alexandra B. Harvey, Esq.
      Suffolk County Sheriff's Department   Adler, Cohen, Harvey, Wakeman &
      Office of the General Counsel         Guekguezan, LLP
      200 Nashua Street                     230 Congress Street, 10th floor
      Boston, MA 02114                    Boston, MA 02110

PLEASE TAKE NOTICE that, on June 8, 2005, plaintiff Sheila J. Porter, by her counsel, issued a subpoena ducas tecum to the Suffolk County District Attorney's Office, a copy of which is attached.

                                            SHEILA J. PORTER

                                            By her attorneys,

                                            /s/ J. Savage/dsb

                                            Joseph F. Savage Jr. (BBO #443030)
                                            David S. Schumacher (BBO #647917)
                                            GOODWIN PROCTER LLP
                                            Exchange Place
                                            Boston, MA 02109-2881
                                            617.570.1000

Dated: June 8, 2005

## CERTIFICATE OF SERVICE

I, Anita B. Bapooji, hereby certify that on June 8, 2005 a true copy of the foregoing document was served by facsimile and first class mail upon Ellen M. Caulo, Counsel for Andrea Cabral, Suffolk County Sheriff's Department, and Suffolk County, and Alexandra Harvey, counsel for Correctional Medical Services.

_____
Anita B. Bapooji

June 8, 2005

LIBA/1539608.1

Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER,
   *Plaintiff,*

v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, SUFFOLK COUNTY
And CORRECTIONAL MEDICAL SERVICES, INC.,

   *Defendants.*

SUBPOENA IN A CIVIL CASE

Case number: Civil Action No. 04-CV-11935 (DPW)

TO: Keeper of the Records
Suffolk County District Attorney's Office
1 Bulfinch Place
Boston, MA 02114

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects).

SEE SCHEDULE A

| PLACE | DATE AND TIME |
| --- | --- |
| Goodwin Procter LLP<br>Exchange Place<br>Boston, MA 02109 | June 17, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature], attorney for Plaintiff | June 8, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Attorney for Plaintiff Sheila Porter
Anita Bapooji, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

LIBA/1339608.1

## PROOF OF SERVICE

|  | Date | Place |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
Date

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

LIBA/1539608.1

## SCHEDULE A

1. The Suffolk County District Attorney's Office's personnel file for Andrea Cabral.

2. The Suffolk County District Attorney's Office's personnel file for Viktor Theiss.

3. The Suffolk County District Attorney's Office's personnel file for Elizabeth Keeley.

LIBA/1539608.1