# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| SHEILA PORTER, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 04-11935-DPW |
| ANDREA CABRAL, SUFFOLK | ) |
| COUNTY SHERIFF'S DEPARTMENT, | ) |
| SUFFOLK COUNTY, and | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, INC. | ) |
| Defendants | ) |

_____

## AFFIDAVIT OF ELLEN M. CAULO

I, Ellen M. Caulo, being duly sworn, do hereby depose and state:

1. I am Deputy General Counsel for the Suffolk County Sheriff's Department.

2. I am the attorney of record in the matter of Sheila Porter v. Cabral, et al, C.A. No. 04-11935-DPW currently pending in the Federal District Court.

3. I am an attorney in good standing in the Commonwealth of Massachusetts and the District of Massachusetts.

4. On June 10, 2003 Sheila Porter (Plaintiff), an employee of Correctional Medical Services working at the Suffolk County House of Correction (HOC) was barred from the HOC by the Suffolk County Sheriff's Department.

5. Upon information and belief, the United States Attorney's Office informed Suffolk County Sheriff Andrea Cabral on or about June 16, 2003 that it was looking into the reasons why the Plaintiff was barred from the HOC.

6. Upon information and belief, on or about October 23, 2003 the Suffolk County Sheriff's Department was served with a grand jury subpoena duces tecum commanding the production of records pertaining to allegations of inmate R.R. that he was physically assaulted and/or verbally threatened in

2003; contacts between the Plaintiff and the FBI; and the barring of the Plaintiff from the HOC.

7.  Upon information and belief, on or about February 17, 2004 the Suffolk County Sheriff's Department was served with a grand jury subpoena duces tecum commanding the production of records pertaining to any employees or contract employees who have been barred from Department facilities within the last five years; records pertaining to any employees or contract employees who have been disciplined for violating Department Policy S-220 (Employee Code of Conduct) during the past five years; and notes of SID investigators pertaining to their investigation of Inmate R.R. and the Plaintiff.

8.  Upon information and belief, the Suffolk County Sheriff's Department has also produced records pertaining to the Plaintiff and her barring from the HOC to the United States Attorney's Office.

9.  Upon information and belief, since September 2003 a number of current and former employees of the Department have appeared before the federal grand jury to give testimony pertaining to the Plaintiff and her barring from the HOC.

10.  Upon information and belief, on or about April 13, 2005 the Department's Director of External Affairs, formerly the Communications Director, received a subpoena to appear before the grand jury and give testimony. He was also commanded to produce records pertaining to the Plaintiff including press releases.

11.  The Director of External Affairs was not involved in the decision to bar the Plaintiff from the HOC.


**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**


_____

Ellen M. Caulo

Date:   April 21, 2005