UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,<br><br>      Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, ET AL.,<br><br>      Defendants. | CIVIL ACTION<br>NO. 04-11935-DPW |

**REPLY BRIEF OF GLOBE NEWSPAPER COMPANY, INC. IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER**

Globe Newspaper Company, Inc. (the "Globe") respectfully submits this Reply Brief in support of its motion to modify the Protective Order entered in this case on March 9, 2005.

  **1. Defendants Must Make a Particular Factual Demonstration of Potential Harm to Show that Good Cause Exists for the Protective Order.**

The Sheriff's Office disputes that it must make a particular factual demonstration of harm in order to show that good cause exists for the Protective Order. *See* Defendants' Memorandum at 8, 11. Despite those protests, that is precisely the standard required by the First Circuit. *See Anderson v. Cryovac*, 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements.").

The Sheriff's Office also devotes considerable time to the proposition that the public does not have a right of access to unfiled discovery materials. *See* Defendants' Memorandum at 6, 9-11. If what the Sheriff's Office means is that the Globe, and other members of the public, generally have no right to *compel* litigants to disclose unfiled discovery materials, the Globe does not dispute that assertion. That is not, however, the basis for the Globe's motion, nor is it any part of the relief requested. Rather, the Globe's position is (a) "[t]here is the potential for an infringement of the first amendment whenever the government prohibits or restrains free speech

or publication" through the entry of a protective order, *Anderson*, 805 F.2d at 6; (b) "first amendment considerations cannot be ignored in reviewing discovery protective orders," 805 F.2d at 7; and (c) protective orders offend the First Amendment unless they are based on a showing of "good cause." 805 F.2d at 6-7; *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d. 775, 789 (1st Cir. 1988).

The Third Circuit's recent decision in *Shingara v. Skiles*, __ F.3d __, 2005 WL 2024890 (3d Cir. 2005) -- decided after the Globe's initial memorandum was filed -- underscores those legal conclusions. (A copy of the decision is attached hereto as <u>Exhibit A</u>). *Shingara* reversed a district court's order refusing to vacate a protective order, holding that the trial court had failed to properly apply the good cause standard. 2005 WL 2024890 *3-5. The plaintiff in *Shingara*, like the plaintiff in this case, brought a civil suit alleging that state law enforcement officials had unlawfully retaliated against him -- in Shingara's case, for speaking out about allegedly faulty radar devices used by the State Police. *Id.* at 1. Through discovery, plaintiff's counsel obtained documents from the defendants and then provided the documents to a newspaper which used them in articles about the allegedly faulty devices. After the articles were published, the defendant sought and obtained a protective order prohibiting public disclosure of all documents produced in discovery. *Id.* The newspaper later moved to intervene and to vacate the protective order. The district court granted the motion to intervene, but refused the vacate the protective order. *Id.* *2.

On appeal, the Third Circuit reversed, holding that "after a court enters [a protective order,] there must be good cause to maintain the order in the face of a motion to vacate it, particularly when, as here, the moving party did not have an opportunity to oppose the entry of the protective order in the first place." 2005 WL 2024890 *3. The Court explained that "there is good cause when a party shows that disclosure will result in a clearly defined, specific and serious injury but that broad allegations of harm are not sufficient to establish good cause." *Id.*

In applying that standard, the Court of Appeals rejected the district court's conclusion that disclosure of discovery materials could unduly prejudice potential jurors. "To start with, the

concern that the disclosure of discovery materials to the media *could* unduly prejudice the public is exactly the type of broad, unsubstantiated allegation of harm that does not support a showing of good cause. ... We ordinarily are confident that a district court will be able to select a fair and impartial jury in cases even where there has been pre-trial media attention to the case and we see no reason to believe that this case would present an exception to the usual case." 2005 WL 2024890 *4 (emphasis in original; citation omitted).

The *Shingara* Court also found that "by focusing on the issue of media attention, the district court unacceptably downplayed the fact that this case involves public officials and issues important to the public." 2005 WL 2024890 *5. In reasoning fully applicable to this case, the Court observed that "privacy interests are diminished when the party seeking protection is a public person subject to legitimate scrutiny." *Id.* (citation and quotations omitted). Other factors that favored vacating the protective order included (a) the fact that the parties benefiting from the protective order were public officials and that the case involved issues of importance to the public; (b) the defendant's failure to show any risk that "particularly serious" embarrassment would result from the release of the documents; (c) the lack of any evidence that the information was sought for improper purposes. *Id.*[1]

The holding and rationale of *Shingara* are fully consistent with the relief requested by the Globe in this case. As in *Shingara*, this case involves public officials and issues of public importance. Simply because the case has garnered some media attention does not constitute good cause for entry of a protective order. For that matter, a Westlaw Search of the "Massachusetts News" library from August 1, 2004 to the present reveals just seven articles mentioning the plaintiff's name, hardly a barrage of publicity likely to interfere with the parties' fair trial rights. *See generally In re Gitto Global Corp.*, __ F.3d __, 2005 WL 2089973, *12 n.9

---

[1] The Court found that two other relevant factors -- whether confidentiality was being sought over information important to public health and safety and whether the sharing of information among litigants will promote fairness and efficiency -- were either neutral or weighed against the protective order. *Id.*

(1st Cir. 2005) (rejecting as "entirely speculative" argument that existence of grand jury investigation meant that public disclosure of sealed report would create a genuine risk of harm to a party's Sixth Amendment right where no criminal charges had yet been filed, trial was not imminent, and alternatives such as voir dire and change of venue could adequately ensure an impartial jury). Like the public officials in *Shingara*, the defendants here have relied on conclusory statements rather than making the type of particular factual demonstration of potential harm needed to support the Protective Order. Because the defendants have failed to show that the Protective Order is supported by good cause, the Globe's motion should be allowed.[2]

### 2. Exemptions to the Public Records Law Do Not Trump the Good Cause Analysis.

The Sheriff's Office contends that good cause exists for the Protective Order because the disclosure of testimony would reveal information and materials exempted from mandatory disclosure by the Massachusetts Public Records Law, M.G.L. ch. 4, § 7, cl. 26th (b), (c) and (f). This argument is fundamentally misguided.

First, because the good cause test exists as a matter of constitutional law, its contours obviously cannot be defined by a state statute. Moreover, the exemptions to the Public Records Law are not mandatory. A. Cella, 39 Massachusetts Practice, §1166 at 540 (1986). "[W]hile a government agency is not required by the public records law to release information within the

---

[2] Contrary to the Sheriff's Office, nothing in Local Rule 26.1 authorizes the parties to stipulate away the good cause requirement. *See* Sheriff's Brief at 1. The Local Rule permits "stipulations entered into by the parties with respect to deposition notices, waiver of signing, and other matters, *except that* the parties may not enter into stipulations extending the time for responding to discovery requests or otherwise modify discovery procedures ordered by the judicial officer." (Emphasis added). The Rule cannot reasonably be read as permitting stipulations to substitute for good cause. *See generally San Jose Mercury News v. U.S. District Court,* 187 F.3d 1096, 1103 (9th Cir. 1999) (stipulated protective orders are "inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document"); *Beckman Industries, Inc. v. International Insurance Company,* 966 F.2d 470, 476 (9th Cir.), *cert. denied,* 506 U.S. 868 (1992) (stipulated protective orders do not satisfy the good cause requirement).

LITDOCS/615558.1

terms and provisions of [an] exemption, ... it is not automatically prohibited by [any] exemption ... from engaging in the discretionary release or disclosure of such information." Id. See also Chrysler Corporation v. Brown, 441 U.S. 281 (1979) (exemptions contained in federal Freedom of Information Act are not mandatory); Westinghouse Broadcasting Co. v. Sergeant-at-Arms of the Gen. Court, 375 Mass. 179, 185 n.9 (1978) ("The exemptions contained in the State Freedom of Information Act are not mandatory"). Accordingly, nothing in the exemptions require this or any court to restrict disclosure of information exempt from mandatory disclosure under the Public Records Law.

In any event, it is by no means clear that any of the exemptions apply to the testimony at issue in this case. For example, Exemption (f) to the Public Records Law exempts from the definition of "Public Records" "investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest." M.G.L. ch. 4, § 7, cl. 26th (f). Unlike the good cause test, "[a]pplication of the investigatory exemption ... does not contemplate a balancing test. Rather, the inquiry is whether the materials requested are 'investigatory materials necessarily compiled out of the public view,' and, if so, whether the agency resisting disclosure has demonstrated that their release 'would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest.'" Globe Newspaper Co. v. Police Commissioner of Boston, 419 Mass. 852, 858, 648 N.E.2d 419, 425 (1995). Even if this were the standard for issuance of a protective order -- and it is not -- the defendants have made no such showing here.[3]

---

[3] Exemption (b) applies to documents related solely to internal personnel rules and practices "provided however, that such records shall be withheld only to the extent the proper performance of necessary government functions requires such withholding." M.G.L. ch. 4, § 7, cl. 26th (b). No such showing has been made here. Exemption (c), in turn, applies to personnel and medical files or information. The Globe does not seek to modify the Protective Order insofar as it applies to confidential medical records that are not part of the public record. Whether there is good cause to prevent the release of any personnel records produced in discovery turns on the nature of the information at issue, not on its label.

3.     **Assuming that a Grand Jury Investigation Remains Pending, its Existence Does Not Constitute Automatic Good Cause Covering All Discovery in the Case.**

The Sheriff's Office argues that the disclosure of deposition testimony would reveal "the identity of persons who testified before the grand jury, the substance of their testimony and any related documentary evidence" and would "significantly undermine the secrecy of the grand jury process." *See* Defendant's Memorandum at 7, 11.

In the words of the Supreme Court, "the invocation of grand jury interests is not 'some talisman that dissolves all constitutional protections.'" *Butterworth v. Smith*, 494 U.S. 624, 630 (1990) (citation omitted) (statute prohibiting grand jury witness from ever disclosing his testimony violated the First Amendment). Indeed, Rule 6(e) imposes absolutely no secrecy obligations on witnesses who appear before the grand jury. Rather, the rule expressly prohibits certain individuals *other than* witnesses from disclosing "matters occurring before the grand jury," and provides that "[n]o obligation of secrecy may be imposed on any person except in accordance with this rule." *See generally Butterworth*, 494 U.S. at 635; *In re Grand Jury Proceedings*, 417 F.3d 18, 25-26 (1st Cir. 2005). If the deponents in this case testified that they appeared before the grand jury and stated the substance of their testimony, disclosure of such information would not violate the rule of grand jury secrecy -- assuming that the Sheriff's Office even has standing to invoke the rule in the first place.

In sum, because of the public interest in the allegations of this case, the public official and governmental status of three of the defendants, as well as disclosures made in public filings since the Protective Order was entered, good cause does not exist for continued application of the Protective Order to sworn testimony concerning this action.

## II. CONCLUSION

For the foregoing reasons, Globe Newspaper Company, Inc. requests that its motion to modify the Protective Order be granted and that sections 1(b) (vi) and (ix) be stricken from the Protective Order in order to permit public disclosure of discovery exchanged or provided by the parties consisting of testimony given by witnesses concerning the allegations in plaintiff's complaint.

OF COUNSEL:

David E. McCraw, Esq.
**The New York Times Company**
229 West 43rd Street
New York, NY 10036
(212) 556-4031

GLOBE NEWSPAPER COMPANY, INC.,

By its attorneys,

/s/Jonathan M. Albano
Jonathan M. Albano, BBO#013850
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated: September 20, 2005