# EXHIBIT A



2005 WL 2024890                                                                                                                                 Page 1
--- F.3d ----, 2005 WL 2024890 (3rd Cir.(Pa.))
(Cite as: 2005 WL 2024890 (3rd Cir.(Pa.)))

**Briefs and Other Related Documents**

United States Court of Appeals,
Third Circuit.
John SHINGARA
v.
Kathy A. SKILES, Wesley R. Waugh, Jaime Keating, Ralph Periandi, Robert Sanner
Philadelphia Newspapers, Inc., Appellant.
No. 05-2376.

Argued July 12, 2005.
Filed Aug. 24, 2005.

**Background:** In public employee's First Amendment retaliation action against public employer, employer moved for a protective order, barring employee from disclosing discovery documents to the media. The United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo, J., granted motion, subsequently granted newspaper's motion to intervene, and denied newspaper's motion to vacate protective order. Newspaper appealed.

**Holdings:** The Court of Appeals, Greenberg, Circuit Judge, held that:
(1) the Court of Appeals had jurisdiction under collateral order doctrine to review denial of newspaper's motion to vacate protective order, and
(2) protective order was required to be vacated.
Reversed and remanded.

**[1] Federal Courts** ⚖ 594

170Bk594
Orders relating to discovery generally are not final for purposes of appellate jurisdiction. 28 U.S.C.A. § 1291.

**[2] Federal Courts** ⚖ 572.1
170Bk572.1
The Court of Appeals has appellate jurisdiction pursuant to the collateral order doctrine when (1) the district court's order conclusively determines the disputed question, (2) the district court's order resolves an important issue that is completely separate from the merits of the dispute, and (3) the district court's order will be effectively unreviewable on appeal from a final judgment. 28 U.S.C.A. § 1291.

**[3] Federal Courts** ⚖ 576.1
170Bk576.1
The Court of Appeals had jurisdiction under collateral order doctrine to review District Court's denial of newspaper's motion to vacate protective order barring public employee from disclosing discovery documents to the media, in public employee's First Amendment retaliation action against public employer; the court conclusively determined the nondisclosure issue, the order designated the discovery documents as confidential, which was a matter separate from the merits of the retaliation action, and the order would be unreviewable after final judgment, because the newspaper was constrained in its attempt to obtain information so that it could report the news in a timely fashion, and after the judgment was issued, the documents in question would no longer be news. U.S.C.A. Const.Amend. 1; 28 U.S.C.A. § 1291; Fed.Rules Civ.Proc.Rule 26(c), 28 U.S.C.A.

**[4] Federal Courts** ⚖ 763.1
170Bk763.1

**[4] Federal Courts** ⚖ 820
170Bk820
Though an appellate court reviews the grant of a protective order, and thus the denial of a motion to vacate the protective order, for abuse of discretion, it exercises plenary review over the district court's interpretation and application of the legal standard for granting or modifying a confidentiality order. Fed.Rules Civ.Proc.Rule 26(c), 28 U.S.C.A.

**[5] Federal Civil Procedure** ⚖ 1271.5
170Ak1271.5
After the court enters a protective order there must be good cause to maintain the order in the face of a motion to vacate it, particularly when the moving party did not have an opportunity to oppose the entry of the protective order in the first instance. Fed.Rules Civ.Proc.Rule 26(c), 28 U.S.C.A.

**[6] Federal Civil Procedure** ⚖ 1271.5
170Ak1271.5
The factors that a court should consider in determining whether to grant a protective order are: (1) whether disclosure will violate any privacy interests, (2) whether the information is being sought

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

for a legitimate purpose or for an improper purpose, (3) whether disclosure of the information will cause a party embarrassment, (4) whether confidentiality is being sought over information important to public health and safety, (5) whether the sharing of information among litigants will promote fairness and efficiency, (6) whether a party benefiting from the order of confidentiality is a public entity or official, and (7) whether case involves issues important to the public. Fed.Rules Civ.Proc.Rule 26(c), 28 U.S.C.A.

[7] Jury ⚯100
230k100
Ordinarily, it is presumed that a district court will be able to select a fair and impartial jury in cases even where there has been pre-trial media attention to the case.

[8] Federal Civil Procedure ⚯1271.5
170Ak1271.5
Protective order barring employee of state police department from disclosing discovery materials to the media was required to be vacated, in employee's First Amendment retaliation against police department and department officials, involving employee's alleged speech about the department's allegedly faulty radar devices; even if disclosure of materials to media could unduly prejudice public, fair jury selection would not be impeded, case involved issue important to the public, disclosure would not violate any legitimate privacy interests, access to the information was not sought for improper purpose, there was no risk of serious embarrassment from disclosure, the parties benefiting from the protective order were public officials and public entity, and order was too broad. U.S.C.A. Const.Amend. 1; Fed.Rules Civ.Proc.Rule 26(c), 28 U.S.C.A.

[9] Federal Civil Procedure ⚯1271.5
170Ak1271.5
Privacy interests are diminished, for purpose of determining propriety of a protective order, when the party seeking protection is a public person subject to legitimate public scrutiny. Fed.Rules Civ.Proc.Rule 26(c), 28 U.S.C.A.

Donald A. Bailey (argued), Bailey & Ostrowski, Harrisburg, PA, for John Shingara.

Amy B. Ginensky, Michael E. Baughman (argued), Nory Miller, Alessandro Martuscelli, Dechert LLP, Philadelphia, PA, for Appellant Philadelphia Newspapers, Inc.

Thomas W. Corbett, Jr., Attorney General, J. Bart DeLone (argued), Senior Deputy Attorney General, Calvin R. Koons, Senior Deputy Attorney General, John G. Knorr, III, Chief Deputy Attorney General, Chief, Appellate Litigation Section, Office of the Attorney General, Appellate Litigation Section, Harrisburg, PA, for Appellees Kathy A. Skiles, Wesley R. Waugh, Ralph Periandi.

Before ALITO, BECKER, and GREENBERG, Circuit Judges.

GREENBERG, Circuit Judge.

I. INTRODUCTION
*1 This matter comes on before this court on an appeal by Philadelphia Newspapers, Inc. ("PNI") from an order of the district court denying its motion to vacate a protective order. Though PNI originally was not a party in this case, it sought to intervene and asked the court to vacate the protective order which had designated as confidential "all information" produced during the course of the action. App. at 14. [FN1] The district court granted PNI's motion to intervene but denied its motion to vacate the protective order. Because the district court erred in denying PNI's motion to vacate the protective order, we will reverse the district court's order to the extent that it denied that prong of PNI's motion.

The facts germane to this appeal are not complex. John Shingara, an employee of the Pennsylvania State Police, filed this action under 42 U.S.C. § 1983 against several other employees of the Pennsylvania State Police (the "defendants"). Shingara alleges that the defendants retaliated against him for speaking out about allegedly faulty radar speed detection devices that the State Police used. Through discovery, Shingara obtained documents related to those devices. Shingara's counsel gave some of those documents to PNI and PNI relied on them in publishing newspaper articles regarding the allegedly faulty radar devices. After PNI published those articles, the defendants, at a time when PNI was not yet a party in this case, without notice to PNI, through an oral motion sought a protective order from the district court seeking to prevent further disclosure of discovery documents to the media. On December 14, 2004, the district court granted the motion and entered the following order:
1) Defendants' motion for a protective order is GRANTED.
2) All information, including documents, deposition testimony, and other responses to discovery, produced or otherwise disclosed by

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

either of the parties, including any witness for either of the parties, during the course of this action shall be held in confidence and shall be used only for purposes of this action and shall not be disclosed or made available to any persons other than the parties, their attorneys, including in-house counsel, persons employed in such attorneys' offices or by such attorneys who are assisting counsel in this action, or any independent consultant or expert retained or employed for purposes of this action by either of the parties or their attorneys.

3) Should either of the parties find it necessary in the preparation or trial of this action to disclose information obtained in discovery to any person other than a person identified in paragraph 2 above, a notice shall be served on the other party fully identifying the person to whom disclosure is to be made, together with a designation of the specific information or documents to be disclosed to such person. Any objection to the proposed disclosure, and the reasons for the objection, shall be stated in writing within ten days of the receipt of the notice. If that objection is not resolved by agreement, then the matter shall be submitted to this court by the party seeking disclosure, and the disclosure shall not be made pending this court's ruling as to whether the objection should be sustained.

*2 4) This order shall not apply to public documents.

5) Both parties shall comply with Local Rule 83.2.7 and Pa. Rules of Prof'l Conduct R. 3.6.App. at 14-15.

As we have indicated, PNI filed a motion to intervene in Shingara's action and asked the district court to vacate the protective order. In response, on April 11, 2005, the district court granted PNI's motion to intervene but denied its motion to vacate the protective order. PNI timely filed a notice of appeal to this court on April 29, 2005, from the April 11, 2005 order to the extent that the court denied PNI's motion to vacate the protective order. [FN2]

## II. JURISDICTION

[1][2][3] While we recognize that orders relating to discovery generally are not final for purposes of appellate jurisdiction, we have jurisdiction here under 28 U.S.C. § 1291 pursuant to the collateral order doctrine because: (1) the district court's order "conclusively determines the disputed question;" (2) the district court's order "resolves an important issue that is completely separate from the merits of the dispute;" and (3) the district court's order will be "effectively unreviewable on appeal from a final judgment." In re Ford Motor Co., 110 F.3d 954, 958 (3d Cir.1997) (discussing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)); see also In re San Juan Star Co., 662 F.2d 108, 112-13 (1st Cir.1981). In this regard it is obvious that the order denying the motion to vacate the protective order satisfies the first two criteria for finality under the collateral order doctrine. The possibility that the district court on motion of a party may reconsider the order with respect to a particular document is too narrow to reject the conclusion that the court has determined not to disturb the protective order. In fact, the court set forth the possibility of focused reconsideration of its protective order only in the order itself and not in the April 11, 2005 order denying its vacatur. Furthermore, the designation as confidential of information produced in the action addresses a matter completely distinct from the substantive issues in the case.

The more substantial question relating to the applicability of the collateral order doctrine is whether the district court's April 11, 2005 order effectively will be unreviewable on appeal after the entry of a final judgment. In this regard we note that the district court recognized in its opinion denying the motion to vacate the protective order that after the case is resolved the confidentiality restrictions may be relaxed. In that event an appeal at that time from the April 11, 2005 order might be moot and thus be ineffective. We are convinced, however, that even if an appeal of the April 11, 2005 order would not be moot after final judgment, the protective order never will be effectively appealable unless we entertain PNI's appeal now. We have reached this conclusion because in this case a newspaper is being constrained in its attempt to obtain information so that it can report the news, and in such a situation time is of the essence. [FN3] See In re San Juan Star Co., 662 F.2d at 113. After all, nobody wants to read yesterday's news. [FN4] Thus, we are satisfied that if we permit PNI to appeal only after a final judgment, its appeal will be futile either because the controversy will be moot or PNI, if successful, will obtain only stale relief.

## III. THE MERITS

*3 [4] On this appeal, our standard of review is clear. Though we review the grant of a protective order, and thus the denial of a motion to vacate the protective order, for abuse of discretion, "we exercise plenary review over the district court's interpretation and application of the legal standard for granting or modifying a confidentiality order." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 783-84 (3d Cir.1994).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[5] Under Federal Rule of Civil Procedure 26(c), a court "for good cause shown" may, in certain circumstances, enter a protective order in the context of discovery. We are satisfied that after the court enters such an order there must be good cause to maintain the order in the face of a motion to vacate it, particularly when, as here, the moving party did not have an opportunity to oppose the entry of the protective order in the first instance. In Pansy, we explained that "it is well-established" that good cause must exist to obtain a protective order over discovery materials. 23 F.3d at 786. While the facts in Pansy involved a confidentiality order issued to protect a settlement agreement from public knowledge, we indicated there that the good cause analysis of Rule 26(c) applied "whether an order of confidentiality is granted at the discovery stage or any other stage of litigation." Id.

In Pansy we explained that there is good cause when a party shows that disclosure will result in a clearly defined, specific and serious injury but that broad allegations of harm are not sufficient to establish good cause. Id. We also stated that the party seeking protection has the burden of showing that there is good cause for it. Id. at 786-87. We directed the district court to determine whether there is good cause by balancing the interests of the public and the parties and further indicated that the court should explain the reasoning behind its balancing conclusion. Id. at 789.

[6] We discussed several balancing factors in Pansy, though we stated that those factors are not exhaustive. Id. In particular, in Pansy and in a later decision, Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir.1995), we listed seven factors that a court should consider in determining whether to grant a protective order. Those factors are:
  1) whether disclosure will violate any privacy interests;
  2) whether the information is being sought for a legitimate purpose or for an improper purpose;
  3) whether disclosure of the information will cause a party embarrassment;
  4) whether confidentiality is being sought over information important to public health and safety;
  5) whether the sharing of information among litigants will promote fairness and efficiency;
  6) whether a party benefitting from the order of confidentiality is a public entity or official; and
  7) whether the case involves issues important to the public.
Id. at 483 (citing Pansy, 23 F.3d at 787-91).

*4 Though the district court in this case recognized our direction in Pansy by stating that it must "balance the privacy interests of the parties against the public interest in access to the discovery information," app. at 5, and it recognized certain factors from Pansy that we have listed above, the court ultimately agreed with the defendants that "the analysis should not turn on the fact that the [Pennsylvania State Police] is a public entity and the fact that this case involves issues of public concern." Id. at 6-7.

The district court distinguished this case from Pansy because this case involves a protective order over discovery materials whereas Pansy was not concerned with the effect of disclosure on ongoing litigation but rather concerned the confidentiality of a settlement agreement. The district court believed that this distinction is relevant for two reasons. First, the district court stated that "[h]ere, the disclosure of discovery materials to the media could unduly prejudice the public, from which jurors for this litigation may be selected," a concern the district court determined we did not address in Pansy. Id. at 7. Second, the district court reasoned that "[t]he issues of public concern in this case may still reach the public in the future." Id. As a result of these distinctions from Pansy, the district court concluded that "although Pansy requires the court to balance the competing interests in the case, the facts of this case require the court to conduct an analysis that differs slightly from the test employed in Pansy itself." Id. at 7-8.

[7][8] We are convinced that even though there are significant factual differences between this case and Pansy, and that in some cases the distinction between protection of materials before and after completion of the trial court proceedings could be critical, the district court's reasoning here is not consistent with Pansy and the factual differences cannot justify a different result here. To start with, the concern that the disclosure of discovery materials to the media *could* unduly prejudice the public is exactly the type of broad, unsubstantiated allegation of harm that does not support a showing of good cause. See Glenmede Trust Co., 56 F.3d at 483. We ordinarily are confident that a district court will be able to select a fair and impartial jury in cases even where there has been pre-trial media attention to the case and we see no reason to believe that this case would present an exception to the usual case. See United States v. Gilsenan, 949 F.2d 90, 96 (3d Cir.1991). Therefore, we fail to see how jury selection will be a serious

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

concern, let alone good cause for a broad and sweeping protective order, in this case. After all, the defendants did not present any evidence to support their argument, drawn from the information already published, that there will be difficulty selecting a jury in this case or evidence that if additional information is published there would be such difficulty.

*5 We also believe that by focusing on the issue of media attention, the district court unacceptably downplayed the fact that this case involves public officials and issues important to the public, two factors that we emphasized in *Pansy.* In fact, the district court never explained how it reasoned that its concern about media attention trumped those two factors. While the *Pansy* factors are not exhaustive, that does not mean that a district court may ignore the concerns *Pansy* specifically addressed. Similarly, because the district court did not point to any real threat of prejudice to the defendants, we disagree with its reasoning that the likelihood of the discovery documents becoming public in the future is a determinative factor.

[9] In fact, most of the *Pansy* factors weigh against the protective order in this case. First, neither party has pointed to any legitimate privacy concerns regarding the requested documents, and we can think of none. As we observed in *Pansy,* "privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny." 23 F.3d at 787. Additionally, there is no evidence in the record that PNI seeks access to the information "for an improper purpose."

With regard to the third factor-embarrassment-in *Pansy* we noted that "an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious." *Id.* (quoting *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986)). Defendants have not shown any risk that "particularly serious" embarrassment will result from the release of the documents. The fourth and fifth factors-"whether confidentiality is being sought over information important to public health and safety" and "whether the sharing of information among litigants will promote fairness and efficiency"-are either neutral or weigh against the protective order.

Finally, the last two factors clearly weigh against the protective order. The parties benefitting from the protective order are public officials, and the case certainly involves "issues important to the public." Defendants argue that "*Pansy* made clear that the weight of public interest was only relevant with respect to that information to which the public already was entitled access," appellant's br. at 21 n.7, but we see no support for this claim. Rather, *Pansy* emphasized that a court always must consider the public interest when deciding whether to impose a protective order. *See, e.g.,* 23 F.3d at 785 ("Disturbingly, some courts routinely sign orders which contain confidentiality clauses without considering the propriety of such orders, or the countervailing public interests which are sacrificed by the orders.").

We also take issue with the nature of the district court's protective order in that it grants broad, umbrella protection to the defendants. On this issue the district court understandably relied on our opinion in *Cipollone* in which we stated that we "commend the umbrella approach for consideration of the district courts in this circuit in complex cases." *Cipollone,* 785 F.2d at 1123. Nevertheless in *Cipollone* we cautioned that "[t]here may be cases in which the document-by-document approach ... will be preferable." *Id.* Given that this action is neither complex nor involves large-scale discovery and given that the district court should have realized that the good cause it found for entry of the protective order was weak at best (in actuality, nonexistent), the district court erred in adopting the sweeping umbrella approach in this case. [FN5]

IV. CONCLUSION

*6 In view of the conclusions we reached in the foregoing discussion, we will reverse the district court order of April 11, 2005, to the extent that it denied the motion to vacate the protective order and we will remand the matter to the district court for it to enter an order vacating the protective order. We emphasize that our opinion in no way relieves the parties or their counsel from their ethical obligations and does not preclude any party from seeking protection over specific documents. Such protection is available only where good cause exists, however, and a district court may determine that good cause exists only based on reasoning that is true to the direction, language and spirit of *Pansy.* Finally, we point out that we are predicating our opinion on the situation as it now exists and as we anticipate it will develop. Thus, even though we doubt that the district court in the future in this case will need to enter a protective order similar to the order of December 14, 2004, we do not shut the door to that action if a change in circumstances requires it.

FN1. "App." refers to the appendix

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

appellant's attorneys filed.

FN2. No party challenges the April 11, 2005 order insofar as it granted PNI's motion to intervene.

FN3. We hasten to add that we do not suggest that only a newspaper could be entitled to appeal on the basis of the collateral order doctrine in a situation similar to that here. We limit our discussion to newspapers because only a newspaper seeks relief from the protective order in this case. If another party sought the same relief the court would have to address that party's claim on the basis of the facts surrounding it.

FN4. We recognize that we should be cautious in finding that the collateral order doctrine justifies the exercise of jurisdiction under 28 U.S.C. § 1291, see *Bacher v. Allstate Ins. Co.,* 211 F.3d 52, 55 (3d Cir.2000), but we regard our result here as consistent with that approach.

FN5. In his brief Shingara raises an issue regarding the constitutionality of Middle District Local Rule 83.2.7. The district court referenced this local rule in its December 14, 2004 order. We, however, do not address this point because Shingara is not an appellant and PNI did not advance the issue.

--- F.3d ----, 2005 WL 2024890 (3rd Cir.(Pa.))

**Briefs and Other Related Documents (Back to top)**

• 05-2376 (Docket) (May. 05, 2005)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.