UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER, )<br>    Plaintiff )<br>)<br>    v. )<br>)<br>ANDREA CABRAL, SUFFOLK )<br>COUNTY SHERIFF'S DEPARTMENT, )<br>SUFFOLK COUNTY, and )<br>CORRECTIONAL MEDICAL )<br>SERVICES, INC. )<br>    Defendants )<br>) | Civil Action No. 04-11935-DPW |

**DEFENDANTS ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT AND SUFFOLK COUNTY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL TESTIMONY FROM THE PLAINTIFF**

**I.      INTRODUCTION**

The Plaintiff is a former contract nurse practitioner employed by Defendant Correctional Medical Services, Inc. (CMS) at the Suffolk County House of Correction (HOC). She alleges in her amended complaint that the Suffolk Defendants barred her from the HOC in retaliation for providing information to the FBI in May 2003 concerning suspected physical abuse of an inmate at the HOC. The Plaintiff has brought claims against Andrea Cabral, Suffolk County Sheriff's Department, Suffolk County and CMS alleging, inter alia, violations of her federal civil rights, state civil rights and the state Whistleblower statute.

The Plaintiff contends that she "acted as an FBI informant for four years, reporting on potential criminal violations at the HOC". (Memorandum In Support of Sheila Porter's Motion To Compel Discovery From Andrea Cabral, Suffolk County

1

Sheriff's Department and Suffolk County, p.2). In her amended complaint, the Plaintiff asserts that commencing in 1999 she began providing information to the FBI "regarding activities, practices and policies of Suffolk County and the Department that she reasonably believed violated the law and/or posed a risk to public safety or public health." (Amended Complaint at ¶36). Some of the information that she claims to have provided to the FBI concerned "sexual misconduct by officers against female inmates; inmate physical abuse by officers; drug use and dealing by Department personnel; the Department's Code of Silence and policy of retaliation; and suspicious inmate deaths." (Amended Complaint at ¶36). The Plaintiff has also identified FBI Special Agents Maureen Robinson and Christa Snyder as having relevant knowledge about her cooperation with the FBI and the allegations set forth in her complaint.

In order to assess the Plaintiff's characterization of herself as a whistleblower and informant for the FBI, the Defendants questioned her during her deposition regarding the specific information that she provided to the FBI while she was working at the HOC. Counsel instructed the Plaintiff not to answer any questions concerning the specific information provided to the FBI regarding particular individuals citing the "privilege under the law for an informant relating to the privacy and the safety of both those informed against and those informing." (Deposition of Sheila J. Porter, "Porter Deposition", May 18, 2005, pgs. 97-98, 100, Exhibit A; Letter from David S. Schumacher, May 25, 2005, "May 25, 2005 letter", Exhibit B).[1] Accordingly the

---

[1] Counsel also objected to this area of questioning on the grounds of relevance. (see Porter Deposition, pg. 97; May 25, 2005 letter). This was an improper objection to make at deposition. See Fed. R. Civ. P. 30(c). Further, the Defendants are entitled to discovery that is reasonably calculated to lead to the discovery of admissible evidence. See Fed.R.Civ.P. 26(b)(1). The specific information that the Plaintiff provided to the FBI will likely lead to highly relevant and admissible evidence critical to among other things the Plaintiff's credibility. The frequency of the Plaintiff's reporting to the FBI, the accuracy of the information provided and whether the Plaintiff reported the same information to the Sheriff's Department are important issues in

Defendants seek the Court's intervention to compel the Plaintiff to provide this information.

## II. FACTS

During her deposition, the Plaintiff testified that she was contacted by FBI Special Agent Robinson sometime in late 1999 or early 2000 and asked if she would provide information to the FBI concerning potentially illegal activities at the HOC and the Suffolk County Sheriff's Department (Department) (Porter Deposition, pg. 90, Exhibit A). The Plaintiff agreed to provide information to the FBI on an ongoing basis and shortly thereafter she began providing information to Special Agents Robinson and Snyder. concerning suspected physical abuse of inmates, sexual abuse of inmates and drug dealing. (Porter Deposition, pgs. 103,105-106, Exhibit A). The Plaintiff contends that she continued to provide this information to the FBI forty to fifty times a year from late 1999 or early 2000 until she was barred from the HOC on June 10, 2003. (Porter Deposition, pgs. 153-154, Exhibit A). During this period of time the FBI advised the Plaintiff that she should continue to comply with her reporting obligations to the Department's Sheriff's Investigative Division (SID), including the obligation to report allegations of physical abuse of inmates. (Porter Deposition, pgs. 108-110, Exhibit A). Indeed, the FBI never instructed the Plaintiff not to comply with her obligation to report this information to SID and the Plaintiff testified that she frequently made reports to SID. (Porter Deposition, pgs.108-112; 150-151, Exhibit A).

## III. ARGUMENT

---

this case. The Defendants are entitled to explore the Plaintiff's credibility in this regard and to that end access to this information is critical.

3

Pursuant to Federal Rule of Civil Procedure 26(b)(1), the Defendants are entitled to discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending litigation" or "reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Relevancy is to be broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Church of Scientology of Boston v. I.R.S., 138 F.R.D. 9, 10 (D. Mass. 1990). An attorney may instruct a deponent not to answer a question only when necessary to preserve a privilege. See Fed. R. Civ. P. 30(c)(1). The United States District Court has construed this provision to mean that, as a general rule, instructions not to answer questions at a deposition are improper. Paparelli v. Prudential Insurance Co. of America, 108 F.R.D. 727, 730 (D. Mass. 1985), citing International Union of Electrical, Radio and Machine Workers, AFL-CIO, et al v. Westinghouse Electric Corporation, 91 F.R.D. 277 (D.D.C. 1981). Exception to this general rule have been narrowly limited to those situations where serious harm, i.e. answer would reveal trade secrets, privileged information, or other confidential material, would result from requiring the witness to answer. Id.

The "informant privilege" or "government's privilege" is a qualified privilege that protects the identity of informants who provide information to the government. Association For Reduction of Violence, et al. v. Hall, 734 F.2d 63, 65-66 (1st. Circuit 1984). The purpose of the privilege is the "furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement

officials and, by preserving their anonymity, encourages them to perform that obligation." <u>Roviaro v. United States</u>, 353 U.S. 53, 59, 77 S. Ct. 623 (1957); <u>Mitchell v. Roma</u>, 265 F.2d 633, 635 (1959). The scope of the privilege is limited by its underlying purpose and should not be applied where that purpose will not be served. <u>Association for the Reduction of Violence</u>, 734 F.2d. at 66; <u>Roviaro</u>, 353 U.S. at 60 ("Where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged."); <u>United States v. Real Estate Bd.</u> 59 F.R.D. 637, 641 (1973) ("It is only the identity of the informant that is protected. The contents of the communication are not privileged unless they would tend to reveal the informant's identity."). A showing that the information sought is highly relevant, helpful, and unavailable from other sources may be sufficient to overcome a proper assertion of the privilege. <u>Association for the Reduction of Violence</u>, supra. Further, the privilege belongs exclusively to the government, and not the informant. <u>Roviaro</u>, 353 U.S. at 59.

In this case the Plaintiff's assertion of the informant's privilege during her deposition was improper. To the extent that a privilege exists in this case it belongs exclusively to the FBI and may be asserted only by government counsel, not the Plaintiff. See <u>Roviaro</u>, 353 U.S. at 59. On that basis alone, the Plaintiff should be compelled to provide complete responses to questions concerning the specific information that she provided to the FBI.

Furthermore, even if the Plaintiff were the proper party to assert the privilege in this instance, its purpose would not be served and therefore the privilege should not apply. The only "informant" whose identity is at issue in this case is the Plaintiff. The Plaintiff has publicly identified herself as an FBI informant through the initiation of this

5

lawsuit and her statements to the media (broadcast and print). In her deposition she testified that she has provided information to the FBI on an ongoing basis for approximately four years. (Porter Deposition, pgs. 153-154, Exhibit A). Having already revealed herself as an "informant" for the FBI, there is no reason for the specific content of her communications to the FBI to be deemed privileged. See Roviaro, 353 U.S. at 60 ("Where the disclosure of the contents of the communication will not tend to reveal the identity of an informer, the contents are not privileged."). Accordingly the Court should direct the Plaintiff to provide this information.

      Finally, if the Court were to determine that the Plaintiff's assertion of privilege was proper, it should be overcome because the specific information that the Plaintiff provided to the FBI is highly relevant and helpful information and unavailable from other sources. See Association for the Reduction of Violence, 734 F.2d. at 66. The Plaintiff has characterized herself in her complaint and public statements as a whistleblower and informant for the FBI. By her own testimony she allegedly provided information concerning potential criminal conduct at the HOC, including the physical abuse of inmates, to the FBI approximately 40 to fifty times a year for four years. (Porter Deposition, pgs. 153-154, Exhibit A). She also acknowledged her obligation to report allegations of inmate abuse to the Department, specifically SID, and that she frequently complied with that obligation. (Porter Deposition, pgs.108-112; 150-151, Exhibit A). The frequency of the Plaintiff's reporting to the FBI, the accuracy of the information she provided and whether she provided this same information to the Department is critical to the issue of her credibility. Accordingly the Plaintiff should be compelled to provide this information.

**IV.     CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that this Honorable Court grant their Motion to Compel and order that the Plaintiff be required to provide testimony concerning the specific information that she provided to the FBI.

Respectfully submitted for Defendants
Andrea Cabral, Suffolk County Sheriff's
Department, and Suffolk County
By their attorney,

/s/ Ellen M. Caulo

Ellen M. Caulo
Deputy General Counsel
BBO #545250
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
(617) 961-6681

Date: September 26, 2005