# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER, )<br>    Plaintiff )<br>        v. )<br>ANDREA CABRAL, SUFFOLK )<br>COUNTY SHERIFF'S DEPARTMENT, )<br>SUFFOLK COUNTY, and )<br>CORRECTIONAL MEDICAL )<br>SERVICES, INC. )<br>    Defendants ) | Civil Action No. 04-11935-DPW |

## AFFIDAVIT OF ELLEN CAULO

I, Ellen M. Caulo, being duly sworn, do hereby depose and state:

1. I am Deputy General Counsel for the Suffolk County Sheriff's Department.

2. I am the attorney of record in the matter of Sheila Porter v. Cabral, et al, C.A. No. 04-11935-DPW currently pending in the Federal District Court.

3. I am an attorney in good standing in the Commonwealth of Massachusetts and the District of Massachusetts.

4. On June 8, 2005 Anita Bapooji, Esq., counsel for the Plaintiff, served a subpoena duces tecum on the Suffolk County District Attorney's Office (SCDAO) seeking the personnel files for Andrea Cabral, Elizabeth Keeley, and Viktor Theiss.

5. On June 9, 2005 I conferred with Attorney Bapooji regarding the subpoena duces tecum. She informed me that the SCDAO personnel files for Andrea Cabral, Elizabeth Keeley and Viktor Theiss were relevant to their credibility. When questioned further regarding how they were relevant to those individuals' credibility she stated that she would get back to me after speaking with her co-counsel, Joseph Savage, Esq.

6. On June 13, 2005 I again conferred with Attorney Bapooji pursuant to Local Rule 7.1 concerning the relevance of the personnel files sought from the SCDAO. Attorney Bapooji informed me that the Plaintiff was now withdrawing her request for the SCDAO personnel files for Elizabeth Keeley and Viktor Theiss and were narrowing her request for Andrea Cabral's personnel file to those documents reflecting job performance reviews and evaluations and records relating to her departure from the SCDAO.

7. According to Attorney Bapooji the Plaintiff's request for this information is predicated on the theory that **if** Andrea Cabral, in her capacity as an employee/Assistant District Attorney, violated some rule or policy of the SCDAO and was not terminated by the District Attorney for that theoretical policy or rule violation, then those circumstances are relevant to the proportionality of the action taken by Andrea Cabral, in her capacity as Suffolk County Sheriff, in barring the Plaintiff from the Suffolk County House of Correction on June 10, 2003.

8. I informed Attorney Bapooji that based upon her representations made regarding the relevance of the documents sought I would move to quash the subpoena for Andrea Cabral's personnel file.

9. On June 14, 2005 Attorney Bapooji contacted me to have a further conference concerning the subpoena duces tecum issued by the Plaintiff for the SCDAO personnel file of Andrea Cabral in an effort to narrow their request. Attorney Bapooji now informed me that the Plaintiff was no longer seeking job performance reviews and evaluations of Andrea Cabral while she was employed by the SCDAO. However, in addition to records relating to Andrea Cabral's departure from the SCDAO, the Plaintiff was now seeking records relating to Andrea Cabral's seeking a medical leave of absence when she left and whether she made accusations of racism against her employer, Suffolk County District Attorney Daniel Conley, similar to the accusations of racism made against the Plaintiff. Attorney Bapooji did not identify what accusations of racism that Andrea Cabral had allegedly made against District Attorney Conley.

10. When I asked Attorney Bapooji what accusations of racism had Sheriff Cabral made against the Plaintiff she referred to the statement issued by the Suffolk County Sheriff's Department in response to the Plaintiff's allegations in a Boston Globe story. The state said, inter alia, "[Mrs. Porter] is clearly biased and has her own agenda for speaking out at this time."

11. Attorney Bapooji stated that the documents sought were relevant because she contends Sheriff Cabral has previously accused people of racism and that is relevant to plaintiff's counsel's claim that Sheriff Cabral has accused the Plaintiff of racism. Further, Attorney Bapooji contended that statements made by Sheriff Cabral in requesting a medical leave prior to her departure from the SCDAO may be relevant to Sheriff Cabral's credibility.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

/s/ Ellen M. Caulo
Ellen M. Caulo

Dated: June 16, 2005