EXHIBIT Horgan 2. 5/13/05 PAR

| Chapter I | Policy #: | References: | |
|---|---|---|---|
| Administration Management | S220 | G.L. c.268A<br>103 CMR 910.08; 924.02; 973.07; 943.09<br>3-ACI-3-4067; 4173; 4268<br>3-ALDF-1C-23; 3A-07; 3E-08 | Page 1 of 9 |
| Personnel<br>Employee Code of Conduct | Date of Issue:<br>January 1, 2000<br>Date Revised:<br>October 1, 2001 | Approved:<br>*Melissa J. Harand*<br>General Counsel | |

## Purpose

This policy codifies the rules governing standards of conduct and ethical behavior expected of all employees of the department.

## Policy Statements

I. These rules are issued as general directives and do not attempt to cover each and every contingency that may arise during the performance of an employee's duties while employed by the Department.

II. Nothing in any part of these rules shall be construed to relieve an employee of his or her primary responsibilities concerning the safekeeping and custodial care of inmates, or from an employee's constant obligation to render good judgment, full and prompt obedience to all provisions of the law, and to all orders neither illegal, hazardous to oneself or others, nor in conflict with deeply-held moral or religious convictions.

III. All employees are subject to the provisions of these rules.

IV. Improper conduct negatively affecting or reflecting upon the Department in any way will not be tolerated whether or not it is specifically mentioned and described in these rules.

V. Acceptance of appointment with the department shall be acknowledgment of an employee's agreement to abide by these and all other rules.

VI. Nothing in these rules is intended to conflict with the laws of the Commonwealth, or to infringe upon the constitutional rights of any employee.

## Procedures

I. **General Guidelines**
   A. *Standards of Public Service*
      1. An employee's position with this department is one of responsibility and public trust. As such, and in order to maintain the dignity and public perception of the department, all employees must be discreet and prudent not only in their professional capacities, but in personal relationships, personal associations and places frequented (see policy S239, **Sexual Harassment**).
      2. An employee's uniform, badge, identification or other official insignia shall be used only as is required in the course of his/her official duties, and then only discreetly and not for personal gain.

S220: Employee Code of Conduct                                          Page 2 of 9

    3. All employees are required to conform their behavior to the ethical standards spelled out in G.L. c.268A.

  B. *Appointment, Employment, Termination of Service*
1. Selection for appointment to a position with the Department is based in part on statements contained in the employment application form. Discovery that any statement is false may lead to an employee's immediate discharge.
2. All employees shall be photographed for identification purposes. Identification photographs may be retaken as needed to keep them current.
3. All employees must report promptly in writing to the Director of Personnel any change in residential address, home telephone number, person to notify in case of emergency, or any other pertinent personnel data.
4. A minimum of two (2) weeks notice of resignation is required.

  C. *Confidential Communications*
1. The affairs of the Department or persons in custody are confidential, and any discussion on these subjects shall be limited to that which is necessary in the performance of an employee's duties, and shall only be shared with persons authorized to receive such information.
2. Any unauthorized disclosure of confidential information by an employee shall constitute just cause for disciplinary action.
    a) An inmate's (or detainee's) criminal history and related information is protected by the provisions of the Criminal Record Offender Information (CORI) Act, detailed in G.L. c.6, §172 et seq. and may only be released to authorized persons in accordance with S153, Criminal Offender Record Information.
    b) An employee's personnel information (e.g. address, telephone, SSN) are considered confidential and will not be released without authorization from the individual, a subpoena, or a court order unless dissemination of such information is required in the ordinary course of department business.
    c) Written or electronic information generated by any division of the Department may or may not qualify as a public record eligible for release outside the Department. Except as is specifically authorized by Department policy or procedure, internal information may not be released outside the department unless and until the General Counsel or her designee has so authorized.
    d) Release of any information pertinent to an on-going department investigation will be considered interference and will be disciplined accordingly. However, if the employee is the focus of the investigation, he/she may disclose any such information to his/her union representative and/or attorney to assist in his/her own defense.

3. Official records, papers, reports or copies of same shall not be removed from the institution without specific instruction or prior permission from the Superintendent except as is necessary for the performance of one's duties.

  D. *Interactions with Public*
1. Employees shall be courteous and professional in all public contact that may arise in the course of their duties.

000775

2. It is not inconceivable that an employee may encounter a member of the public who fails to treat the employee with the same courtesy. In such instances, employees are to retain their composure and refer the individual to their supervisor.
3. Tours:
    a) Formal tours of the institution may be arranged through the Office of Community Affairs and Project Development.
    b) Unless assigned to the CAPD office, employees may conduct tours only with prior approval of the Superintendent.
    c) Personal visitors of staff may be admitted to the facility but shall be escorted by staff and are generally restricted from inmate housing areas
4. No employee may give a public address or publish a writing that in any way holds the author out as a representative of the Department without the prior approval of the Special Sheriff.

E. Interactions with the Media
1. Only the Sheriff or his Office of Communications may make statements to the media or release news statements or bulletins concerning the business of the department.
2. The Department reserves the right to determine whether or not the media will be permitted on the premises.
3. Media access to employees or inmates is governed by S130, **Inmate Media Access** and S131, **Public Information and Media Access**.

F. Interactions with the Other Employees
1. The mission of the Department requires cooperation between and among employees, and therefore staff must be considerate and courteous in their working relationships.
2. An employee shall not foster discontent or engage in any activity that could lower the morale of another employee and must be discreet in the discussion of personal matters.
3. An employee may not inspect other employee's personnel information or other official documents, other than as is necessary in the official performance of their duties.
4. It is inappropriate for employees to attempt to influence, temper or rescind disciplinary action against another employee except through their union representatives.

G. On-Duty Interactions With Inmates
1. When interacting with inmates, employees must act solely in the furtherance of the Department's two-fold mission: CUSTODY and CARE.
2. Such interaction with inmates shall provide protection from physical, emotional or sexual abuse, corporal punishment, personal injury, disease, property damage, discrimination and harassment.
3. Employee conduct shall be professional, objective, and unbiased in the application and enforcement of Department policies, rules and regulations.
4. Employees shall not discuss Department business with, or in the presence of, inmates except as is required by their duties.

000776

5. Employees must never express to an inmate a personal opinion, whether positive or negative, regarding another employee.
6. Personal employee information shall not be discussed with, or in the presence of, inmates.
7. Employees must not give inmates the impression that staff are in conflict with one another, since such impression may lead to attempts at manipulative behavior.
8. Employees shall not make reference to the nature of an inmate's offense(s), or to any visits with SID or outside law enforcement agencies, in the presence of any other inmate.
9. Except as is expressly required by their duties, employees shall not intercede or act on behalf of an inmate's custody status (with this Department or any another agency) without prior approval of the Superintendent.
10. Employees are prohibited from all forms of bartering, buying or selling, directly or indirectly, with inmates.
11. Employees shall not accept a fee, gift, gratuity or any item of value from an inmate.
12. Employees shall not provide any fee, gift, gratuity, or any item of value to an inmate except as is required in the performance of their duties or as otherwise instructed by the Superintendent.

H. *Off-Duty Interaction With Inmates*
1. Employees must not associate with, accompany, correspond or consort with any inmate or former inmate except as is required in the course of one's regular duties, without first informing the Superintendent in writing.
2. Any other contact with a former inmate not covered by paragraph H1, above, must also be reported in writing to the Superintendent.
3. Employees must notify the Superintendent if a relative or personal friend is committed to this facility. Employees are exempt from reporting contact with relatives after their release from Department custody.
4. The purpose of this notice requirement is to lessen any potential embarrassment to, and avoid any suggestion of impropriety by, the employee concerned.

I. *Interaction With Inmates' Friends Or Family*
1. Any contact with an inmate's relatives or friends must be reported in writing to the Superintendent.
2. Employees shall not accept a fee, gift, gratuity or any item of value from an inmate's family, friends, or any person acting on their behalf.
3. Employees shall not provide any fee, gift, gratuity, or any item of value to an inmate's family, friends, or any person acting on his/her behalf except as is required in the performance of their duties or as otherwise instructed by the Superintendent.
4. Conversation with inmate's visitors shall be limited to that which is required by an employee's duties.

J. *Fitness For Duty*
1. Drug Policy
   Use of illegal drugs and abuse of alcohol or prescription medication are incompatible with service in a law enforcement agency, and such conduct will be dealt with in accordance with S215, **Drug Free Workplace**.

0007777

   a) The department will not tolerate the presence of illegal drugs or alcohol on its premises, nor will it tolerate any of its employees reporting for duty or engaging in official business of the Department while under the influence of alcohol or drugs.
   b) Any employee who, under doctor's care or otherwise, is taking any medication while on duty which may affect their performance in any way must report this fact to their supervisor and the Superintendent.
   c) No employee may dispense or give medicine of any type (prescribed or not) to an inmate unless:
     i. the medication is administered in accordance with **Health Services Policy #20, Medication Administration** by a licensed nurse, physician or dentist; or
     ii. expressly authorized by the Superintendent or designee

2. Disability Or Need For Accommodation
   a) Any health problem, injury, or restriction which may affect an employee's job performance, or for which an employee may require an accommodation, must be medically documented and reported to his/her division manager.
   b) Such documentation must satisfy the following requirements:
     i. be an original;
     ii. be written on the stationery of the health care provider;
     iii. contain an original signature of the health care provider;
     iv. clearly state the specific physical restrictions the employee has due to the illness or injury;
     v. list the expected duration of the restrictions;
     vi. Division managers shall consult with the Director of Workers' Compensation on accommodations for work-related injuries, and with the Director of Personnel on accommodations for non-work-related injuries.

3. Length Of Work Day
   a) No officer may work more than sixteen (16) hours in a twenty-four (24)-hour period, and must not work in any capacity for eight (8) hours before returning to duty.
   b) This prohibition shall include regular shifts, overtime, training, community affairs events, and paid details.
   c) Should an employee be suspended for any reason, he/she may not work in any capacity during the twenty-four (24) hour period comprising said suspension day.

4. Conduct On Duty
   a) Employees must not engage in any amusement or activity while working which might interfere with the performance of duties.
   b) Televisions, radios, CD or tape players and the like are strictly prohibited from any control centers, and employees shall not use such devices while in the units.
   c) Reading material other than official department publications is prohibited while posted in a housing unit or control center.
   d) Cell phones are prohibited inside the institution unless issued by the department.

  e) Penalties for the misuse of department telephones and the generation of unauthorized charges may include restitution as well as discipline.

 5. Conduct Off-Duty
  a) All employees must report any involvement with law enforcement officials pertaining to an investigation, arrest, or court appearance.
   i. Such reports shall be made to the Special Sheriff within 24 hours of the involvement with law enforcement officials, or prior to the commencement of the employee's next shift, whichever is sooner.
   ii. If the Special Sheriff is unavailable, reports shall be made to the Superintendent or Shift Commander at the appropriate institution.
  b) All employees must be circumspect in their choice of associates, and even casual interaction with known criminals, or with individuals engaged in unsavory activities, is inconsistent with employment by the department.

K. Department Property And Equipment
 1. Employees are responsible for the care, control, and security of Department property.
 2. If an employee's identification, badge, key cards, or uniform articles which bear official Department insignia are lost, stolen or otherwise unaccounted for, a written report shall be filed immediately with the Sheriff's Investigation Division (SID).
 3. Department property shall include equipment, supplies, the physical plant and any items issued to employees on a permanent or temporary basis.
 4. Employees must report promptly the loss, damage, destruction, or discovered malfunction of any Department property. If responsible for the loss, damage, destruction or malfunction, an employee may be prosecuted, disciplined and/or required to make restitution.
 5. Department letterhead is for official use only. However, memoranda or reports intended solely for internal communication will use blank white paper, either with or without computer-generated headings.
 6. Equipment issued for any period of time must be returned in good condition.
 7. At the time of termination of employment for any reason, employees must return issued equipment, badges, key cards, identification cards, policy and training manuals, and any other county property in their possession.

L. Reports
 1. Employees are required to report in writing all unusual or significant events regarding Departmental operations or security in which they are involved or about which they have personal knowledge
  a) Unless specifically authorized otherwise, these reports must be submitted promptly, but no later than the end of the employee's shift.
  b) Reports are to be submitted to the employee's immediate supervisor, unless instructed otherwise by the investigating official or department policy.
  c) Uniformed employees in posts requiring maintenance of a log book must maintain written records of ALL events that occur on their shift, whether or not unusual or significant.

000779

2. Employees must also file a written report whenever ordered to do so by any supervisor, SID, or any other department official authorized to conduct an investigation.
3. Whether or not the employee has previously submitted an oral or written report, employees must be truthful and cooperate if requested by SID (or any other office or individual appointed to conduct an investigation) to submit to an interview.
4. All reports generated in the course of an employee's duties are to be treated as confidential communications in accordance with paragraph C(2d), above.
5. Failure to report, false reporting, or interference with any employee's report may result in discipline or, in some cases, criminal prosecution.

M. Attendance
1. Regular and punctual attendance is expected of all employees, and excessive absenteeism or tardiness will be dealt with firmly in accordance with policies S207, S208 and S209, **Managing Attendance**, and S211, **Unauthorized Absence**.
2. Employees may not exchange duties or swap days or hours of work without prior authorization of their Shift Commander (uniformed) or immediate supervisor (non-uniformed).
3. While off-duty and within the Commonwealth of Massachusetts, if informed by any means that an emergency exists at the institution, every uniformed officer must contact the institution and report for duty, if so ordered.

N. Administrative Procedures
1. It is the responsibility of each employee to have a working knowledge of the policies contained within the employee policy manual, and to understand and comply with the rules and procedures detailed therein.
2. When an employee does not understand a regulation, policy or an order, the employee is expected to seek explanation or clarification from his/her immediate supervisor.
3. All employees must scan official bulletin boards when reporting for, and departing from duty, for the presence of official orders or notices.
4. Any person tampering with, removing, defacing, or marking such orders or notices without authorization shall be subject to disciplinary action.
5. After any absence from his/her regularly-scheduled shift, an employee shall inquire of his/her supervisor whether any important information was disseminated during his/her absence.

II. Offenses
If it is determined that, by a preponderance of the evidence presented either at a formal hearing convened by the Sheriff or an informal hearing conducted by the Superintendent or his designee, an employee has committed any one of the following offenses, he/she is subject to discipline, up to and including termination:
A. Physical abuse of an inmate
B. Sexual contact with an inmate
C. Possession of illegal drugs/alcohol while on/in department premises/vehicle
D. A positive hair sample or urinalysis drug test

000730

S220: Employee Code of Conduct                                Page 8 of 9

- E. Sexual harassment of a subordinate employee
- F. Conviction of any crime
- G. Possession of drugs within the institution without authorization
- H. Acceptance of drugs/alcohol from, or delivery to, an inmate
- I. Giving false statements under oath or on an employment application
- J. Assault and/or battery on a fellow employee
- K. Assisting an inmate to escape or attempt to escape
- L. Use of excessive force
- M. Under the influence of drugs/alcohol when reporting for, or while on, duty
- N. Improper conduct
    1. Conduct unbecoming of an officer (uniformed personnel)
    2. Unprofessional conduct (non-uniformed personnel)
- O. Submission of a misleading, incorrect, or false report (either oral or written)
- P. Possession of contraband within the institution
- Q. Accepting contraband from, or delivering contraband to, an inmate
- R. Valid arrest or incarceration by a law enforcement agency
- S. Disrespect or insubordination:
    1. To a superior in the presence of inmates
    2. To a superior in the presence of subordinates
    3. To a superior
- T. Discourtesy, disrespect, or insolence (in decreasing order of severity):
    1. To the public
    2. To a subordinate
    3. To any Department employee in front of inmates
    4. To any Department employee in front of other employees
    5. To any Department employee
- U. Inappropriate familiarity (in decreasing order of severity)
    1. With an inmate
    2. With a fellow employee
    3. With visitors or the public
- V. Damage to property (in decreasing order of severity)
    1. Willful damage to county or any other property in the custody of the Department
    2. Negligent use, misuse, or misappropriation of, county or any other property in the custody of the Department Violation of Department policy (in decreasing order of severity).
    3. Failure to obey lawful oral or written order of a superior
    4. Failure to report a hazardous condition and take remedial action
    5. Interference with an investigation
    6. Failure to timely submit required reports/documentation
    7. Failure to report violations of Department rules, regulations, policies, or procedures committed in your presence or of which you had personal knowledge
    8. Failure to properly supervise subordinates, to discipline or recommend disciplinary charges, or to take proper action with subordinates
    9. Interference of off-duty employment with Department duties
    10. Failure to report change of residential address or telephone number to the Director of Personnel within five days of change
    11. Violation of any other Department rule, regulation, policy, or procedure (cite specific policy reference in charge)

000781

W. Improper/inappropriate attire:
   1. Out of uniform (uniformed personnel)
   2. Unprofessional attire (non-uniformed personnel)
   3. Uncleanliness in person or dress
X. Unauthorized absence
   1. AWOL (absence without leave)
   2. Misuse of sick leave
   3. Tardiness
   4. Abuse of sick leave
Y. Offenses against public safety
   1. Unauthorized absence from, or abandonment of, post
   2. Neglect or dereliction of duty
   3. Inefficiency
   4. Fighting or quarreling with fellow employees
   5. Sleeping on duty
   6. Allowing an inmate to escape
   7. Violation of health and/or safety rules

III. Waivers And Modifications
   A. Emergency
      Provisions of these and other rules may be temporarily waived or modified in an emergency situation by order of the Sheriff, the Special Sheriff or the Superintendent.

   B. Collective Bargaining Agreement
      Nothing in these rules shall be construed to conflict with any relevant collective bargaining agreement.

   C. Authority
      If any article, section, subsection, sentence, clause or phrase of these or other Department policies, procedures or post orders is for any reason held to be unconstitutional, contrary to statute, in excess of the authority of the Sheriff or the Superintendent, or otherwise inoperative, such decision shall not affect the validity of any other part of this policy.

000782