## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SHEILA PORTER,            )
    Plaintiff             )
         v.             )
                   )    Civil Action No. 04-11935-DPW
ANDREA CABRAL, SUFFOLK    )
COUNTY SHERIFF'S DEPARTMENT,  )
SUFFOLK COUNTY, and      )
CORRECTIONAL MEDICAL     )
SERVICES, INC.          )
    Defendants         )
                   )

## AFFIDAVIT OF GERARD HORGAN

I, Gerard Horgan being duly sworn do hereby depose and state:

1.  My name is Gerard Horgan and I am the Superintendent of the Suffolk County House of

    Correction ("HOC") for the Suffolk County Sheriff's Department ("SCSD").

2.  I am responsible for the day-to-day operations of the HOC including the

    supervision of the command staff, uniformed staff and some civilian staff.

3.  Among my additional responsibilities is the enforcement of SCSD policies and the

    discipline of employees.

4.  All SCSD employees are required to comply with SCSD policies including Policy S-220,

    Employee Code of Conduct.

5.  All contractors, vendors, volunteers and interns are required to comply with SCSD

    policies including Policy S-220, Employee Code of Conduct.

6.  Health care services at the HOC are provided by private companies pursuant to a

    contract with Suffolk County.

7.  I am intimately familiar with the contracts between the SCSD and Correctional Medical

    Services, Inc. ("CMS") and its predecessor Correctional Healthcare Solutions, Inc.

("CHS") based on my role as Deputy Superintendent of Program and Support Services at the HOC in which I had extensive dealings with and oversight of the medical services contracts.

8.  From January 2001 to approximately April 2005 CMS was responsible for the coordination and provision of health care services at the HOC pursuant to a contract with Suffolk County. Prior to CMS, CHS was responsible for the coordination and provision of health care services at the HOC pursuant to a contract with Suffolk County.

9.  The contracts between Suffolk County and CMS and CHS required that CMS and CHS maintain certain staffing levels for the provision of health care services at the HOC. CMS and CHS interviewed and hired their own staff necessary to maintain those staffing levels and provide the medical care at the HOC.

10. Pursuant to the contracts, CMS and CHS were responsible for purchasing all the supplies necessary for the daily delivery of health care services at the HOC. The SCSD provided the space for the Health Services Unit and purchased some large pieces of equipment.

11. CMS and CHS employees working at the HOC were required to report allegations of inmate abuse to the SCSD.

12. The contracts between Suffolk County and CMS and CHS provided that the SCSD reserved the unilateral right to bar any CMS or CHS employee from the HOC.

13. Barring is the standard mechanism used by the SCSD for removing contract workers, vendors, volunteers, and interns from SCSD facilities.

14. The Sheriff is solely responsible for the decision to bar individuals from the SCSD.

15. Contract workers, vendors, volunteers or interns are not entitled to a hearing by the SCSD before or after they are barred from the SCSD.

16.  There are no provisions in the contract between the SCSD and CMS requiring that the Sheriff notify or consult with CMS prior to making her decision to bar a CMS employee.

17.  There are no provisions in the contract between the SCSD and CMS granting a CMS employee a right to a hearing by the SCSD before or after they are barred from the HOC.

18.  The contract between the SCSD and CMS provides that a decision to bar a CMS employee from the HOC is final and not the subject of arbitration.

19.  Both prior to and during Sheriff Cabral's administration numerous contract workers and vendors were barred from the SCSD. None of the barred individuals received a hearing.

20.  The Sheriff's Investigation Division ("SID") is a department within the SCSD that is responsible, among other things, for investigating allegations of inmate abuse.

Signed under the pains and penalties of perjury this 17th day of October 2005.

/s/ Gerard Horgan
Gerard Horgan