UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,<br>Plaintiff<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY<br>SHERIFF'S DEPARTMENT, SUFFOLK<br>COUNTY and CORRECTIONAL<br>MEDICAL SERVICES, INC.,<br>Defendants | CIVIL ACTION NO: 04-11935DPW |

**DEFENDANT ANDREA CABRAL'S SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 33 Defendant Andrea Cabral hereby responds to Plaintiff's Second Request for Interrogatories. Numbered paragraphs reflect Plaintiff's request as well as a continuation from Plaintiff's First Set of Interrogatories.

**GENERAL OBJECTIONS**

1. The Defendants object to each of the Plaintiff's Interrogatories to the extent that they seek information protected by the attorney/client privilege and/or the work product doctrine, or any other applicable privilege or immunity. In the event that the Defendants produce any privileged information, such production is inadvertent and not intended as a waiver of any privilege.

2. The Defendants object to each of the Plaintiff's Interrogatories to the extent that they seek information not within the Defendants' possession, custody or control.

3. The Defendants object to each of the Plaintiff's Interrogatories to the extent that they are overly broad, duplicative, vague and ambiguous, and unduly burdensome.

4. The Defendants object to each of the Plaintiff's Interrogatories to the extent that they call for the production of information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of relevant information.

Objection. Interrogatory No. 4 (continuously No. 21) is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it sets forth no time frame and therefore seeks information for an unlimited period of time prior to the relevant time period of the allegations in the complaint. This time period involves several different administrations in the Suffolk County Sheriff's Department and potentially hundreds of employees. Further the information sought involves discipline imposed on individuals who are employees of the Suffolk County Sheriff's Department and members of collective bargaining units, and therefore not similarly situated to the Plaintiff who was a contract nurse and employee of Correctional Medical Services working at the HOC. Further objection is made on the grounds that the Department does not and cannot impose discipline on contract workers.

**INTERROGATORY NO. 5 (continuously no. 22):**

Describe the steps taken to implement the Stern Commission's recommendations, including the recommendation to "aggressive[ly] attack[] the code of silence that prevents staff members from reporting the misconduct of fellow staff members."

**RESPONSE TO INTERROGATORY NO. 5 (continuously No. 22):**

Objection. Interrogatory No. 5 (continuously No. 22) is overly broad, unduly burdensome and unlikely to lead to the discovery of admissible evidence in that it does not specifically identify which of the numerous recommendations made by the Stern Commission, other than to "aggressive[ly] attack[] the code of silence that prevents staff members from reporting the misconduct of fellow staff members", Plaintiff is referring to. Subject to these objections Sheriff Cabral refers the Plaintiff to pages 315- 327 of her deposition taken on June 24, 2005.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 (continuously No. 22):**

Without waiving the objections set forth above, Sheriff Cabral responds

Since assuming office in 2002, I have taken a number of steps to address the so

called "code of silence." I have completely reformed Department hiring and promotional practices and have completely restructured the training and investigation divisions. Political patronage has been eliminated from the hiring process; all candidates must successfully complete a comprehensive review that includes a lengthy written application, a panel interview, physical and academic testing, a criminal records check, a drug (hair) test and verification of all previous employment, personal references and residence(s.) There are a number of hypothetical scenarios in the job application and the panel interview that deal with reporting officer misconduct. Inappropriate responses to these questions immediately eliminate an applicant from further consideration. Additionally, I personally interview all finalists for jail or correction officer positions. A successful interview is the final requirement for all officer candidates and the final hiring decision is made by me. To the best of my knowledge, I am the only Sheriff in the Commonwealth to undertake this task. I spend anywhere from 60 – 90 minutes speaking with candidates who have made it past the initial screening mechanisms. I candidly discuss with each of them my expectations, including my expectations about their own conduct and also about their obligation to report the misconduct of others. I created the Department's first off-site Training Academy, which is staffed by certified trainers. All recruits who successfully complete the hiring process must also successfully complete a 10-week training academy before starting work in the Department's units. The training curriculum includes components dealing with personal responsibility and accountability, use of force continuum and the obligation to report and properly document incidents of staff misconduct. New officers are probationary employees for the first 18 months and can be

terminated for any reason during that time. All veteran officers are required to undergo 40-hours per year of in-service training that includes training in these same areas. The changes made to the Sheriff's Investigations Division (SID) – to the leadership, investigative process, qualifications and training of the investigators, investigative resources and the internal structure of SID – have had a tremendous impact on the Department's capacity to address employee misconduct. It is now perceived internally to be a fair, professional and effective division. Since assuming office in November of 2002, I have very consistently imposed severe discipline where I determined misconduct on behalf of jail or corrections officers. I have terminated officers for numerous reasons which include introducing drugs or other contraband into the facility, using excessive force, having inappropriate contact with inmates, failing to report / the submission of false reports; and violating the department's substance abuse policy. Many other employees have chosen to resign rather than face disciplinary action.

**INTERROGATORY NO. 6 (continuously No. 23):**
Identify any Department rules, policies or procedures related to a nurse practitioner's responsibilities with respect to documenting observations in an inmate's medical chart.

**RESPONSE TO INTERROGATORY NO. 6 (continuously No. 23):**
Objection. Request No. 6 (continuously No. 23) is overly broad, unduly burdensome, vague and ambiguous. Subject to these objections, Sheriff Cabral responds see documents bate stamped: 001435-001436: (SCSD Nashua Street Jail Manual of Policies and Procedures for Health Services, Section H. Health Services)

**INTERROGATORY NO. 7 (continuously no. 24):**

interrogatories allowed by Rule 33 and leave to file additional interrogatories has not been requested or obtained by the Plaintiff.

Respectfully Submitted for Defendants<br>
Andrea Cabral, Suffolk County Sheriff's<br>
Department and Suffolk County,<br>
By their Attorney,

DATE: ___/___/___

_____
Ellen M. Caulo
BBO# 545250
Deputy General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
(617) 989-6681

## VERIFICATION

I, Andrea J. Cabral, hereby state that the answers contained in the foregoing are true and correct to the best of my information and belief. To the extent the responses are not based on personal knowledge, they are based upon reasonable investigation of records in my possession, custody or control and upon information collected and made available to me by others.

Signed under the pains and penalties of perjury this ____day of September 2005.

_____
Andrea J. Cabral
Suffolk County Sheriff

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and accurate copy of the foregoing Response to Plaintiff's Second Set of Interrogatories to be served upon all counsel of record by first class mail, postage prepaid, this 23rd day of September 2005.

_____
Ellen M. Caulo