UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,<br>    Plaintiff<br><br>    v.<br><br>ANDREA CABRAL, SUFFOLK<br>COUNTY SHERIFF'S DEPARTMENT,<br>SUFFOLK COUNTY, and<br>CORRECTIONAL MEDICAL<br>SERVICES, INC.<br>    Defendants | Civil Action No. 04-11935-DPW |

**AFFIDAVIT OF ATTORNEY ELLEN M. CAULO**

I, Ellen M. Caulo do hereby state under the pains and penalties of perjury that the following is true to the best of my knowledge and belief:

1. My name is Ellen M. Caulo. I am an attorney in good standing in the Commonwealth of Massachusetts and Massachusetts United States District Court.

2. The document attached as Exhibit 1 entitled Deposition of Sheila J. Porter is a genuine and accurate copy of excerpts from the deposition of Sheila J. Porter on March 31, 2000 in the matter of <u>Deyanira Feliz v. Suffolk County House of Correction</u>, MCAD, Civil Action No. 99-131745.

3. The document attached as Exhibit 2 is entitled "Broadcast Transcript" is a genuine and accurate copy of the transcript of the debate between Sheriff Andrea J. Cabral and Councilor Stephen Murphy on the program Greater Boston aired on WGBH-TV on September 8, 2004.

4. The document attached as Exhibit 3 was introduced as Exhibit 10 in Mrs. Porter's deposition on May 26, 2005 and is a genuine and accurate copy of the article "Calling the Shots" by Elaine McArdle published in the Boston Globe Magazine on October 31, 2004.

5. The document attached as Exhibit 4 was introduced as Exhibit 9 at Mrs. Porter's May 26, 2005 deposition and is a genuine and accurate copy of the Press Statement issued by the Suffolk County Sheriff's Department ("SCSD") on or about August 25, 2004.

6. The document attached as Exhibit 5 is a genuine and accurate copy of a document entitled "Interdisciplinary Progress Notes" written by Mrs. Porter and dated May 19,

    2003 that were received by the Suffolk County Sheriff's Department on May 28, 2003.

7. The document attached as Exhibit 6 was introduced as Exhibit 2 at the deposition of Gerard Horgan, Superintendent of the HOC, and is a genuine and accurate copy of SCSD Policy S220 that was in effect in 2003.

8. The document attached as Exhibit 9 is a true and accurate copy of the deposition testimony take of Elizabeth Keeley on May 11, 2005.

9. The document attached as Exhibit 10 is a true and accurate copy of the deposition testimony of Gerard Horgan taken on may 13, 2005.

10. The document attached at Exhibit 11 herein is a true and accurate copy of deposition testimony taken of Shelia Porter on May 18, 2005 and May 26, 2005.

11. The document attached as Exhibit 12 was introduced as Exhibit 8 at Mrs. Porter's deposition on May 26, 2005 and is a genuine and accurate copy of the report of SID Investigator Sonya Aleman regarding the May 28, 2003 SID interview of Mrs. Porter.

12. The document attached as Exhibit 13 entitled "Fired Nurse Speaks Out" is a genuine and accurate copy of an article about Mrs. Porter by Andrea Estes published in the Boston Globe on or about August 25, 2004.

13. The document attached as Exhibit 14 is a true and accurate copy of deposition testimony taken of Anne Mack on May 3, 2005

14. The document attached as Exhibit 15 is a true and accurate copy of the deposition testimony taken of Donna Jurdak on June 20, 2005.

15. The document attached as Exhibit 16 entitled Earnings Statement is a genuine and accurate copy of Mrs. Porter's wages from her employer CMS, for the period May 25, 2003 – June 7, 2003.

16. The document attached as Exhibit 17 entitled Correctional Medical Services Time Card Report – Employee, dated June 6, 2003 is a genuine and accurate copy of the time card issued to Mrs. Porter by her employer CMS for the period June 8, 2003 – June 21, 2003.

17. The document attached as Exhibit 18 is a genuine and accurate copy of the 2002 W-2 wage and tax statement issued to Mrs. Porter by her employer CMS.

18. The document attached as Exhibit 19 and introduced as Exhibit 3 at Mrs. Porter's May 18, 2005 deposition is a genuine and accurate copy of the CMS Employee Success Guide that was issued to Mrs. Porter by her employer CMS on or about May 22, 2002. (86 pages)

19. The document attached as Exhibit 20 is a true and accurate copy of the deposition testimony taken of Brian Dacey on June 16, 2005.

20. The document attached as Exhibit 22 is a true and accurate copy of the deposition testimony taken of Maryellen Mastrorilli on June 27, 2005.

21. The document attached as Exhibit 23 was introduced as Exhibit 6 at Mrs. Porter's deposition on May 26, 2005 is a genuine and accurate copy of the report of SID Investigator Brian Dacey regarding the May 22, 2003 SID interview of Mrs. Porter.

22. The document attached as Exhibit 24 is a true and accurate copy of the deposition testimony taken of Viktor Theiss on May 24, 2005.

23. The document attached as Exhibit 25 is a true and accurate copy of the deposition testimony taken of Sheriff Andrea Cabral on May 6, 2005.

24. The document attached as Exhibit 26 is a true and accurate copy of the deposition testimony taken of Sheriff Andrea Cabral on June 24, 2005.

25. The document attached as Exhibit 27 is a true and accurate copy of Defendant Andrea Cabral's Supplemental Response to Plaintiff's Second Set of Interrogatories.

Signed under the pains and penalties of perjury this 17th day of October 2005

/s/ Ellen M. Caulo_____