GOODWIN | PROCTER

David S. Schumacher
617.570.1911
dschumacher@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

May 25, 2005

**By Facsimile and First-Class Mail**

Ellen M. Caulo, Esq.
Suffolk County Sheriff's Department
Office of the General Counsel
200 Nashua Street
Boston, MA 02114

Re:   **Sheila J. Porter v. Andrea Cabral, et al., No. 04-11935-DPW**

Dear Ms. Caulo:

Per your request, I write to explain the basis for our instruction that Mrs. Porter not answer questions at her deposition concerning the specific matters she discussed with the FBI while she was at the Suffolk County House of Corrections.

As you know, Mrs. Porter has provided comprehensive written interrogatory responses and deposition testimony concerning the circumstances surrounding her involvement with the FBI, including (1) every FBI agent she has spoken to; (2) when her relationship with the FBI began; (3) how she communicated information; (4) where she communicated information; (5) whether or not she entered into any official agreement with the FBI; (6) whether or not she provided any documents to the FBI; (7) whether or not she received compensation from the FBI; and (8) a general description of the subjects she discussed with the FBI over the years. In addition, Mrs. Porter provided detailed testimony about the only specific communications to the FBI that are relevant to her claims in this case: those related to the Rene Rosario allegations.

What Mrs. Porter will not disclose is information she provided to the FBI related to particular incidents of potentially illegal activity (apart from the Rosario allegations). Not only are these communications wholly irrelevant to this case, but it should be obvious that revealing such information could jeopardize criminal investigations and place the safety of Mrs. Porter and others at risk. The Protective Order in this case provides little comfort to Mrs. Porter, as it would not prevent the Sheriff's Department from obtaining this information. Under these and similar circumstances, a number of courts have held that such confidential information need not be disclosed at a deposition or trial. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984); *Gill v. Gulfstream Park Racing Ass'n, Inc.*, No. 04-1944, 2005 U.S. App. LEXIS 3748 *25 (1st

LIBA/1539618.1

GOODWIN | PROCTER

Ellen M. Caulo
May 25, 2005
Page 2

Cir. March 7, 2005); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Zwack v. Kraus Bros. & Co.*, 237 F.2d 255 (2d Cir. 1956); *Charlie and Nadine H. v. Whitman*, 213 F.R.D. 240, 252 (D.N.J. 2003); *Bradway v. Am. Nat'l Red Cross*, 132 F.R.D. 78, 80 (N.D. Ga. 1990).

I trust this responds to your request. Please contact me if you have further questions on this matter.

Very truly yours,

David S. Schumacher

cc:  Sheila J. Porter
     Alexandra B. Harvey, Esq.
     Joseph F. Savage Jr.

LIBA/1539618.1