UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SHEILA PORTER, )
 )
Plaintiff )
 )
 )
V. ) Civil Action No. 04-11935-DPW
 )
ANDREA CABRAL, SUFFOLK )
COUNTY SHERIFF'S DEPARTMENT, )
SUFFOLK COUNTY, and )
CORRECTIONAL MEDICAL )
SERVICES, INC. )
 )
Defendants )

---

### PLAINTIFF SHEILA PORTER'S MOTION TO COMPEL REDACTED FROM THE SUFFOLK COUNTY SHERIFF'S DEPARTMENT

NOW COMES Sheila Porter ("Mrs. Porter"), by her undersigned counsel, and respectfully requests, pursuant to Rules 26(b)(1) and 37 of the Federal Rules of Civil Procedure and Rule 612 of the Federal Rules of Evidence, that this Court compel the Suffolk County Sheriff's Department ("SCSD") to produce REDACTED REDACTED As grounds for the Motion, Mrs. Porter states as follows:

1. Mrs. Porter has a civil action pending against Sheriff Andrea Cabral, Suffolk County and the SCSD for barring her from the Suffolk County House of Corrections and Correctional Medical Services, Inc. for terminating her.

2.   In the course of discovery in this matter, Steven Tompkins, the SCSD's spokesman, was deposed.

**REDACTED**

---

**REDACTED**

[2] The SCSD's delay in responding to Mrs. Porter and its refusal to turn over notes to which she is clearly entitled is consistent with its practice of engaging in obstructive litigation tactics. Indeed, as Mrs. Porter has previously noted, the SCSD routinely subjects victims of its unlawful conduct to unnecessary litigation expenses, rather than simply compensating them for their injuries. *See e.g.*, Latour, F., "U.S. Judge Fines Suffolk Sheriff's Office; Women Are Owed $5M in Settlement," *Boston Globe*, April 5, 2003, p. B3 (attached as Ex. 25 to Mrs. Porter's Memorandum in Support of Her Motion to Compel Discovery from the Suffolk Defendants); *see also Baron v. Suffolk County Sheriff's Department*, 402 F.3d 225 (1st Cir. 2005); *see generally* Memorandum in Support of Motion to Compel Suffolk Defendants, pp. 13-14.

2

4.     It is well-settled that documents used to refresh a witness's memory prior to testifying at a deposition are discoverable where disclosure is necessary in the interests of justice. *See* Fed R. Evid. 612. This rule applies to writings prepared by counsel that would otherwise be protected by the attorney-client privilege or work product doctrine. *See, e.g., Derderian v. Polaroid Corp.*, 121 F.R.D. 13, 15 (D. Mass. 1988); *see also Redvanly v. Nynex Corp.*, 152 F.R.D. 460 (S.D.N.Y. 1993). The policy behind the rule is that effective cross-examination is frustrated when documents used by counsel to help prepare and possibly shape a witness' testimony are immunized from disclosure. *See Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613 (S.D.N.Y. 1977). The purpose of Rule 612 is "to promote the search of credibility and memory." *Sporck v. Peil*, 759 F.2d 312, 317 (3d. Cir. 1985) (citing Advisory Committee Notes to Rule 612); *see also Derderian* at 17.

5.     Courts employ a three-pronged test under Rule 612 to determine if documents reviewed by a witness prior to a deposition are discoverable: (1) the witness must use the writing to refresh his memory; (2) the witness must use the writing for the purpose of testifying; and (3) the court must determine whether production is necessary in the interests of justice. *See Nutramax Laboratories, Inc. v. Twin Laboratories, Inc.*, 183 F.R.D. 458, 468 (D. Md. 1998); *see also Redvanly* at 469-472 (ordering production of notes taken by in-house counsel during meeting at which plaintiff was terminated).

6.     All three factors are met here. The first and second prongs are satisfied by

**REDACTED**
**REDACTED**             It is also in the interests of justice to require production

3

**REDACTED**

of     Mr. Tompkins is a key witness in this case. As the SCSD spokesman, his public statements regarding Mrs. Porter's claims are binding on the SCSD. Moreover, Mr. Tompkins was responsible for at least two SCSD statements that defamed Mrs. Porter. *See* SCSD Press Statement, August 25, 2004 (Exhibit 9) (stating that Mrs. Porter was "clearly biased" and "has her own agenda . . ."); McCardle, E., "The New Enforcers," *Boston Globe Magazine*, October 31, 2004, p. 32 (Exhibit 10) (stating that Mrs. Porter's "allegations were 100 percent ridiculous. That's why you haven't seen any follow-up [after the election]."). Mr. Tompkins' credibility and memory concerning these statements and the circumstances surrounding them will be important issues at trial.[3]

7.

**REDACTED**

---

[3] There is good reason to question Mr. Tompkins' credibility. To cite just three examples, (1) he was quoted in the *Boston Globe* saying that he "didn't know anything about a grand jury" **REDACTED** . *See* Estes, A., "Nurse Fired From Jail Job Speaks Out," *Boston Globe*, August 25, 2004, p. B2 (Ex. 11);

**REDACTED**

[4] Mrs. Porter's inability to review the **REDACTED** distinguishes this Motion from *Derderian*, where the court refused to order production of notes taken by the plaintiff concerning his termination because the defendant had "equal access to the events which are the subject matter of the notes." *See Derderian* at 16-17. *Derderian* is also distinguishable because there were no concerns that counsel was attempting to shape the witness' testimony because the documents at issue were notes prepared by plaintiff—not counsel—regarding his termination.

4

**REDACTED**

WHEREFORE Mrs. Porter requests that this Court grant the Motion and order the Suffolk Defendants to produce **REDACTED** **REDACTED** Mrs. Porter does not object to the Court reviewing REDACTED *in camera* to determine if they contain counsel's mental impressions or legal theories, which can be redacted.

                                          Respectfully Submitted,

                                          SHEILA J. PORTER

                                          By her attorneys,

                                          */s/ David S. Schumacher*
                                          Joseph F. Savage Jr. (BBO #443030)
                                          David S. Schumacher (BBO #647917)
                                          GOODWIN PROCTER LLP
                                          Exchange Place
                                          Boston, MA 02109-2881
                                          617.570.1000

Dated: November 2, 2005

## CERTIFICATION UNDER LOCAL RULE 7.1 AND LOCAL RULE 37.1

    I, David S. Schumacher, hereby certify that counsel for Sheila Porter conferred with counsel for the Suffolk Defendants in a good faith attempt to resolve or narrow the issues in this motion prior to its filing.

Dated: November 2, 2005                                  */s/ David S. Schumacher*
                                                        David S. Schumacher

LIBA/1585092.3