# EXHIBIT 48



# MEMORANDUM

TO: Ann Mack, V.P. Northeast Region
     Sterling Price, Human Resources

FROM: Donna Jurdak, Health Service Administrator

DATE: June 10, 2003

SUBJECT:    Recommendation for Termination

Employee: Sheila Porter            Title: Nurse Practitioner

Date of Verbal Counseling: none         Date of Written Counseling: none
(attach copies)                            (attach copies)
Date of Final Written Warning: none      Date(s) of current incident: June 10, 2003
(attach copy)

Describe performance issue or behavior and why recommending termination:  Today, Sheila Porter, N.P. was terminated by CMS, due to Suffolk County House of Correction Administration barring her from this facility.

REGIONAL MANAGER APPROVAL:

_____          _____
Signature                                            Date

_____          _____
HUMAN RESOURCES REVIEW  (Signature)      Date

Original:        Employee Personnel File
cc:             Area Human Resources Manager

# EXHIBIT 49

MEMORANDUM

TO: Ann Mack, V.P. Northeast Region
Sterling Price, Human Resources

FROM: Donna Jurdak, Health Service Administrator

DATE: June 10, 2003

SUBJECT: Recommendation for Termination

Employee: Sheila Porter                                    Title: Nurse Practitioner

Date of Verbal Counseling: none          Date of Written Counseling: none
(attach copies)                                          (attach copies)
Date of Final Written Warning: none     Date(s) of current incident: June 10, 2003
(attach copy)

Describe performance issue or behavior and why recommending termination:  The Suffolk County House of Correction Administration has barred Ms. Porter from the facility.  Consequently, I am recommending her termination for lack of access to the facility.

REGIONAL MANAGER APPROVAL:

_Ann Mack_                              _7/17/03_
Signature                               Date

_[signature]_                           _7/21/03_
HUMAN RESOURCES REVIEW  (Signature)     Date

Original:    Employee Personnel File
cc:          Area Human Resources Manager

# EXHIBIT 50

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11935DPW

| | |
|---|---|
| SHEILA J. PORTER, | ) |
| Plaintiff, | ) |
| v. | ) |
| ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, SUFFOLK COUNTY, and CORRECTIONAL MEDICAL SERVICES, INC., | ) |
| Defendants. | ) |

## SUPPLEMENTAL ANSWERS OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC. TO PLAINTIFF, SHEILA PORTER'S FIRST SET OF INTERROGATORIES

INTERROGATORY NO. 1

Identify the person(s) who made the decision to terminate Mrs. Porter's employment with CMS.

ANSWER NO. 1

Suffolk County House of Corrections (HOC) made the decision to bar Mrs. Porter from the facility. As a result of the lockout, Sheila Porter's employment with Correctional Medical Services, Inc. (CMS) terminated as per the provisions of the Employee Success Guide. No one at CMS made a decision to terminate Mrs. Porter's employment.

INTERROGATORY NO. 2

Identify any persons not identified in Interrogatory No. 1 who were involved in, were consulted, authorized and/or contributed to, the decision to terminate Mrs. Porter's employment with CMS.

ANSWER NO. 2

See Response to Interrogatory No. 1. There was no decision by CMS to terminate Mrs. Porter's employment.

INTERROGATORY NO. 3

Please state all bases and reasons for the decision to terminate Mrs. Porter's employment with CMS.

ANSWER NO. 3

See Response to Interrogatory Nos. 1 & 2. Mrs. Porter's employment terminated because she had been barred by the HOC from entering or working in the facility.

INTERROGATORY NO. 4

Please state any and all bases and/or reasons for the decision to terminate and/or bar Mrs. Porter from the HOC and describe in detail the extent of your involvement in that decision.

ANSWER NO. 4

CMS objects to Interrogatory No. 4 on the grounds that it is overly broad, vague, ambiguous, compound and calls for speculation on the part of CMS. Subject to and without waiving its objections, CMS states that the decision to bar Mrs. Porter from HOC was made by the HOC and communicated to CMS at the same time as it was communicated to Mrs. Porter. The HOC's reasons for barring Mrs. Porter are not known by CMS. No one from CMS was involved in the HOC's decision. With regard to Mrs. Porter's termination of employment, see Responses to Interrogatory Nos. 1, 2 & 3.

INTERROGATORY NO. 5

Describe in detail your involvement in the meeting on or about June 10, 2003 during which Mrs. Porter was told that she would be barred and/or terminated from the HOC, including, but not limited to, when you learned of the meeting, who contacted you about the meeting, how you were contacted about the meeting, the extent of your knowledge concerning the reasons for the meeting and the extent of your involvement in the meeting.

ANSWER NO. 5

Upon information and belief, CMS' former Health Services Administrator Donna Jurdak received a call asking her to attend a meeting with Sheila Porter and Mary Ellen Mastorelli. Ms. Jurdak was not told of the reason for the meeting. The attendees at the meeting were Ms. Jurdak, Ms. Porter and Ms. Mastorelli. Ms. Mastorelli spoke at the meeting. She said that Mrs. Porter was being barred from the Suffolk County HOC effective immediately.

## INTERROGATORY NO. 6

Describe in detail all communications between you and the Government Defendants through June 10, 2003 concerning Mrs. Porter, including but not limited to, Mrs. Porter's being barred and terminated from the HOC, Mrs. Porter's cooperation with the FBI, Mrs. Porter's safety, Mrs. Porter's work performance and Mrs. Porter's reports of suspected inmate abuse.

## ANSWER NO. 6

Upon information and belief, Ms. Jurdak communicated with the HOC on several occasions in the months prior to June 10, 2003 regarding allegations of abuse by an inmate who had been treated by Ms. Porter. There were no communications between the HOC and CMS prior to June 10, 2003 concerning Mrs. Porter being barred or terminated, her cooperation with the FBI, her safety or her work performance.

## INTERROGATORY NO. 7

Describe in detail all communications between you and the Government Defendants since June 10, 2003 concerning Mrs. Porter, including but not limited to, her claims against CMS and the Government Defendants and the possible defenses thereto, and this Litigation.

## ANSWER NO. 7

CMS objects to Interrogatory No. 7 on the grounds of work product, joint defense privilege, and attorney client privilege. Without waiving these objections, CMS states that upon information and belief, Donna Jurdak had conversations with Ms. Mastorelli following the June 10, 2003 meeting regarding Mrs. Porter's lockout. Todd Aschbacher of CMS spoke with an attorney for the HOC after receiving the demand letter from Mrs. Porter's counsel to see if the HOC was interested in discussing and reconsidering its decision to lockout Mrs. Porter, but was advised that they were not interested in doing so.

## **SUPPLEMENTAL ANSWER NO. 7**

Without waiving any of the remaining objections, the defendant withdraws its objection based on the joint defense privilege. Further answering, CMS states that Ann Mack also had a conversation with Ms. Mastorelli later in the day on June 10, 2003 regarding Ms. Porter's lockout. Ms. Mastorelli advised that the sheriff's department would not change their position on the lockout.

## INTERROGATORY NO. 8

Describe in detail all communications within CMS (that is, by or among any CMS officers, directors, employees and representatives) since June 1, 2003 concerning Mrs. Porter's employment status with CMS and/or her being barred from the HOC.

ANSWER NO. 8

CMS objects to Interrogatory No. 8 to the extent that it seeks information that is protected by the attorney client privilege and work product privilege. Subject to and without waiving its objections, CMS states that Sterling Price, Ann Mack, Nancy Lawrence, Donna Jurdak and Todd Aschbacher had conversations in June, July and August, 2003, with regard to Mrs. Porter's employment status, her lock out by the HOC, whether the HOC might reconsider the lock out, and whether CMS had nurse practitioner positions open at other facilities for Ms. Porter.

INTERROGATORY NO. 9

Identify all CMS employees who have been barred within the last 5 years from any facility to which CMS then provided medical staff, the reason(s) that each individual was barred and your response to the facility's decision to bar each individual, including whether the employee's employment with CMS was terminated as a result of being barred from the facility.

ANSWER NO. 9

CMS objects to Interrogatory No. 9 on the grounds that it is overly broad, vague, unduly burdensome, unreasonable in scope and ambiguous, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, CMS states that individuals have been locked out of facilities throughout the country at times, including elsewhere in Massachusetts. CMS does not keep records or logs that identify those employees who have been locked out of facilities.

SUPPLEMENTAL ANSWER NO. 9

The defendant continues to object to this interrogatory on the grounds previously stated. Because CMS does not keep records or logs that identify those employees who have been locked out of facilities, CMS is incapable of identifying all of the CMS employees that have been barred from the facility, or the reason for the barring and CMS' response thereto. Please see CMS's response to plaintiff's Request for Production of Documents No. 11 for information regarding some employees who might have been barred from facilities in Massachusetts.

INTERROGATORY NO. 10

Identify all CMS employees who have been terminated within the last 5 years by CMS without following the procedural steps provided in Section 1.8 of the CMS Success Guide, and state the reasons for each such termination.

ANSWER NO. 10

CMS objects to Interrogatory No. 10 to the extent it is argumentative, overly broad, vague, unduly burdensome, ambiguous, unreasonable in scope and seeks information that is neither

relevant nor likely to lead to the discovery of admissible evidence. Without waiving its objections, CMS states that over the course of the last five years, hundreds of individuals have been terminated by CMS. There is no way of knowing the extent of progressive discipline in each individual case other than to review the personnel records of each such individual. CMS does not keep records or logs that would identify employees terminated without or with corrective action. Further, progressive discipline is not relevant in cases involving a lock out of an employee by a client, as is made clear in CMS's Employee Success Guide, because CMS and its employees and agents serve at the will of the correctional facility.

**SUPPLEMENTAL ANSWER NO. 10**

Subject to the objections set forth above, the defendant directs the plaintiff to refer to the document the defendant has produced in its supplemental response to Request No. 12 of the Plaintiff's Requests for Production of Documents to CMS. This document contains the names of all CMS employees who have been terminated from their employment with CMS in Massachusetts since 2001. CMS reiterates that it does not keep records or logs that would identify employees terminated without or with corrective action. Further, progressive discipline is not relevant in cases involving a lock out of an employee by a client, as is made clear in CMS's Employee Success Guide, because CMS and its employees and agents serve at the will of the correctional facility.

**INTERROGATORY NO. 11**

Identify all steps CMS took since June 10, 2003 to find a position for Mrs. Porter in a correctional facility.

**ANSWER NO. 11**

Ann Mack spoke with health service administrators at the facilities that she manages, primarily jail in Massachusetts. Through those efforts, an open nurse practitioner position at the correctional facility at Essex County, Massachusetts was identified, and offered to, and accepted by Mrs. Porter in October, 2003.

**INTERROGATORY NO. 12**

Identify all nurse and/or nurse practitioner positions in correctional facilities in Massachusetts that have been available to CMS employees at any time since May 2003.

**ANSWER NO. 12**

CMS objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome, and unreasonable in scope. Without waiving these objections, CMS states that since May 2003, it has only contracted to provide health services at three facilities in Massachusetts, Suffolk County, Franklin County and Essex County Houses of Correction. The only nurse practitioner

position available at Essex County from May to October, 2003, was the position that was offered to Ms. Porter in October, 2003. The only nurse practitioner position in Franklin County, if even available at any time between May and October, 2003, would not have been for more than eight hours per week.

## INTERROGATORY NO. 13

Please state the basis for all affirmative defenses you assert in your Answer.

## ANSWER NO. 13

The defendant objects to Interrogatory No. 13 on the grounds that it calls for the legal opinions and conclusions of counsel, which are beyond the scope of discovery.

## SUPPLEMENTAL ANSWER NO. 13

Without waiving its objections as set forth above, CMS states the factual bases for its affirmative defenses as follows: the fact that the plaintiff was an employee at will and did not have an employment contract with CMS; the terms of the Employee Success Guide; the fact that the work environment was a jail and all access to the workplace was controlled by the Suffolk County Sheriff's Department; the terms of the contract between Suffolk and CMS; the fact that CMS is not a state agency or actor and did not, therefore, act under color of state law at any point; the fact that CMS did not threaten, coerce or intimidate the plaintiff at any point; and the fact that the plaintiff failed to accept a job at the Essex County facility when it was first offered to her by CMS.

## INTERROGATORY NO. 14

Identify each person whom you expect to call as a fact witness on your behalf at the trial of this Litigation, and state the substance of the facts as to which each such witness is expected to testify.

## ANSWER NO. 14

CMS has not yet decided which witnesses to call at trial. This information will be provided as ordered by the court in pre-trial pleadings.

INTERROGATORY NO. 15

Identify each person whom you expect to call as an expert witness at the trial of this Litigation by providing the expert's profession, professional and/or educational background, areas of expertise and the anticipated subjects of his or her opinion(s).

ANSWER NO. 15

CMS has not yet decided which expert witnesses to call at trial. This answer will be supplemented in accordance with the Federal Rules of Civil Procedure.

INTERROGATORY NO. 16

Please state the substance of the opinion(s) about which the expert(s) will be testifying, including the grounds for each opinion.

ANSWER NO. 16

CMS has not yet decided which expert witnesses to call at trial. This answer will be supplemented in accordance with the Federal Rules of Civil Procedure.

INTERROGATORY NO. 17

Please identify any documents that you have given to, intend to give to, or have received from each person whom you expect to call as an expert witness at the trial of this Litigation, and state (i) whether any complete or partial written reports or notes have been made by the witness, or under the witness' supervision or guidance, in connection with this Litigation, and, if so, please identify the document(s); and (ii) whether any complete or partial oral report(s) have been made by the witness, and, if so, please provide a summary of each such report.

ANSWER NO. 17

CMS objects to Interrogatory No. 17 on the grounds that it is overly broad and seeks the thoughts and mental impressions of counsel. Without waiving this objection, CMS has not consulted any experts at this time.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 29 DAY OF April, 2005.

*Ann Mack*
Correctional Medical Services, Inc.

As to Objections:

Alexandra B. Harvey, BBO # 548944
Jennifer A. Norton, BBO # 658878
ADLER, COHEN, HARVEY,
WAKEMAN & GUEKGUEZIAN, LLP
230 Congress Street
Boston, MA 02110
(617) 423-6674

## CERTIFICATE OF SERVICE

I, Alexandra B. Harvey, as attorney for the defendant, Correctional Medical Services, Inc., hereby certify that on May 3, 2005 a copy of the following document was served in hand and on this day, May 5, 2005, am mailing same, first class mail, postage prepaid, to counsel of record:

1) Supplemental Answers of Defendant, Correctional Medical Services, Inc. to Plaintiff, Sheila Porter's First Set of Interrogatories,


Joseph F. Savage, Jr., Esq.
David Schumacher, Esq.
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109

Ellen Caulo, Esq.
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114

_____
Alexandra B. Harvey