# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER, | |
| Plaintiffs, | |
| v. | **Civil Action No. 04-11935-DPW** |
| ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, SUFFOLK COUNTY, and CORRECTIONAL MEDICAL SERVICES, INC., | |
| Defendants. | |

## OPPOSITION OF RESPONDENT FEDERAL BUREAU OF INVESTIGATION TO DEFENDANTS' MOTION TO COMPEL TESTIMONY FROM THE PLAINTIFF

### INTRODUCTION & SUMMARY

This is a civil action for damages and equitable relief between private parties. The plaintiff, Ms. Sheila J. Porter, worked as a nurse practitioner or nurse at the Suffolk County Sheriff's Department's (Sheriff's Department) House of Corrections (HOC) from 1994 until June 10, 2003. Docket No. 1, Amended Complaint ¶ 13. The defendants are Andrea Cabral, Suffolk County Sheriff, the Sheriff's Department, and Correctional Medical Services, Inc. (CMS). Id. ¶ ¶ 7-10.

Ms. Porter alleges that on June 10, 2003, she was unlawfully terminated from the Sheriff's Department and CMS, and banned from the HOC for having cooperated with the FBI in the reporting of possible physical abuse of an inmate by HOC guards in mid-May of 2003. Id. ¶ ¶ 56-65. Ms. Porter also states in her complaint that she acted as an FBI informant from 1999 through June 10, 2003, and reported on, inter alia, sexual misconduct by officers against inmates, inmate physical abuse by officers, drug use and dealing by Sheriff's Department personnel, and

the Sheriff's Department's Code of Silence and policy of retaliation.  Id. ¶¶32-42.

Ms. Porter's complaint alleges causes of action under 42 U.S.C. § 1983 (a federal civil rights statute), and state statutory and common law causes of action for retaliation, breach of contract, wrongful termination, intentional infliction of emotional distress, defamation, and tortious interference with advantageous relations.  Id. ¶¶ 102-154.  Ms. Porter seeks compensatory and punitive damages, as well as injunctive and other equitable relief. Id. p. 35.

Defendants Cabral and the Sheriff's Department have moved to compel testimony from Ms. Porter regarding the specific information she provided to the FBI as a confidential informant from 1999 to June 10, 2003.  Docket No. 120, pp. 2-3.   The defendants claim that the specific information is highly relevant, unavailable from other sources and critical to the issue of the plaintiff's credibility.  Id. p. 6.

The United States Attorney's Office (USAO), on behalf of the Federal Bureau of Investigation (FBI), opposes defendants' Motion to Compel Testimony From the Plaintiff.  The FBI opposes the Motion to Compel on the grounds of informer's and investigative privilege.  The FBI also opposes on the grounds that the defendants have failed to demonstrate that the requested testimony is highly relevant or that such testimony plays a material part in the underlying cause of action against the defendants.  Finally, substantial information has already been provided to the defendants that substantiates Ms. Porter's past status as an FBI informant and adequately addresses the issues raised in defendants' Motion to Compel.  For these reasons the Court should deny the defendant's Motion to Compel Testimony From the Plaintiff.

**ARGUMENT**

**A.    Informer's and Investigative Privileges**

The informer's privilege is essentially the government's privilege to withhold from disclosure the identity of persons who furnish information of violations of the law to government law enforcement officials.  Roviaro v. United States, 335 U.S. 53, 59 (1957).  The underlying purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement and to preserve the effective flow of information and assistance to enforcement authorities.  Id., at 60; United States v. Real Estate Board of Metropolitan St. Louis, 59 F.R.D. 637, 640 (E.D. MO. 1973).  The privilege also covers those circumstances where the disclosure of information (which may identify a person or persons) would undermine the public interest in free, candid and uninhibited exchange of information or jeopardize the physical security of an individual or government institution.  Association for the reduction of Violence v. Hall, 734 F.2d 63, 66 (1st Cir. 1984).

Similarly, with respect to investigative privilege, "there is indeed a public interest in minimizing disclosure of documents [and testimony] that would tend to reveal law enforcement investigative techniques or sources."  Flynn v. Church of Scientology International, 116 F.R.D. 1, 5 (D. Ma. 1986) (quoting Black v. Sheraton Corp. of America, 564 F.2d 531, 545 (D.C. Cir. 1977, and finding ". . . the possibility of disclosure of confidential information and sources is enough in and of itself to satisfy [USAO's] burden of showing applicability of [law enforcement investigative privilege]."  Flynn, 116 F.R.D. at 5 (emphasis added)).  This law enforcement privilege, which is "rooted in common sense as well as common law," Black, 564 F.2d at 542, is based on the harm to law enforcement efforts that might arise from public disclosure of

investigative files.  See also Association for Reduction of Violence, 734 F.2d at 65-66.

        In evaluating the application of privilege the Court must balance the public interest in
protecting the flow of information and assistance to enforcement authorities against the moving
party's right to prepare his or her case.  Roviaro, 335 U.S. at 62; Association for Reduction of
Violence, 734 F.2d at 65-66; Real Estate Board of Metropolitan St. Louis, 59 F.R.D. at 63-64.
As explained in the remainder of this section and in sections B and C below, in the instant action
the public's interest in effective law enforcement outweighs the disclosure risks posed by
defendants' broad sweeping and non-essential demand for Ms. Porter's testimony about the
information she provided to the FBI from 1999 to 2003.  See generally Roviaro, 335 U.S. at 60-
61; Mitchell v. Roma, 256 F.2d 633, 635-636 (3rd Cir. 1959) (privilege exists unless court
determines that disclosure of informant identity is essential to assure a fair determination of
issues).

        The breadth of information defendants seek is very broad, involves the potential
disclosure of the identity of many other individuals, and is part of sensitive investigative efforts
covering several years.  Thus, defendant's assertion that the content of Ms. Porter's
communications with the FBI are not privileged, because she has revealed herself as an
informant, is incorrect.  Docket No. 120, pp. 5-6.  This is not a situation, as in Roviaro, where
the information sought plays a material role in the cause of action. See Roviaro, 335 U.S. at 55.
To the contrary, the information sought by defendants has little or nothing to do with the
underlying incident that gave rise to Ms. Porter's complaint.  See also sections B and C below.

        To require Ms. Porter to provide testimony regarding the specific information she
provided to the FBI from 1999 to 2003, would present a serious risk of disclosure of  the

identity, either through direct identification or implication, of other confidential sources or individuals, which in turn could jeopardize the physical security of those confidential sources or individuals. Association for the reduction of Violence, 734 F.2d at 66 (public interest in protecting the physical security of an individual or government institution).

The requested testimony would also risk the disclosure of investigatory information compiled for law enforcement purposes, and interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired. Flynn, 116 F.R.D. 1, 5 (D. Ma. 1986) ("the possibility of disclosure of confidential information and sources is enough in and of itself to satisfy [USAO's] burden of showing applicability of [law enforcement investigative privilege]." (emphasis added)); Association for the reduction of Violence v. Hall, 734 F.2d at 66 ( public interest in maintaining free, candid and uninhibited exchange of information); see also Docket No. 67, Exhibit 2 and the Affidavit of Supervisory Special Agent John T. Foley, which has been filed in under seal and in camera. Katar v. Doe, 1987 WL 1146, * 2 (D. Mass. 1987) (government may meet its burden of demonstrating why law enforcement interests outweigh plaintiff's right to discovery with in camera submissions).

Accordingly, the public's interest in effective law enforcement should outweigh the defendants' request for information which is non-essential to the fair determination of issues in the case. Gill v. Gulfstream Park Racing Association, Inc., 399 F3d 391, 402 (1st Cir. 2005) (with respect to evaluating evidentiary privileges, "In particular, considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced.").

**B.**    <u>**Relevance & Materiality**</u>

Ms. Porter claims that she was unlawfully terminated from the Sheriff's Department and CMS, and banned from the HOC for having cooperated with the FBI in the reporting of possible physical abuse of an inmate by HOC guards in mid-May of 2003.  Docket No. 1, Amended Complaint ¶¶ 56-65.  Defendants assert that Ms. Porter's termination was not in retaliation for providing information to the FBI.  Docket No. 56, Motion to Compel USAO p. 7.  Thus, the key issues in this action revolve around an event or series of events in May of 2003, and not on the particular substance of what Ms. Porter reported to the FBI as an informant from 1999 until the alleged actionable events occurred.

In this context the defendants have failed to demonstrate that the information sought is a material part of the cause of action, <u>see</u> <u>Roviaro</u>, 353 U.S. at 55, that it is highly relevant and helpful to their defense, <u>see</u> <u>Association for Reduction of Violence</u>, 734 F.2d at 66, or that it is essential to assure a fair determination of the issues,  <u>Mitchell</u>, 256 F.2d at 635-636.

Accordingly,  the public's interest in effective law enforcement should prevail in this matter and the defendants' Motion to Compel Plaintiff's Testimony should be denied. <u>Gulfstream Park Racing Association, Inc.</u>, 399 F3d at 402.

**C.**    <u>**Substantial Information Already Provided & Available From Other Sources**</u>

Defendants assert that the requested testimony is necessary in order to assess Ms. Porter's characterization of herself as a whistleblower and informant for the FBI, to evaluate her credibility, and to determine if she also reported the same information to the Sheriff's Department.  Docket No. 120, pp. 2, 6.  Defendants also claim that the information is unavailable from other sources.  <u>Id</u>.  Respondent submits that substantial and adequate information going

directly to these issues has already been provided to the defendants.

In addition to the information provided by Ms. Porter in discovery, the FBI has also provided extensive information regarding Ms. Porter's status in response to several <u>Touhy</u> requests made to the United States Attorney's Office. In summary, that information includes affidavits from FBI special Agents Christa Snyder and Maureen Robinson (1) confirming Ms. Porter's status as an informant concerning events at the HOC from 1999 until her dismissal from the HOC, (2) confirming that on or about May 20, 2003, that Ms. Porter provided information concerning events at the HOC, and (3) on or about May 29, 2003, Ms. Porter provided information to the FBI about having been questioned by Sheriff's Department investigators regarding her previously having provided information to the FBI. Docket No. 52, Exhibits D and E (Defendants' Motion to Compel Testimony and Documents From FBI); Docket No. 70 (USAO Supplemental <u>Touhy</u> Response). Special Agents Snyder and Robinson have also been authorized to provide trial testimony, if necessary, within the confines of their affidavits. <u>Id.</u> In addition to the affidavits of Special Agents Snyder and Robinson the FBI has also provided several non-privileged documents that substantiate and track Ms. Porter's status as an FBI informant from 1999 to 2003. Docket No. 70 (USAO Supplemental <u>Touhy</u> Response).

This information adequately covers the issue of Ms. Porter's status as an FBI informant as well as the series of events allegedly surrounding Ms. Porter's dismissal from the HOC which is the focus of the litigation between these private parties. Thus, the particular details of what Ms. Porter reported to the FBI in the past, for law enforcement purposes not related to Ms. Porter's cause of action, is not essential to the issues being litigated.

Further, Ms. Porter's testimony regarding what she reported to the FBI is not the only source of information regarding incidents and activities at the HOC.  To the extent that defendants seek to validate or confirm what and whether Ms. Porter reported incidents and activities to the Sheriff's Department, the Sheriff 's Department is best source for that information and available to the defendants.

## CONCLUSION

Based on the foregoing, defendants' Motion to Compel Testimony From the Plaintiff (Docket No. 120) should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

MICHAEL J. SULLIVAN
United States Attorney

By:     /s/ Anton P. Giedt 11/16/55
Anton P. Giedt
Assistant U.S. Attorneys
1 Courthouse Way
Boston, MA 02210
617-748-3309 (Voice)
617-748-3967 (Fax)
anton.giedt@usdoj.gov

### CERTIFICATE OF SERVICE

Suffolk, ss.                                    Boston, Massachusetts
                                                DATE: November 16, 2005

   I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon counsel of record through electronic filing.

/s/ Anton P. Giedt
Anton P. Giedt
Assistant U.S. Attorney