UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11935DPW

| | |
|---|---|
| SHEILA J. PORTER, | ) |
| Plaintiff, | ) |
| v. | ) |
| ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, SUFFOLK COUNTY, and CORRECTIONAL MEDICAL SERVICES, INC., | ) |
| Defendants. | ) |

**DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC.'S MOTION TO STRIKE DECLARATION OF SHEILA PORTER SUBMITTED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO CORRECTIONAL MEDICAL SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT**

The defendant, Correctional Medical Services, Inc. ("CMS"), hereby moves to strike the Declaration of Sheila Porter submitted by the plaintiff in support of her opposition to CMS' Motion for Summary Judgment. As grounds for this motion, CMS states as follows.

The plaintiff was deposed in this case for two full days on May 18, 2005 and May 26, 2005. The plaintiff testified under oath, and full opportunity to cross-examine the plaintiff and correct any inaccuracies or confusion was given to the plaintiff's counsel on both dates. No new evidence has surfaced with respect to the matters the plaintiff testified about since the first day of her deposition. Now, nearly six months later and only after the defendants have filed summary judgment motions, the plaintiff submits the Declaration of Sheila Porter in support of her

oppositions to the defendants' summary judgment motions. The Declaration of Sheila Porter is a wholly misleading document that directly contradicts the plaintiff's prior deposition testimony in a number of respects. Its submission by the plaintiff at this time cannot be construed as anything other than a thinly veiled attempt to create material issues of fact in order to prevent the allowance of summary judgment in the defendants' favor.

The First Circuit clearly proscribed this type of maneuvering when it held that "'when an interested witness has given clear answers to unambiguous questions, [s]he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory' without providing 'a satisfactory explanation of why the testimony is changed.'" *Colburn v. Parker Hannifin/Nichols Portland Division*, 2005 U.S. App. LEXIS 24847, *18 (1st Cir. November 18, 2005), citing *Colantuoni v. Alfred Calcagni & Sons Inc.*, 44 F. 3d 1, 4-5 (1st Cir. 1994). Noticeably absent from the Declaration of Sheila Porter, or the text of the plaintiff's opposition, is any kind of explanation or justification for her submission of the contradictory testimony. Plaintiff does not allege that her earlier deposition testimony was confusing or in error. In fact, the plaintiff fails to even acknowledge that her declaration actually contradicts her earlier deposition testimony in several relevant parts.

Many of the contradictory and misleading statements that the plaintiff makes in her declaration are cited by the plaintiff in support of her specious allegation that the SCSD and CMS were joint employers. In her response to CMS' Statement of Undisputed Facts, the plaintiff specifically cites to her Declaration ¶¶ 23-29 for the proposition that CMS was a joint employer of the plaintiff along with the SCSD. See Plaintiff's Response to CMS' Statement of

Undisputed Facts ¶ 5, attached hereto as Exhibit 1.  Absent is any reference to the plaintiff's deposition to support this spurious allegation of joint employment.[1]

Some especially egregious examples of the plaintiff's contradictory and misleading testimony follows.  In ¶ 24 of her Declaration, the plaintiff states that, "The SCSD *did* have input on the medical care that could be provided to an inmate."  See Declaration of Sheila Porter, attached hereto as Exhibit 2 (emphasis added).  She then goes on to provide two examples of this alleged "input," citing to two security-related limitations on the use of certain bandages and ointments.  At her deposition, when questioned regarding the issue of the SCSD's input into the inmates' medical care, however, the plaintiff unmistakably testified that the SCSD had no role in the day to day medical decisions made by the plaintiff.  See Deposition of Sheila Porter, Volume I, pp. 40-42, attached hereto as Exhibit 3.  Furthermore, the plaintiff never made any mention of the two examples of the SCSD's alleged input into the inmates' medical care that she now provides in her declaration.

In ¶ 26 of her Declaration, the plaintiff states that her "performance was informally monitored and evaluated by SCSD officials, such as Deputy Superintendant Mastrorilli and Superintendant Horgan."  See Declaration of Sheila Porter, attached hereto as Exhibit 2.  Yet, at her deposition the plaintiff was unambiguously asked, "[d]id any member of the Suffolk County Sheriff's Department participate in your evaluation."  The plaintiff's unequivocal response was, "No."  See Deposition of Sheila Porter, Volume I, p. 22, attached hereto as Exhibit 3.

---

[1] That CMS and the SCSD were *not* joint employers of the plaintiff is one of the main arguments that CMS makes in support of its argument that summary judgment should issue in favor of CMS on the plaintiff's § 1983 claim.  CMS bases this argument on a variety of evidence, including the plaintiff's earlier sworn deposition testimony.  In her opposition, the plaintiff first tries to circumvent CMS' argument by suggesting that whether CMS and the SCSD were "joint employers" is not the appropriate test for the purposes of § 1983.  Then the plaintiff argues that even if it was the appropriate test, CMS and the SCSD were joint employers of the plaintiff.  The plaintiff then fails to provide any support for this premise in her opposition to CMS' motion other than the declaration, which is relied on to dispute CMS' Statement of Undisputed Facts.  In her opposition to the Suffolk defendants' motion for summary judgment, the plaintiff argues that CMS and the SCSD were joint employers of the plaintiff.  In support of her argument, the plaintiff cites not to her own deposition testimony, but rather to the Declaration of Sheila Porter.

In ¶ 27 of her Declaration, the plaintiff states that her personnel file was maintained at the HOC.  See Declaration of Sheila Porter, attached hereto as Exhibit 2.  At her deposition, the plaintiff clearly stated that her personnel file was maintained by CMS in a file cabinet in CMS' administrative assistant's office.  See Deposition of Sheila Porter, Vol. I, p. 19, attached hereto as Exhibit 3.  For her to leave this critical information out of her Declaration and try to suggest that the SCSD was responsible for her personnel file precisely illustrates why the plaintiff's Declaration should be stricken from the summary judgment record.

In ¶ 28 of her Declaration, the plaintiff states that the SCSD conducted training programs for medical staff on issues besides security.  See Declaration of Sheila Porter, attached hereto as Exhibit 2.  Yet, in her deposition, the plaintiff clearly testified that the only training the SCSD provided her with was training in security-related issues, report-writing and possibly CPR.  See Deposition of Sheila Porter, Vol. I, pp. 31-32, attached hereto as Exhibit 3.  She further testified that the report-writing training specifically had to do with security–related concerns.  See Deposition of Sheila Porter, Vol. I, pp. 35, attached hereto as Exhibit 3.  Other than with respect to security-related concerns, she clearly testified that the SCSD did not provide her with any training regarding nursing protocols, the administration of chronic care and sick calls, the diagnosis of inmates' ailments, performing a physical examination, or triaging sick calls. See Deposition of Sheila Porter, Vol. I, pp. 31-35. attached hereto as Exhibit 3.  She never mentioned any training she received from the SCSD with regard to diseases such as tuberculosis and AIDS, or programs or seminars put on by the Department of Public Health, as she has now done in ¶ 28 of her declaration.

Both the contradictory nature of the declaration and the timing in which the plaintiff submitted her declaration reveals its true purpose – a last ditch attempt by the plaintiff  to create

4

a material factual dispute where none previously existed in order to survive summary judgment. It is exactly the type of "gamesmanship" shown by the plaintiff in this case that led the First Circuit to proscribe the consideration of these types of affidavits in ruling on a summary judgment motion. *Colantuoni v. Alfred Calcagni & Sons Inc.*, 44 F. 3d 1, 4-5 (1st Cir. 1994) (court found it especially significant that the contradictory affidavit in question was offered only *after* the defendants had filed motions for summary judgment).

WHEREFORE, CMS respectfully requests that this Court order that the Declaration of Sheila Porter in its entirety be stricken from the summary judgment record. If the Court is not inclined to strike the Declaration in its entirety, CMS respectfully requests that the Court, at a minimum, strike paragraphs ¶ 24, 26, 27 and 28 of the plaintiff's Declaration of Sheila Porter submitted as Exhibit 1 to her Opposition to CMS' Motion for Summary Judgment.

> The Defendant,
> CORRECTIONAL MEDICAL
> SERVICES, INC.,
> By its attorneys,
>
> ___/s/ Alexandra B. Harvey_____
> Alexandra B. Harvey, BBO # 548944
> Jennifer A. Norton, BBO# 658878
> ADLER, COHEN, HARVEY,
> WAKEMAN & GUEKGUEZIAN, LLP
> 75 Federal Street
> Boston, MA  02110
> (617) 423-6674