UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHEILA PORTER, )
    Plaintiff )
        v. )
       ) Civil Action No. 04-11935-DPW
ANDREA CABRAL, SUFFOLK )
COUNTY SHERIFF'S DEPARTMENT, )
SUFFOLK COUNTY, and )
CORRECTIONAL MEDICAL )
SERVICES, INC. )
    Defendants )

**MEMORANDUM IN SUPPORT OF DEFENDANTS' ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT AND SUFFOLK COUNTY'S MOTION TO STRIKE MATERIALS INCLUDED IN PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants hereby move this Honorable Court to strike from the summary judgment record certain materials included in Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

Evidence that is inadmissible at trial, including hearsay evidence, should not be considered by a Court on a motion for summary judgment. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990); Vazquez v. Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998); Fed.R.Civ.P. 56(e). In her opposition to Defendants' Motion for Summary Judgment, Plaintiff relies heavily upon inadmissible hearsay, most notably:

1. Declaration of Sheila J. Porter, dated November 14, 2005;

2. Excerpts from the Report of the Special Commission on the Suffolk County Sheriff's Department (Exhibit 30 to the Opposition);

3. Transcript of a news report from WCVB TV Channel 5 (Exhibit 44);

4. Correspondence from Assistant United States Attorney John McNeil to Walter Prince, Esq., dated September 28, 2005 (Exhibit 17);

1

5. Civil Complaint filed in <u>Feliz v. Suffolk County House of Correction</u>, No. 99-131745 , and an oral interview of the Plaintiff, Deyanira Feliz, in that civil action, No. 99-131745, Suffolk Superior Court (Exhibit 36);

6. Civil Complaint filed in <u>Davis v. Suffolk County, et al.</u>, No. 04-11851WGY and an Affidavit of the Plaintiff, Paul Davis, in that action (Exhibits 37-38);

7. Civil Complaint filed in <u>Michelman v. Suffolk County, et al.</u>, No. 05-11577RGS (Exhibit 39);

8. Excerpts from a deposition taken of Marie Lockhart in the civil action entitled <u>Jane Doe v. Sheriff Richard J. Rouse, et al.</u>, No. 01-10625 (Exhibit 40);

9. Excerpts from trial testimony of Richard Feeney in the civil action entitled <u>Bruce Baron v. Daniel Hickey, Suffolk County and Sheriff of Suffolk County</u>, No.01-10143PBS (Exhibit 35);

10. Memorandum prepared by FBI Special Agent Christa Snyder, dated June 2, 2003 (Exhibit 19); and

11. Post-hearing briefs filed on behalf of the Suffolk County Sheriff in labor arbitrations with AFSCME (Exhibits 31-33).

Defendant respectfully requests, therefore, that this Court strike these materials, as they are inadmissible at trial and should not therefore be considered on summary judgment.

**I.   The Plaintiff's Declaration Contradicts Her Sworn Deposition Testimony and Contains Conclusory Statements And Inadmissible Hearsay And Must Be Stricken From The Summary Judgment Record.**

The Plaintiff was deposed in this case for two full days on May 18, 2005 and May 25, 2005. The Plaintiff testified under oath and was represented by counsel who had full opportunity to correct or clarify any of her answers. On the eve of summary judgment, the Plaintiff has submitted a Declaration that directly contradicts her prior sworn testimony without acknowledging the contradictions much less providing any explanation for them. " 'When an interested witness has given clear answers to unambiguous questions, [s]he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory' without providing 'a satisfactory explanation of why the testimony is changed.'" <u>Colburn v. Parker</u>

2

Hannifin/Nichols Portland Division, 2005 U.S. App. LEXIS 24847, * 18 (1st. Cir. November 18, 2005), quoting Colantuoni v. Calcagni, 44 F. 3d 1, 4-5 (1st. Cir. 1994). Furthermore, the Declaration contains conclusory statements and inadmissible hearsay. See Sheinkopf v. Stone, 927 F.2d 1259, 1271 (1st.Cir. 1991)("It is apodictic that an affidavit…made upon information and belief…does not comply with Rule 56(e)."(citations and internal quotation marks omitted) Accordingly, it must be stricken in its entirety from the record.

  The Plaintiff's Declaration is replete with contradictory and misleading statements. See ¶¶ 6-8, 10-12, 16-17, 23-29 & 31-33 of the Declaration of Sheila J. Porter, attached as Exhibit 1 to her Opposition to Defendants' Motion for Summary Judgment. Specifically, ¶ 6 of her Declaration is directly contradicted by her deposition testimony in which she identified only one individual whom she claims knew of her "ongoing relationship with the FBI. See Deposition of Sheila J. Porter, pgs. 119-120 & 124-125, attached as Exhibit A. Paragraph 7 is objectionable because during her two days of deposition in which she was repeatedly asked to recount her conversation with Inmate Rosario, Porter never revealed that Inmate Rosario asked her to contact the FBI nor that he asked to be transferred out of the HOC. Similarly, ¶¶ 10 and 11 contain information that was never provided in response to clear and unambiguous questions during her two days of deposition. Specifically, despite being asked to recount the totality of her conversations with Gayle Bartley and Donna Jurdak on May 19, 2003, Porter never revealed that she advised Bartley to ask Rosario "about other issues going on related to his cooperation with law enforcement against corrections officers". Nor did she testify that she told Jurdak Rosario should not have been transferred back to the HOC because of his prior cooperation with the FBI. See Deposition of Sheila Porter pgs. 205-208 & 223-224, attached as Exhibit A. Finally, although she was asked why she did not report to SID directly, Porter never expressed the

3

concerns about the thoroughness of SID's investigation articulated in ¶ 12.  Moreover, her statement that she intended to write a report of her encounter with Rosario for SID to review is directly contradicted by her deposition testimony.  See Deposition of Sheila Porter, pgs. 214, 216-220 & 231 attached as Exhibit A.

The information contained in ¶¶ 23-26 and 28-29 of Porter's Declaration was not provided in response to clear and unambiguous questions during her deposition and it is directly contradicted by her deposition testimony.  Specifically, despite being questioned extensively concerning the input that the SCSD had on medical care at the HOC Porter never provided the information contained in ¶ 24.  See Deposition of Sheila Porter, pgs. 66-68 & 73-77, attached as Exhibit A. The statements contained in ¶ 25 regarding the extent to which the SCSD exercised control over Porter's work schedule is directly contradicted by her deposition testimony, particularly the statements concerning her involvement in the treatment of female inmates.  See Deposition of Sheila Porter, pgs. 61-64 & 71-73, attached as Exhibit A; Deposition of Gerard Horgan, pgs. 55-56, attached as Exhibit B.  ¶¶ 23 & 29 are objectionable because Porter does not articulate any facts demonstrating that the information contained therein is based upon personal knowledge.  Finally, despite specific and extensive questioning during her deposition on the topics referenced in ¶¶ 26 & 28, Porter did not provide the information set forth in those paragraphs.

Paragraph ¶ 31 should be stricken because it is directly contradicted by Porter's deposition testimony.  See Deposition of Sheila Porter, pgs. 385 & 422, attached as Exhibit A. Paragraphs 32 and 33 are objectionable because they contain conclusory statements without articulating any facts to support said statements or to demonstrate that the information in the paragraphs are based upon personal knowledge. Moreover, the statements in ¶ 32 concerning

Porter's allegations of retaliation are contradicted by documents provided by Porter during discovery and other evidence. See Defendants' Reply Brief and Exhibits G & H attached thereto, Dkt. No. 147.

The Plaintiff's Opposition is replete with citations to her Declaration in support of her claims. See Plaintiff's Opposition to Defendants' Motion for Summary Judgment pgs. 4-5, 11, 23, 31-32, 38-40, 45, 49 & 54. As demonstrated above, Porter's Declaration is in direct conflict with her prior sworn testimony, contains conclusory statements and is not based upon personal knowledge. Accordingly, Porter's Declaration should be stricken from the summary judgment record in its entirety. Colburn v. Parker Hannifin/Nichols Portland Division, 2005 U.S. App. LEXIS 24847, * 18 (1st. Cir. November 18, 2005); Colantuoni, 44 F. 3d at 4-5; *Sheinkopf v. Stone,* 927 F.2d 1259, 1271 (1st Cir.1991).

**II.     The *Report of the Special Commission on the Suffolk County Sheriff's Department* Contains Inadmissible Hearsay, And Should Therefore Be Stricken From The Summary Judgment Record.**

In the Fall of 2001, at the request of former Sheriff Richard J. Rouse, Governor Swift appointed the Special Commission ("Commission") to investigate and report on the operations and management of the Suffolk County Sheriff's Department ("Department'). The Report that was issued by the Commission in October 2002, encompasses evaluations, opinions and recommendations designed to facilitate efficient Department operations in the future. It is a blueprint for an ideal correctional facility. The Plaintiff relies on excerpts of the Report to oppose the Defendants' Motion for Summary Judgment. However, since the Report does not fall into a recognized hearsay exception, and is used for no other purpose than its truth, the Court should exclude it from the summary judgment record. Fed. R. Civ. P. 56(c).

**A.     Fed. R. Evid. 803 (8) (C) Does Not Apply.**

5

The Report in issue is not a public record as defined in Fed. R. Evid. 803 (8) (C).  Fed. R. Evid. 803 states in part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> (8) Records, reports, statements or data compilations, in any form, of public offices or agencies, setting forth …
>
> (C) in civil actions and proceedings and against the Government in criminal cases, factual finding resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

In this case, the Commission cannot be construed as "public offices" or "agency" as required for the exception. The members of the Commission were a group of individuals selected by Governor Swift for the sole purpose of evaluating the operation of the Department. Additionally, the Report was initiated at the request of the Sheriff and therefore was not conducted "pursuant to authority granted by law" in the traditional sense. Further, in order to be included in the exception, it must be determined that the report contains factual findings based on a factual investigation. Beech Aircraft Corp. v. Rainey, 488 U.S. 153 (1988).  The Executive Summary of the Report states in part: "The Commission hopes that its findings and recommendations will provide the Governor with information useful to her appointment decision and will assist the new Sheriff in taking steps necessary to transform the Jail and HOC in to model institutions."  The Report does not set forth factual findings, but rather a compilation of opinions, deductions, and conclusions based upon information gathered from a variety of unidentified sources.

Furthermore, the Report lacks the requisite trustworthiness for admissibility contemplated by Rule 803(8) (c).  The burden is on the party opposing the admittance to show that the report is untrustworthy.  *See*, Lubanski v. Coleco Industries, Inc. 929 F 2d 42 (1st Cir. 1991).  Factors to

6

be considered in determining trustworthiness include: 1) the timeliness of the investigation; 2) the investigator's skill or experience; 3) whether a hearing was held; and 4) possible bias when reports are prepared with a view to possible litigation. Beech Aircraft Corp. v. Rainey, 488 U.S. at 167 n. 11.  In relating the four factors to the facts and allegations of the instant case, it is clear the report is untrustworthy and therefore inadmissible.

First, the Commission was established in the fall of 2001 and issued its Report in October 2002.  Although the report refers to data from FY 2001 it does not specify a time frame of review.  It must also be noted that the Report concerns the operation and management of the Suffolk County Sheriff's Department prior to the administration of Sheriff Cabral and before the relevant time period of the allegations set forth in the Plaintiff's complaint.

Second, while the breadth of experience of the Commission members is commendable, they did not possess a particular expertise in preparing factual reports and recommendations on the operations of law enforcement agencies, and specifically correctional facilities. The report is a unique document in that regard. There was no prototype or formula to be followed in preparation of the report, in contrast to other government agency reports that would allow for admisibility. For example, factual Reports from the USDA- Reynolds v. Giuliani, 1999 WL 33027, (D. Mass); JAG report – Beech Aircraft Corp. v. Rainey, 488 U.S. 153 (1988); United States Coast Guard Report – Puerto Rico Ports Authority v. M/V Manhattan Prince, 897 F. 2d 1 1sr Cir. (1990); Report of the New Hampshire Liquor Commission - Brennan v. Horsefeathers Inc. 2002 WL 13495089 (D.N.H). The Commission's lack of expertise in producing a document of this nature is an additional reason that the Report lacks the indicia of trustworthiness contemplated by the Rule.

7

The third factor to be considered also weighs in favor of excluding the Report. The Commission did not hold hearings prior to issuing its Report. The inherent safeguards of a hearing, including the opportunity to question and cross-examine witnesses, contribute to the trustworthiness of a final fact finding report. Those safeguards were noticeably absent from the Commission's Report. Further, the Commission does not identify the individuals who offered information that formed the basis for the Commission's findings.

Finally, possible bias must be examined. The methodology of the investigation in this case demonstrates an obvious bias against the Sheriff and the Sheriff's Department. The Commission spoke to and relied on information provided by a variety of individuals, many of whom were predisposed to relay only negative information about the Sheriff personally, and the Department. These individuals included attorneys with litigation pending against the Department as well as inmates presently and/or formerly incarcerated.

This Court has addressed a similar issue concerning the admissibility of a Report pertaining to the Boston Police Department authored by the St. Clair Commission. (The St. Clair Report)  The St Clair Report was issued in the early 1990s under circumstances similar to the issuance of the Report by the Special Commission in October 2002. The St. Clair Commission was convened at the request of Boston Mayor Flynn, in response to public criticism and media coverage of the Boston Police Department's investigation into the murder of Carol Dimati Stewart by her husband Charles Stewart. The St. Clair Report chronicled what it determined to be deficiencies within the Boston Police Department. In subsequent civil rights lawsuits brought against the City of Boston and the Boston Police Department, the St. Clair Report was deemed inadmissible. *See* Britton v. Maloney, 901 F. Supp. 444, 452 (D. Mass. 1995).   In Alves v. Lemours, 794 F. Supp 34, (D. Mass 1992), the Court ordered all references to the St. Clair

8

Report stricken from the Complaint upon Motion from the Defendant. McGrath v. MacDonald, 853 F. Supp. 1, 2, n. 3 (D. Mass 1994) reads in part:

> "Regarding these broad conclusions, the district judge stated that, if used to prove "a City policy of inadequate police training… [the St. Clair Report,] in and of itself would provide a *prima facie* case against the [the City] in every case, no matter how frivolous…" Further, the district judge found the report "constitutes inadmissible hearsay" and "lacks the requisite objective guarantees of trustworthiness" for summary judgment purposes".

In Wetherill v. University of Chicago, 518 F. Supp 1387, (DN.D. Ill 1981), the Court addressed the admissibility of a report authored by an "ad hoc task force" commissioned by the Surgeon General to study the effects of diethylstilbestrol (DES). The task force was comprised of a group of doctors and experts employed with the Federal Government. A large group of consultants participated actively in preparing the final report. The Plaintiff sought admission of the task force's report. The Court declined to admit the report finding it was not the sort of neutral fact-finding investigation conducted by a government agency that is contemplated by Rule 803 (8) (C). Id at 1391. The Court was troubled by the presence of interested parties on the consulting staff and the lack of any representatives from the pharmaceutical industry. Id. at 1390 – 1391.

Here the Special Commission convened at the request of Sheriff Rouse did not include a member of the Suffolk County Sheriff's Department. The Commission relied on the opinions and information sought from parties with a potential predisposition against the Department and Sheriff Rouse. As in Wetherill, the Report produced by the Commission was not the type of neutral fact-finding report contemplated under the Rule and should be excluded. *See also*, Ariza v. City of New York, 139 F.3d 132 (2nd Cir. 1998)(Report entitled "Police Corruption and Culture: A Focus Group Methodology", that summarized discussions and made

recommendations regarding future department behavior, held not the type of factual investigatory report contemplated by the Rule 803 (8)(C ).)

    **B.   The Self-Critical Analysis Privilege Prohibits The Introduction Of The Report In The Summary Judgment Record.**

Fed. R. Evid. 501 provides that "[t]he privilege of a witness, person, government, state, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the Courts of the United States in light of reason and experience." One such privilege is the self-critical analysis privilege. The privilege has been accepted in the First Circuit. See, O'Connor v. Chrysler Corp. 86 F.R.D. 211 (D. Mass. 1980); Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995). Bredice v. Doctors Hospital, Inc, 50 F.R.D. 249 (D.D.C. 1970), aff'd 479 F. 2d 920 (D.D.Cir.1973) was the first federal case to recognize the common-law self- critical analysis privilege. *Paved with Good Intentions: The Use of Internal Evaluations of Law Enforcement Agencies in Civil Lawsuits*, 41 Fed. B. News & J. 364 (1994). While generally the privilege is asserted with regard to discovery matters, the underlying basis of the privilege is relevant here. The privilege is based upon the concern that disclosure of documents reflecting candid self-examination will deter or suppress socially useful investigations and evaluations. Id. There is a strong public policy in favor of encouraging law enforcement agencies to cooperate fully with investigative committees such as the Commission. Law enforcement agencies that seek to re-evaluate past practices or improve operations for the public good must be allowed to encourage frank and open discussion. Protection under the self-critical analysis privilege would assure that constructive assessments and unadulterated opinions would not be suppressed or tempered by concerns of civil liability exposure. Public policy considerations in excluding the Report outweigh any value to the Plaintiff's cause of action in this case.

**III.     The Script Of A News Report From WCVB TV Channel 5 Contains Inadmissible Hearsay, Which Must Be Stricken From the Summary Judgment Record.**

Exhibit 44 to Plaintiff's Opposition purports to be a script from a television news story concerning the circumstances surrounding the barring of the Plaintiff from the HOC that was aired on WCVB Channel 5 on August 25, 2004.  The script attributes certain statements to the Suffolk County Sheriff's Department without identifying who made those statements.  The script also purports to quote the Plaintiff and contains a narration by the WCVB reporter. The Plaintiff attempts to use these statements as evidence that the Sheriff defamed her. See Plaintiff's Opposition to Defendants' Motion for Summary Judgment at p. 51.  The script is inadmissible hearsay and should be stricken from the summary judgment record.  See Stearns v. Dion, 2005 WL 217037 at *11 (D. Me.)(citations omitted).

**IV.     The Letter From A.U.S.A. McNeil To Attorney Prince Contains Inadmissible Hearsay And Must Be Stricken From The Record.**

Exhibit 17 to the Plaintiff's Opposition is a letter from A.U.S.A. John McNeil notifying Walter Prince, Esq., that the grand jury investigation into the circumstances surrounding the barring of the Plaintiff from the HOC was closed.   The letter references A.U.S.A. McNeil's assessment of the testimony of unidentified individuals and the conclusions that he drew from that testimony. The Plaintiff relies on the inadmissible hearsay contained in the letter to establish that Sheriff Cabral retaliated against her and defamed her.  See Plaintiff's Opposition to Defendants' Motion for Summary Judgment pgs. 6, 13, 16, 51, 53-54. The Plaintiff's use of this inadmissible evidence to support her Opposition is particularly inappropriate given the fact that she is also in possession of Attorney Prince's comprehensive response to and refutation of the contents of McNeil's letter.  See Correspondence of Walter B. Prince, Esq. to A.U.S.A. McNeil,

dated October 7, 2005 attached as Exhibit D. Exhibit 17 is inadmissible hearsay and should be stricken from the record.

**V.     The Civil Complaints filed in Feliz v. Suffolk County House of Correction; Davis v. Suffolk County; and Michelman v. Suffolk County Contain Inadmissible Hearsay And Must Be Stricken From The Summary Judgment Record.**

Exhibits 36-37 & 39 are civil complaints filed by one current and two former employees of the Suffolk County Sheriff's Department. The Plaintiff relies on these exhibits in support of her claims against Suffolk County. See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, pgs. 27-29. These complaints contain unproven and unsubstantiated allegations in unrelated civil complaints. Many of the allegations contained in these unrelated complaints are conclusory statements or fail to articulate sufficient facts to demonstrate that they are based upon personal knowledge. See Fed. R. Civ. 56 (c) (e). Further, the Feliz complaint concerns allegations against the Department that predated Sheriff Cabral's administration and the relevant time period of the allegations contained in the Plaintiff's complaint[1]. Significantly, the Plaintiff fails to inform the Court that the Davis complaint[2] was dismissed on October 27, 2005 after the Defendant's Motion for Summary Judgment was granted. See, Davis v. Suffolk County et, al., No. 04-11851WGY. Accordingly these unrelated civil complaints are not competent evidence for purposes of summary judgment and should be stricken from the record.

**VI.    Excerpts Of Deposition Testimony From Marie Lockhart And Trial Testimony From Richard Feeney Are Inadmissible Hearsay And Should Be Stricken From The Record.**

The Plaintiff relies on Exhibits 35 and 40 in support of her claim against Suffolk County

---

[1] Similarly, portions of the oral interview of Deyanira Feliz, filed in support of her civil complaint and attached as part of Plaintiff's Exhibit 36 contain inadmissible hearsay which is completely irrelevant to the Plaintiff's allegations and should be stricken from the summary judgment record.

[2] Exhibit 38 is an affidavit of Plaintiff Paul Davis submitted in support of his unsuccessful opposition to the Defendant's Motion for Summary Judgment in Davis v. Suffolk County, et al., No. 04-11851WGY. In the affidavit Davis relies on "information and belief" and fails to articulate facts demonstrating that the information contained

based upon municipal liability. Exhibit 30 is an excerpt of trial testimony provided by former Superintendent Feeney in the civil action <u>Baron v. Hickey, Suffolk County Sheriff's Department and Sheriff of Suffolk County</u>, No. 01-10143PBS.  In that lawsuit the Plaintiff alleged that the Department, under Sheriff Richard Rouse, retaliated against him in 1997-1998.  Feeney's testimony that a "code of silence" which existed in 1998 and which he characterized as a "lack of reporting to protect each other" is completely irrelevant to the Plaintiff's claims in her lawsuit. Further, Feeney's statement is not an admission of a party opponent and is therefore not admissible under Fed. R. Evidence 801 (d)(2).  Feeney's statement regarding the "code of silence" was made under cross-examination concerning the specific allegations made by Baron against the Suffolk County Sheriff's Department under Sheriff Richard Rouse.  The testimony of former Superintendent Feeney who retired prior to the appointment of Sheriff Cabral and before the relevant time period of the allegations is not admissible against Suffolk County. Fed. R. Evidence 801 (d)(2).

Exhibit 40 is an excerpt from the deposition of Marie Lockhart taken in the civil action <u>Jane Doe v. Sheriff Richard Rouse, et al.</u>  That lawsuit concerned allegations made against the Suffolk County Sheriff's Department under Sheriff Richard Rouse.  Accordingly, for the reasons stated above, it is both irrelevant and inadmissible.[3]

### VII. The Memorandum Prepared By FBI Special Agent Christa Snyder, dated June 2, 2003 Contains Inadmissible Hearsay And Should Be Stricken From The Record.

Exhibit 19 to Plaintiff's Opposition is a Memorandum (redacted) prepared by FBI Special

---

therein is based in part on personal knowledge.  It is therefore not competent evidence for purposes of summary judgment and should be stricken from the record. See *Sheinkopf v. Stone,* 927 F.2d 1259, 1271 (1st Cir.1991)

[3] Notably, neither Feeney's nor Lockhart's testimony support the Plaintiff's characterization of a "code of silence" manifested by management-staff retaliation.  Plaintiff's Opposition to Defendants' Motion for Summary Judgment pg. 31.

Agent Christa Snyder that purports to memorialize two conversations with perhaps two unidentified individuals. Plaintiff proffers Agent Snyder's account of her conversation with an unidentified individual on or about May 23, 2003 as proof that SID knew that the Plaintiff had contacted the FBI and was intent on confirming that suspicion. See Plaintiff's Opposition, pgs. 9-10. The statements contained in Agent Synder's report are inadmissible hearsay offered by the Plaintiff for their truth and should be stricken from the record.[4]

### VIII. The Post-Hearing Briefs Filed On Behalf Of The Suffolk County Sheriff In Labor Arbitrations With AFSCME Are Inadmissible Hearsay And Should Be Stricken From the Record.

Exhibits 31-33 are excerpts from post-arbitral briefs filed by the General Counsel's Office of the Suffolk County Sheriff's Department in opposition to grievances filed by the Union in employee termination cases. The briefs contain arguments of counsel based upon evidence adduced at the hearings. They are inadmissible hearsay and should not be considered by the Court in ruling on summary judgment. Fed. R. Civ. Pro. 56 (c) (e).

### Conclusion

For all of the foregoing reasons, Defendants ask this Court to strike the aforementioned Exhibits from the Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

Respectfully Submitted,
For the Defendants
By their Attorney

/s/ Ellen M. Caulo
Ellen M. Caulo
B.B.O. # 545250
Deputy General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA  02114

Date:   December 2, 2005            (617) 961- 6681

---

[4] Significantly, attached as Exhibit 6 to the Plaintiff's Opposition is an Affidavit of Christa Snyder which does not attest to the specific information contained in Exhibit 19.