UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,<br>    Plaintiff<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK<br>COUNTY SHERIFF'S DEPARTMENT,<br>SUFFOLK COUNTY, and<br>CORRECTIONAL MEDICAL<br>SERVICES, INC.<br>    Defendants | Civil Action No. 04-11935-DPW |

### DEFENDANTS' MOTION TO BIFURCATE PURSUANT TO FED. R. CIV. P. 42 (b)

Pursuant to Fed. R. Civ. P.42 (b) the Defendants Suffolk County and Andrea Cabral hereby move this Court to order separate trials as follows:

1. A trial to determine the individual liability, if any, of Defendant Andrea Cabral; and

2. A trial if necessary, to determine the liability of Suffolk County.

As reasons therefore, Defendants state that bifurcation is appropriate to avoid prejudice or where a single issue could be dispositive of the entire case. Chapman v. Bernard's Inc. 167 F. Supp. 2d 406, 6417 (D. Mass. 2001). Here, both factors are present. The factual issues relating to Sheriff Cabral's personal liability are separate and distinct from the factual issues relative to any custom, practice or policy of Suffolk County. The claim against the County is predicated on the claim against Sheriff Cabral. If the Plaintiff is unable to prove an underlying constitutional violation, the claim against the County also fails.

1

Further, Sheriff Cabral would be unduly prejudiced if the evidence proposed to support a municipal liability claim against the County were to be presented to the jury in the case against her. The evidence identified by the plaintiff in support of the municipal liability claim includes allegation of sexual and physical abuse of inmates and peer-to-peer retaliation that occurred five years prior to Sheriff Cabral's appointment. Limiting jury instructions could not adequately cure the inherent prejudice to Sheriff Cabral, especially in light of the Plaintiff's request for punitive damages against her.

Furthermore, it is common in the First Circuit to have one jury hear the separate trials. If the jury exonerates Sheriff Cabral, then there is no need to go forward in a trial against the County. *See* City of Los Angeles v. Heller, 475 U.S. 796 (1986).

Defendants further rely on the attached memorandum of law in support of this motion.

                                Respectfully submitted
                                Andrea Cabral, Suffolk County Sheriff's
                                Department and Suffolk County,
                                By their attorney,

Date: December 30, 2005        /s/ Ellen M. Caulo
                                Ellen M. Caulo
                                BBO# 545250
                                Deputy General Counsel
                                Suffolk County Sheriff's Department
                                200 Nashua Street
                                Boston, MA 02114
                                (617) 961-6681

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Counsel for the Defendants hereby certifies pursuant to the requirements of Local Rule 7.1(A)(2), she has conferred with counsel for the Plaintiff in order to resolve and/or narrow the issues of the instant motion.

                                /s/ Ellen M. Caulo
                                Ellen M. Caulo
                                Deputy General Counsel