UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,<br>    Plaintiff<br><br>    v.<br><br>ANDREA CABRAL, SUFFOLK<br>COUNTY SHERIFF'S DEPARTMENT,<br>SUFFOLK COUNTY, and<br>CORRECTIONAL MEDICAL<br>SERVICES, INC.<br>    Defendants | )<br>)<br>)<br>)<br>)  Civil Action No. 04-11935-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO BIFURCATE PURSUANT
TO FED. R. CIV. P. 42 (b)**

## I. FACTS

Plaintiff alleges a violation of 42 U.S.C. §1983 by a violation of her First Amendment rights. She claims Sheriff Cabral barred her from the Suffolk County House of Correction in retaliation for exercising her free speech rights in communicating to the FBI. Plaintiff names Andrea Cabral, Suffolk County and the Suffolk County Sheriff's Department as defendants. Plaintiff asserts two theories of recovery for her constitutional claim; first against Sheriff Cabral in her individual capacity, and second against the County on a theory of municipal liability. It is undisputed that Sheriff Cabral was the final policy maker with regard to the decision to revoke the Plaintiff's security clearance and bar her from the Suffolk County House of Correction on June 10, 2003.

Based on Plaintiff's representations, she will seek to introduce evidence that purports to establish a longstanding institutional custom of retaliation against those who exercise certain

First Amendment rights in support of her municipal liability claim. In the joint pre-trial memorandum Plaintiff has identified exhibits and witnesses that she intends to produce at trial in support of her municipal liability claim against Suffolk County. Specifically, the Plaintiff has identified the following exhibits that she intends to introduce:

| | | |
|---|---|---|
| TT | Portions of the Stern Commission Report; |
| UU | Portions of three Sheriff's Department Arbitration Briefs; |
| VV | Portions of Richard Feeney's deposition testimony; |
| WW | Portions of Deyanira Feliz' verified complaint; |
| XX | Portions of Deyanira Feliz' oral interview; |
| YY | Portions of Marie Lockhart's deposition; |
| ZZ | Baron Verdict Form; |
| AAA | Baron Docket Sheet; and |
| BBB | Baron Complaint. |

All of the above refer to a custom or practice that may have existed in the Sheriff's Department prior to the administration of Sheriff Cabral.

The claims against Sheriff Cabral include a claim against her individually and claim against her in her official capacity.[1] Defendant Cabral assumed her duties as Suffolk County Sheriff on November 29, 2002. The Plaintiff was barred from the institution on June 10, 2003, just six months into Sheriff Cabral's tenure and several years after the events depicted in the aforementioned exhibits.

## II.    ARGUMENT

Defendants seek to bifurcate the trial to separate the causes of action against Defendant Cabral and Suffolk County. Claims against Defendant Cabral in her individual capacity are

---

[1] An official capacity suit is not a suit against the defendant personally, but against the entity of which the defendant is an agent. Kentucky v. Graham, 473 U. S. 159 (1985); Monell v. Dept. of Social Services of City of New York, 436 U.S. 658 (1978); Brandon v. Holt, 469 U.S. 464 (1985). In this case, by suing Cabral in her official capacity, the Plaintiff is in effect suing Suffolk County. "Official Capacity suits, in contrast to personal capacity suits, generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159 (1985); Monell v. Dept. of Social Services of City of New York, 436 U.S. 658 (1978).

separate and distinct from the claims against her in her official capacity and the municipal liability claim against the County.

Fed. R. Civ. P. 42(b) states in pertinent part:

> The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy may, order separate trial of any claim….or of any separate issue…or issues, always preserving inviolate the right to a trial by jury.

The allowance of a motion under Rule 42 (b) is a matter peculiarly within the discretion of the trial court. <u>Gonzalez-Martin v. Equitable Life Assur. Soc'y</u> 845 F.2d 1140, 1145 (1st Cir. 1988). The moving party has the burden to prove two separate trials are justified. <u>Chapman v. Bernard's Inc</u>. 167 F.Supp.2d 406, 417 (D. Mass. 2001) *citing* <u>Maldonado Cordero v. AT&T</u>, 190 F.R.D. 26, 29 (D.P.R. 1999). A separate trial may be appropriate to avoid prejudice or where a single issue could be dispositive of the entire case. <u>Chapman,</u> <u>Id</u>. *citing*, 9 Wright & Miller, Federal Practice and Procedure: *Civ.2d* §2388 (1995).

Both rationales for bifurcation are evident in this case. First, the single issue here – the constitutionality of the Sheriff's decision to revoke plaintiff's security clearance – could be dispositive of the case against the municipality. If Cabral's conduct/decision did not rise to the level of a constitutional tort, Plaintiff will be unable to recover on a municipal liability theory. Second, the presentation of evidence of a custom or practice that occurred five years prior to her assuming office would be unduly prejudicial to Sheriff Cabral.

In this instance, the Court should exercise discretion and bifurcate the trial before a single jury. Two trials (or two phases) would protect the parties and avoid the inherent prejudice to Sheriff Cabral if the municipal liability portion was presented to the jury contemporaneously with the claim against her in her individual capacity. The first phase would address the

underlying claim against Sheriff Cabral; the second phase to determine if the decision was made in the furtherance of an unconstitutional custom or practice. There would be no undue expense or delay with two consecutive trials.  Plaintiff's claims against Suffolk County are predicated on her claims against Sheriff Cabral. Consequently, a second phase would not be necessary if plaintiff is unable to establish an underlying constitutional tort.

In order to succeed, Plaintiff must first establish a violation of her First Amendment rights.  Her municipal liability claim is based on the decision of Sheriff Cabral to revoke her security clearance at the House of Correction. Thus, the facts and circumstances surrounding Sheriff Cabral's decision to bar her will include fact witnesses as well as evidence relative to that decision.  It would be unduly prejudicial to Sheriff Cabral if the jury were also exposed to allegations and evidence of misconduct within the Sheriff's Department that occurred five years prior to her assuming office.  Allegations of sexual and physical abuse of inmate and allegations of peer-to-peer retaliation that occurred during a prior administration would confuse the jury and are irrelevant to the claims against Defendant Cabral. Such evidence would be tremendously prejudicial to Cabral especially in light of the Plaintiff's request for punitive damages against her.

If the Plaintiff is unable to convince a jury that she suffered a constitutional tort, there is no need for an additional trial to address the issue of custom, practice or policy of Suffolk County.  City of Los Angeles v. Heller, 475 U.S. 796(1986). To establish municipal liability in a §1983 action, the Plaintiff must show that the Suffolk County Sheriff's Department was a moving force behind the deprivation of the Plaintiff's constitutional rights.  See also, City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203 (1989) ("'It is only when the execution of the government's policy or custom…inflicts the injury that the municipality may be

4

held liable under §1983.'" Quoting, City of Springfield, Mass. v. Kibbe, 480 U.S. 257, 267, 107 S. Ct. 1114, 1119 (1987)). It is insufficient to allege that the employees of the entity were the cause of the injury. The Plaintiff can only prevail in a §1983 claim against a municipality if she shows that the County knew about a risk to the Plaintiff and recklessly disregarded that risk. Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994). Testimony and documentary evidence regarding custom or policy of the Sheriff's Department can be presented if the case proceeds to that stage. Such evidence is irrelevant in an action against Sheriff Cabral personally. If Plaintiff is successful in convincing the jury that Sheriff Cabral violated her First Amendment rights, only then would the liability, or custom or policy of the Sheriff's Department, be in issue. To establish liability against Suffolk County, plaintiff must establish the Sheriff Cabral took the unconstitutional action complained of in accordance with a custom or policy of the County.

Different witnesses would be required to address the issues of custom or policy within the Department. Such testimony would be completely removed from the Plaintiff's claims against Defendant Cabral in her individual capacity. Given the hotly contested facts of the case, separate trials, with one jury would avoid undue delay and expense. Further, it would promote judicial economy since the second phase need not take place if the jury finds no constitutional tort.

Any minimal prejudice to the Plaintiff in organizing and presenting her case in a bifurcated manner is outweighed by the inherent and substantial prejudice Sheriff Cabral would suffer if all the alleged ills of the Sheriff's Department under a prior administration were presented to the jury against her. Limiting instruction to the jury would be insufficient to overcome the substantial prejudice inherent in presenting such evidence against Sheriff Cabral in her individual capacity.

### III.     CONCLUSION

For all the reasons indicated above, the Court should allow Defendants' Motion and order the trial scheduled for January 9, 2005 bifurcated. To prevent unfair prejudice to Defendant Cabral, the action against her should precede any action against the County.

                                          Respectfully submitted
                                          Andrea Cabral, Suffolk County Sheriff's
                                          Department and Suffolk County,
                                          By their attorney,

                                          <u>/s/ Ellen M. Caulo</u>
                                          Ellen M. Caulo
                                          BBO# 545250
                                          Deputy General Counsel
                                          Suffolk County Sheriff's Department
                                          200 Nashua Street
                                          Boston, MA 02114
                                          (617) 961-6681

Date:   December 30, 2005