UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA J. PORTER,
    *Plaintiff*

*v.*

ANDREA J. CABRAL; SUFFOLK
COUNTY SHERIFF'S DEPARTMENT;
and
SUFFOLK COUNTY,
    *Defendant*

DOCKET NO.
**04-11935-DPW**

**DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF GRAND JURY TRANSCRIPTS AND ANY
EVIDENCE OF GRAND JURY INVESTIGATION CONCERNING THE
CIRCUMSTANCES SURROUNDING THE BARRING OF PLAINTIFF**

    Now comes the Defendants, Andrea J. Cabral, Suffolk County and the Suffolk County Sheriff's Department and moves this Honorable Court *in limine* to preclude the Plaintiff, Sheila J. Porter, from introducing evidence of all transcripts and testimony from the grand jury, as well as any evidence of the grand jury investigation concerning the circumstances surrounding the barring of Plaintiff from the House of Corrections. In support thereof, the Defendant states as follows:

    Evidence surrounding the investigation by the grand jury into the barring of the Plaintiff, including several of the Plaintiff's proposed exhibits, such as, Sheriff Cabral letter to U.S. Attorney Sullivan (Ex. DD), U.S. Attorney Sullivan's letter to Sheriff Cabral (Ex. EE), Attorney Prince's letter to AUSA Huggard (Ex. KK), AUSA McNeil's letter to Attorney Prince (Ex. MM), Viktor Theiss' Immunity Order (Ex. GGG), and 18

1

U.S.C §1513 (Ex. HHH), are hearsay documents that are highly prejudicial to the defendants, particularly Sheriff Cabral, and of limited probative value to the Plaintiff.  In several of these documents, particularly AUSA McNeil's letter to Attorney Prince (Ex. MM), the author improperly characterizes evidence before the Grand Jury, improperly vouches for the credibility of witnesses who were not subject to cross examination, and improperly draws conclusions and opines.

To allow evidence of this kind would be improper and would subjugate the role of the trial jury.  In addition, this type of evidence is not relevant and does not have a tendency to make the existence of any fact in dispute more probable.  Evidence of this kind should be excluded pursuant to Rule 403 of the Federal Rules of Evidence because its probative value is substantially outweighed by the danger of unfair prejudice to Sheriff Cabral, and the other Suffolk defendants, and would mislead and confuse the jury. Fed.R.Evid. 403.  Rule 403 mandates that the use of otherwise relevant evidence must be limited if it has an undue tendency to suggest that the jury make a decision on an improper basis, such as emotion, or hearsay.  Stump v. Gates et al, 211 F.3d 527, 532 (2000).  This is exactly the danger of allowing evidence of transcripts and testimony from the grand jury, as well as any evidence of the grand jury investigation concerning the circumstances surrounding the barring of Plaintiff from the House of Corrections.  The probative value of this type of evidence is far outweighed by the substantial danger of unfair prejudice, confusion of the issues, and of misleading the jury. Id. at 534.

The minimal probative value of many of the above referenced letters specifically, is clearly outweighed by their prejudicial impact.  These letters, in no uncertain terms, question the credibility of both the Suffolk County Sheriff's Department, many of its

2

employees, as well as Sheriff Cabral herself.  *See* AUSA McNeil's letter to Attorney Prince (Ex. MM).  Further, AUSA McNeill called into question the motives of Sheriff Cabral and the Department, and draws highly improper conclusions that go directly to the issue in this case, i.e. "Indeed, we believe that your client or others in the top chain of command *likely ordered other employees of the Sheriff's Department to bar Miss Porter because she had disclosed information to the FBI*."  Id. at p. 3 (emphasis added).  Such language will surely prejudice the jury in a way that no cautionary or limiting instruction could prevent.  Kociemba v. G.D. Searle & Co., 683 F.Supp. 1582, 1583 (1988).  Exclusion under Rule 403 is the only way to ensue a fair trial based on the merits of the case.  Id. at 1583.

Further, many of the propose Plaintiff exhibits are replete with inadmissible hearsay.  Many of the conclusions and inferences drawn from these documents rely on inadmissible hearsay and therefore these documents are inadmissible.  These documents contain unproven and unsubstantiated allegations and conclusions gleaned from uncross-examined witness statements, and would be highly prejudicial to the defendants if allowed into evidence.

WHEREFORE, the Defendants move that this honorable Court EXLUDE from evidence:

a. Any evidence surrounding the investigation by the grand jury into the barring of the Plaintiff, including, but not limited to several of the Plaintiff's proposed exhibits, such as, Sheriff Cabral letter to U.S. Attorney Sullivan (Ex. DD), U.S. Attorney Sullivan's letter to Sheriff Cabral (Ex. EE), Attorney Prince's letter to AUSA Huggard (Ex. KK), AUSA McNeil's letter to Attorney Prince (Ex. MM), Viktor Theiss' Immunity Order (Ex. GGG), and 18 U.S.C §1513 (Ex. HHH)

                                      Respectfully Submitted,
                                      For the Defendants
                                      By their Attorney

                                      <u>/s/ Ellen M. Caulo</u>
                                      Ellen M. Caulo
                                      B.B.O. # 545250
                                      Deputy General Counsel
                                      Suffolk County Sheriff's Department
                                      200 Nashua Street
                                      Boston, MA  02114
Date:   December 30, 2005          (617) 961- 6681