UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA J. PORTER,
    *Plaintiff*

*v.*

ANDREA J. CABRAL; SUFFOLK
COUNTY SHERIFF'S DEPARTMENT;
and
SUFFOLK COUNTY,
    *Defendant*

DOCKET NO.
**04-11935-DPW**

### DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ANY CHANGES MADE TO SUFFOLK COUNTY SHERIFF'S DEPARTMENT POLICY NUMBER S220 AS A SUBSEQUENT REMEDIAL MEASURE

Now comes the Defendants, Andrea J. Cabral, Suffolk County and the Suffolk County Sheriff's Department and moves this Honorable Court *in limine* to preclude the Plaintiff, Sheila J. Porter from introducing evidence of any and all changes made on the part of the defendants, to Suffolk County Sheriff's Department Policy Numbered S220. In support thereof, the Defendant states as follows:

This evidence is barred as a subsequent remedial measure taken on behalf of the defendants, and is governed by Rule 407 of the Federal Rules of Evidence, which states as follows:

> *When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a*

> *warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment. Fed.R.Evid. 407*

None of the reasons for allowing evidence of any revisions to policy S220 contemplated by Rule 407 is present in this case. Plaintiff should be precluded from the introduction of, or any mention to the subsequent changes made to S220.

Under Rule 407 evidence concerning "subsequent remedial measures" is not admissible at trial. Rule 407 states, "When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event." Fed.R.Evid. 407. The twofold purpose of Rule 407 is made clear in the Advisory Committee Notes following the rule. The first objective of the rule is to avoid unfairly prejudicing the defendant. Raymond v. Raymond Corp., 938 F.2d 1518, 1523 (1991). Evidence of subsequent remedial measures distracts the jury from their relevant inquiry. Id. at 1523

The second goal of Rule 407 is to further the social policy of encouraging entities to improve products and policies. Id. at 1523. If subsequent improvements to a product or policy could be used as evidence that prior models or versions were defective, this would discourage manufacturers and entities from continuing to update and improve upon their current means of operation. Id. at 1523.

The Rule contemplates several situations where evidence of subsequent remedial measures shall be admitted, such as to proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment. Fed.R.Evid. 407. None of these exceptions to Rule 407 are present in this case.

The Courts have carved out an additional exception to Rule 407. "An exception to Rule 407 is recognized for evidence of remedial action mandated by superior governmental authority or undertaken by a third party because the policy goal of encouraging remediation would not necessarily be furthered by exclusion of such evidence." O'Dell et al v. Hercules Corp., 904 F2d 1194, 1204 (1990). This exception to rule 407 is also not applicable in this case. Any changes to Policy S220 were, in part, done subsequent to a collaborative review of said policy by members of the Suffolk County Sheriff's Office and the United States Attorneys Office. Many of the changes made to S220 are the voluntary product of negotiations between these two independent entities, in part, to resolve a parallel criminal matter.

To allow the Plaintiffs to use as evidence of wrong doing changes to Policy S220 would be improper.

WHEREFORE, the Defendants move that this honorable Court EXLUDE from evidence:

a. All changes made on the part of the Defendants to Suffolk County Sheriff's Department Policy Numbered S220.

Respectfully Submitted,
For the Defendants
By their Attorney

/s/ Ellen M. Caulo_____
Ellen M. Caulo
B.B.O. # 545250
Deputy General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
Date:    December 30, 2005    (617) 961- 6681