UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                             )
SHEILA PORTER,                      )
Plaintiff                                    )
                                             )
v.                                           )                    CIVIL ACTION NO: 04-11935DPW
                                             )
ANDREA CABRAL, SUFFOLK    )
COUNTY SHERIFF'S               )
DEPARTMENT                         )
_____)


## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DISCIPLINE IMPOSED UPON DEPARTMENT EMPLOYEES AND BARMENTS OF NONEMPLOYEES

Now come the Defendants Andrea Cabral, Suffolk County Sheriff's Department and Suffolk County and move this Honorable Court *in limine* to preclude the Plaintiff, Sheila Porter, from introducing evidence of discipline imposed by the Suffolk County Sheriff's Department on its union member employees and evidence of non-employees who have been barred from the institution prior to the current administration of Sheriff Cabral.  In support thereof, the Defendants state as follows:

The Defendants expect that the Plaintiff will offer evidence of discipline imposed on union employees for violations of Policy S220 in an effort to demonstrate that the reasons articulated by Sheriff Cabral in support of her decision to bar the Plaintiff were pretextual.  Specifically, proposed exhibit NN are disciplinary letters issued to department employees for violations of S220.[1]  Additionally, the Plaintiff is expected to offer evidence of other contract workers, vendors, and volunteers who were barred under prior administrations of the Suffolk County Sheriff's Department (Exhibits Y and Z) to

_____

[1] Proposed exhibit OO is a summary chart of the information contained in exhibit NN.

1

demonstrate that the Plaintiff's conduct did not warrant barment.  This evidence is not relevant to the issues presented in the instant litigation and should be excluded pursuant to Fed. R. Evid. 402.  It is well established that "[e]vidence which has no probative value with respect to any issue, including credibility, is not admissible and the trial judge has the function and duty to exclude such evidence from consideration by the jury".  U.S. v. Higgins, 362 F.2d 462 (7th. Cir. 1966).  Further, the evidence would unfairly prejudice the Defendants and mislead the jury and accordingly should be excluded pursuant to Fed. R. Evid. 403.

The Plaintiff was a contract worker employed by Correctional Medical Services, Inc. (CMS) and assigned to work at the HOC.  She was not a member of any union at the HOC nor was she covered by the terms of any collective bargaining agreement. It is inapposite to compare discipline imposed on union members for violations of S220 related to reporting with the barring of the Plaintiff because they are not similarly situated. Union members are entitled to the protections of the just cause provision in their respective collective bargaining agreements concerning the imposition of discipline.  In order to sustain discipline imposed on union members through the grievance and arbitration process, the Department must be able to persuade an Arbitrator that "just cause" existed for the discipline imposed.  An Arbitrator's assessment of "just cause" necessarily involves, inter alia, an evaluation of the alleged misconduct and proof thereof, the nexus between the misconduct and the employment, the reasonableness of the penalty imposed by the employer in relation to the employee's misconduct, the employee's years of service, and past disciplinary history in the context of the principles of progressive discipline.  These factors and the Department's ability to withstand a challenge to the

discipline imposed at arbitration, necessarily impact the level of discipline that the Department decides to impose on an employee for misconduct.

In this case, because the Plaintiff was a contract worker, Sheriff Cabral was not constrained by the dictates of just cause and the grievance and arbitration process in taking the action that she believed was appropriate in light of the Plaintiff's conduct. Further, the Sheriff's decision to bar the Plaintiff was based upon a constellation of reasons related to her failure to document her observations of an inmate's physical condition in his medical records and her corresponding failure to submit a report of that encounter as requested in a timely fashion. The decision to bar the Plaintiff was not confined to the fact that the written account she submitted concerning her encounter with Inmate Rosario was on Interdisciplinary Progress Notes as opposed to the Confidential Incident Report that was requested. Accordingly, any evidence of discipline imposed on union members for reporting violations has no probative value relative to the issue in this case: the reasons why Sheriff Cabral revoked the security clearance of the Plaintiff, a contract worker.

Furthermore, the evidence proffered by the Plaintiff encompasses disciplinary decisions dating back to 1999 made by previous Sheriffs in prior administrations. These decisions have no relevance to Sheriff Cabral's determination in this instance that the Plaintiff's conduct warranted barring. Sheriff Cabral does not know what was in the mind of a prior Sheriff when decisions regarding the level of discipline to impose in a particular case were made. Those decisions cannot be attributed to Sheriff Cabral and it is inappropriate to use them to evaluate her decision to bar the Plaintiff in this instance.

The disciplinary letters offered by Plaintiff have no probative value to the central issue in the instant case, and are thus inadmissible. See, Higgins, 362 F.2d 462 (7th. Cir. 1966).

Similarly, evidence of persons who were barred from the Suffolk County Sheriff's Department prior to the administration of Sheriff Cabral have no probative value to the issues presented in this litigation.  It is undisputed that Sheriff Cabral, as the final policy maker, made the decision to revoke the Plaintiff's security clearance and bar her from the HOC.  The Plaintiff's attempts to evaluate Sheriff Cabral decision to bar the Plaintiff in the context of other barring decisions made by other Sheriffs is unavailing.  Those decisions cannot be attributed to Sheriff Cabral and should not be admissible in the case at bar. See, Higgins, 362 F.2d at   .

WHEREFORE, the Defendants respectfully request that this Honorable Court exclude from evidence discipline imposed on union department employees for violations of S220, discipline imposed on department employees prior to the Cabral administration and barments imposed the Suffolk County Sheriff's Department prior to the Cabral administration.

Respectfully submitted
For the Defendants
By their attorney,


/s/ Ellen M. Caulo
Ellen M. Caulo
BBO #545250
Deputy General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02141
(617) 961-6681

December 30, 2005