UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,<br>Plaintiff<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK<br>COUNTY SHERIFF'S<br>DEPARTMENT | CIVIL ACTION NO: 04-11935DPW |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S RELATIONSHIP WITH THE FBI**

Now come the Defendants Andrea Cabral, Suffolk County Sheriff's Department and Suffolk County and move this Honorable Court *in limine* to preclude the Plaintiff, Sheila Porter, from introducing evidence of her prior relationship with the FBI. In support thereof the Defendants state as follows:

The Defendants expect that the Plaintiff will offer evidence that beginning in 1999 and at the request of the FBI, she began providing information to the FBI about events at the Suffolk County House of Correction. It is expected that the Plaintiff will offer evidence that she provided such information on a confidential basis and did so regularly from 1999 until her barment in 2003. It is the Defendants' position the Plaintiff's relationship with the FBI prior to the Cabral administration is irrelevant to the issues in the instant litigation and should therefore be excluded. See Fed. R. Evid. 402.

The core issue in this case is whether the Plaintiff's communication with the FBI in May 2003 regarding inmate Rosario was a substantial motivating factor in Sheriff

1

Cabral's decision to revoke her security clearance and bar her from the House of Correction.  The record does not support the Plaintiff's contention that prior to May 2003 Sheriff Cabral was aware that the Plaintiff was communicating with the FBI.  Certainly any evidence of the Plaintiff's communications with the FBI prior to Sheriff Cabral being appointed as Sheriff on November 29, 2002, and about which she was unaware, are not relevant and do not have a tendency to make the existence of any fact in dispute more probable.  The only communications that the Plaintiff had with the FBI that are relevant to the issues in this case are those that occurred in May 2003.

Further this evidence should be excluded pursuant to Rule 403 of the Federal Rules of Evidence because its probative value is substantially outweighed by the danger of unfair prejudice to Sheriff Cabral, and the other Suffolk defendants, and would mislead and confuse the jury.  Fed.R.Evid. 403.  Rule 403 mandates that the use of otherwise relevant evidence must be limited if it has an undue tendency to suggest that the jury make a decision on an improper basis, such as emotion, or hearsay. See <u>Stump v. Gates et al</u>, 211 F.3d 527, 532 (2000).  To allow the Plaintiff to testify regarding the number of times that she provided information to the FBI from 1999 to 2003 about events at the Suffolk County House of Correction would invite the jury to speculate about the conditions that existed at the Sheriff's Department sufficient to generate such communications. This is precisely the danger that the R. 403 balancing test is designed to prevent.  The probative value of this type of evidence is far outweighed by the substantial danger of unfair prejudice, confusion of the issues, and of misleading the jury.  <u>Id</u>. at 534.

Moreover, during discovery the Defendants were precluded from inquiring specifically of the Plaintiff regarding the particular information that she provided to the

FBI.  To now permit the Plaintiff to testify regarding her relationship with the FBI would unduly prejudice the Defendants.

WHEREFORE, the Defendants respectfully request that this Honorable Court exclude from evidence the Plaintiff's relationship with the FBI.

                                               Respectfully submitted
                                               For the Defendants
                                               By their attorney,

                                               <u>/s/ Ellen M. Caulo</u>
                                               Ellen M. Caulo
                                               BBO #545250
                                               Deputy General Counsel
                                               Suffolk County Sheriff's Department
                                               200 Nashua Street
                                               Boston, MA 02141
                                               (617) 961-6681

December 30, 2005