UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>             Plaintiff,<br><br>     v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and SUFFOLK COUNTY<br><br>             Defendants. | Civil Action No.04-11935-DPW |

## PLAINTIFF SHEILA PORTER'S PROPOSED JURY INSTRUCTIONS

### Special General Instructions

1.  <u>Grand Jury Testimony</u>:  Some testimony before you is in the form of grand jury testimony which has been received in evidence.  A grand jury is part of the criminal process, which hears testimony and decides if there is good cause to proceed with criminal charges against an individual.  A prosecutor asks questions to a witness under oath before a court stenographer and a grand jury.  You may consider the testimony of a witness given before a grand jury accourding to the same standards you would use to evaluate the testimony of a witness given at trial.

### Substantive Elements

**I.     <u>Federal Civil Rights - § 1983</u>  (Count One –Defendants Suffolk County, Suffolk County Sheriff's Department, and Cabral)**

This case involves a federal civil rights law, U.S.C. § 1983, which provides a remedy for individuals who have been deprived of constitutional rights by a person or entity acting under color of

state law.

This federal civil rights statute states in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .[1]

To establish a claim under federal civil rights law, a plaintiff must establish, by a preponderance of the evidence, each of the following elements:

1. That the defendants were acting under color of law;

2. That the defendants' conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

3. That the defendants' conduct was a proximate cause for the injuries and damages sustained by the plaintiff.[2]

I shall now examine each of these elements in greater detail.

The first element of the plaintiff's claim is that the defendants acted under color of state law. Whether the Suffolk County Sheriff's Department ("SCSD"), Suffolk County, and/or Sheriff Cabral committed the acts or omissions alleged by plaintiff is a question of fact for you, the jury, to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that Sheriff Cabral did commit those acts or omissions, I instruct you that, since Sheriff Cabral was an official of the state of Massachusetts at the time of the acts in question, she was acting under color of state law. In other words, the first statutory requirement is satisfied as to Sheriff Cabral. Similarly, assuming solely for purposes of this instruction that the County and/or SCSD committed the alleged acts or omissions, I instruct you that the County and/or SCSD were acting under color of state law. Thus, the first

---

[1] *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002).
[2] *Parratt v. Taylor*, 451 U.S. 527 (1981).

statutory requirement is satisfied as to the County and SCSD as well.[3]

The second element of the plaintiff's federal civil rights claim is that defendants' conduct deprived her of a federal right. Plaintiff claims in this case that she was deprived of her First Amendment right to free speech. In order to prove her First Amendment claim, plaintiff must establish two elements:

1. Her acts or speech was protected by the free speech clause of the First Amendment; and,

2. Those acts or that speech were a substantial or motivating factor in her being barred from the House of Corrections.[4]

With respect to the first element of plaintiff's free speech claim, the United States Supreme Court has established that no governmental entity may infringe on an individual's First Amendment right to speak out on matters of public concern. I have ruled that plaintiff's reporting of possible inmate abuse to the FBI was a matter of public concern, and, therefore, is protected speech. I am instructing you that this element is satisfied.

The second element of plaintiff's free speech claim is that the protected speech was a substantial or motivating factor in the decision to bar plaintiff. Plaintiff's protected speech was a substantial or motivating factor in her barring if it played a substantial motivating role in the decision to bar plaintiff.

If the plaintiff proves that she was retaliated against solely because of her exercise of her free speech rights, you must find that her protected speech was a substantial or motivating factor in the decision to bar her.

---

[3] *Parratt*, 451 U.S. at 534.
[4] *Connick v. Meyers*, 461 U.S. 138, 147-48 (1983); *Mt. Healthy City Sch. Dist. Bd. of Edu. v. Doyle*, 429 U.S. 274, 287 (1977).

LIBA/1658750.1

On the other hand, you may find that the defendants barred plaintiff for several different reasons. If so, then you must determine whether plaintiff's speaking to the FBI was one of those reasons, and if so whether or not it was a substantial reason for the decision to bar plaintiff.[5]

If you find that the plaintiff's protected speech was a substantial or motivating factor in the defendants' decision to take action against the plaintiff, defendants have an opportunity to defend their actions by showing by a preponderance of the evidence, that they would have reached the same decision to take action against the plaintiff even in the absence of the plaintiff's protected speech. In other words, the defendants must show by a preponderance of the evidence that they would have reached the same decision without considering the plaintiff's protected speech. If the defendants show by a preponderance of the evidence that they would have reached the same decision without considering the plaintiff's protected speech, then you must find in favor of the defendants.

It is important for you to realize that the defendants have not presented an adequate defense if they show merely that they had other, valid reasons for taking action against the plaintiff. It is a defense only if the defendants would have acted on those other reasons in the absence of the plaintiff's protected speech. Therefore, if the defendants offer other, valid reasons for taking action against the plaintiff, the defendants must further show that they would have acted on those reasons. Otherwise, they have not presented an adequate defense. In deciding whether defendants would have acted on those reasons, you may consider, among other things, whether defendants have applied the purported reasons for barring plaintiff to other individuals.[6]

The third element of plaintiff's federal civil rights claim is causation. If you decide that plaintiff's First Amendment rights were violated, you must next decide whether any of the defendants—Sheriff Cabral, the County, and/or SCSD —are liable for those violations. I will

---

[5] *Parratt*, 451 U.S. at 534.
[6] *Mt. Healthy School Dist.*, 429 U.S. at 274.

address Sheriff Cabral first.

Sheriff Cabral is not liable for any retaliation against plaintiff merely because Sheriff Cabral is the supervisor of the department and someone in the department retaliated against plaintiff. Rather, there are two circumstances under which you may find that Sheriff Cabral is responsible for any retaliation.

First, Sheriff Cabral is responsible for any retaliation if she personally participated in any retaliation.[7] Personal involvement does not mean only that Sheriff Cabral directly, with her own hands, deprived plaintiff of her rights. The law recognizes that a supervisor can act through others, setting in motion a series of acts by subordinates that the supervisor knows, or reasonably should know, would cause the subordinates to inflict the constitutional injury. Thus, plaintiff meets her burden of proof as to the personal involvement of the supervisor in the subordinate's conduct if she proves by a preponderance of the evidence that the deprivation of her rights took place at the supervisor's direction, or with the supervisor's knowledge, acquiescence or consent. The supervisor may give her consent expressly or her consent may be implied because of her knowledge of or acquiescence in the subordinate's retaliation.

Second, even if Sheriff Cabral did not personally retaliate against plaintiff, she is liable for any retaliation by her subordinates if you find that Sheriff Cabral was deliberately indifferent to the any retaliation by subordinate officers.[8] In order to show deliberate indifference, plaintiff must show by a perponderance of the evidence that:

1. There was a grave risk of harm, that is, a grave risk of a violation of plaintiff's constitutional rights;

---

[7] *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581-82 (1st Cir. 1994); *Diaz v. Martinez*, 112 F.3d 1, 4 (1st Cir. 1997).

[8] *Diaz*, 112 F.3d at 4; *Camilo-Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir. 1999); *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 48-49 (1st Cir. 1999); *Rogan v. Menino*, 175 F.3d 75, 78 (1st Cir. 1999).

      2.      Sheriff Cabral knew or should have know of that risk; and

      3.      Sheriff Cabral failed to take available measures to address the risk.[9]

Even if Sheriff Cabral did not actually know that Mrs. Porter's constitutional rights were being violated, you may consider the actual knowledge of her subordinates in deciding whether Sheriff Cabral should have known of the constitutional deprivation.[10]

Turning to the County and SCSD, in order for you to find that the County and/or SCSD are liable to the plaintiff, you must find by a preponderance of the evidence that the County and/or SCSD had a policy, custom, or practice that is responsible for the retaliation, or the County and/or SCSD were deliberately indifferent to the retaliation of its employees.

First, the County and/or SCSD may be held liable if there was a policy that was responsible for the retaliation against plaintiff, if any. A policy is a formal written pronouncement of the County and/or SCSD. There is no requirement that the action was taken pursuant to a long-standing or regularly applied policy of the County and/or SCSD. A government frequently chooses a course of action tailored to a particular situation. Even if you determine that the particular policy was established for a single occasion, you still may find that it represented an official policy of the County and/or SCSD, provided that a deliberate choice to follow a course of action was made from among various alternatives by the official or officals responsible for establishing final policy with respect to the subject matter in question. I instruct you that Policy S220 is a policy of the County and/or SCSD. However, it is up to you, as the fact-finder, to decide whether or not Policy S220 was unconstitutional either as written or as applied to plaintiff, and whether or not it caused plaintiff's barring.

A second way the County and SCSD may be held liable for any retaliation against

---

[9] *Camilo-Robles v. Hoyos*, 151 F.3d 1, 7 (1st Cir. 1998).
[10] *Baron v. Suffolk Co. Sheriff's Dept.*, 402 F.3d 225, 240-42 (1st Cir. 2005).

plaintiff is if there was a custom or practice that was responsible for the retaliation. The question whether a custom or practice exists is a question of fact for you to determine. In order to find that the County and/or SCSD is liable based upon the existence of a custom or practice, you must find by a preponderance of the evidence that:

1. The custom or practice of the County and/or SCSD employees was so well settled and widespread that the policymaking officials of the County and/or SCSD either knew or should have known of it but did nothing to end the practice and thereby implicitly authorized, aproved of, or acquiesced to the practice; and

2. The custom or practice must have been the cause of and the moving force behind the deprivation of the plaintiff's civil rights.[11]

A custom or practice need not be formally adopted or announced by the County and/or SCSD.

The third way that the County and/or SCSD may be liable for any retaliation against the plaintiff is if the policy-maker with final decision-making authority under state law was deliberately indifferent to the fact that plaintiff was being retaliated against. I instruct you that Sheriff Cabral had final decision-making authority under state law. As I instructed you earlier, in order to show deliberate indifference, plaintiff must show by a perponderance of the evidence that:

1. There was a grave risk of harm, that is, a grave risk of a violation of plaintiff's constitutional rights;

2. Sheriff Cabral knew or should have know of that risk; and

3. Sheriff Cabral failed to take easily available measures to address the risk.[12]

Where a final policy-maker adopts the recommendation of a subordinate to bar an employee, and

---

[11] *Monell v. City of New York Social Services*, 436 U.S. 658 (1978).
[12] *Camilo-Robles v. Hoyos*, 151 F.3d 1, 7 (1st Cir. 1998).

the subordinate makes the recommendation with a retaliatory motive, the County and/or SCSD is liable for the retaliation, even if the policy-maker does not have a retaliatory motive, if the policy-maker is deliberately indifferent to the retaliatory motive of the subordinate.[13]

If you determine that the County and/or SCSD had a policy, custom, or practice, or was deliberately indifferent, or that Sheriff Cabral was personally involved in any barring or deliberately indifferent, you next must decide whether that policy, custom, practice, personal involvement or or deliberate indifference was the proximate cause the retaliation, if any, before you may find against the County, SCSD, or Sheriff Cabral. Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendants and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' act or omission.

If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such acts or omissions. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause of the injury.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants. If you find that the injury would have occurred even in the absense of the defendant's conduct, you must find that that defendant did not proximately cause plaintiff's injury.

Now I will turn to the issue of damages. You should not infer that plaintiff is entitled to

---

[13] *San Filippo v. Bongiovanni*, 30 F.3d 424, 446 (3d Cir. 1994); *Ware v. Unified School District*, 902 F.2d 815, 820 (10th Cir. 1990).

8

recover damages merely because I am instructing you on the element of damages. You should only reach the issue of damages if you find that either one, two, or all of the defendants are liable for a federal civil rights violation.

If you return a verdict for plaintiff, you must award her compensatory damages. Compensatory damages are the sum of money that you believe will fairly and justly compensate plaintiff for any injury you believe she actually sustained as a direct consequence of the defendants' conduct. You shall award damages against a particular defendant only for those injuries which you find that that defendant proximately caused.

For the federal civil rights claim, both economic damages and damages for emotional pain and suffering are available.

You shall award actual damages only for those injuries which you find that plaintiff has proved by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of federal civil rights law. You should not engage in speculation or conjecture. Your award of damages, if any, must be based on the evidence presented at trial, and only on that evidence.[14]

I also want to flag for you that plaintiff brings her federal civil rights claim against three defendants—Sheriff Cabral, the County, and SCSD. To award damages against a particular defendant, you must find that the particular defendant's conduct proximately caused the injury to plaintiff. Once again, that means that the defendant's action was a substantial factor in causing plaintiff's injury. You may find that Sheriff Cabral, the County, SCSD, some of the defendants, all of the defendants, or none of the defendants injured plaintiff. If you find that more than one

---

[14] *Memphis Community School Dist. v. Stachura*, 477 U.S. 299 (1986); *Smith v. Wade*, 461 U.S. 30 (1983); *Carey v. Piphus*, 435 U.S. 247 (1978).

defendant is liable, you must separate out what damages the County and/or SCSD is liable for and what damages Sheriff Cabral is liable for. In some areas that may be overlaping. For example, if you find that both were liable, some of the emotional distress may be overlapping, but plaintiff is only entitled to recover once. So I want you to find a total amount of damages that will compensate plaintiff for her injuries. But because the County, SCSD, and/or Sheriff Cabral might be jointly and severally liable for the overlapping amount, you have to parse it into separate amounts for each the defendants.

If you determine that compensatory damages should be awarded to plaintiff, you also must decide whether to award interest. You may award pre-judgment interest on the sum which you decide is an appropriate compensatory damage award from the time this lawsuit was begun to the present. Whether you award interest or not should depend upon whether you conclude that interest is necessary to compensate plaintiff fully for any injury suffered, bearing in mind that plaintiff has not had the use of the damages you award during the time this lawsuit has been pending. If you do award interest, the actual sum will be computed by the clerk at the rate provided by law.

If you find that plaintiff's federal civil rights were violated, but she did not suffer any damages, you must award dammages in some nominal or token amount, not to exceed a dollar. Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a federal civil rights violation has occurred is an injury to the plaintiff, and plaintiff is entitled to enjoy that right, even if no actual damages flow from the deprivation.[15]

If plaintiff is entitled to actual or compensatory damages, then you also may make her a

separate and additional award of exemplary or punitive damages against Sheriff Cabral. You may not award punitive damages against the County or SCSD. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like her from committing such conduct in the future.

You may award the plaintiff punitive damages against Sheriff Cabral if you find that the Sheriff Cabral's conduct or omissions were done maliciously, wantonly or oppressively. Sheriff Cabral acted or failed to act maliciously if her conduct or inaction was prompted or accompanied by ill will, spite, or grudge, either toward the plaintiff individually, or toward all persons in one or more groups of which the plaintiff is a member. Sheriff Cabral acted or failed to act wantonly if she acted or failed to act in a reckless manner, or with callous disregard of, or indifference to, the rights of plaintiff. Sheriff Cabral acted or failed to act oppressively if her conduct or inaction was done in a way or manner that injured or damaged the plaintiff or otherwise violated the plaintiff's rights with unnecessary harshness or severity, for example, by misuse or abuse of authority or power, or by taking advantage of some weakness or disability of the plaintiff.[16]

The plaintiff has the burden of proving, by a preponderance of the evidence, that Sheriff Cabral acted maliciously, wantonly, or oppressively with respect to her rights.

An intent to injure exists when a defendant has a conscious desire to violate federal rights of which she is aware, or when a defendant has a conscious desire to injure plaintiff in a manner she knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that defendant had a

---

[15] *Carey v. Piphus*, 435 U.S. 247 (1978).
[16] *Smith v. Wade*, 461 U.S. 30 (1983); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553 (1st Cir. 1989).

LIBA/1658750.1

conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that Sheriff Cabral acted with malicious intent to violate the plaintiff's federal rights or unlawfully injured her or if you find that Sheriff Cabral acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary. That is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter her and others like her from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether Sheriff Cabral may be adequately punished by an award of actual damages only, or whether her conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent Sheriff Cabral from again performing any wrongful acts she may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those Sheriff Cabral may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which Sheriff Cabral should be punished for her wrongful conduct, and the degree to which an award of one sum or another will deter Sheriff Cabral or persons like her from committing wrongful acts in the future.

## II.     Tortious Interference with Advantageous Relationship (Count Eleven - Defendant Cabral)

The plaintiff claims in this case that she had an advantageous relationship with SCSD, and that the defendant Sheriff Cabral improperly interfered with plaintiff's performance under this relationship.

In order to prevail on this claim, the plaintiff must prove by a preponderance of the evidence that:

1. The plaintiff had an advantageous relationship with SCSD. Plainitff does not need to prove that she had an existing employment relationship in order to recover;

2. Defendant Cabral knew about the advantageous relationship and intentionally interfered with the advantageous relationship;

3. Defendant Cabral's interference, in addition to being intentional, was improper in motive or means. A plainitff need only offer evidence of either improper motive or improper means, not both. A desire to retaliate against the plaintiff is an improper motive; and

4. The plaintiff was harmed by Defendant Cabral's action.[17]

Now I will turn to the issue of damages. You should not infer that plaintiff is entitled to recover damages merely because I am instructing you on the element of damages. You should only reach the issue of damages if you find that one of the defendants is liable on one of the above counts.

If you return a verdict for plaintiff, you must award her compensatory damages.

---

[17] *King v. Driscoll*, 418 Mass. 576 (1994); *Draghetti v. Chmielewski*, 416 Mass. 808 (1994); *Owen v. Williams*, 322 Mass. 356 (1948).

13

Compensatory damages are the sum of money that you believe will fairly and justly compensate plaintiff for any injury you believe she actually sustained as a direct consequence of the defendant's conduct. You shall only award damages against defendant Cabral for those injuries which you find that that she proximately caused. You should not engage in speculation or conjecture.

Only economic damages are available for the intentional interference claim. That means the economic harm proximately caused by Sheriff Cabral.

### III. Defamation  (Count Nine - Defendant Cabral)

The plaintiff has a claim against the defendant Sheriff Cabral charging her with libel and/or slander, which is a type of defamation. Libel refers to written words that are defamatory, while slander refers to spoken words that are defamatory.[18]

In order to prevail on her claim for defamation, the plaintiff must prove to you by a preponderance of the evidence each of the following elements:

1. Defendant Cabral published a statement;

2. The statement was false and defamatory;

3. The statement was of and concerning the plaintiff;

4. The defendant:

    (a) Knew that the statement was false and that it defamed the plaintiff; or

    (b) Acted in reckless disregard of these matters; or

    (c) Acted negligently in failing to ascertain whether the statement was true, false or defamatory before publishing it; and

5   The plaintiff suffered actual injury or harm as a result of the publication in question.[19]

In order to find that the statements were published, you must find that they were communicated to someone other than the plaintiff. There is no requirement that the statements be communicated to a large number of people.[20]

A statement is defamatory if it tends to hold the plaintiff up to scorn, hatred, ridicule, or contempt, in the mind of any considerable and respectable segment of the community. In making this determination the statement must be interpreted in light of the circumstances in which it was made

---

[18] *Draghetti v. Chmielewski*, 416 Mass. 808 (1994).
[19] *Shaari v. Harvard Student Agencies. Inc*, 427 Mass. 129 (1998).

15

and the natural sense meaning that the statement generally conveys.[21]

The plaintiff must show that the defendant's statements were of and concerning her. The plaintiff need not be referred to by name in the statement in order to prove that the statements were about her. She may show that the statement was of and concerning her by proving either:

1. That the defendant intended her words to refer to the plaintiff and that they were so understood; or

2. That the defendant's words could reasonably be interpreted to refer to the plaintiff, and the defendant was at least negligent in publishing the words in a way which reasonably could have been interpreted to refer to the plaintiff.[22]

The fourth element requires the plaintiff to prove by a preponderance of the evidence that the defamatory statement was published as a result of the defendant's failure to exercise the degree of care in ascertaining whether the information was true, false, or defamatory that would be exercised by a reasonably prudent person in the same or similar circumstances. Under this standard, the defendant is required to act reasonably in checking on the truth or falsity of the defamatory character of the statement before publishing it.

A supervisor is responsible for the defamatory actions of a subordinate if the defamatory statements were made within the scope of the employee's employment. This inquiry turns on three factors: whether the conduct (1) is of the kind the employee is employed to perform; (2) occurs substantially within the authorized time and space limits; and (3) is motivated, at least in part, by a purpose to serve the employer.[23]

Now I will turn to the issue of damages. You should not infer that plaintiff is entitled to

---

[20] *Shafir v. Steele*, 431 Mass. 365 (2000).
[21] *Stone v. Essex County Newspapers, Inc.*, 367 Mass. 849 (1975).
[22] *Eyal v. Helen Broadcasting Corp.*, 411 Mass. 426 (1991).
[23] *Beriont v. GTE Labs., Inc.*, 60 Mass. App. Ct. 1108, *3, n. 3 (2003); *Ellis v. Safety Ins. Co.*, 41 Mass. App. Ct.

recover damages merely because I am instructing you on the element of damages. You should only reach the issue of damages if you find that defendant Cabral is liable on this count.

If you find that the plaintiff has proven each of the elements that I have given you, then you must award compensatory damages. The purpose of compensatory damages is to afford the equivalent in money for the actual loss or harm caused by the wrong of another. Thus, in order to obtain damages, the plaintiff must have proven to you by a preponderance of the evidence that she suffered actual injury as a result of the defendant's defamatory publication. Actual injury includes not only out-of-pocket loss, but also impairment to the plaintiff's reputation and standing in the community, personal humiliation, shame and disgrace, and mental suffering.

On this county, you may not award damages to the plaintiff to punish the defendant. You must consider what amount of money would be full, fair and reasonable based on all the evidence. The amount of damages should be based on just and reasonable inferences, even though there may be an element of uncertainty in your determination.[24]

Respectfully submitted,

SHEILA PORTER

By her attorneys,

*/s/ Joseph F. Savage, Jr.*
Joseph F. Savage Jr. (BBO # 443030)
David S. Schumacher (BBO # 647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

Dated: December 30, 2005

---

630, 635 n. 6 (1996); *Wang Labs., Inc. v. Business Incentives, Inc.*, 398 Mass. 854, 859 (1986).
[24] *Shafir*, 431 Mass. at 365.

LIBA/1658750.1