UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER

        Plaintiff,

   v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, and SUFFOLK
COUNTY

        Defendants.

Civil Action No.04-11935-DPW

### PLAINTIFF SHEILA PORTER'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING ANY EVIDENCE REGARDING ADVICE OF COUNSEL

Suffolk County Sheriff's Department ("SCSD") Chief-of-Staff Elizabeth Keeley testified that, before barring Mrs. Porter from the Suffolk County House of Corrections ("HOC") and issuing the press statement that defamed Mrs. Porter, these actions were discussed with SCSD counsel.  When asked to describe the content of the communications, however, SCSD counsel invoked the attorney-client privilege.  Defendants should not be allowed to have it both ways.  Having invoked the attorney-client privilege, defendants should be precluded from eliciting any testimony as to consultations with counsel that related to this matter, or implying that counsel approved their activities.

First, Ms. Keeley testified that she consulted with SCSD General Counsel, Anne Powers, Esq. before barring Mrs. Porter.  During Ms. Keeley's deposition, the following exchange took place:

    Q:    What did you do next?

    A:    My memory is that I called General Counsel, Anne Powers, and had a

> conversation with her, and after that conversation, which was very brief, I then on my desk at the time I had a large binder that had all the department policies. I remember pulling the binder over, opening it up to S220 and taking a look at S220 briefly, thumbing through it.
>
> And then I picked up the phone and called Mary Ellen Mastrorilli back.
>
> Q: What transpired during your conversation with Miss Powers?
>
> MS. CAULO: Objection. Attorney client.
>
> Q: The purpose of your conversation with Miss Powers, was she relating legal advice to you at that time?
>
> MS. CAULO: Objection.
>
> A: Yes.

*See* Deposition of Elizabeth Keeley sworn to on May 11, 2005, 60:16-61:9 (Exh. A).

Later, Mrs. Keeley similarly implied that Ann Powers advised defendants that the August 25, 2004 press release was proper and not defamatory, testifying as follows:

> Q: Did you receive input from anybody to determine what should go into that statement?
>
> A: Yes.
>
> Q: Who did you speak to?
>
> A: Before I started typing, there was a meeting with myself, the Sheriff, General Counsel, Anne Powers, and off and on, Steve Tomkins was in the room.

*Id*. at 176:22-177:5 (Exh. A).

As seen above, however, the SCSD asserted the attorney-client privilege when Mrs. Porter has sought to inquire into the nature of these consultations with Ms. Powers. Moreover, following Ms. Keeley's deposition, counsel for Mrs. Porter wrote to counsel for SCSD "to confirm that Plaintiff is not going to depose Ms. Powers based on your representation that she would assert privilege in response to questions about Plaintiff's debarment." Letter from Anita Bapooji, Esq. to Ellen M. Caulo, Esq. dated June 15, 2005 (Exh. B). In her response, counsel for

defendants did not indicate that she was electing to waive attorney-client privilege in order to pursue an advice of counsel defense. Rather, she stated that "should you depose Ms. Powers she would assert privilege in response to questions concerning communications protected by the attorney client privilege." Letter from Ellen M. Caulo, Esq. to Anita Bapooji, Esq. dated June 20, 2005 (Exh. C).

Defendants should not be permitted to introduce any evidence either directly or by implication that Ms. Powers or any other attorney provided legal advice to defendants related to the lawfulness of barring Mrs. Porter or that certain statements were not defamatory. A party may not simultaneously imply or claim advice of counsel and also preclude discovery into communications to and from counsel. *See Saint-Gobain/Norton Indus. Ceramics Corp. v. Gen. Elec. Co.*, 884 F. Supp. 31, 33 (D. Mass. 1995) (holding that invocation of the advice of counsel defense waived the attorney-client privilege); *Micron Separations, Inc. v. Pall Corp.*, 159 F.R.D. 361, 363 (D. Mass. 1995) (Collings, M.J.) (same).[1] The reason for this is fairness—it would be unfair to permit a defendant to use the advice of client defense as a sword, while at the same time using the attorney-client privilege to shield any discovery into the advice that was given. *See Saint-Gobain/Norton Indus. Ceramics Corp.*, 884 F. Supp. at 33; *Micron Separations, Inc.*, 159 F.R.D. at 365. Therefore, defendants seeking to assert the advice of counsel defense must make a choice between asserting the defense and asserting the attorney-client privilege. *See Nitinol Med. Tech., Inc. v. AGA Med. Corp.*, 135 F. Supp.2d 212, 215 (D. Mass 2000) (Dein, M.J.) (requiring a defendant to choose between an advice of counsel defense and the attorney-client privilege); *see also St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch LLP*,

---

[1] The above doctrine applies outside the patent context. *See Sedillos v. Bd. of Edu.*, 313 F. Supp.2d 1091, 1093-94 (D. Co. 2004) (Boland, M.J.) (holding in a case involving a claim of retaliation in violation of the First Amendment that a defendant may not use the advise of counsel defense as a sword while at the same time using the attorney-client privilege to shield discovery into communications with counsel); *see also In re Raytheon Sec. Litig.*, 218

379 F. Supp.2d 183, 188 (D. Mass. 2005) (Collings, M.J.) (recognizing in a malpractice case that an attorney made a strategic decision in the underlying case to assert the attorney-client privilege and forego the advice of counsel defense).

Here, it is evident that defendants have chosen to assert the attorney-client privilege as to conversations with counsel.  Defendants should not now be permitted to rely, directly or by implication, on the advice of counsel as a defense.  *See Saint-Gobain/Norton Indus. Ceramics Corp.*, 884 F. Supp. at 33; *Nitinol Med. Tech., Inc.*, 135 F. Supp.2d at 215.  Indeed, defendants have disclaimed an intent to rely on an advice of counsel defense, and Ms. Powers is not listed as a witness.  However, to the extent defendants seek to introduce direct or indirect evidence of conversations with counsel, or suggesting that counsel approved any action by defendants, they should be precluded from so doing by their assertion of the attorney-client privilege.

WHEREFORE, plaintiff Sheila Porter requests that defendants be precluded from introducing any direct or indirect evidence that Anne Powers, Esq., or any other attorney, advised defendants as to the permissibility or constitutionality of barring Mrs. Porter or the legality of the August 25, 2005 press release.

---

F.R.D. 354, 356 n. 1 (D. Mass. 2003) (finding that the attorney-client privilege was not waived in a securities fraud case because the defendant did not intend to rely on such an advice of counsel defense).

4

>Respectfully submitted,
>
>SHEILA PORTER
>
>By her attorneys,
>
>*/s/ Joseph F. Savage, Jr.*
>Joseph F. Savage Jr. (BBO # 443030)
>David S. Schumacher (BBO # 647917)
>GOODWIN PROCTER LLP
>Exchange Place
>Boston, MA  02109
>(617) 570-1000

Dated: December 30, 2005

## CERTIFICATION UNDER LOCAL RULE 7.1

I, David S. Schumacher, hereby certify that counsel for Sheila Porter conferred with counsel for the Suffolk Defendants in a good faith attempt to resolve or narrow the issues in this motion prior to its filing.

Dated: December 30, 2005                     */s/ David S. Schumacher*
                                              David S. Schumacher