UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>   Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and SUFFOLK COUNTY<br><br>   Defendant. | Civil Action No.04-11935-DPW |

**SHEILA PORTER'S MOTION *IN LIMINE* TO EXCLUDE
COLLATERAL SOURCE EVIDENCE**

  Plaintiff Sheila J. Porter ("Mrs. Porter") moves *in limine* for an order excluding at trial all evidence relating to any payment or other benefit conferred on Mrs. Porter as a result of her illegal barring by the defendants. This includes any evidence that Mrs. Porter received unemployment benefits, workmen's compensation, or other indemnification, monetary or otherwise, upon her termination. The introduction at trial of this collateral source evidence would be improper under established principles of evidence and damages, as well as unfairly prejudicial and irrelevant to any issue before the jury.

  Collateral source evidence is inadmissible in a jury trial because it is both irrelevant and unfairly prejudicial. *Eichel v. New York Cent. R. Co.*, 375 U.S. 253, 254-55 (1963) (holding that a jury could not consider disability pension payments). In Massachusetts, it is well established that it is unfairly prejudicial to refer to workmen's compensation, *see Goldstein v. Gontarz*, 364 Mass. 800, 808 (1974); *Benson v. Guyette*, 350 Mass. 759 (1965), or to show that the plaintiff

1

recovered other compensation. *See Shea v. Rettie*, 287 Mass. 454, 458 (1934); *Gray v. Boston Elev. Ry.*, 215 Mass. 143, 146 (1913).

In federal court, the Massachusetts collateral source rule is given full credit as the rule of damages, *see Fitzgerald v. Expressway Sewerage Const., Inc.*, 177 F.3d 71, 75 (1st Cir. 1999), with evidence of collateral benefits excluded as a general rule. *See England v. Reinauer Transp. Companies, L.P.*, 194 F.3d 265, 273 (1st Cir. 1999); *Torres v. Johnson Lines,* 932 F.2d 748 (9th Cir. 1991).

There is no proper reason to introduce collateral source evidence here. It is not probative of any relevant proposition or needed by defendants for any proper purpose. Evidence that a Mrs. Porter was reimbursed by a third party cannot, as a matter of law, reduce defendants' liability for their wrongful conduct. *See Goldstein*, 364 Mass. at 809.

Even if collateral source evidence was relevant to an issue in this case (which it is not), it should nevertheless be excluded under Rule 403. *See England*, 194 F.3d at 274 (excluding collateral source evidence based on the risk that the jury would be "unduly inclined to return either a defendant's verdict or an artificially low damage award"); *Kukuruza v. General Elec. Co.*, 510 F.2d 120, 1216 n. 16 (1st Cir. 1975) (excluding collateral source document as more prejudicial than probative); *see also Fitzgerald*, 177 F.3d at 74 n. 2 (holding that, although not bound by the Massachusetts rule for evidentiary purposes, the balancing of the probative value versus the prejudicial impact of collateral source evidence under Rule 403 is the same approach to admissibility traditionally employed by Massachusetts courts) (*citing Goldstein*, 364 Mass. at 809). If the defendants are permitted to introduce at trial evidence that Mrs. Porter received unemployment compensation after her termination, the jury might be led by this irrelevant evidence to consider Mrs. Porter's claim "unimportant or trivial," or refuse or reduce Mrs.

Porter's claim "believing that otherwise there would be an unjust double recovery." *Goldstein*, 364 Mass. at 809. The evidence should be excluded to prevent the jury from rendering its verdict based on these improper considerations. *See Eichel*, 375 U.S. at 255 (holding that there was a substantial likelihood of prejudicial impact from showing petitioner's receipt of collateral social insurance benefits).

## CONCLUSION

For the foregoing reasons, Mrs. Porter respectfully requests that the Court grant her motion *in limine* and exclude from introduction at trial all evidence of collateral source reimbursement to Mrs. Porter.

Respectfully submitted,

SHEILA PORTER

By her attorneys,

 */s/ Joseph F. Savage, Jr.*
Joseph F. Savage Jr. (BBO #443030)
David S. Schumacher (BBO #647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

Dated: December 30, 2005

## CERTIFICATION UNDER LOCAL RULE 7.1

I, David S. Schumacher, hereby certify that counsel for Sheila Porter conferred with counsel for the Suffolk Defendants in a good faith attempt to resolve or narrow the issues in this motion prior to its filing.

Dated: December 30, 2005          /s/ *David S. Schumacher*
David S. Schumacher

LIBA/1662123.1

3