UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>          Plaintiff,<br><br>   v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY<br>SHERIFF'S DEPARTMENT, and<br>SUFFOLK COUNTY<br><br>          Defendant. | Civil Action No.04-11935-DPW |

**SHEILA PORTER'S MOTION *IN LIMINE* TO EXCLUDE
EXPERT OPINION TESTIMONY AND CERTAIN LAY OPINION TESTIMONY**

    Plaintiff Sheila J. Porter ("Mrs. Porter") moves *in limine* for an order excluding at trial all expert opinion testimony and certain lay opinion testimony that Defendants Andrea Cabral, the Suffolk County Sheriff's Department, and Suffolk County ("Defendants") might attempt to offer through any of their witnesses on the topic of medical record-keeping. Defendants are expected to offer through Viktor Theiss, Elizabeth Keeley, Andrea Cabral, and Ann Mack some variant of the opinion that Mrs. Porter violated appropriate professional standards for medical record-keeping. Defendants' witnesses are precluded from offering expert testimony, however, because none of Defendants' witnesses were designated as an expert nor are any of Defendants' witnesses qualified to offer such testimony.

    None of Defendants' proposed witnesses are qualified to render an expert opinion on proper medical record-keeping protocols for a clinician who encounters an inmate in a detention facility. Defendants' unqualified witnesses should, therefore, be prohibited from rendering expert opinions at trial. Even if Defendants could qualify one of their witnesses as an expert, any

testimony Defendants then would seek to offer through that witness must be excluded, because Defendants never designated any of their witnesses as an expert. Defendants' witnesses also should be prohibited from testifying to their lay opinions on medical record-keeping. None of Defendants' witnesses actually perceived the relevant facts that otherwise would form the basis for their lay opinions, precluding the introduction of those lay opinions at trial.

A number of Defendants' witnesses testified during their depositions to the standard of medical record-keeping expected of a clinician who encounters an inmate in a detention facility. Ann Mack ("Ms. Mack"), for example, is an employee of Correctional Medical Services ("CMS"). During her deposition, she answered a series of hypothetical questions suitable to be posed to an expert witness. The following exchange is representative:

> Q: If an inmate in this case Rene Rosario, told the plaintiff, Ms. Porter, that he had been assaulted by an officer and showed her injuries through the window of a cell door, would you have expected that that would have been recorded in Mr. Rosario, the inmate's, medical files?
> A: Yes.
> Q: Even if an examination was not conducted by Mrs. Porter?
> A: Even if there wasn't a hands-on examination, what was observed, whether it was abrasions, bruises, discoloration, swelling, that needed to be documented, if, in fact, that's what was observed.

Deposition of Ann Mack 285:4-18, May 03, 2005 ("Mack Dep.").[1] Ms. Mack testified to her opinion in response to a number of other medical record-keeping questions. See Mack Dep. 279-287. She did not, however, offer any testimony tending to qualify her as having specialized knowledge of medical record-keeping standards in this particular type of clinical setting.

Defendant Andrea Cabral ("Ms. Cabral") also testified during her deposition to the appropriate protocol for medical record-keeping. During an exchange about the Sheriff's Department's policies, Ms. Cabral testified to the following:

---

[1] Attached hereto as Exhibit A are cited excerpts of the transcript of Ms. Mack's deposition.

>   A:   There is no policy in S220 that goes to a medical person or specifically a nurse's obligation to document in the medical record observations related to potentially treatable injuries or harmful injuries to an inmate. I'm talking about my understanding of what the use of a medical record is, how it is properly used and how a person who is in the medical profession for years would know that that form would be used.

Deposition of Andrea Cabral 103:9-18, May 9, 2005.[2] Throughout her deposition, Ms. Cabral offered her opinion on appropriate medical record-keeping protocols. Ms. Cabral did not testify to, for example, her training and experience as a clinician working with medical records, because she lacks that type of training and experience.

Ms. Cabral, Ms. Mack, and Defendants' other witnesses simply are unqualified to opine as experts on the medical record-keeping protocol expected of a clinician working on the medical staff of a detention facility. Rule 702 of the Federal Rules of Evidence requires that a witness who testifies to specialized knowledge such as medical record-keeping protocols actually be qualified as an expert on the topic. See FED. R. EVID. 702. Expert witnesses who work in a clinical setting and have demonstrated subject matter expertise are the types of witnesses courts have permitted to testify as experts when medical record-keeping is an issue. See, e.g., Primus v. United States, 389 F.3d 231, 234-35, 237-39 (1st Cir. 2004) (commenting on "cogent evidence" offered through both parties' "highly qualified medical experts," a breast cancer surgeon, a radiologist and Director of Breast Imaging, a breast surgeon and Director of the Breast Care Program, and Chief of Anatomical Pathology, all of Beth Israel Deaconess Medical Center, in medical malpractice case where review of medical records was an issue); Masters v. Khuri, 62 Mass. App. Ct. 467, 468-69, 474 (2004) (noting "exemplary curriculum vitae" of plaintiff's experts and "exemplary credentials" of defendant's experts, a pulmonary and critical care specialist and chief of emergency care at a major Boston hospital, in affirming trial court's

---

[2] Attached hereto as Exhibit B are cited excerpts of the transcript of Ms. Cabral's deposition.

handling of expert testimony regarding medical records in medical malpractice lawsuit). Defendants' witnesses do not fit into this category.

Ms. Mack is qualified as a corporate representative of CMS, not as a medical records expert. Ms. Mack works as a contracts administrator and client relations manager for CMS where she holds the title of area vice president. Mack Dep. 25:10-18. Prior to being promoted to area vice president, Ms. Mack had worked in sales for CMS as director of business development. Mack Dep. 26:10-11. She is not a practicing clinician. She has not demonstrated specialized knowledge through published articles or intensive study of relevant literature. Similarly, Ms. Cabral is the Sheriff, a lawyer, and a representative of the Sheriff's Department. She is not a medical record-keeping expert. Viktor Theiss and Elizabeth Keeley, likewise, are lawyers, not medical records experts. Ms. Mack, Ms. Cabral, and Defendants' other witnesses should not be allowed, therefore, to offer expert testimony on this topic.[3]

Even if Ms. Mack or any of Defendants' other witnesses could be qualified at trial as an expert on medical record-keeping, expert testimony still would be prohibited, because no party has ever designated Ms. Mack or anyone else as an expert pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. Proposed expert testimony will be excluded from trial where the party seeking its introduction failed to designate the witness as an expert or otherwise comply with Rule 26(a) disclosure requirements. See, e.g., Pena-Crespo v. Commonwealth of Puerto Rico, 408 F.3d 10, 13-14 (1st Cir. 2005) (affirming exclusion of expert witness from testifying at trial because of failure to disclose expert information as required by Rule 26(a) and noting that "'[e]xclusion of evidence is a standard sanction for a violation of the duty to disclose under Rule

---

[3] On December 30, 2005, defendants designated Anthony Domagala to testify concerning "policies and procedures for health services at the SCSD." Mrs. Porter has filed a motion *in limine* to preclude his testimony. If he is allowed to testify, he should be precluded from offering an expert or lay opinion concerning medical record-keeping.

4

26(a)'") (citing Laplace-Bayard v. Batlee, 295 F.3d 157, 162 (1st Cir. 2002)); Primus, 389 F.3d at 234-36 (affirming denial of motion to allow late designation of expert witness); Falconer v. Penn Maritime, Inc., 397 F. Supp. 2d 62, 67-68 (D. Me. 2005) (allowing plaintiff's motion *in limine* to exclude expert testimony where defendants failed to designate witness as expert). The only designation Ms. Mack, for example, has received has been as CMS' corporate representative holding CMS' relevant "corporate knowledge." Mack Dep. 6:5-9, 12:24, 13:1. Defendants never identified Ms. Mack or anyone else as an expert witness. Had Defendants identified a witness as an expert, Ms. Porter would have engaged in additional material discovery and would have sought to retain and designate her own expert witness. Because no party designated Ms. Mack or anyone else as an expert witness, Defendants should be prohibited from offering any expert opinion testimony during the trial.

Ms. Mack, Ms. Cabral, and Defendants' other witnesses also should be barred from testifying to their lay opinions on medical record-keeping in this context. Lay opinion testimony on the topic of medical record-keeping in this context is impermissible, because it is the type of testimony that would require "specialized knowledge." Rule 701 of the Federal Rules of Evidence prohibits lay opinion testimony on a topic requiring "specialized knowledge within the scope of Rule 702." Rule 701 of the Federal Rules of Evidence also requires that a lay opinion be "rationally based on the perception of the witness[.]" Rule 602 of the Federal Rules of Evidence requires that a witness have "personal knowledge" of the matter to which the witness is testifying. Operating together, Rule 701 and Rule 602 contemplate that a lay witness testifying to an opinion have personal knowledge of the facts that form the basis of the opinion. See generally MCI Telecomm. Corp. v. Wanzer, 897 F.2d 703, 706 (4th Cir. 1990) (noting that lay opinion testimony may be admitted "'provided that it is well-founded on personal knowledge [as

5

distinguished from hypothetical facts] and susceptible to cross-examination'") (alteration in original) (citation omitted).  None of Defendants' witnesses actually perceived the facts relevant to Ms. Porter's encounter with a certain inmate.  As a result, Defendants' witnesses lack the factual basis needed pursuant to Rule 701 and Rule 602 to formulate and testify to a lay opinion on this topic.  For these reasons, Defendants' witnesses should be precluded from offering their lay opinion testimony on medical record-keeping in this context.

## CONCLUSION

For the foregoing reasons, Mrs. Porter respectfully requests that the Court grant her motion *in limine* and exclude from introduction at trial all expert testimony and all lay opinion testimony Defendants may seek to introduce relating to medical record-keeping.

>Respectfully submitted,
>
>SHEILA PORTER
>
>By her attorneys,
>
>*/s/ Joseph F. Savage, Jr.*
>Joseph F. Savage Jr. (BBO #443030)
>David S. Schumacher (BBO #647917)
>GOODWIN PROCTER LLP
>Exchange Place
>Boston, MA  02109
>(617) 570-1000

Dated: December 30, 2005

## CERTIFICATION UNDER LOCAL RULE 7.1

I, David S. Schumacher, hereby certify that counsel for Sheila Porter conferred with counsel for the Suffolk Defendants in a good faith attempt to resolve or narrow the issues in this motion prior to its filing.

Dated: December 30, 2005                    */s/ David S. Schumacher*
                                            David S. Schumacher            LIBA/1663455.1

6