UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>     Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and SUFFOLK COUNTY<br><br>     Defendant. | Civil Action No.04-11935-DPW |

## PLAINTIFF SHEILA PORTER'S MOTION IN LIMINE REGARDING CHANGES TO POLICY S-220

Evidence that the defendants changed policy S-220 following plaintiff's barring in order to create an exception for communications with law enforcement agencies is admissible, and is not barred by Federal Rule of Evidence 407, because the change was not voluntarily undertaken by the defendants. "Rule 407 applies only to subsequent remedial measures taken <u>voluntarily</u> by the defendant." *Raymond v. Raymond*, 938 F.2d 1518, 1524 (1st Cir. 1991) (emphasis added). The reason for this is that:

> The purpose of Rule 407 is not implicated by cases involving subsequent measures in which the defendant did not voluntarily participate. Where the defendant has not voluntarily participated in the subsequent remedial measure at issue, the admission of that measure into evidence does not 'punish' the defendant for his efforts to remedy his safety problem.

*In re Aircrash in Bali, Indonesia v. Zinke*, 871 F.2d 812, 817 (9th Cir. 1989). If a subsequent remedial measure is "mandated by superior governmental authority," it is not subject to Rule 407, and evidence of that remedial measure is admissible. *Hercules, Inc. v. Hercules, Inc.*, 904 F.2d 1194, 1204 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and SUFFOLK COUNTY<br><br>Defendant. | Civil Action No.04-11935-DPW |

## PLAINTIFF SHEILA PORTER'S MOTION IN LIMINE REGARDING CHANGES TO POLICY S-220

Evidence that the defendants changed policy S-220 following plaintiff's barring in order to create an exception for communications with law enforcement agencies is admissible, and is not barred by Federal Rule of Evidence 407, because the change was not voluntarily undertaken by the defendants. "Rule 407 applies only to subsequent remedial measures taken <u>voluntarily</u> by the defendant." *Raymond v. Raymond*, 938 F.2d 1518, 1524 (1st Cir. 1991) (emphasis added). The reason for this is that:

> The purpose of Rule 407 is not implicated by cases involving subsequent measures in which the defendant did not voluntarily participate. Where the defendant has not voluntarily participated in the subsequent remedial measure at issue, the admission of that measure into evidence does not 'punish' the defendant for his efforts to remedy his safety problem.

*In re Aircrash in Bali, Indonesia v. Zinke*, 871 F.2d 812, 817 (9th Cir. 1989). If a subsequent remedial measure is "mandated by superior governmental authority," it is not subject to Rule 407, and evidence of that remedial measure is admissible. *Hercules, Inc. v. Hercules, Inc.*, 904 F.2d 1194, 1204 (9th Cir. 1990).

In the present case, the defendants did not voluntarily change S-220; they were compelled to do so by the United States Attorney's Office ("USAO"). Indeed, an October 7, 2005, letter from Walter Prince, Esq., counsel for defendants, to Assistant United States Attorney ("AUSA") Huggard indicates as much. *See* Exh. A. In that letter, Mr. Prince responds to the USAO's explanation of its decision not to prosecute Sheriff Cabral. In particular, Mr. Prince responds to the USAO's statement that Sheriff Cabral delayed the investigation by stating that:

> Your letter ignores the eight months between March and November of 2004, during which <u>my client was led to believe that the way we could resolve the investigation and avoid subpoenas and grand jury testimony would be to change Department Policy S220</u>. Through me, Sheriff Cabral promptly responded to your office's repeated requests for changes in the policy language. AUSA Huggard <u>insisted</u> that the policy allow employees to avoid reporting alleged misconduct internally, despite the fact that such a rule would clearly violate the Code of Massachusetts Regulations. When Sheriff Cabral drafted a revision of the policy that essentially mirrored some of the language in 1513(e), Huggard <u>insisted</u> that she delete the word "truthful" as a descriptor for the kind of information an employee could legitimately provide. <u>Huggard also disclosed that US Attorney Sullivan had involved himself personally in the drafting of the revision.</u>

Exh. A (emphasis added).

A review of the correspondence from Mr. Prince to AUSA Huggard in the March to November 2004 period confirms that policy S-220 was changed in order to satisfy the USAO's office and thereby head off further criminal investigation. For example, on March 31, 2004, Mr. Prince wrote to AUSA Huggard stating that "I have taken our discussion of last week to heart and have crafted a policy that addresses your concerns . . . ." Exh. B. Similarly, in an April 6, 2004 letter, Mr. Prince says that he thinks that the modification of S-220 "addresses some of your concerns and brings us into compliance with the federal statute." Exh. C; *see also* Letter dated September 2, 2004 from Mr. Prince to AUSA Huggard (Exh. D) (". . . .I called to alert you to the proposal that I have in mind which I believe resolves your concern."); Letter from Mr.

2

Prince to AUSA Huggard dated September 28, 2004 (Exh. E) ("... we are very close to resolution of our differences, and these changes I submit should satisfy your concerns."). To the extent that there is any doubt that the reason Sheriff Cabral was attempting to resolve AUSA Huggard's concerns about S220 was to avoid criminal investigation, such doubt is cleared up by a September 13, 2004 letter from Mr. Prince to AUSA Huggard. In that letter, Mr. Prince states:

> Pursuant to our conversation on Friday, September 10th, you informed me that the United States Attorney had received our September 2nd proposed revision to S220 and that he has not yet decided whether our proposed revisions to the regulations are acceptable and therefore have resolved this very difficult matter.
>
> As you know, my client is scheduled to appear before the grand jury on Tuesday, September 14th. By this letter, I am requesting, indeed urging, that we postpone for a short period the grand jury appearance so that we can receive the United States Attorney's decision on this critical issue.
>
> ****
>
> I respectfully request that this letter be brought to the attention of the United States Attorney before September 14th to avoid the specific need of a grand jury appearance by my client.

Exh. F.

Remedial conduct undertaken to avoid grand jury testimony and criminal investigation can hardly be characterized as voluntarily. Rather, as defendants' own attorney concedes, such a change was carried out at the government's "insist[ance]" in order to avoid further criminal investigation/ Exh. A. Thus, the change to S-220 was compelled by the coercive power of the state. Under these circumstances, Rule 407 does not preclude admission of this change.

3

Respectfully submitted,<br>
SHEILA PORTER<br><br>
By her attorneys,<br><br>

*/s/ Joseph F. Savage, Jr.*<br>
Joseph F. Savage Jr. (BBO # 443030)<br>
David S. Schumacher (BBO # 647917)<br>
GOODWIN PROCTER LLP<br>
Exchange Place<br>
Boston, MA  02109<br>
(617) 570-1000

Dated: December 30, 2005

## CERTIFICATION UNDER LOCAL RULE 7.1

    I, David S. Schumacher, hereby certify that counsel for Sheila Porter conferred with counsel for the Suffolk Defendants in a good faith attempt to resolve or narrow the issues in this motion prior to its filing.

Dated: December 30, 2005          */s/ David S. Schumacher*
                                                                                   David S. Schumacher