UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>   Plaintiff,<br><br> v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and SUFFOLK COUNTY<br><br>   Defendant. | Civil Action No.04-11935-DPW |

**SHEILA PORTER'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF MARY ELLEN MASTRORILLI'S PRIOR "BAD ACTS"**

  Plaintiff Sheila J. Porter ("Mrs. Porter") moves *in limine* for an order excluding from trial any evidence related to alleged prior bad acts committed by former HOC Deputy Superintendent Mary Ellen Mastrorilli. Suffolk County Sheriff's Department ("SCSD") witnesses have testified about a number of prior incidents involving Ms. Mastrorilli in an attempt to portray her as careless or untrustworthy, in order to raise the inference that she was careless or untrustworthy in carrying out Mrs. Porter's barring from the Suffolk County House of Corrections ("HOC"). This is precisely the sort of propensity evidence that is barred by the Federal Rules. Because none of these alleged prior acts bear on Ms. Mastrorilli's character for untruthfulness or any other admissible purpose, the SCSD should be precluded from eliciting any evidence concerning these acts.

  Mrs. Porter expects that defendants will attempt to impeach Ms. Mastrorilli's testimony regarding Mrs. Porter's barring with prior incidents where defendants claim to have questioned Ms. Mastrorilli's job performance. First, Ms. Cabral and Viktor Theiss testified about an

1

incident where Ms. Mastrorilli served on a committee to pick a new training director and submitted a recommendation to the Sheriff apart from the official committee choice. *See* Deposition of Viktor Theiss ("Theiss dep."), pp. 140-41 (attached as Exhibit ("Ex.") A). Second, Ms. Cabral testified that Ms. Mastrorilli once improperly solicited positions for a position within the HOC when she did not have authority to fill the position. *See* Deposition of Andrea Cabral ("Cabral dep."), pp. 376-77 (Ex. B). Similarly, Ms. Cabral testified that Ms. Mastrorilli once attempted to bar a contract worker even though she did not have authority to do so. *Id.*, p. 382 (Ex. B). Finally, Ms. Cabral testified about the "significant problems in the working relationship" between Ms. Mastrorilli and the Office of Community Corrections. *Id.*, pp. 377-78 (Ex. B).

These instances of prior conduct are inadmissible. Fed. R. Evid. 608 only allows evidence of a witness's "character for truthfulness or untruthfulness," and even then only in limited circumstances. Rule 608(a) provides that "[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness . . ."[1] And Rule 608(b) absolutely prohibits introduction of extrinsic evidence of specific instances of a witness's character for truthfulness (other than conviction of a crime), although the court has discretion to allow cross-examination on such instances to the extent that they bear on the witness's "character for truthfulness or untruthfulness."

To be sure, "Rule 608(b) is intended to be restrictive…The rule does not authorize inquiry on cross-examination into instances of conduct that do not actually indicate a lack of truthfulness." *U.S. v. Nelson*, 365 F. Supp. 2d 381, 386 (S.D.N.Y. 2005). The purpose of the

---

[1] Rule 608(a)(2) provides that evidence of the witness's truthful character is only admissible after this character trait has been attacked.

rule is to "avoid holding mini-trials on irrelevant or collateral matters." *U.S. v. Beauchamp*, 986 F.2d 1, 4, n. 1 (1st Cir. 1993). Indeed, even where the prior conduct involved untruthfulness, the court has discretion to exclude such evidence where it is not directly relevant to the litigation, to prevent inquiry into "an endless parade of distracting, time-consuming inquiries." *See Ellsworth v. Warden*, 333 F.3d 1, 8 (1st Cir. 2003)

Here, none of the incidents described above are admissible to impeach Ms. Mastrorilli because they are not related to her character for untruthfulness. Rather, the conduct bears on Ms. Mastrorilli's alleged abuse of authority or inattentiveness to her job responsibilities—not whether or not she tells the truth. Indeed, when asked if Ms. Cabral had every disciplined Ms. Mastrorilli, she testified that she had not, but had discussions with her "about her management style, about some decisions and some judgments that she had made." *See* Cabral dep., p. 174. Ms. Cabral also stated that "it wasn't an issue where I felt that she was being dishonest with me . . ." *See* Cabral dep., pp. 380-81. Similarly, Mr. Theiss said "I won't call her motivations into question." *See* Theiss dep., p. 146. Thus, even the witnesses describing the prior conduct do not claim that Ms. Mastrorilli was dishonest or untruthful—they just claim she was careless or abused her authority. But this is not a proper subject of inquiry under Rule 608 or any other rule.[2]

---

[2] Nor is this evidence admissible under Fed. R. Evid. 404(b). Evidence of prior bad acts may not be introduced under Rule 404(b) unless they are admissible "for other purposes." This is embodied in the 1st Circuit's two-part test for the admission of evidence of extrinsic acts under Rule 404(b). *See S.E.C. v. Happ*, 392 F.3d 12, 30 (1st Cir. 2004). First, the evidence must be probative of an issue in the case apart from being mere propensity evidence. *See Happ* at 30. Second, the evidence's probative value must not be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" under Fed. R. Evid. 403. *Id.* Here, the only possible "other purpose" of introducing evidence of Ms. Mastrorilli's alleged prior "bad acts" is for impeachment, and the evidence may not be introduced for that purpose under Rule 608 for the reasons described above. In addition, admission of these incidents of alleged misconduct would confuse the issues properly before the jury.

## CONCLUSION

For the foregoing reasons, Mrs. Porter respectfully requests that the Court grant her motion *in limine* and preclude defendants from eliciting any testimony related to Ms. Mastrorilli's prior conduct.

> Respectfully submitted,
>
> SHEILA PORTER
>
> By her attorneys,
>
> */s/ Joseph F. Savage, Jr.*
> Joseph F. Savage Jr. (BBO #443030)
> David S. Schumacher (BBO #647917)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA  02109
> (617) 570-1000

Dated: December 30, 2005

## CERTIFICATION UNDER LOCAL RULE 7.1

I, David S. Schumacher, hereby certify that counsel for Sheila Porter conferred with counsel for the Suffolk Defendants in a good faith attempt to resolve or narrow the issues in this motion prior to its filing.

Dated: December 30, 2005           */s/ David S. Schumacher*
                                    David S. Schumacher

LIBA/1662552.1