UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>        Plaintiff,<br><br>   v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and SUFFOLK COUNTY<br><br>        Defendant. | Civil Action No.04-11935-DPW |

**SHEILA PORTER'S MOTION *IN LIMINE* TO EXCLUDE
TESTIMONY BY STAN WOJTKONSKI**

Plaintiff Sheila J. Porter ("Mrs. Porter") moves *in limine* for an order excluding at trial the proposed testimony of Stan Wojtkonski. The only possible testimony that Mr. Wojtkonski could offer is irrelevant and based on inadmissible hearsay, in addition to being unfairly prejudicial.

Mr. Wojtkonski had no role in the SID investigation into inmate Rosario's alleged injuries or in Mrs. Porter's barring. He only appears in this case based on two conversations he had with FBI Special Agent Christa Snyder in May, 2003 regarding the Rosario allegations. In the course of working with Mr. Wojtkonski on an unrelated investigation, Agent Snyder informed him that she had received information regarding the Rosario allegations and expressed her concern because Rosario was a federal witness. *See* Incident Report (#791) (Ex. A). According to Mr. Wojtkonski, Agent Snyder reported that her source told her that she had "witnessed bruising to I/M Rosario's neck, chest and under his arm and did not feel that they were consistent with self-inflicted wounds." *Id.*

Two days later, Agent Snyder called Mr. Wojtkonski again, asking for an update on the investigation. *See* Incident Report (#189-90) (Ex. B). According to Mr. Wojtkonski, Agent Snyder reported that: "a member of the Suffolk County Sheriff's Department had witnessed a physical examination of Rene Rosario on May 19, 2003 and had reported to the FBI that these injuries did not look like they were self inflicted. The confidential source had notified the FBI that an officer could have caused them." *Id.*

Because Mr. Wojtkonski has no other role in this case, Mrs. Porter anticipates that defendants are offering his testimony solely to show that Mrs. Porter reported observations of Rosario's injuries that were inconsistent with observations made by others. There are several problems with this testimony. First, this testimony is irrelevant because neither Ms. Cabral nor the SCSD has claimed that "inconsistent observations" was a reason for her barring. *See, e.g.*, Suffolk Defendants' Responses to Mrs. Porter's Interrogatories, No. 1 (listing three reasons for the barring: failure to file report in a timely manner, backdating the report, and failing to document Rosario's medical record).

Second, Mr. Wojtkonski's testimony—attempting to testify as to what Agent Snyder told him that Ms. Porter told her—is rife with inadmissible hearsay. Indeed, this testimony would be classic hearsay without an exception: attempting to introduce an out-of-court statement for the truth of the matter asserted (that Mrs. Porter told Agent Snyder that Rosario had incurred serious bruising). Mr. Wojtkonski's testimony is clearly barred by the hearsay rule. *See* Fed. R. Evid. 801; *Weston-Smith v. Cooley Dickenson Hosp. Inc.*, 153 F.Supp.2d 62, 69 (D.Mass 2001).

Finally, even if relevant, Mr. Wojtkonski's testimony should be excluded under Fed. R. Evid. 403 because it would confuse the issues and mislead the jury by presenting reasons for the barring that have not been offered by defendants. *See McKeown v. Woods Hole*, 9 F. Supp. 2d

32, 39-40 (D. Mass 1998) (finding exclusion of evidence appropriate where if admitted the evidence could have confused the jury by focusing its attention away from the main issue at trial).

## CONCLUSION

For the foregoing reasons, Mrs. Porter respectfully requests that the Court grant her motion *in limine* and exclude from introduction at trial the proposed testimony of Stan Wojtkonski.

Respectfully submitted,

SHEILA PORTER

By her attorneys,

/s/ Joseph F. Savage, Jr.
Joseph F. Savage Jr. (BBO #443030)
David S. Schumacher (BBO #647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

Dated: December 30, 2005

## CERTIFICATION UNDER LOCAL RULE 7.1

I, David S. Schumacher, hereby certify that counsel for Sheila Porter conferred with counsel for the Suffolk Defendants in a good faith attempt to resolve or narrow the issues in this motion prior to its filing.

Dated: December 30, 2005

/s/ David S. Schumacher
David S. Schumacher

LIBA/1663411.1