UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER

        Plaintiff,

v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT and SUFFOLK
COUNTY

        Defendant.

Civil Action No.04-11935-DPW

# PLAINTIFF SHEILA PORTER'S MOTION TO DECIDE VARIOUS ISSUES AS A MATTER OF LAW

Plaintiff Sheila Porter hereby moves for an order that the following matters be established as a matter of law:

1. Sheriff Cabral, Suffolk County, and the Suffolk County Sheriff's Office were acting under color of state law;

2. Mrs. Porter's communications with the FBI was speech on a matter of public concern;

3. Sheriff Cabral had final policy-making authority as to whether to bar Mrs. Porter under state law; and

4. Policy S-220 constitutes a municipal policy.

In support of this motion, Mrs. Porter states as follows.

## I. Sheriff Cabral, Suffolk County, And The Suffolk County Sheriff's Office Were Acting Under Color of State Law

The issue of whether particular defendants were acting under color of state law under Section 1983 is an issue of law for the Court to decide. *See Parratt v. Taylor*, 451 U.S. 527, 536 (1981) (holding that a state employee possessing considerable authority is a state actor). As in *Parratt*,

Sheriff Cabral was a state employee possessing considerable authority. Moreover, defendants Suffolk County and the Suffolk County Sheriff's Office, as political subdivisions of the Commonwealth of Massachusetts, are state actors for purposes of establishing Section 1983 liability. *See Addickes v. S.H. Kress Co.*, 398 U.S. 144, 173 (1970). Therefore, this Court should find as a matter of law that the defendants were acting under color of state law.

## II.    Mrs. Porter's Communications With The FBI Was On a Matter Of Public Concern

Speech touches on a matter of public concern if it can be "fairly considered as relating to any matter of political, social or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146 (1983). In deciding whether a statement is on a matter of public concern, which is a legal issue for the Court, the Court will consider the "content, form, and context of a given statement, as revealed by the record as a whole." *Id.* at 147-48; *Rakin v. McPherson*, 483 U.S. 378, 385 (1987). However, a full inquiry into the form and context is not required in some situations, where the public interest is apparent from the content of the speech alone. *See Baron v. Suffolk Co. Sheriff's Dept.*, 402 F.3d 225, 233 (1st Cir. 2005) (quoting *O'Connor v. Steeves*, 994 F.2d 905, 913-14 (1st Cir. 1993)).

In the present case, the public interest in Mrs. Porter's communication with the FBI is apparent from the content of the speech alone. *See id.*; *Catletti v. Rampe*, 334 F.3d 225 (2d Cir. 2003). In *Baron*, the Court stated:

> The wrongdoing Baron complained of, including officers' violations of prison policy, retaliation for breaching the code of silence, and prison officials' failure to investigate or put a stop to that retaliation, affected not only Baron and his co-workers, but also the prison inmates who were under the Department's control. Accordingly, Barron's speech involved a legitimate matter of *inherent* concern to the electorate, and the district court properly eschewed further inquiry into the employee's motive.

402 F.3d at 235 (emphasis in original). Similarly, in *Catletti*, the Court held that the quality of health services at a County Prison and "the question of whether County officials had retaliated

LIBA/1661894.1

against two employee-whistleblowers in violation of the First Amendment rights is a matter of public, social, or other concern to the community." 334 F.3d at 230; *see also O'Connor*, 994 F.2d at 913-15 (holding that speech regarding official corruption relates to a matter of public interest); *Putnam v. Town of Saugus*, No. CIV.A.03-12062, 2005 WL 806594 *12 (D. Mass. April 7, 2005) (same); *Walter v. Morton*, 33 F.3d 1240, 1243 (10th Cir. 1994) (same); *Rodgers v. Banks*, 334 F.3d 587, 600-01 (6th Cir. 2003) (holding that an employee's speech about the quality of patient care at a state mental hospital related to a matter of public concern); *Taylor v. Keith*, 338 F.3d 639, 645-46 (6th Cir. 2003) (holding that a police officer's complaint to superior that a fellow officer used excessive force relates to a matter of public concern). Thus, this Court should rule as a matter of law that Mrs. Porter's communication with the FBI regarding allegations of inmate abuse was speech on a matter of public concern.

**III.    Sheriff Cabral Had Final Policy-Making Authority As To Whether To Bar Mrs. Porter Under State Law**

For purposes of identifying the policy-maker with final decision-making authority under Section 1983, a Court must look to state law. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). In *Barron*, the Court of Appeals for the First Circuit concluded that "it seems self-evident that the sheriff is the final policymaker within the Department as a matter of law." 402 F.3d at 241-42 (citing Mass. Gen. Laws Ch. 126, § 16 and *Jeffes v. Barnes*, 208 F.3d 49, 58 (2d Cir. 2000) (applying New York law)). Therefore, this Court should rule as a matter of law that Sheriff Cabral had final policy-making authority.

**IV.    Policy S-220 Constitutes A Municipal Policy**

A municipal policy for purposes of establishing municipal liability under Section 1983 includes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 691, 690 (1978).

3

Defendants concede that S-220 constitutes an official policy.  For example, Gerald Horgan testified at his deposition that "[t]here were a number of policies that an employee could be disciplined under.  The main one is Department Policy S220, which is the Code of Conduct Policy."  Deposition of Gerald Horgan sworn to on May 13, 2005 67:17-20 (Exh. A).  Therefore, this Court should rule as a matter of law that S-220 constitutes a municipal policy.

## CONCLUSION

WHEREFORE, this Court should find that the above matters have been proven as a matter of law.

>Respectfully submitted,
>SHEILA PORTER
>
>By her attorneys,
>
>*/s/ Joseph F. Savage, Jr.*
>Joseph F. Savage Jr. (BBO # 443030)
>David S. Schumacher (BBO # 647917)
>GOODWIN PROCTER LLP
>Exchange Place
>Boston, MA  02109
>(617) 570-1000

Dated: December 30, 2005

## CERTIFICATION UNDER LOCAL RULE 7.1 AND LOCAL RULE 37.1

I, David S. Schumacher, hereby certify that counsel for Sheila Porter conferred with counsel for the Suffolk Defendants in a good faith attempt to resolve or narrow the issues in this motion prior to its filing.

Dated: December 30, 2005                    */s/ David S. Schumacher*
                                            David S. Schumacher