# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| SHEILA J. PORTER,<br>    *Plaintiff*<br><br>*v.*<br><br>ANDREA J. CABRAL; SUFFOLK<br>COUNTY SHERIFF'S DEPARTMENT;<br>and<br>SUFFOLK COUNTY,<br>    *Defendant* |

**DOCKET NO.**

# 04-11935-DPW

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

The Defendants respectfully request the Court to include in its charge to the jury, in addition to its general instructions, the attached special instructions, pursuant to Fed.R.Civ.P. 51.

The Defendants also request leave to file supplemental and amended requests for jury instructions at the conclusion of the evidence.

Respectfully Submitted,
For the Defendants
By their Attorney

/s/ Ellen M. Caulo
Ellen M. Caulo
B.B.O. # 545250
Deputy General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA  02114
(617) 961- 6681

Date:    January 2, 2006

1

**PROPOSED JURY INSTRUCTION NUMBER 1**

**ELEMENTS OF FIRST AMENDMENT RETALIATION CLAIM
GENERALLY**

In this case, the Plaintiff claims that the Defendants violated her First Amendment rights as protected by the United States Constitution.  Under the First Amendment to the Constitution, every public employee has the right to freedom of speech addressing issues of public concern.  The Plaintiff alleges that the Defendants, while under color of state law, intentionally deprived the Plaintiff of her rights under the First Amendment to the United States Constitution, when she was barred from the Suffolk County House of Corrections.

In order for you to find a first amendment retaliation violation, the Plaintiff must prove four elements by a preponderance of the evidence.

First, the Plaintiff must prove that her speech was a matter of public concern.

Secondly, the Plaintiff must prove that her speech played at least a substantial part in the Defendants' decision to take an adverse employment action against him.

Thirdly, that the Defendant's actions were "under color" of the authority of state law or custom;

And fourth, that the Defendants' actions were the proximate or legal cause of any damages proven by the Plaintiff.

Note, that I have found that the First Amendment protects a person's communications to the FBI that concern activities in a state house of corrections.

[NOTE:  It is the duty of the court to determine that the speech in question is a matter of public concern, prior to giving the instruction.  See Connick v. Meyers, 461 U.S. 138, 103 S. Ct. 1684, 75 L.Ed.2d 708 (1983)]

2

**SOURCES:**

Kevin O'Malley, Et Al, <u>Federal Jury Practice and Instructions</u>, §§168.10, 168.20, 786, 657-68, 5th Ed., West Group, (2001); <u>Connick v. Meyers</u>, 461 U.S. 138, 103 S. Ct. 1684, 75 L.Ed.2d 708 (1983)

## PROPOSED JURY INSTRUCTION NUMBER 2

### SECOND ELEMENT OF FIRST AMENDEMENT CLAIM
### SUBSTANTIAL MOTIVATING FACTOR

I instruct you that the applicable law requires only that a public employer refrain from taking action against an employee because of the employee's exercise of protected First Amendment rights.  So far as you are concerned in this case, an employer may transfer an employee or otherwise affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find that the Plaintiff has proven by a preponderance of the evidence that the Plaintiff's protected conduct was a substantial factor or a motivating factor in the Defendants' decision to revoke the Plaintiff's security clearance and bar her from the House of Correction, you must then determine whether the Defendants have established through a preponderance of the evidence that it would have reached the same decision even in the absence of Plaintiff's protected conduct.  In other words, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendants' decision.

If you find that the Plaintiff has proved all of the four necessary elements of this claim, then your verdict must be for the Plaintiff.

4

5

However, if the Plaintiff has failed to prove any one of the above elements by a

preponderance of the evidence, then your verdict must be for the Defendants.

Lastly, if it has been proved by a preponderance of the evidence that the

Defendants would have revoked the Plaintiff's security clearance and barred her from the

House of Correction, regardless of his speech, then your verdict must be for the

Defendants.


**SOURCES:**
Kevin O'Malley, Et Al, <u>Federal Jury Practice and Instructions</u>, §§168.10, 168.20, 786,
657-68, 5th Ed., West Group, (2001); <u>Connick v. Meyers</u>, 461 U.S. 138, 103 S. Ct. 1684,
75 L.Ed.2d 708 (1983); <u>Carey v. Piphus</u>, 435 U.S. 247 (1978);  <u>Mt. Healthy City School
Dist. Bd. Educ. V. Doyle</u>, 429 U.S. 274, 287 (1977).

**PROPOSED JURY INSTRUCTION NUMBER 3**

**FOURTH ELEMENT OF FIRST AMENDMENT CLAIM
PROXIMATE CAUSE**

You may award damages only for those injuries which you find the Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the Defendants in violation of section 1983. You must distinguish, on the one hand, the existence of a violation of the Plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the Defendants deprived the Plaintiff of her rights in violation of section 1983, you must ask whether the Plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that she claims to have suffered.

Proximate cause means that there must be a sufficient causal connection between the act or omission of the Defendants and any injury or damage sustained by the Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of the Defendants' act or omission. If an injury was a direct result or a reasonably probable consequence of the Defendants' act or omission, it was proximately cause by such acts or omissions. In other words, if the Defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for an injury, the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the

conduct of the Defendants.   If you find that the Defendants have proven, by a

preponderance of the evidence, that the Plaintiff complains about injury which would

have occurred even in the absence of the Defendants' conduct, you must find that the

Defendant did not proximately cause Plaintiff's injury.

**SOURCES:**
Connick v. Meyers, 461 U.S. 138, 103 S. Ct. 1684, 75 L.Ed.2d 708 (1983); Carey v.
Piphus, 435 U.S. 247 (1978); Mount Healthy City School Dist. Bd. Of Ed. V. Doyle, 429
U.S. 274 (1977);  Bordanaro v. McLeod, 371 F.2d 1151, 1156 (1st Cir. 1989).

## PROPOSED JURY INSTRUCTION NUMBER 4

### PRETEXT

If you find that the Plaintiff has established by the preponderance of the evidence that an adverse action took place, then the Defendants must prove to you, by a preponderance of the evidence that the reasons for their actions were legitimate and non-retaliatory.

If the Defendants have established by a preponderance of the evidence that their basis for barring the Plaintiff from the House of Correction was legitimate and non-retaliatory, then, at that point the burden shifts back to the Plaintiff.

Thus, at this point, the Plaintiff bears the ultimate burden of persuading you that the Defendants' justification was false.  In other words, the Plaintiff must then prove, by a preponderance of the evidence that the Defendants' reasons for barring the Plaintiff from the House of Correction were just a pretext for the real reason.  The Plaintiff has the burden of proving that the Defendants' reasons for barring the Plaintiff from the House of Correction were solely for retaliation, and no other business purpose.

**SOURCES**:
Gu and Santoro v. Boston Police Department, et als, 312 F.3d 6, 11-12 (1st Cir 2002).

## PROPOSED JURY INSTRUCTION NUMBER 5

### BUSINESS JUDGMENT

When assessing the Plaintiff's claim of pretext, you should focus on the motivation of the employer, and not its business judgment. The defendant may exercise legitimate business judgment in determining whether or not to retain an employee or contractor. You do not possess the expertise or experience in corrections to determine whether the business judgment of the Defendants was right or wrong, and it is not your function to act as a "super personnel department". Rather, it is your job to determine whether the legitimate business reason offered, by the Defendants is what motivated the decision to bar the Plaintiff from the facility, or whether it was motivated by a retaliation. Another words, if you find that the Defendants' decision to bar the Plaintiff was non-retaliatory, but you feel that the decision was unfair nonetheless, you must find that the Defendants did not violate the Plaintiff's federal rights.

While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal retaliation. The employer's stated legitimate reason must be reasonably articulated and non-retaliatory, but does not have to be a reason that you, the jury, would act on or approve. The employer is entitled to make its own policy and business judgments, and may, for example, fire an adequate employee if its reasons is to hire one who will be even better, as long as this is not a pretext for retaliation.

You may consider the reasonableness or lack of reasonableness of the Defendants' stated business judgment along with all the other evidence in determining whether the Defendants retaliated against the Plaintiff. The reasonableness of the

employer's reasons may of course be probative of whether the reasons are pretexts.  You

must keep in mind, however, that your focus must be on the Defendants' motivation in

taking the action it did and not its business judgment.


**SOURCES**:
Kelly v. Airborne Freight Corp., 140 F.3d 335, 351 n.6 (1st Cir. 1998);  Loeb v. Textron,
Inc., 600 F.2d 1003, 1012 N.6 (1st Cir. 1979);  Harris v. Board of Public Utilites of the
City of Kansas City, 1991 U.S.Dist.Lexis 9150 (Dist.Kan);  Verniero v. Air Force
Academy School Dist., 705 F.2d 388 (10th Cir. 1983).

## PROPOSED JURY INSTRUCTION NUMBER 6

### PREPONDERANCE OF EVIDENCE

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**SOURCES**:
Kevin O'Malley, Et Al, <u>Federal Jury Practice and Instructions</u>, sec. 175.41, 657-58, 5th, Ed., West Group, (2001).

## PROPOSED JURY INSTRUCTION NUMBER 7

## CONSIDER DAMAGES ONLY IF NECESSARY

If the plaintiff has proven by a preponderance of the credible evidence that the defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled.  However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on compensatory damages only so that you will have guidance should you decide that the plaintiff has established liability.

**SOURCES**:
Leonard B. Sand, et al., Modern Federal Jury Instructions, ¶87.03 at 77-2 (1996) (modified).

## PROPOSED JURY INSTRUCTION NUMBER 8

### COMPENSATORY DAMAGES

If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe she actually sustained as a direct consequence of the conduct of the Defendants.

You shall award actual damages only for those injuries which you find that the plaintiff has proven by a preponderance of the evidence were proximately caused by defendants' conduct. You should not engage in any speculation or conjecture. You shall award actual damages only for those injuries which you find the plaintiff has proven by a preponderance of the evidenced to have been the result of the conduct of the defendant in violation of section 1983. You can award damages for economic loss, and emotional pain and suffering. Do not consider attorneys fees or taxes. You should also determine whether to award interest on the federal claim. Finally, I ask you to give one total award of damages.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

**SOURCES**:
Leonard B. Sand, et al., Modern Federal Jury Instructions, ¶87.03 at 87-249 (1996) (modified); Davet v. Maccarone, 973 F.2d 22 (1st Cir. 1992).

**PROPOSED JURY INSTRUCTION NUMBER 9**

**PUNITIVE DAMAGES**

If you award the Plaintiff actual damages, then you may also make her a separate

and additional award of punitive damages if the Plaintiff proves through a preponderance

of the evidence that Defendant Sheriff Cabral's actions were done maliciously or

wantonly.  Punitive damages are only available upon a showing of the requisite intent.

Thus, in order for you to award punitive damages, you must find that the conduct at issue

was motivated by an evil motive or intent.  This means that the Plaintiff must have

demonstrated that the Defendant Sheriff Cabral acted with malice or reckless indifference

and with the knowledge that they might be violating federal law, not merely the

knowledge that they are engaging in retaliation of some sort, if punitive damages are to

be awarded.

Punitive damages are designed to punish a defendant or deter others from

engaging in similar conduct.  You may award the Plaintiff punitive damages only if

Defendant Sheriff Cabral act was done maliciously or wantonly.  An act is maliciously

done if it is prompted by ill will or spite towards the Plaintiff.  An act is wanton if done in

a reckless or callous disregard of, or indifferent to, the rights of the Plaintiff.  The

Plaintiff has the burden of proving that the Defendant Sheriff Cabral acted maliciously or

wantonly with regard to the Plaintiff's rights.

If you find by a preponderance of the evidence that the Defendant Sheriff Cabral

acted with malicious intent to violate the Plaintiff's Federal rights, or if you find that

Defendant Sheriff Cabral acted with a callous or reckless disregard of the Plaintiff's

rights, then you may award punitive damages.  An award of punitive damages, however,

is discretionary; that is, if you find that the legal requirements for punitive damages are

satisfied, then you may decide to award punitive damages, or you may decide not to

award them.

**SOURCES**:
42 U.S.C. § 1981a(b)(1);  Bandera v. City of Quincy, 220 F.Supp.2d 26, 32
(2002);Kolstaad v. American Dental Association, 527 U.S. 526, 535 (1999); Smith v.
Wade, 461 U.S. 30 (1983); Memphis Community School District v. Stachura, 477 U.S.
299 (1986);  Modern Federal Jury Instructions, Matthew Bender & Company, Inc., 87-03
at 87-92 (2005).

## PROPOSED JURY INSTRUCTION NUMBER 10

### NOMINAL DAMAGES

If you return a verdict for the plaintiff, but find that Plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages are awarded when the Plaintiff has been deprived by defendant of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that Plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

**SOURCES**:
    Leonard B. Sand, et al., Modern Federal Jury Instructions, ¶87.03 at 87-253 (1996);
                    Davet v. Maccarone, 973 F.2d 22, 30 (1st Cir. 1992).

## PROPOSED JURY INSTRUCTION NUMBER 11

### TORTIOUS INTERFERENCE WITIH ADVANTAGEOUS RELATIONSHIP ELEMENTS

The Plaintiff claims in this case that she had an advantageous employment relationship with a third party, Correctional Medical Services, Inc., and that Defendant Sheriff Cabral improperly interfered with the Plaintiff's performance under this relationship.

In order to prevail on this claim, the Plaintiff must prove by a preponderance of the evidence that:

1.    The Plaintiff had an advantageous relationship with Correctional Medical Services, Inc;

2.    Defendant Sheriff Cabral knew about the advantageous relationship and intentionally interfered with the agreement;

3.    Defendant Cabral's interference, in addition to being intentional, was improper in motive and means;

4.    The Plaintiff was harmed by Defendant Sheriff Cabral's actions.

**SOURCES**:
King v. Driscoll, 418 Mass. 576 (1994); United Truck Leasing Corporation v. Geltman, 406 Mass. 811 (1990).

## PROPOSED JURY INSTRUCTION NUMBER 12

### TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP
### IMPROPER MOTIVE

A claim of tort liability for intentional interference with advantageous relationship is made out when interference resulting in injury to another is wrongful by some measure beyond the fact of interference itself.  Defendant Sheriff Cabral's liability may arise from improper motives or from the use of improper means.  The improper motive or means is "actual malice".  "Actual malice" is any spiteful, malignant purpose, unrelated to the legitimate corporate interest.

**SOURCES**:
United Truck Leasing Corporation v. Geltman, 406 Mass. 811 (1990);   Shea v. Emmanuel College, 425 Mass. 761 (1997).

## PROPOSED JURY INSTRUCTION NUMBER 13

### DEFAMATION
### GENERALLY

In order for the Plaintiff to prevail on her claim for Defamation, she was prove by a preponderance of the evidence:

1.      Sheriff Cabral made a false statement

2.      The statement concerned the Plaintiff;

3.      At the time Sheriff Cabral made the statement, she either knew the statement was false or acted in reckless disregard to truth; and

4.      The Plaintiff has suffered actual harm that caused by the statement.

An expression of opinion cannot form the basis of a claim for defamation no matter how unjustified or unreasonable.  In making a determination as to whether a statement is fact or opinion, you must (1) look at the entire context of the communication, (2) consider all of the words used, (3) give weight to any cautionary terms, and (4) consider all the circumstances surrounding the statement, including the medium used and the audience to whom it was published.  If you find that the Sheriff's statement was her opinion and not a statement of fact, then you must not find for the Plaintiff on her claim for defamation.

**SOURCES**:
Cole v. Westinghouse Broadcasting Co., 386 Mass. 303, 308 (1982);   Lyons v. Globe Newspaper Co., 415 Mass. 258, 263 (1993).

## PROPOSED JURY INSTRUCTION NUMBER 14

### DEFAMATION
### DAMAGES

If you find by a preponderance of the evidence that the Defendant is liable for defamation, the plaintiff is only entitled to the fair compensation for her actual damages, including her mental suffering and harm to her reputation, and for any special damages she has suffered, all of which must be proven by a preponderance of the evidence. The plaintiff has the burden of proving the actual harm inflicted by defamatory falsehood, which includes impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. The plaintiff may also recover any specific economic harm caused by the defamation. However, punitive damages are prohibited. That is, in determining the plaintiff's damages, you must not punish the defendant's conduct or attempt to deter its future occurrence.

If you find that the plaintiff committed certain acts that create a reasonable suspicion that the matters charged against her by the defendant are true, you may reduce the amount of damages by any amount which you deem appropriate.

**SOURCES**:
Tosti v. Ayik, 394 Mass. 482, 496 (1985); Gertz v. Robert Welch, Inc., 418 U.S. 323, 349-50 (1974); Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 860 (1975); Massachusetts Jury Instructions, Lexis Law Publishing, sec. 19.8, 1999.