UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>    Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and SUFFOLK COUNTY<br><br>    Defendants. | Civil Action No.04-11935-DPW |

### PLAINTIFF SHEILA PORTER'S OPPOSITION TO DEFENDANTS' MOTION TO IN LIMINE TO EXCLUDE EVIDENCE OF GRAND JURY TRANSCRIPTS AND ANY EVIDENCE OF GRAND JURY INVESTIGATION CONCERNING THE CIRCUMSTANCES SURROUNDING THE BARRING OF PLAINTIFF

Despite the caption of defendants' motion, they devote almost no time to arguing that the grand jury transcripts should be excluded. On the contrary, the only portion of the only grand jury transcript that has been disclosed—that of Viktor Theiss—is highly relevant is not hearsay. Rather, defendants focus on the "[e]vidence surrounding the investigation by the grand jury." To the extent defendants identify the evidence to which they are referring, that evidence either will not be introduced or it is admissible.

    A.    <u>Transcript of Viktor Theiss's Grand Jury Testimony</u>:

Only a portion of one grand jury transcript has been disclosed in the present case—a portion of the transcript relating to Viktor Theiss's testimony. In this testimony, Mr. Theiss states that Sheriff Cabral told him after the barring that Mrs. Porter was barred in part "for contacting outside agency without reporting to us." Grand Jury Transcript of Viktor Theiss sworn to on January 18, 2005, 120:9-10 (attached hereto as Exh. A). Given that the central issue

LIBA/1662557.1

in the present case is whether Mrs. Porter's communication with the FBI was a cause of her barring, and Sheriff Cabral's insistence that she did not bar Mrs. Porter for communicating with the FBI, this evidence goes to the very heart of this case. Therefore, it cannot seriously be disputed that the evidence is relevant. Nor have the defendants pointed to any *undue* prejudice that they would suffer from the testimony.

Finally, the testimony is not hearsay. If Mr. Theiss testifies inconsistently with his grand jury testimony, that testimony is admissible both to impeach Mr. Theiss under Federal Rule of Evidence ("FRE") 806, and for the truth of the matter asserted under FRE 801(d)(1), which provides that a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." *Id.* Under this rule, grand jury testimony of testifying witnesses who make inconsistent statements at trial is admissible both to impeach and for the truth of the matter asserted. *See U.S. v. Teemer*, 394 F.3d 59, 62 n.1 (1st Cir. 2005). In any event, the statement is not hearsay because it is an admission of a party-opponent under Rule 801(d)(2)(D). Mr. Theiss was the defendants' agent or servant, the statement concerned a matter within the scope of his agency or employment, and it was made during the existence of the relationship. *See id.*[1]

B.  "Evidence Surrounding the Investigation of the Grand Jury"

It is unclear precisely what evidence defendants are referring to when they say "evidence surrounding the investigation of the grand jury." To the extent that this evidence is limited to that identified in the brief, namely Exhibits DD, EE, KK, GGG, and HHH, Mrs. Porter will not

---

[1] Similarly, the fact that Mr. Theiss's testimony reports a statement of Sheriff Cabral does not render it hearsay because Sheriff Cabral's statement clearly is an admission of a party opponent under Rule 801(d)(2).

2

seek to introduce some of this evidence. In particular, Mrs. Porter will not seek to introduce Sheriff Cabral's letter to United States Attorney Sullivan (Exh. DD), or U.S. Attorney Sullivan's letter to Sheriff Cabral (Exh. EE).

The rest of the identified evidence is admissible. First, the April 6, 2004 letter from Walter Prince, Esq. to AUSA Stephen Huggard does not even refer to the grand jury proceedings, so it is difficult to understand how such a letter constitutes "evidence surrounding the investigation by the grand jury." (Exh. KK). In any even, the letter is highly relevant, as it addresses the language of S220, pursuant to which Mrs. Porter was barred. Defendants make no showing as to how this letter will *unduly* prejudice them. Moreover, as a letter from defendants' attorney, it is not hearsay because it is an admission by a party-opponent under Rule 801(d)(2). 18 U.S.C. §1513 (Exh. HHH) is relevant to provide context to the April 6, 2004 letter, which refers to this section of the United States Code.

The September 28, 2005 letter from U.S. Attorney Michael Sullivan to Mr. Prince also is admissible under the Public Records and Reports exception to the hearsay rule. *See* FRE 803(8). Numerous courts in this circuit and elsewhere have held that reports of U.S. Attorneys regarding the results of their investigations are admissible under FRE 803(8)(C). *See United States v. Tobin*, 28 F. Supp.2d 674, 677 n. 4 (D. Mass. 1998) (noting that a litigant in a civil fraud action could rely on the pre-sentence report submitted by the United States Attorney); *United States v. Welborn*, 49 F. Supp.2d 597, 605 (N.D. Ill. 1999) (holding that a litigant could rely on a pre-sentence report prepared by a United States Attorney).

Here, the United States Attorney clearly is a public official. *See Welborn*, 49 F. Supp.2d at 605. Moreover, as in *Welborn*, the United States Attorney's investigation of Sheriff Cabral was made pursuant to the prosecutor's legal authority and the nonprosecution letter was a

"record, report or statement" setting forth factual findings resulting from that investigation. *See id.* In addition, the factual findings set forth in the letter are admissible, including the "factually based conclusions or opinions made by the preparer of the report based on disputed evidence." *Id. See also Rainey* at 170; *United States v. Peitz*, 01-CR-852, 2002 WL 31101681 *5 (N.D. Ill. Sept. 20, 2002) (holding that an SEC no action letter from a civil action, which stated that there was no evidence that the defendant participated in a scheme to defraud investors, was excluded from the hearsay rule in the criminal trial of the defendant).[2]

Finally, Viktor Theiss' Immunity Order (Exh. GGG) is relevant to the weight that the jury should give to his grand jury testimony.

## CONCLUSION

WHEREFORE: Defendants' motion to exclude evidence of grand jury transcripts and any evidence of grand jury investigation concerning the circumstances surrounding the barring of Mrs. Porter should be denied.

Respectfully submitted,

SHEILA PORTER

By her attorneys,

*/s/ Joseph F. Savage, Jr.*
Joseph F. Savage Jr. (BBO # 443030)
David S. Schumacher (BBO # 647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: January 3, 2006

---

[2] The defendants do not even attempt to satisfy their burden of proving that the letter is inadmissible based on a lack of trustworthiness. The nonprosecution letter was timely, it was the product of an investigation by skilled investigators, it followed numerous grand jury hearings, and it cannot be argued that the investigators were biased; indeed, the USAO chose not to indict Ms. Cabral or anyone else within the SCSD. In short, the letter is admissible under the public record exception to the hearsay rule.

4