UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and SUFFOLK COUNTY<br><br>  Defendants. | Civil Action No.04-11935-DPW |

**PLAINTIFF SHEILA PORTER'S OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DISCIPLINE IMPOSED UPON
DEPARTMENT EMPLOYEES AND BARMENTS OF NONEMPLOYEES**

Defendants argue that evidence that no employees have been barred for similar reporting errors, and the reasons that employees have been barred have been substantially more serious, should not be admitted because those employees are union members subject to the "just cause" standard.  This argument betrays a fundamental misunderstanding of defendants' burden in this case in responding to Mrs. Porter's showing that retaliation was a substantial or motivating factor in her barring.  Quite apart from whether defendants had to show just cause to bar Mrs. Porter, there is no question that, once Mrs. Porter shows that a substantial or motivating reason for her barring was the exercise of her First Amendment rights, the burden shifts to defendants to prove that the real cause was a legitimate reason under *Mt. Healthy*.  *See Mt. Healthy City Sch. Dist. Bd. of Edu. V. Doyle*, 429 U.S. 274, 287 (1977).

In other words, to overcome the evidence that there was an unconstitutional motive, the defendants must prove that they would have taken the same steps even in the absence of the

improper motive.  In determining what reasons the defendants would have found to be a compelling basis for taking adverse action, how similarly situated people have been treated by the same defendant is highly relevant.  For instance, if defendants has produced evidence that it had been a longstanding practice of the SCSD to bar contract workers for the exact same reasons that are currently advanced for Mrs. Porter's barring, this would be compelling evidence that Mrs. Porter's barring was justified, notwithstanding her First Amendment rights.  Similarly, the <u>absence</u> of such a track record at the SCSD (indeed there is no evidence that <u>anyone</u> has ever been barred or disciplined for these same reasons) reflects that the reasons for the barring are a pretext.  Thus, evidence of other barrings and discipline imposed on employees who committed similar "infractions" is central to Mrs. Porter's § 1983 claims.

Defendants claim that evidence of other employees' discipline for similar offenses is not relevant because the SCSD must satisfy the "just cause" standard to discipline employees.  The obvious implication of this argument is that there was <u>not</u> just cause to bar Mrs. Porter.  Mrs. Porter is entitled to present evidence that of the vast disparity in treatment by the SCSD between employees and contract workers who committed the same offenses.  These facts are clearly relevant to Mrs. Porter's claim that the current reasons advanced for her barring are false.

Defendants also claim that evidence of discipline and barrings by prior sheriffs is not relevant to Mrs. Porter's claims.  Not so.  Mrs. Porter was told that she was barred pursuant to SCSD Policy S-220, and Ms. Cabral has grounded the current reasons for her barring in specific provisions of S-220.  In addition, the SCSD employees who committed reporting infractions were often cited for violating S-220.  There is no evidence that the "reporting" provisions of S-220 have changed at all since 1999.  Accordingly, discipline imposed on others who committed

reporting violations under this policy is relevant to Mrs. Porter's barring pursuant to the same provisions.

Finally, evidence of employees' barring is not only being introduced to show the results of the process, but also the process itself. Chief-of-Staff Keeley testified that, when individuals were barred, typically the punishment was temporary, not permanent, pending a full investigation:

> If someone worked at the department but they were not a Suffolk County Sheriff Department employee and they violated a department policy or regulation . . . one of the ways to respond to that or the way in which to respond to that is to bar that person until a determination is made as to whether or not they will be continued -- allowed to continue to come to the department to work in whatever capacity, as a vendor, whatever their relationship is with the department.

*See* Deposition of Elizabeth Keeley, pp. 35-36; *id.*, p. 137 ("[barring is] a similar mechanism to get the person out of the building until a determination is made as to what the appropriate discipline is."). This was not the procedure followed for Mrs. Porter: she was barred immediately and permanently, with no further determination to be made concerning her work status. This demonstrates that the procedure followed with respect to Mrs. Porter's barring was highly unusual, which is further evidence that Ms. Cabral was in a rush to remove her from the facility as soon as she found out that Mrs. Porter communicated with the FBI.

## **CONCLUSION**

WHEREFORE: Defendants' motion to exclude evidence of discipline imposed upon department employees and barment of nonemployees should be denied.

Respectfully submitted,

SHEILA PORTER

By her attorneys,

*/s/ Joseph F. Savage, Jr.*
Joseph F. Savage Jr. (BBO # 443030)
David S. Schumacher (BBO # 647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

Dated: January 3, 2006
LIBA/1663562.1