UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and SUFFOLK COUNTY<br><br>　　　　Defendants. | Civil Action No.04-11935-DPW |

**PLAINTIFF SHEILA PORTER'S EMERGENCY MOTION FOR LEAVE OF COURT TO REOPEN THE DEPOSITION OF VIKTOR THEISS**

Plaintiff Sheila Porter hereby moves pursuant to Federal Rule of Civil Procedure 30(a)(2) for leave of Court to reopen the deposition of Viktor Theiss for the limited purpose of inquiring into the topic covered by his recently disclosed grand jury testimony. In support of this motion, Ms. Porter states as follows:

1. On May 24, 2005, Viktor Theiss, the Chief of the SCSD SID, was deposed and asked about the reasons Sheriff Cabral gave for barring Ms. Porter—the central issue in the present case. He indicated that he had not been told the reasons.

2. Subsequent to that deposition, on December 20, 2005, this Court ordered the disclosure of grand jury testimony that Mr. Theiss gave on this subject on January 18, 2005. That grand jury testimony reflects that Mr. Theiss was told the reason by the Sheriff on two occasions.

3. A court may, in its discretion, allow a witness to be redeposed concerning statements the witness had made which were unknown to the plaintiffs at the time

of the first deposition. *See Keck v. Union Bank of Switzerland*, No. 94-CIV-4912, 1997 WL 411931 *1 (S.D.N.Y. 1997); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 692 (D. Kan. 1996). In the present case, the content of Mr. Theiss's grand jury testimony was unknown to Ms. Porter until after his deposition. Had the plaintiff been aware of the grand jury statement an appropriate inquiry could have been conducted to determine the reason the testimony has changed. That inquiry was not conducted and the plaintiff should not be unfairly surprised at a trial by an "innocent explanation". The differing testimonies also raise the issue of whether there are any other conversations on this narrow topic that the plaintiff was entitle to discover but that were not forthcoming at the deposition.

4. The burden imposed by reopening the deposition will be minimal. Ms. Porter expects that it will take no more than one half hour to cover this topic. This minimal burden will be more than off-set by the savings in terms of judicial resources, in particular the jury's time, that will result from narrowing the issues before trial through the reopened deposition of Mr. Theiss. Likewise the reopened deposition will ameliorate some of the unfairness of to plaintiff in not being allowed to make a full inquiry on the key topic in the case.

## **CONCLUSION**

WHEREFORE: This Court should grant Ms. Porter leave to reopen the deposition of Viktor Theiss for the limited purpose of inquiring into the subject-matter of his grand jury testimony.

                    Respectfully submitted,

                    SHEILA PORTER

                    By her attorneys,

                    */s/ Joseph F. Savage, Jr.*
                    Joseph F. Savage Jr. (BBO # 443030)
                    David S. Schumacher (BBO # 647917)
                    GOODWIN PROCTER LLP
                    Exchange Place
                    Boston, MA  02109
                    (617) 570-1000

Dated: January 4, 2006

## CERTIFICATION UNDER LOCAL RULE 7.1 AND LOCAL RULE 37.1

    I, James R. Sweet, hereby certify that counsel for Sheila Porter conferred with counsel for the Suffolk Defendants in a good faith attempt to resolve or narrow the issues in this motion prior to its filing.


Dated: January 4, 2006        /s/ James R. Sweet
                                        James R. Sweet


## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served electronically on opposing counsel via the ECF system on this 4th day of January, 2006.

                              /s/ James R. Sweet
                              James R. Sweet