UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHEILA PORTER, <br> Plaintiff <br><br> v. <br><br> ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT | CIVIL ACTION NO: 04-11935DPW |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DISCIPLINE IMPOSED UPON DEPARTMENT EMPLOYEES AND BARMENTS OF NONEMPLOYEES**

Now come the Defendants Andrea Cabral, Suffolk County Sheriff's Department and Suffolk County and move this Honorable Court *in limine* to preclude the Plaintiff, Sheila Porter, from introducing evidence of discipline imposed by the Suffolk County Sheriff's Department on its union member employees and certain evidence of non-employees who have been barred from the institution during the current administration of Sheriff Cabral. In support thereof, the Defendants state as follows:

The Plaintiff seeks to offer evidence of discipline imposed on union employees for violations of Policy S220 in an effort to demonstrate that the reasons articulated by Sheriff Cabral in support of her decision to bar the Plaintiff were pretextual. Specifically, proposed exhibits O are disciplinary letters issued to department employees for violations of S220.[1] Additionally, the Plaintiff seeks to offer evidence of other contract workers, vendors, and volunteers who were barred under the Cabral administration of the Suffolk

---

[1] Proposed exhibit P is a summary chart of the information contained in exhibit O. The Defendants did not receive plaintiff's proposed chart in sufficient time to review for purposes of the motion.

1

County Sheriff's Department (Exhibits F and G) to demonstrate that the Plaintiff's conduct did not warrant barment, and therefore the reasons for the barring offered by Sheriff Cabral were pretextual[2]. This evidence is not relevant to the issues presented in the instant litigation and should be excluded pursuant to Fed. R. Evid. 402. It is well established that "[e]vidence which has no probative value with respect to any issue, including credibility, is not admissible and the trial judge has the function and duty to exclude such evidence from consideration by the jury". U.S. v. Higgins, 362 F.2d 462 (7th. Cir. 1966). Further, the evidence would unfairly prejudice the Defendants and mislead the jury and accordingly should be excluded pursuant to Fed. R. Evid. 403.

The Plaintiff was a contract worker employed by Correctional Medical Services, Inc. (CMS) and assigned to work at the HOC. She was not a member of any union at the HOC nor was she covered by the terms of any collective bargaining agreement. The contract between CMS and Suffolk County provided that the Department reserved the right to revoke the security clearance of any CMS employee and bar them from the House of Correction (HOC).

Sheriff Cabral made the decision to revoke the Plaintiff's security clearance and bar her from the HOC because: (1) she failed to document her observations of inmate Rosario's physical condition in his medical records after he informed her that he had been assaulted by a correction officer; (2) she failed to submit a report documenting her encounter with inmate Rosario, including her observations of his physical condition and her communications with him regarding the alleged assault, until nine days after it was requested; and (3) the document that was submitted was written on Interdisciplinary

---

[2] The Defendants do not oppose the introduction of the barring notices that were issued by the Department concerning the barrings but object to the introduction of any reports and documents regarding the reasons for those barrings.

2

Progress Notes and dated May 19, 2003, as if that was the date that the observations and communications occurred. Sheriff Cabral was made aware of Mrs. Porter's deficiencies when she was briefed on the results of the Sheriff's Investigation Division's investigation into the inmate allegations of abuse. It was in that context that Sheriff Cabral decided that the Plaintiff's conduct warranted barring.

It is inapposite to compare discipline imposed on union members for violations of S220 related to reporting with the barring of the Plaintiff, a contract worker, because they are not similarly situated. The contracts between Suffolk County and the various unions at the Suffolk County Sheriff's Department include provisions that no discipline shall be imposed upon the membership without "just cause". The "just cause" provision essentially requires the Department to consider a number of factors, in addition to the alleged misconduct and proof thereof, in determining the level of discipline to impose in a particular case. Those factors include, the nexus between the misconduct and the employment, the employee's years of service, past disciplinary history, and the principles of progressive discipline. These factors and the Department's ability to withstand a challenge to the discipline imposed through the grievance and arbitration process, necessarily impacts the level of discipline that the Department decides to impose on a particular employee based upon specific allegations of misconduct.

Here, the contract between CMS and Suffolk County contained no such "just cause" provision. Indeed, pursuant to the contract the Department reserved the unilateral right to bar CMS employees from the HOC. In that respect, the Plaintiff and other CMS employees working at the HOC were akin to employees-at-will, not Department employees and union members protected by collective bargaining agreements.

3

Accordingly, Sheriff Cabral was not constrained by the contractual requirements of "just cause" and the grievance and arbitration process in taking the action that she believed was appropriate in light of the Plaintiff's conduct.

Further, Sheriff Cabral's decision to bar the Plaintiff was based upon a constellation of reasons related to her failure to document her observations of an inmate's physical condition in his medical records and her corresponding failure to submit a report of that encounter as requested in a timely fashion in the context of that inmate's allegations of physical abuse by Department employees.  Here, the Plaintiff seeks to introduce disciplinary letters that, in summary fashion, notify an employee of the specific policy violation and the level of discipline imposed.  The letters do not provide the full factual context in which the disciplinary decisions were made and therefore do not provide an appropriate means of comparison, even if they were similarly situated with the Plaintiff, to evaluate the Sheriff's decision to bar.  Accordingly, any evidence of discipline imposed on union members for reporting violations without a showing of congruent circumstances has no probative value relative to the issue in this case: the reasons why Sheriff Cabral revoked the security clearance of the Plaintiff, a contract worker.

Furthermore, there is no evidence in the record that Sheriff Cabral was consulted regarding the imposition of any of the discipline reflected in the letters that the Plaintiff seeks to introduce.  Many of the letters are form letters and reflect low levels of discipline for which it is likely that the Sheriff was not aware, much less involved in the decision process.  For those levels of discipline in excess of five days or more, of which the Sheriff may have been aware, there is no evidence in the record that the Sheriff was

4

involved in or consulted with respect to those particular disciplinary decisions. Without a showing that Sheriff Cabral was consulted in the disciplinary decisions as reflected in the disciplinary letters which the Plaintiff seeks to introduce, they are not relevant to evaluate her decision to bar Mrs. Porter.

In addition to the disciplinary letters discussed above, the Plaintiff seeks to introduce documents underlying the decisions to bar approximately 16 contract workers, vendors and volunteers from the HOC made during the Cabral Administration.[3] (Exhibit F). Each of these decisions was made under very specific and particular factual circumstances. Furthermore, the record does not establish that Sheriff Cabral made the decision to bar in each case or was consulted in those decisions. These documents should be excluded pursuant to Fed. R. Evid. 403 because they would confuse the issues and mislead the jury by inviting them conduct a mini trial on the merits of each particular barring. See McKeown v. Woods Hole, 9 F. Supp. 2d 32, 39-40 (D. Mass 1998) (finding exclusion of evidence appropriate where if admitted the evidence could have confused the jury by focusing its attention away from the main issue at trial).

WHEREFORE, the Defendants respectfully request that this Honorable Court exclude from evidence of discipline imposed on union department employees for violations of S220 and documents underlying the decision to bar contract workers, vendors and volunteers made by the Suffolk County Sheriff's Department prior to the Cabral administration.

---

[3] The Plaintiff also seeks to introduce a summary chart (Exhibit G) of the information contained in Exhibit F. Defendants did not receive the summary chart from the Plaintiff in sufficient time to review for purposes of this motion.

                    Respectfully submitted
                    For the Defendants
                    By their attorney,


                    <u>/s/ Ellen M. Caulo</u>
                    Ellen M. Caulo
                    BBO #545250
                    Deputy General Counsel
                    Suffolk County Sheriff's Department
                    200 Nashua Street
                    Boston, MA 02141
                    (617) 961-6681

January 4, 2006