# EXHIBIT B
# Part 2 of 2



# Suffolk County Sheriff's Department



|  |  |
|---|---|
| **Jail**<br>200 Nashua Street<br>Boston, MA 02114<br>(617) 635-1100 | **House of Correction**<br>20 Bradston Street<br>Boston, MA 02118<br>(617) 635-1000 |

**ANDREA J. CABRAL**
**SHERIFF**

HAND DELIVERED

September 15, 2004



## NOTICE OF FIVE-DAY SUSPENSION

Dear ▮▮▮▮▮▮:

This letter serves as notice of a Five-Day suspension due to your actions on Saturday August 25, 2004.

Specifically, on that date you were instructed by the Shift Commander ▮▮▮▮▮▮▮ to transport a detainee to the hospital for an appointment. During the trip, as ▮▮▮▮▮▮▮ was operating the Department vehicle, you activated the blue lights and sirens as the vehicle proceeded through the city of Boston at a high rate of speed. Superintendent ▮▮▮▮▮▮▮ first observed the vehicle with the lights and siren on and then saw the vehicle speed through an intersection against the lights. Superintendent ▮▮▮▮▮ called the shift commander ▮▮▮▮▮▮▮ to determine who was out in Department vehicles and what if any emergency existed.

▮▮▮▮▮▮▮ contacted you via telephone to find out why you activated the lights and sirens and you stated that the Medical Department told you to "get the detainee there on time." ▮▮▮▮▮▮▮ then ordered you to file a written report regarding this incident. Your written report indicated that upon placing the detainee into the department vehicle he "complained of dizziness" and appeared to be pale, therefore you activated the lights and sirens to "swiftly and safely" transport the detainee. You did not mention this during the phone conversation with ▮▮▮▮▮▮▮. Also, your written report did not mention your conversations with the Medical Department regarding the need for the detainee to arrive at the appointment on time, as you explained to ▮▮▮▮▮▮▮.

As a 14-year veteran of the Department and an experienced transportation officer, you know that a hospital appointment is not a justifiable reason to operate a Department vehicle at a high rate of speed with the lights and sirens on. Your poor judgment jeopardized the safety of



001694

the public — pedestrians crossing the street at the intersection, the detainee, ████████ and yourself. Furthermore, your failure to submit a truthful report concerning this incident violated the Department's trust in you and your judgment.

Your actions were in direct violation of Suffolk County Sheriff's Department Policy S220 — Employee Code of Conduct, S122 — Use of Vehicles and S530 - Transportation. Please be advised that future misconduct of this nature will result in more severe discipline, up to and including termination from the Suffolk County Sheriff's Department.

Sincerely,

*Eugene Sumpter*

Eugene Sumpter
Superintendent

I acknowledge receipt of this letter and understand that it will be placed in my personnel file. I also understand that I can file a counter statement.

████████ 9/15/0y
Officer          Date

*Donald Walsh* RN 9/15/07
Witness          Date

Cc: Elizabeth Keeley, Chief of Staff
    Michael Harris, Superintendent of Human resources
    Cliff Carney, Deputy Superintendent
    Richard Tranfaglia, Director of Personnel ✓
    John Barnes, President of J.O.E.A.S.C.



## *Suffolk County Sheriff's Department*



Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**ANDREA J. CABRAL**
**SHERIFF**

April 7, 2003



### NOTICE OF WRITTEN WARNING

Dear ███████████ :

This letter will serve as notice of a written warning resulting from your actions in July of 2001 relative to an internal departmental investigation involving alleged misconduct of another employee.

Reports and statements you provided in this matter were not clear and complete, and this had the effect of hampering an ongoing SID investigation. Additionally, you improperly involved an inmate in this matter by having him attest to your report. Your actions were in violation of Suffolk County Sheriff's Department Policy S-220.

Please be advised that any further conduct of this nature will result in further discipline, up to and including your termination.

Sincerely,

*P H Bradley*

Patrick Bradley
Superintendent

cc:    Marie Lockhart, Deputy Superintendent
Director of Personnel
William Dowd, Local 419

001696

FROM:    CAPTAIN CHARLES SCOBY

TO:      ███████████

DATE:    MARCH 18,2003

RE:      MAINTAINING UNIT LOG BOOK

## WRITTEN WARNING

On MONDAY MARCH 17,03      , you were found to be in violation of the Department's policy regarding S220

Specifically, your violation was UNIFORMED EMPLOYEES ARE REQUIRED TO MAINTAIN UNIT LOG BOOKS AND RECORD ALL EVENTS THAT OCCUR ON THEIR SHIFT.

I am issuing this written warning for violation of this policy. Continued violation of this policy will be dealt with more severity, up to and including your termination as an employee of the Suffolk County Sheriff's Department.

_____
Supervisor

_____
Shift Commander

I acknowledge receipt of this warning.

███████████              Date: 03/18/03

Note: Give original to employee, and send copies to the Superintendent and Director of Personnel.

001702

## AGREEMENT BETWEEN THE SUFFOLK COUNTY SHERIFF'S DEPARTMENT, AFSCME COUNCIL 93 LOCAL 419 AND ███████████

████████████████ (the employee), the Suffolk County Sheriff's Department's ("the Department") and AFSCME Council 93, Local 419 ("the Union") agree to the following sanctions and actions due to the policy violations by the employee:

- The employee and the Union agree that the employee's actions on April 2, 2004 were in violation of Department Policies S220 when the employee was sleeping on duty and when he submitted a report denying that he was sleeping.
- The employee will accept a suspension without pay for the period of time from April 2, 2004 until April 17, 2004, the date that the employee will return to work.
- The employee agrees that he will serve a one year probationary period beginning April 22, 2004 and ending April 21, 2005. The scope of the probation will be limited to possible future violations of S220, specifically, sleeping on duty and submitting an incorrect, misleading or false report. If the employee violates these sections of S220 during this probationary period, he will be subject to immediate termination.
- The employee and the Union agree that they shall not grieve, litigate, or otherwise dispute in any forum the terms of this Agreement, or any discipline imposed hereunder.
- All parties to this agreement have entered into this agreement voluntarily and of their own freewill, and ██████████ has had an opportunity to discuss it with his Union representative.
- This document contains the entire agreement between the parties regarding this matter and shall not be altered, modified, or amended without the express written agreement of all parties.
- This agreement shall be without precedent as to the discipline imposed against other officers, and cannot be used in any forum except as to enforcement of its terms.

**For the Suffolk County Sheriff's Department**

*Gerard J Horgan*
Gerard Horgan
Superintendent

*Michael J. Harris*
Michael Harris
Superintendent - Employee Relations

*4/30/04*
Date

**For AFSCME Council 93, Local 419**

*Michael J Simpson*
President Christopher McCray
Local 419

*James Breslin*
James Breslin
AFSCME Council 93

████████████████
████████████████



# Suffolk County Sheriff's Department



Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**ANDREA J. CABRAL**
SHERIFF

April 5, 2004

▉▉▉▉▉▉▉▉▉



## NOTICE OF SUSPENSION / DISCIPLINARY HEARING

Dear ▉▉▉▉▉▉:

Please be advised that you are suspended without pay effective immediately for your actions on April 2, 2004. A disciplinary hearing will be held to determine if additional discipline is warranted. The hearing has been scheduled for Friday, April 9, 2004 at 1:00 pm at the Suffolk County House of Correction in the 5th floor conference room in building 1. You are hereby ordered to attend this hearing and are entitled to union representation. You are being charged with violation of Department Policy S220, specifically:

1. Neglect / dereliction of duty
2. Sleeping on duty
3. Submission of a misleading, incorrect or false report.

Sincerely,

Gerard J. Horgan
Superintendent

cc: Elizabeth Keeley, Chief of Staff
Michael Harris, Superintendent -- ER and HR
Marie Lockhart, Deputy Superintendent of Operations
Vincent Morrison, Major of Operations
Robert Zoebisch for Chris McCray, President of Local 419
James Breslin, AFSCME Council 93
Richard Tranfaglia, Director of Personnel
Charlie Abate, Esq.



001705



# Suffolk County Sheriff's Department



| Jail | House of Correction |
|------|---------------------|
| 200 Nashua Street | 20 Bradston Street |
| Boston, MA 02114 | Boston, MA 02118 |
| (617) 635-1100 | (617) 635-1000 |

**ANDREA J. CABRAL**
**SHERIFF**

September 5, 2003



## NOTICE OF SUSPENSION / DISCIPLINARY HEARING

Dear :

You are hereby notified that you are suspended without pay effective immediately and that a disciplinary hearing has been scheduled for Wednesday, September 17, 2003 at 9:00 am in the conference room at the House of Correction. The purpose of the hearing is to determine whether just cause exists to impose discipline against you, up to and including termination of your employment from the Suffolk County Sheriff's Department as a result of your actions on July 29, 2003, while assigned to the back gate of the Suffolk County House of Correction.

You are charged with conduct that is in violation of the following Suffolk County Sheriff's Department Policies:

Policy S-220 section IV; specifically:

1. Possession of an unauthorized cell phone within the institution;
2. Incomplete or misleading statements;
3. False reporting;
4. Submission of a false, incomplete or misleading report;
5. Abandonment of post.

Policy S-501 specifically:

1. Unauthorized leave;
2. Allowing unauthorized entrance.

Policy S-517 section I and II; specifically:

1. Failure to properly clear for entrance;
2. Allowing unauthorized entry.

Post Orders – Vehicle Trap Orders specifically:

1. Pedestrian traffic
2. Failure to sign for post orders.

You are ordered to attend the disciplinary hearing and are entitled to union representation.

Sincerely,

Patrick H. Bradley
Superintendent

cc: Elizabeth Keeley, Chief of Staff
    Anne Powers, General Counsel
    Michael Harris, Director of Employee Relations
    Marie Lockhart, Deputy Superintendent
    Richard Tranfaglia, Director of Personnel
    William Dowd, President Local 419

TE▮▮7 635 4381     P. 001

## AGREEMENT BETWEEN THE SUFFOLK COUNTY SHERIFF'S DEPAARTMENT, AFSCME COUNCIL 93 LOCAL 419, AND CORRECTION

The Suffolk County Sheriff's Department (the Department), Local 419, AFSCME Council 93 (the Union) and ▮▮▮▮▮▮▮▮▮ ▮ (▮▮▮▮▮▮▮) hereby agree as follows:

1. ▮▮▮▮▮▮▮ and the Union acknowledge that ▮▮▮▮▮▮▮ did break security by allowing an unauthorized civilian to enter the secure perimeter of the Suffolk County House of Correction. As a result of his actions he has been charged with violating Suffolk County Sheriff's Department policies S-220 §§ 11 (44); 1 L (3); 1 L (5); II O; II Y (1); Policy S-501 §§ .04 B (1); .04 C (2); Policy 517 §§ .05 A (2); .05 A (3); and Vehicle Trap Post Orders §§ 1(B); and 2(b).

2. ▮▮▮▮▮▮▮ and the Union recognize that ▮▮▮▮▮▮▮ compromised the security of the facility by allowing an unauthorized civilian within the secure perimeter.

3. In lieu of the Department's agreement not to pursue more severe discipline against ▮▮▮▮▮▮▮ for policy violations in ¶1 above, the Union and ▮▮▮▮ agree that ▮▮▮▮▮▮▮ shall serve a 90 calendar day suspension beginning September 5, 2003 and ending on December 3, 2003.

4. ▮▮▮▮▮▮▮ and the Union agree that ▮▮▮▮▮▮▮ is responsible for full payment of his health insurance premiums during the course of his 90-day suspension.

5. ▮▮▮▮▮▮▮ and the Union agree that he shall serve a probationary period for one year beginning with his actual return to work, and that any violation of Department policy during his probationary period shall constitute just cause for his immediate non-grievable termination.

6. The above ¶ 5 does not apply to the Managing Attendance Policy, which continues to apply as written to any Officer.

7. Upon his return, ▮▮▮▮▮▮▮ will cooperate in making a smooth transition back to work including complying the policies and post orders of the Sheriff.

8. ▮▮▮▮▮▮▮ and the Union shall not grieve, litigate or otherwise dispute in any forum the terms of this settlement agreement, or any discipline or termination which is, or which may be, imposed hereunder

9. This settlement agreement contains the entire agreement between the undersigned parties regarding this matter, and it shall not be altered, modified or rescinded without the express, written consent of all undersigned parties.

001710

COUNTY JAIL                           TEL 17 635 4381              P. 002

█████ This agreement shall not serve as precedent between the parties, and shall not be
█████ by ███████████ or the Union in any other forum except as to the
enforcement of its terms.

11. ███████████ acknowledges that he has had an opportunity to consult with a
union representative or other advisor of his choosing, that he is in agreement with
all provisions of this Agreement, that he has entered into this Agreement
voluntarily, and was not coerced in any fashion into doing so.

For the Suffolk County Sheriff's Department   For Local 419, AFSCME Council 93

_P H Bradley_

Patrick H. Bradley,
Superintendent
Date: __9/26/03__

_William Dowd_

William Dowd
President, AFSCME Council 93, Local 419
Date: __12/12/03__

_Michael J. Harris_

Michael Harris
Employee Relations
Date: __9.26.3__

James Broslin
AFSCME Staff Representative
Date: _____

For ████████████████
████████████████

Date: __12-10-03__

<u>**AGREEMENT BETWEEN THE SUFFOLK COUNTY SHERIFF'S DEPARTMENT,**</u>
<u>**AFSCME COUNCIL 93 LOCAL 419, AND** ███████████████████</u>

    The Suffolk County Sheriff's Department (the Department), Local 419, AFSCME Council 93 (the Union) and ███████████████████ ) hereby agree as follows:

1.    ████████████ and the Union acknowledge that ████████ introduced contraband (unauthorized food items) into an inmate housing unit (1-11-2), that she failed to properly maintain the unit log book, and that she allowed certain inmates to remain out of their cells for unauthorized purposes.

2.    ████████████ and the Union acknowledge that the conduct described in ¶ 1 above is in violation of the following Suffolk County Sheriff's Department policies: S-220 §§ IG(3); IIN(1); IIP; and IIY(2); and that just cause exists for the imposition of severe discipline against her.

3.    In lieu of the Department's agreement not to pursue more severe discipline against ████████ for the policy violations described in ¶ 1 above, the Union and ████████████ agree that Officer Cowan shall serve a suspension without pay of two working days, effective January 24, 2003.

4.    ████████████ and the Union shall not grieve, litigate or otherwise dispute in any forum the terms of this settlement agreement, or any discipline imposed hereunder.

5.    This settlement agreement contains the entire agreement between the undersigned parties regarding this matter, and it shall not be altered, modified or rescinded without the express, written consent of all undersigned parties.

6.    This agreement shall not serve as precedent between the parties, and shall not be used by ████████ or the Union in any forum except as to the enforcement of its terms.

7.    ████████████ acknowledges that she has had an opportunity to consult with a union representative, that she is in agreement with all provisions of this Agreement, that she has entered into this Agreement voluntarily, and that she was not coerced in any fashion into doing so.

**For the Suffolk County Sheriff's Department**

*P H Bradley*

Patrick H. Bradley,
Superintendent
Date: 1/22/03

**For Local 419, AFSCME Council 93**

*William Dowd*

William Dowd
President, AFSCME Council 93, Local 419
Date: 1/17/03

For ████████████████████

Felicia Cowan
Date: 1/22/03

001726



# Suffolk County Sheriff's Department



Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**ANDREA J. CABRAL**
SHERIFF

**FROM:** Sergeant Brian Stack

**TO:** ███████████████

**DATE:** January 28, 2003

**RE:** Violation of Policy re: S220

## WRITTEN WARNING

On_____ January 26, 2003, you were found to be in violation of the department's policy regarding ____ S220 Section L-2 and N-1.

Specifically, your violation was Failure to provide a written report on the use of K-9, after being ordered 3 times.

I am issuing this written warning for violation of this policy. Continued violation of this policy will be dealt with more severity, up to and including your termination as an employee of the Suffolk County Sheriff's Department.

_Sgt. Brian Stack_ 425
Supervisor

_Brad/ Hogan_
for Shift Commander

I acknowledge receipt of this warning.

_Declined to Sign_                    Date: 2/18/03

Note: Give original to employee, and copies to the Superintendent and the Director of Personnel.

001728



# Suffolk County Sheriff's Department



**Jail**
200 Nashua Street
Boston, MA 02114
(617) 635-1100

**House of Correction**
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**ANDREA J. CABRAL**
SHERIFF

February 1, 2005

### ONE DAY SUSPENSION

███████████████

Dear ███████████:

This letter will serve as notice of a one-day suspension for your actions on Monday, January 24, 2005.

On that date, you were assigned to the 8-4 unit. Two detainees went to the infirmary in the morning. When the SERT Officers brought them back to your unit, there was a third detainee. You either failed to notice or log that that there was an extra detainee brought into the unit. This action resulted resulted in a lock down of the facility and an emergency count.

You violated your post orders which state that:

- The Unit Officer is responsible for the security and safety of the detainees in his /her housing unit.
- The Unit Officer will continually oversee the detainees' activities within that area to ensure compliance with institutional polices and procedures.
- Any unit activity must be recorded in the unit log.
- All inmate movement to and from the unit is recorded in the log.
- All new admissions to the unit are to be logged in.

You also violated Department Policy S220 – Neglect / Dereliction of Duty and Filing a false / misleading report.

Further instances of this type of policy violation will lead to more severe discipline up to and including termination.

Sincerely,

Steve Jacobs
Deputy Superintendent

001739

I have read this letter and understand that it will be a part of my permanent personnel file.

_____        $\underline{2 \cdot 3 \cdot 05}$

Steve Jacobs                                    Date

Deputy Superintendent

cc:      Elizabeth Keeley, Chief of Staff
          Gerard Horgan, Superintendent
          Major Vincent Morrison
          Personnel File



# Suffolk County Sheriff's Department



**ANDREA J. CABRAL**
**SHERIFF**

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

September 10, 2003



Dear ▮▮▮▮▮▮

On August 8, 2003, the Department held a disciplinary hearing regarding possible policy violations that came to light during your testimony at U.S. District Court on March 16, 2003. The Hearing Officer has completed his findings and it has been determined that you violated policy S220 by submitting a misleading, incorrect or false report.

This letter will serve as notice that you are being suspended for 90 days for this violation of department policy. You have been out without pay since July 30, 2003. Your suspension will end on October 28, 2003. The Department has an orientation class scheduled to begin on November 1, 2003. You will be assigned to this class before returning to work at the Jail.

Please contact Deputy Superintendent ▮▮▮▮▮▮▮ regarding the training class and the 7-3 Shift Commander for your day off schedule.

Sincerely,

*Gerard Horgan*

Gerard J. Horgan
Superintendent

Cc:   Elizabeth Keeley, Chief of Staff
Eugene Sumpter, Deputy Superintendent
Michael Harris, Employee Relations
James Davin, Hearing Officer
Martin Michelman, Deputy Superintendent – Training
John Barnes, President JOEASC



# *Suffolk County Sheriff's Department*



Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**ANDREA J. CABRAL**
**SHERIFF**

July 30, 2003



## REVISED NOTICE OF DISCIPLINARY HEARING AND SUSPENSION

Dear ████████:

Please be advised that you suspended without pay as a result of your testimony at U.S. District Court on March 16, 2003. You are being charged with violating Department Policy S220: submission of a misleading, incorrect, or false report.

The Disciplinary Hearing has been re-scheduled for **Friday, August 8th at 9:00 a.m.** in the 3.5 Conference Room at the Suffolk County Jail. You are ordered to attend the hearing and are entitled to union representation.

Sincerely,

Gerard J. Horgan
Superintendent

cc:    Elizabeth Keeley, Esq., Chief of Staff
       Anne Powers, Esq., General Counsel
       Eugene Sumpter, Deputy Superintendent
       Michael Harris, Director of Employee Relations
       Martin Michelman, Deputy Superintendent
       Richard Tranfiglia, Director of Personnel
       John Barnes, President JOEASC

001745



# *Suffol County Sheriff's L partment*



**ANDREA J. CABRAL**
**SHERIFF**

**Jail**
**200 Nashua Street**
**Boston, MA 02114**
**(617) 635-1100**

**House of Correction**
**20 Bradston Street**
**Boston, MA 02118**
**(617) 635-1000**

July 28, 2003



## NOTICE OF DISCIPLINARY HEARING

Dear ████████

Please be advised that you are scheduled to attend a departmental disciplinary hearing as a result of your testimony at U.S. District Court on March 16, 2003. Based on your testimony you are being charged with violating Department Policy S220: submission of a misleading, incorrect, or false report.

The Disciplinary Hearing has been scheduled for **Friday, August 1st at 9:00 a.m.** in the 3.5 Conference Room at the Suffolk County Jail. You are ordered to attend the hearing and are entitled to union representation.

Sincerely,

*Eugene Sumpter*

Eugene Sumpter
Deputy Superintendent

cc:  Elizabeth Keeley, Esq., Chief of Staff
Anne Powers, Esq., General Counsel
Gerard Horgan, Superintendent
Michael Harris, Director of Employee Relations
Martin Michelman, Deputy Superintendent
Richard Tranfiglia, Director of Personnel
John Barnes, President JOEASC

001746

# Suffolk County Sheriff's Department



**RICHARD J. ROUSE**
SHERIFF

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**BRIAN BYRNES**
SPECIAL SHERIFF



May 16, 2001

## NOTICE OF SUSPENSION

███████████

You are hereby suspended indefinitely and without pay due to your indictment by The United States Attorney's Office (Docket No. 00-10431-RCL). This suspension is pursuant to M.G.L.A. c. 268A § 25. The suspension is effective immediately.

Sincerely,

*Richard J. Feeney*
Richard J. Feeney
Superintendent

cc:     Special Sheriff Brian Byrnes
        Deputy Superintendent Thomas Connolly
        Director of Personnel Maura McDonough
        Frank Kanarkiewicz – Local 1134

001747



# Suffolk County Sheriff's Department

**ANDREA J. CABRAL**
**SHERIFF**

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000



**FROM:** Dalton C. Clayton, Lieutenant
(name)                          (title)

**TO:** ███████████████
(employee name)

**RE:** DISCIPLINE

**DATE:** March 6, 2005

## ORAL WARNING

Since you have failed to comply with department policy and or/explicit instructions:

Specifically, you did the following:

Failure to maintain Log Book and Log Entries in a timely fashion and in proper order.

Accordingly, I am issuing you this oral warning. Further violations of this policy will be dealt with more severely, up to and including your termination as an employee of the Suffolk County Sheriff's Department.

_____
Supervisor

I acknowledge receipt of this warning.

███████████████

_____
employee signature

March 6, 2005
date

001750



# Suffolk County Sheriff's Department



**Jail**
**200 Nashua Street**
**Boston, MA 02114**
**(617) 635-1100**

**House of Correction**
**20 Bradston Street**
**Boston, MA 02118**
**(617) 635-1000**

**ANDREA J. CABRAL**
**SHERIFF**

January 29, 2004



## NOTICE OF WRITTEN WARNING

Dear ▮▮▮▮▮▮▮

This letter serves as a notice of a written warning as a result of your involvement in an altercation on January 5, 2004 and the report you submitted on January 8, 2004. You were involved in an altercation in Revere, MA on January 5, 2004 resulting in injury to yourself and another party, the police being called and police reports being filed. Your actions violated SCSD Policy. Specifically you violated Policy S220.
The report that you filed regarding this incident was misleading and inaccurate, it was also not filed in a timely manner.
Please be advised if criminal charges are filed against you this could result in further discipline up to and including termination from the Suffolk County Sheriff's Department. Conduct of this nature will not be tolerated.

Sincerely,

*Marie Lockhart*

Marie Lockhart
Deputy Superintendent

cc: Richard Tranfaglia, Director of Personnel
Gerard Horgan, Superintendent

001751

# Suffolk County Sheriff's Department



**A. J. CABRAL**
**SHERIFF**

**Jail**
**200 Nashua Street**
**Boston, MA 02114**
**(617) 635-1100**

**House of Correction**
**20 Bradston Street**
**Boston, MA 02118**
**(617) 635-1000**

July 15, 2003



## NOTICE OF TERMINATION

Dear ███████████

On May 2, 2003, you were present with counsel and union representation at a departmental disciplinary hearing, the purpose of which was to determine whether just cause exists to impose discipline against you as a result of your violation of department policies as summarized in the Notice of Disciplinary Hearing dated April 22, 2003.

After considering the evidence presented at this hearing, the Hearing Officer has determined that, among other things, you filed numerous false and misleading incident reports and use of force reports; repeatedly covered up the use of excessive force by other jail officers; repeatedly failed to take affirmative or remedial actions when officers used excessive force against detainees; repeatedly lied to and misled superior officers in your verbal and written reports on incidents involving excessive use of force against detainees; lied to SID investigators and interfered in SID investigations into use of excessive force by officers; initially lied to the FBI about your knowledge of and involvement in the use of excessive force and cover-up of department policies; knowingly and intentionally violated department policies; and never reported the actions of other officers to superior officers who you knew did not approve of or condone the abusive treatment of detainees.

The Hearing Officer specifically determined that you violated each provision of Suffolk County Sheriff's Department Policy S-220 as charged in the Notice of Disciplinary Hearing, and that just cause exists for the imposition of discipline against you.

001752

Given the egregious nature of your actions, and your repeated and flagrant disregard of departmental policies, you are hereby terminated as a Jail Officer, effective immediately. Please turn in your badge, identification and access cards and any other county property in your possession to the Superintendent as soon as possible.

Sincerely,

Eugene Sumpter
Deputy Superintendent

cc:    Elizabeth Keeley, Chief of Staff
       Gerard Horgan Superintendent
     ✓ Anne Powers, General Counsel
       Richard Tranfaglia, Director of Personnel
       John Barnes, JOEASC
       George Gormley, Esq.

Enc.   Chapter 35 of the Acts of 1960; M.G.L. c. 31 §§ 43, 45
       *How to File for Unemployment Insurance Benefits*

## AGREEMENT BETWEEN THE SUFFOLK COUNTY SHIERIFF'S DEPARTMENT, THE JAIL OFFICERS AND EMPLOYEES' ASSOCIATION OF SUFFOLK COUNTY AND OFFICER ███████████

The Suffolk County Sheriff's Department (the Department), the Jail Officers and Employees' Association of Suffolk County (JOEASC) and ███████████ hereby agree as follows:

1. ███████████ acknowledges that he violated Department Policy S220 by failure to report violations of Department rules, regulations or policies; filing a false report; failure to take remedial actions; conduct unbecoming an officer, and, interfering with an investigation. Specifically, ███████████ admits to writing a false report in regards to an assault on a detainee by two officers on September 24, 1999 and lying to SID about the assault on September 28, 1999.

2. In consideration of ███████████'s record and lack of similar discipline, the Department, JOEASC and ███████████ agree that he will serve a six (6) month suspension for violating Department Policy S220. This suspension began on April 22, 2003 and will end on October 22, 2003.

3. The Department, JOEASC and ███████████ agree that he will serve a three (3) year probationary period that will begin on October 23, 2003 and will last until October 22, 2006. During this probationary period ███████████ will be treated as a probationary employee in all ways except for seniority.

4. The Department, JOEASC and ███████████ agree that he will discuss his experience and the consequences of falsifying reports with other employees in Department report writing and use of force training classes for the duration of the probationary period.

5. The Department, JOEASC and ███████████ agree th███████ ███████ will be subject to immediate termination if he files a false report again while in the employ of the Department.

6. The Department, JOEASC and ███████████ agree that terms

of this agreement shall not subject to the grievance procedure, arbitration, mediation or any challenge or use in any other forum except as to the enforcement of its terms.

7. This agreement shall not serve a precedent between the parties.

8. All parties to this agreement have entered into it voluntarily, without duress and of their own free will.

For the Department,

_Gerard J. Horgan_ (signature)
Gerard J. Horgan, Superintendent

Date: 5/14/03

For the Employee

Officer

Date: 5/25/03

For the Association

(signature)
John E. Barnes, President JOEASC

Date: 5/26/03

John M. Grennan, VP, JOEASC

cc: Elizabeth Keeley, Chief of Staff
Anne Powers, General Counsel
Michael Harris, Employee Relations
John Barnes, President JOEASC
William Sweeney, Assistant Director Personnel
Eugene Sumpter, Deputy Superintendent



# *Suffolk County Sheriff's Department*



**Jail**
200 Nashua Street
Boston, MA 02114
(617) 635-1100

**House of Correction**
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**ANDREA J. CABRAL**
**SHERIFF**

HAND DELIVERED

September 15, 2004



## NOTICE OF FIVE-DAY SUSPENSION

Dear ▇▇▇▇▇▇:

    This letter serves as notice of a Five-Day suspension due to your actions on Saturday August 25, 2004.

    Specifically, on that date you were instructed by the Shift Commander Captain Janielis to transport a detainee to the hospital for an appointment. During the trip, as you were operating the Department vehicle, your partner ▇▇▇▇▇▇ activated the blue lights and sirens as the vehicle proceeded through the city of Boston at a high rate of speed. Superintendent ▇▇▇▇▇▇ first observed the vehicle with the lights and sirens on and then saw the vehicle speed through an intersection against the lights. Superintendent ▇▇▇▇▇▇ called the shift commander ▇▇▇▇▇▇ to determine who was out in Department vehicles and what if any emergency existed.

    After speaking to ▇▇▇▇▇▇ via telephone, ▇▇▇▇▇▇ ordered you to file a written report regarding this incident. Your written report indicated that your partner activated the blue lights and sirens because the detainee "stated he was not feeling well." Your written report did not mention any conversations with the Medical Department regarding the need for the detainee to arrive at the appointment on time, as was explained to ▇▇▇▇▇▇ by ▇▇▇▇▇▇.

    As a 4-year veteran of the Department, you should know that a hospital appointment is not a justifiable reason to operate a Department vehicle at a high rate of speed with the lights and sirens on. Your poor judgment jeopardized the safety of the public – pedestrians crossing the street at the intersection, the detainee ▇▇▇▇▇▇ and yourself. Furthermore, your failure to submit a truthful report concerning this incident violated the Department's trust in you and your judgment.



Your actions were in direct violation of Suffolk County Sheriff's Department Policy S220 – Employee Code of Conduct, S122 – Use of Vehicles and S530 – Transportation.  Please be advised that future misconduct of this nature will result in more severe discipline, up to and including termination from the Suffolk County Sheriff's Department.

Sincerely,

Eugene Sumpter

Eugene Sumpter
Superintendent

I acknowledge receipt of this letter and understand that it will be placed in my personnel file.  I also understand that I can file a counter statement.

_____    9/15/04            _____ DS 9/15/04
Officer Ali Zariv       Date                Witness              Date

Cc: Elizabeth Keeley, Chief of Staff
    Michael Harris, Superintendent of Human resources
    Cliff Carney, Deputy Superintendent
    Richard Tranfaglia, Director of Personnel
    John Barnes, President of J.O.E.A.S.C.



# Suffolk County Sheriff's Department



**ANDREA J. CABRAL**
SHERIFF

**Jail**
200 Nashua Street
Boston, MA 02114
(617) 635-1100

**House of Correction**
20 Bradston Street
Boston, MA 02118
(617) 635-1000

April 21, 2005

**BY HAND:**



## NOTICE OF SUSPENSION AND DISCIPLINARY HEARING

Dear ▮▮▮▮

Please be advised that you are suspended without pay, effective immediately, pending a departmental disciplinary hearing.

The disciplinary hearing has been scheduled for Wednesday, April 27, 2005 at 10:00 a.m., in the Building Two Conference Room at the Suffolk County House of Correction. The purpose of this hearing is to determine whether just cause exists to impose discipline against you, up to and including your termination. You are ordered to attend the hearing and are entitled to union representation. You are specifically charged with the following offenses of Suffolk County Sheriff's Department Policy S220 for your conduct on April 17, 2005 which led to your arrest for four counts of assault and battery by means of a dangerous weapon and one count of assault and battery.

1. Improper conduct negatively affecting or reflecting on the Department;
2. Reporting any involvement with law enforcement officials …. within 24 hours of the involvement ……;
3. Whether or not the employee has previously submitted an oral or written report, employees must be truthful and cooperate if requested by the individual appointed to conduct an investigation ……
4. Failure to report, false reporting, or interference with any employee's report may result in discipline or, in some cases, criminal prosecution;
5. Unprofessional conduct; and,

Rezer K. Porter
April 20, 2005
Page 2

6.    Valid arrest or incarceration by a law enforcement agency.

Sincerely,

Gerard J. Horgan
Superintendent

cc:    Elizabeth Keeley, Chief of Staff
Michael Harris, Superintendent of Human Resources
Stephen Jacobs, Deputy Superintendent
William Sweeney, Director of Personnel ✓
Charles Gillen, President Local 298

001775



# Suffolk County Sheriff's Department



**Jail**
200 Nashua Street
Boston, MA 02114
(617) 635-1100

**House of Correction**
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**ANDREA J. CABRAL**
**SHERIFF**

June 11, 2003



## NOTICE OF SUSPENSION AND DISCIPLINARY HEARING

Dear █████████

You are hereby notified that you are suspended without pay effective immediately and that a disciplinary hearing has been scheduled for June 18, 2003 at 10:00 am in the 3.5 conference room at the Nashua Street Jail. The purpose of the hearing is to determine whether just cause exists to impose additional discipline against you, up to and including termination of your employment from the Suffolk County Sheriff's Department.

You are charged with conduct that is in violation of the Suffolk County Sheriff's Department Policy S-220; specifically:

1. Inappropriate on duty interaction with inmates;
2. Biased application of Department policies, rules and regulations while interacting with inmates
3. Providing a gift or gratuity to inmates;
4. Associating with a former inmate without notifying the Superintendent in writing;
5. Conduct unbecoming an officer;
6. Possession of contraband within the institution;
7. Delivering contraband to inmates;
8. Inappropriate familiarity with inmates;
9. Neglect or dereliction of duty; and,
10. Submission of a false, incomplete or misleading report.

001779

You are ordered to attend the disciplinary hearing and are entitled to union representation.

Sincerely,

*Gerard J. Horgan*

Gerard J. Horgan
Superintendent

cc: Elizabeth Keeley, Chief of Staff
    Anne Powers, General Counsel
    Michael Harris, Director of Employee Relations
    Eugene Sumpter, Deputy Superintendent
    Captain Francis Harland, President Local 3643
    William Sweeney, Assistant Personnel Director



# Suffolk County Sheriff's Department



Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**ANDREA J. CABRAL**
**SHERIFF**

OURS

September 11, 2003

## NOTICE OF TERMINATION – HAND DELIVERED



Dear ████████

Please be advised that you are terminated from your position of Lieutenant at the Suffolk County Sheriff's Department due to numerous and egregious violations of Department Policy S220.

The Hearing Officer has reviewed all of the evidence submitted at the disciplinary hearing on June 24, 2003 and has determined that you repeatedly violated the following sections of Department Policy S220:

- Conduct Unbecoming an Officer
- Submission of a misleading, incorrect or false report
- Possession of contraband within the institution
- Accepting contraband from, or delivering contraband to an inmate
- Inappropriate familiarity with an inmate
- Failing to report interaction with inmates to the Superintendent
- Neglect or dereliction of duty.

As a supervisor, you are expected to not only know the Department's policies, but to abide by and enforce them. Your conduct with numerous female detainees betrayed the trust that has been placed in you as a Lieutenant.

Please contact Deputy Superintendent Eugene Sumpter immediately to arrange to turn in all department property including your badge, identification and access card.

Sincerely,

Gerard J. Horgan
Superintendent

001781



# Suffolk County Sheriff's Department



**ANDREA J. CABRAL**
SHERIFF

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

November 26, 2003

## NOTICE OF SUSPENSION



*(Delivered In Hand)*

Dear

    This letter will serve as notice of suspension for your violations of the Suffolk County Sheriff's Department Policies S220 and S501. Specifically, you are being charged with:

1. Conduct unbecoming an Officer
2. Possession of contraband
3. Delivering contraband to an inmate
4. Inappropriate familiarity with an inmate
5. Neglect or dereliction of duty
6. Failure to report off duty contact with an inmate to the Superintendent
7. Violation of the laws of the Commonwealth of Massachusetts
8. Failing to inspect a post and report a safety problem

    The Sheriff's Investigation Division will continue this investigation and a disciplinary hearing will be scheduled shortly. You will be advised of your Miranda and Weingarten rights when SID contacts you. The purpose of the disciplinary hearing will be to determine if there is just cause for your termination from the position of Correction Officer with the Sheriff's Department.

Sincerely,

Gerard J. Horgan
Superintendent

cc:   *Elizabeth Keeley, Chief of Staff*
      *Marie Lockhart, Deputy Superintendent of Operations*
      *Viktor Theiss, Deputy Superintendent of Investigations*
      *Vincent Morrison, Major - Operations*
      *William Dowd, President of Local 419*
      *Richard Tranfaglia Director of Personnel*

001785



# Suffolk County Sheriff's Department



Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**ANDREA J. CABRAL**
SHERIFF

November 26, 2003

## NOTICE OF DISCIPLINARY HEARING



Dear

Please be advised that a disciplinary hearing has been scheduled for you on Thursday, December 4, 2003 at 10:00AM at the Suffolk County House of Correction in the upper administration conference room. You are ordered to attend this hearing and are entitled to union representation. You are being charged with violating Department Policies S220 and S501, specifically:

1. Conduct unbecoming an Officer
2. Possession of contraband
3. Delivering contraband to an inmate
4. Inappropriate familiarity with an inmate
5. Neglect or dereliction of duty
6. Failure to report off duty contact with an inmate to the Superintendent
7. Violation of the laws of the Commonwealth of Massachusetts
8. Failing to inspect a post and report a safety problem

Sincerely,

Gerard J. Horgan
Superintendent

cc:    Elizabeth Keeley, Chief of Staff
Marie Lockhart, Deputy Superintendent of Operations
Viktor Theiss, Deputy Superintendent of Investigations
Vincent Morrison, Major - Operations
William Dowd, President of Local 419
Richard Tranfaglia Director of Personnel

001786



# Suffolk County Sheriff's Department



**ANDREA J. CABRAL**
SHERIFF

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

December 15, 2003



## NOTICE OF TERMINATION

Dear ▮▮▮▮▮▮▮

On September 8, 2003 you were suspended pending a departmental disciplinary hearing, the purpose of which was to determine whether just cause exists to impose discipline against you, up to and including termination, for violating various provisions of Suffolk County Sheriff's Department Policy S-220, S-501 and S-505.

On September 23rd, October 2nd and 3rd, you were present with counsel and union representation at the disciplinary hearing. After considering all of the testimonial and documentary evidence, the Hearing Officer has determined that just caused does exist to impose discipline for your actions on January 16, 2003. The Hearing Officer concluded that your actions constituted abuse of an inmate, conduct unbecoming an officer and submission of a misleading, incorrect or false report, in violation of Suffolk County Sheriff's Department Policy S-220, sections II A, N and O. Additionally, the Hearing Officer determined that you violated Policy S-501 § IV (Disorder Management), as well as §§ I and II of Policy S-505.

Your conduct in physically abusing an inmate and submitting false reports is most unbecoming a corrections officer and in violation of the public trust. Such blatant misconduct cannot and will not be tolerated. I therefore inform you that you are terminated from the Suffolk County Sheriff's Department, effective immediately. Please turn in your badges, identification card and any other county property in your possession to the Director of Personnel.

Sincerely,

*Eugene Sumpter*

Eugene Sumpter
Superintendent

Enc:    *How to File for Unemployment Insurance Benefits*
        Ch. 135 of the Acts of 1960; M.G.L. c. 31, §§ 43, 45

cc:     Elizabeth Keeley, Chief of Staff
        Richard Tranfaglia, Director of Personnel
        John Barnes, JOEASC
        Stephen Pfaff, Esq.

001787



# *Suffolk County Sheriff's Department*



Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

**ANDREA J. CABRAL**
SHERIFF

December 5, 2003

## NOTICE OF ADMINISTRATIVE LEAVE

### IN HAND



Dear ▆▆▆▆▆▆

This letter will serve as notice of administrative leave without pay pending a disciplinary hearing for your violations of the Suffolk County Sheriff's Department Policies S220. Specifically, you are being charged with:

1. Conduct unbecoming an Officer
2. Failure to report multiple contacts with law enforcement agencies to the Department within 24 hours.

I am ordering you to write a report detailing the situation which resulted in a restraining order being taken out against you and your interaction with the Bellingham Police Department related to this matter.

It has also been alleged that you may have a firearm in your possession for which you are not licensed to carry. I also want your report to answer these allegations in your report.

Sincerely,

Eugene S. Sumpter
Superintendent

cc:    Elizabeth Keeley, Chief of Staff
       Richard Tranfaglia, Director of Personnel
       Captain Albert Moscone, President Local 3643

001793





# Suffolk County Sheriff's Department

ANDREA J. CABRAL
SHERIFF

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

February 6, 2004



## NOTICE OF TERMINATION

Officer 

You are hereby terminated from your position as a correction officer with the Suffolk County Sheriff's Department, effective immediately.

After a review of the hearing officer findings, which found just cause to discipline you for all the violations with which you were charged, it is clear that your conduct constituted a gross betrayal of the responsibility and trust placed in you by the Sheriff. Your admitted failure to conduct cell checks in the manner prescribed deprived an inmate of the minimum care to which he was entitled, and has subjected the Department to a serious and unnecessary liability. This offense was compounded by your falsification of the unit log and your original report. Your actions may not have caused the tragedy that occurred on your watch, but they prevented any chance that the inmate could have been saved. This conduct clearly demonstrates your unfitness to continue wearing the uniform of a correction officer.

Please return your badge, identification and access cards, uniforms and insignia, and any other county property in your possession, to Personnel.

FOR THE SHERIFF

Gerard J. Horgan
Superintendent
House of Correction

cc:     A. Powers, General Counsel
        R. Tranfaglia, Director of Personnel
        M. Harris, Director of Employee Relations
        R. Zoebisch, Local 419
        D. Louison, Esq.

001794



# Suffolk County Sheriff's Department

**ANDREA J. CABRAL**
SHERIFF

Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000



April 9, 2003
**FAXED COPY HAND DELIVERED
ORIGINAL BY MAIL**



## NOTICE OF SUSPENSION AND DISCIPLINARY HEARING

Officer

Please be advised that you are suspended without pay, effective immediately, pending a departmental disciplinary hearing. On April 9, 2003, you were arrested by the Federal Bureau of Investigation and the Suffolk County Sheriff's Department pursuant to federal indictments charging you with Distribution and Conspiracy to Distribute Heroin and Marijuana. You are charged with violating the following policies as a result of the conduct upon which your arrest was based: Suffolk County Sheriff's Department Policy S-220 §§ I(A)(1); I(G)(1); I(G)(10); I(G)(11); I(G)(12); I(H)(1); I(H)(2); I(I)(1); I(I)(2); I(I)(3); I(J)(1)(a); I(J)(5)(b); II(C); II(G); II(H); II(N)(1); II(P); II(Q); II(R); and II(Y);

A Disciplinary Hearing has been scheduled for Monday, April 14, 2003 at 10:00 a.m. in the Building Two Conference Room at the Suffolk County House of Correction. The purpose of this hearing is to determine whether just cause exists to impose discipline against you, up to and including termination as a correction officer. You are ordered to attend the hearing and are entitled to union representation.

Sincerely,

P H Bradley

Patrick H. Bradley,
Superintendent

Cc:   Elizabeth Keeley, Chief of Staff
Anne Powers, General Counsel
Viktor Theiss, Director of SID
Marie Lockhart, Deputy Superintendent
Maura McDonough, Director of Personnel √
William Dowd, President of Local 419

001797




# Suffolk County Sheriff's Department

**ANDREA J. CABRAL**
**SHERIFF**

| Jail | House of Correction |
|------|---------------------|
| 200 Nashua Street | 20 Bradston Street |
| Boston, MA 02114 | Boston, MA 02118 |
| (617) 635-1100 | (617) 635-1000 |

HAND DELIVERED

July 7, 2005



### NOTICE OF TERMINATION

Dear ███████

On April 9, 2003 you were suspended without pay pending a Departmental disciplinary hearing subsequent to being indicted on federal charges of distributing and conspiring to distribute marijuana and heroin. The Department granted your attorney's request to postpone the hearing which was scheduled for April 14, 2003. You were notified by mail that the hearing was to reconvene on Thursday June 9, 2005 at 10:00 a.m. at the Suffolk County House of Correction. Despite being ordered to attend, you failed to appear or request another continuance of this hearing.

The evidence presented at this hearing overwhelmingly establishes just cause for your termination as a corrections officer for violations of numerous provisions of Suffolk County Sheriff's Department Policy S-220. Your introduction of drugs/contraband into the Suffolk County House of Correction comprised the lives and safety of staff and inmates. Your unreported contact with numerous inmates, former inmates and friends and family of inmates and former inmates also violated the oath you took as a correction officer. Your conduct not only violated the law but jeopardized the safety of countless co-workers, volunteers, inmates and visitors to the facility.

Subsequent to the June 9, 2005 disciplinary hearing, you entered a guilty plea in the United States District Court in Case No. 03-10094-GAO, *United States v* ███████ You pled guilty to the following counts of the Superceding Indictment: Count 1 (conspiracy to distribute controlled substances from March through September , 2002, excluding allegation of serious bodily injury resulted from that distribution); Count 2 (distribution of heroin on or about June 18, 2002); Count 3 (conspiracy to distribute heroin and marijuana between on or about July 2 to 8, 2002); Count 4 (distribution of heroin on or about July 5, 2002); Count 5 (distribution of heroin on or about July 8, 2002); Count 7 (conspiracy to distribute heroin and oxycodone between January and March, 2003); Counts 8-16 (the knowing and willful making of false statements to a federal agent); and Count 17 (possession of marijuana on or about April 9, 2003).

001799

You are hereby terminated as a correction officer with the Suffolk County Sheriff's Department, effective immediately. Please turn in any Department property in your possession (e.g. badges, elevator cards, keys, uniforms, identification cards, etc.) to Deputy Superintendent Stephen Jacobs.

Very truly yours,

*Elizabeth Keeley*

Elizabeth Keeley
Chief of Staff

Cc:    Gerard Horgan, Superintendent
       Michael Harris, Superintendent
       Michael Simpson, President of Local 419

001800

**From:**       Gerard Horgan
**To:**         Mary Ellen Mastrorilli
**Date:**       5/4/04 10:13AM
**Subject:**    Zorie Hernandez

Mary Ellen,

We need to bar her from entry to the facility. SID has phone conversations that her brother (an inmate in B4) has had with her in which she talks about bringing in cigarettes for him. He was also brought to medical frequently to be seen. Captain Flynn beeped Greg Haugh as the Duty Officer on Sunday night and asked him about rumors that he had heard about her being barred.  John Morey stopped me on a tour last night and asked about the same issue. He said that he heard that she was bringing cigarettes in to her brother. If CMS is looking for a reason, we can say that it was due to her not notifying the Department that her brother was here and for having interactions with him when he was here.

Gerard


CC:         Viktor Theiss

- Investigation Done ✓
- Phone calls Monitored ✓
- Pretty certain That she was
      bringing in cigarettes ✓
- SCSD must bar her
- MEM to do letter

Hasn't been in in a few weeks
- Did not notify us That he brother
    was incarcerated ✓

001834

01/04/2006 11:53 FAX  617 989 6692         SUFFOLK CTY. SHERIFF                    ☑003/030



# *Suffolk County Sheriff's Department*



**ANDREA J. CABRAL**
**SHERIFF**

|  |  |
|---|---|
| Jail | House of Correction |
| 200 Nashua Street | 20 Bradston Street |
| Boston, MA 02114 | Boston, MA 02118 |
| (617) 635-1100 | (617) 635-1000 |

**To:**   Front Lobby
Central Control

**From:** G. Walsh, Deputy Superintendent

**Date:** June 22, 2005

**RE:**    Barred from Entrance

Effective immediately, Reverend Emanuel Hutcherson is not allowed to enter the facility.
Thank you for your attention to this matter.

cc:   Elizabeth Keeley, Chief of Staff
Gerard Horgan, Superintendent
Steve Jacobs, Deputy Superintendent
Julie White, ADS
Bill Ferney, Director of Program Services
Joe Crosby, Religious Volunteer Supervisor
Shift Commanders

**001835**

01/04/2006 11:53 FAX  617 989 6892        SUFFOLK CTY. SHERIFF                    ☒ 004/030



**ANDREA J. CABRAL**
**SHERIFF**

# *Suffolk County  Sheriff's Department*



| Jail | House of Correction |
|------|---------------------|
| 200 Nashua Street | 20 Bradston Street |
| Boston, MA 02114 | Boston, MA 02118 |
| (617) 635-1100 | (617) 635-1000 |

**To:**  Front Lobby
Central Control

**From:** G. Walsh, Deputy Superintendent

**Date:** March 29, 2005

**RE:**  Barred from Entrance

Effective immediately and until further notice, Reverend Emanuel Hutcherson is not allowed to enter the facility. Thank you for your attention to this matter.

cc:   Elizabeth Keeley, Chief of Staff
Gerard Horgan, Superintendent
Steve Jacobs, Deputy Superintendent
Julie White, ADS
Bill Ferney, Director of Program Services
Joe Crosby, Religious Volunteer Supervisor
Shift Commanders

**001836**



# Suffolk County Sheriff's Department



**ANDREA J. CABRAL**
**SHERIFF**

| Jail | House of Correction |
|------|---------------------|
| 200 Nashua Street | 20 Bradston Street |
| Boston, MA 02114 | Boston, MA 02118 |
| (617) 635-1100 | (617) 635-1000 |

June 27th, 2005

Rev. Emanuel Hutcherson
46 Central Avenue
Milton, MA  02186

Dear Rev. Hutcherson:

Please be advised that the Suffolk County Sheriff's Department is terminating your contract to provide religious services effective immediately. The reason that the contract is being terminated is that there have been numerous instances of you not following the rules and procedures of the facility. These actions on your part have caused significant security concerns.

Thank you for your service with the Sheriff's Department.

Sincerely,

*Gerald OWalsh*

Gerald Walsh
Deputy Superintendent

GW/dk

**001837**

Gerry Walsh - Rev.Hutcherson | Page 1

**From:**       Joe Crosby
**To:**         Gerry Walsh
**Date:**       6/28/05 9:04AM
**Subject:**    Rev.Hutcherson

On Friday, June 24, 2005, I spoke to Rev. Hutcherson in the morning about having his contract not renewed. He wanted to speak to you and he told me he left messages. I told him I will relay his message to you. He wanted to meet with the Sheriff, and Gerry. He stated If I need to bring people in from the community I know people. If I have to I will contact the N.A.A.C.P.. I then told him I will relay the message to Gerry.
        Joe

001838

**From:**       Gerard Horgan
**To:**         Gerry Walsh
**Date:**       6/27/05 6:28PM
**Subject:**    Re: Rev. Emanuel Hutcherson

Gerry,

I would send out the letter that you wrote this afternoon.  I don't think that a meeting would be productive.

Gerard

>>> Gerry Walsh 06/27/05 05:01PM >>>
Gerard,

This afternoon I spoke with Rev. Hutcherson via telephone about the termination of his contract.  I did remind him that I waited until 9:00pm on Tuesday to speak with in person. Tuesday was a regularly scheduled evening for him to work and he failed to show up.  He expressed a lack of understanding as to why he was let go and I attempted to schedule a meeting with him to discuss the matter.

He demanded that I tell the Sheriff that he wanted to meet with her and that I was to get back to him with her reply.  He also stated that he wanted that the Superintendent and myself at the meeting.  He stated that he would get other people involved if necessary.  He stated that he was not going to sit and let this happen.  He also demanded that he meet with all his accusers

I again attempted to set a meeting with him and he stated that he did not want to meet with me. He stated that he would meet with all of us and he would bring in his people too.  He told me he expected me to get back to him.

Please advise,
G.


CC:            Elizabeth Keeley;  Julie White


001839

01/04/2006 11:54 FAX  617 989 6692        SUFFOLK CTY. SHERIFF                    ⌀008/030

Gerry Walsh - Rev. Emanuel Hutcherson                                              Page 1

| From: | Gerry Walsh |
|---|---|
| To: | Horgan, Gerard |
| Subject: | Rev. Emanuel Hutcherson |

This afternoon I spoke with Rev. Hutcherson about the termination of his contract. I did remind him that I waited until 9:00pm on Tuesday to speak with in person. Tuesday was a regularly scheduled evening for him to work and he failed to show up. He expressed a lack of understanding of why he was let go and I attempted to schedule a meeting with him to discuss the matter.

He demanded that I tell the Sheriff that he wanted to meet with her and that I was to get back to him with her reply. He also stated that he wanted that he wanted the Superintendent and myself at the meeting. He stated that he would get other people involved if necessary. He stated that he was not going to sit and let this happen.

I again attempted to set a meeting with him and he stated that he did not want to meet with me. He stated that he would met with us and bring in his people too.

| CC: | Keeley, Elizabeth;  White, Julie |
|---|---|

001840

Gerry Walsh - Rev. Emanuel Hutcherson                                             Page 1

**From:**     Gerry Walsh
**To:**       Horgan, Gerard
**Subject:**  Rev. Emanuel Hutcherson

Supt,
I met with Rev. Emanuel Hutcherson today. I barred him yesterday for failure to submit a report. He was asked to submit a report on Monday. The request was in response to an inmate stating that Rev. Hutcherson had given her a pen this past weekend. I received the report today. In the report, Rev. Hutcherson stated that nothing unusual occurred.

When I spoke with the Reverend and showed him the pen, he denied giving anything to inmates except bibles. I also discussed his reaction to being asked to submit the report. After being asked to submit a report, he questioned Joe Crosby about another religious volunteer's status and treatment by the Department. He also told Joe that he would call me.   Rev. Hutcherson proceeded to call me and ask, "what is all the drama about?" He reported to the HOC on Monday night for services and left without submitting a report.

I informed him that his actions were inappropriate. I explained the recent changes in the Department and the tightening of security and accountability for all contractors, volunteers, and interns. He apologized for his actions.

I told him that the matter is still under investigation and I would call him tomorrow and let him know his status.
G.


**CC:**        Keeley, Elizabeth


**001841**

01/04/2006 11:54 FAX  617 989 6692       SUFFOLK CTY. SHERIFF                    ☑ 010/030

| | |
|---|---|
| **From:** | Joe Crosby |
| **To:** | Gerry Walsh |
| **Date:** | 3/30/05 12:34PM |
| **Subject:** | Rev.Hutcherson |

Per your request I spoke to Rev.Hutcherson on Monday (3-29-05). I said "I need a report from him It was about if he had given anything to a inmate on Sunday". I repeated it several times and even mention did he give a pen to a inmate. He mentioned bibles he had given out, but never answered me. I told him again to just write a report. He said he would speak to you. On Tuesday (3-29-05) I did not receive any report and I spoke to him again and asked him about a report. He then spoke of other issues and that he would speak to you. Today, I was called to the front lobby by Dep.Sup. Lockhart that he was in the lobby and wanted to speak w/me. He handed me a letter and informed me that he did not understand why is he barred. I told him I just needed a report from him on what happened. He was upset, and I told him again we had needed a report. He wanted to speak to you, but you were in meetings. Lt. Fistori was present and took his elevator pass and I.D.. Joe C.

**CC:**          Ferney, William:  Julie White

001842

> **SUFFOLK COUNTY SHERIFF'S DEPARTMENT**
> **HOUSE OF CORRECTION**
> **PROGRAM SERVICES**

# Memo

**To:**  Gerry Walsh

**From:**  Bill Ferney

**CC:**  Joe Crosby

**Date:**  6/14/2005

**Re:**  Rev. Hutcherson

---

✓  Rev. Hutcherson is regularly late for his weekly Bible Study groups.  This creates issues for security in the Building 3 program area.

✓  Reverend Hutcherson said that he was doing some "reentry " work with inmates.  This was done without consulting with Joe C or myself.

✓  In February, there was an issue of Rev. Hutcherson switching his service to the Contact visit area from the Chapel w/o consulting with anyone.

✓  At the end of April or early May Rev. Hutcherson disrupted a Catholic Chapel Service by cutting behind the altar to the chaplains office

✓  Rev. Hutcherson has , on many occasions attempted to get permission bring in individuals who were not on the approved list to join him for his services

001843

To:     Superintendent Gerard Horgan

From:   Deputy Superintendent Gerry Walsh

Re:     HOC Chaplains

Date:   6/14/05


I am writing to request permission to renew contracts with the following HOC Chaplains, Sister Christine Smith (Protestant), Minister Ismail Abdurrashid (Orthodox Muslim), Minister Randy Curet (Nation of Islam), Father George Williams (Catholic) and Elizabeth Kisthardt (Non Denominational Pastoral Counselor). Rev. Spence and Rabbi Shapiro have recently retired from the Department. ADS Julie White and I are currently conducting a search for potential replacements.

I also am requesting that Reverend Emmanuel Hutcherson's contract with the Social Services Department not be renewed.

In my opinion Rev. Hutcherson is not appropriate to serve as a Chaplain with the Suffolk County Sheriff's Department. My opinion is a result of personal observation and interaction, along with reports and interviews with many staff members. 7-3 Shift Commander Captain John Sullivan, 3-11 Shift Commander Yolanda Smith, Visits Supervisor Lt. Roseanne Barrows, Social Services Director Bill Ferney and Supervisor Joe Crosby all reported incidents with Rev. Hutcherson which lead to me questioning his appropriateness. He has repeatedly disregarded security regulations and demonstrated poor judgment. Some examples of this poor judgment are as follows.

On March 27, 2005, a female inmate claimed that Rev. Hutcherson gave her contraband, a claim she later retracted. During the course of the investigation, Rev. Hutcherson was barred from the HOC, for refusing to submit a report to his supervisor. He also called me and asked, "What is all the drama about." Rev. Hutcherson submitted a report after his barring and I met with him to counsel him on the importance of report writing and following the rules of the institution. I informed him that we would be reviewing all religious service contracts at the end of the year.

On April 30, 2005, along with Director Ferney, Supervisor Crosby and Captain Sullivan, I met with the religious staff to review HOC policy, reiterate the rules and expectations for the chaplains, and discuss the philosophy for religious service staff. In the middle of the training Rev. Hutcherson raised his hand and asked if he could have Rev. Spence's hours. I explained that this was not the appropriate time to have an individual contract discussion. He proceeded to inform us about a life skills group he was facilitating in the chapel. He did not seek permission to form this group nor did he inform anyone of its existence. I asked him to immediately disband the group and requested that he speak with Director Ferney in the future if he wishes to start any classes.

001844

Captain Smith reported that recently Rev. Hutcherson approached her and he asked that she violate the procedures concerning the admittance of special visitors to the institution. He stated that he knew he did not have an authorization for entrance and asked if she could look the other-way until later when he would straighten it out. Captain Smith reported that this is a recurring theme with Rev. Hutcherson. He is constantly requesting institutional rules be ignored. This incident is especially troubling because the issue of special visits was discussed at the recent training with religious service staff.

Captain Sullivan reported that he has spoken to the Rev. Hutcherson on several occasions about the number of inmates allowed to attend services and the location of the service. Captain Sullivan reported that Rev. Hutcherson will sometimes double the approved amount of inmates allowed into the chapel service. Captain Sullivan also reported that on numerous occasions Rev. Hutcherson moved his service out of the chapel into the contact visiting room without authorization.

Lt. Barrows, the Visits Supervisor, reported numerous incidents involving Rev. Hutcherson and his disregard for the rules of the institution. During one incident, Rev. Hutcherson attempted to escort a former inmate into the institution without authorization. When questioned by Officer Chaney about the status of the former inmate, Rev. Hutcherson attempted to conceal information and circumvent security.

Most recently, on June 15, 2005, Rev. Hutcherson showed up 30 minutes late for the monthly religious service meeting. He questioned Joe Crosby about the hours of a colleague and stated, "everybody knows I'm out of work." Rev. Hutcherson also reported that he sometimes puts himself in for extra hours. Mr. Crosby told him not to put in more hours and if he had issues with his contract he should speak with Deputy Walsh. Rev. Hutcherson stated that he would speak with "Cabral."

01/04/2006 11:58 FAX  617 989 6692        SUFFOLK CTY. SHERIFF                      ☑ 014/030

**To:**     Front Lobby
           Central Control

**From:** G. Walsh, Deputy Superintendent

**Date:** March 28, 2005

**RE:**    Barred from Entrance

Effective immediately and until further notice, members of the Whole Armour International Church are no longer on the approved volunteer list. Janeen Ferguson and Ruth Woods are not allowed to enter the facility. Thank you for your attention to this matter.

cc:     Elizabeth Keeley, Chief of Staff
        Gerard Horgan, Superintendent
        Steve Jacobs, Deputy Superintendent
        Julie White, ADS
        Bill Ferney, Director of Program Services
        Joe Crosby, Religious Volunteer Supervisor
        Shift Commanders

001846

01/04/2006 11:58 FAX  617 989 6692        SUFFOLK CTY. SHERIFF                      ☑ 015/030





# *Suffolk County Sheriff's Department*

ANDREA J. CABRAL
SHERIFF

| Jail | House of Correction |
|------|---------------------|
| 200 Nashua Street | 20 Bradston Street |
| Boston, MA 02114 | Boston, MA 02118 |
| (617) 635-1100 | (617) 635-1000 |

April 7th, 2005

**To:**      Front Lobby
             Central Control

**From:**    Gerald Walsh, Deputy Superintendent

**Date:**    April 7th, 2005

**Subj:**    Barred from Entrance

Effective immediately Gayle Bartley is not allowed to enter the facility.  Thank you for your attention to this matter.

cc:  Elizabeth Keeley, Chief of Staff
     Gerard J. Horgan, Superintendent
     Steve Jacobs, Deputy Superintendent
     Julie White, ADS
     Shift Commanders

001847

**To:**    Shift Commanders
        Front Lobby
        Central Control

**From:** G. Walsh, Deputy Superintendent

**Date:** August 26, 2005

**RE:**    Barred from Entrance

Effective immediately and until further notice, Kevin Harris, a speaker with Narcotics Anonymous, is not allowed to enter the facility. Thank you for your attention to this matter.

cc:    Elizabeth Keeley, Chief of Staff
        Gerard Horgan, Superintendent
        Steve Jacobs, Deputy Superintendent
        Julie White, ADS
        Bill Ferney, Director of Program Services
        Joe Crosby, Religious Volunteer Supervisor

**To:**    Front Lobby
          Central Control
          Shift Commanders

**From:** G. Walsh, Deputy Superintendent

**Date:** March 29, 2005

**RE:**    Barred from Entrance

Effective immediately and until further notice, Medical Assistant Enoch Ozong is not allowed to enter the facility. Thank you for your attention to this matter.

cc:    Elizabeth Keeley, Chief of Staff
        Gerard Horgan, Superintendent
        Steve Jacobs, Deputy Superintendent
        Julie White, ADS
        Pauline Sweeney, HSA
        Shift Commanders

001849



# *Suffolk County Sheriff's Department*



ANDREA J. CABRAL
SHERIFF

| Jail | House of Correction |
|------|---------------------|
| 200 Nashua Street | 20 Bradston Street |
| Boston, MA 02114 | Boston, MA 02118 |
| (617) 635-1100 | (617) 635-1000 |

April 7th, 2005

**To:**    Front Lobby
          Central Control

**From:**  Gerald Walsh, Deputy Superintendent

**Date:**  April 7th, 2005

**Subj:**  Barred from Entrance

---

Effective immediately Kimberly Gutowski is not allowed to enter the facility. Thank you for your attention to this matter.

cc:  Elizabeth Keeley, Chief of Staff
     Gerard J. Horgan, Superintendent
     Steve Jacobs, Deputy Superintendent
     Julie White, ADS
     Shift Commanders



# Suffolk County Sheriff's Department



**Jail**
200 Nashua Street
Boston, MA 02114
(617) 635-1100

**House of Correction**
20 Bradston Street
Boston, MA 02118
(617) 635-1000

ANDREA J. CABRAL
SHERIFF

March 31, 2005

**To:**      Front Lobby
            Central Control

**From:**   Gerald Walsh, Deputy Superintendent

**Date:**   March 31, 2005

**Subj:**   Barred from Entrance

---

Effective immediately and until further notice, Evelyn Castillo is not allowed to enter the facility.
Thank you for your attention to this matter.

cc:  Elizabeth Keeley, Chief of Staff
     Gerard J. Horgan, Superintendent
     Steve Jacobs, Deputy Superintendent
     Shift Commanders

001851

**Suffolk County Sheriff's Department**
**20 Bradston Street Boston, MA 02118**
**House of Correction**
**Incident Report**

**To: Major V. Morrison**

**From: Captain Y. Smith** (YRS)

**Date: December 6, 2005**

**Re: Medical Assistant Enoh Ozong**

Sir,

Please be advised that at approximately 4:45pm Sgt. Andrew Hill requested that I report to the medical housing unit. He told me that contraband had been introduced to the infirmary and he needed some direction on how to proceed. When I entered the infirmary he showed me three pornographic magazines. Sgt. Hill explained that medical assistant Enoh Ozong had brought the magazines into the infirmary after Officer Lyons, the sally port officer had advised him to place the magazines and his cell phone in a locker.

Please refer to Officer Lyons' report. He reported that Mr. Ozong went to the locker area but did not leave any of the mentioned items in the locker. Officer Lyons called Sgt. Hill and asked him to speak with Mr. Ozong regarding contraband. After speaking with Sgt. Hill I then spoke with Mr. Ozong and informed him that he would be allowed to remain in the infirmary tonight to render care to inmate Roberto Rivera #0505523 621-3. I also ordered him to take all his personal belongings to the lobby and place them in a locker. I also requested that he submit a report to which he complied.

Mr. Ozong went to place his personal belongings in a locker; As he was entering the facility a second time, Officer Lyons asked him if he had anything in his pockets and he stated " Yes my cell phone." At that time he was asked again to place the phone in the locker; which he finally complied. At approximately 7:30pm he requested to speak with me, I met him in the lobby and he submitted an addendum report. Please be advised I accepted the report from him and attached all reports regarding this matter to this report. The pornographic books were collected and turned over to Deputy Superintendent S. Jacobs. Please feel free to contact me with any questions or concerns.

01/04/2006 11:57 FAX   617 989 6692          SUFFOLK CTY. SHERIFF                    ☑ 021/030
    01/03/2006 17:09 FAX                                                             ☑ 003/006

To: Lt.Depass

From: Sgt.Andrew Hill

December 6, 2005

Sir:

On the above date at 4:45pm I was informed by C.O. Anthony Lyons that Medical Worker Enoch Ozong was in possession of three pornographic magazines and he was ordered to remove them from his brief case before entering the institution through the sallyport. C.O. Anthony Lyons called to make sure that these contraband articles weren't hidden and introduced to the infirmary by this individual. Immediately I informed Lt.Depass that I was going to question this individual and order Deputy Paul Kemp to search the room #3 Roberto Riveras , the individual that Medical Worker Ozong  is seeing .I Sgt. Andrew Hill did question Medical Worker Enoch Ozong if he did have any pornographic magazines, which he responded yes and turned over three magazines to Lt.Depass and myself .I did order Deputy Paul Kemp to search #3 cell, and Deputy Kemp did not find any other contraband items .I did inform Captain Smith of this situation along with turning the items over to the Captain Smith .

Respecifully Submitted ,

Sgt.Andrew F. Hill

001853



# SUFFOLK COUNTY SHERIFF'S DEPARTMENT
## INCIDENT REPORT

PAGE _1_ OF _1_

TO: Cpt Smith

FROM: Officer A Lopes

DATE: December 6 2005

SUBJECT: Porno Magazine & Cellphone

On December 6 2005 while Assigned to Sallyport I have the following to report. At approximately 6:45 PM I Was observed Abuy left workel. I what through the bag and found Porno Magazine At the Desk Each Ozoney from medical Came up here at the Sally Pit and Said that is my bag. I told him get rid of the Porn Magazine and Searched him Found a Cell phone and Said to him Put them in the locker it is Contraband not allowed into the facility. I did notify Sgt Hill and told him About Each ozony at Approximately 6:45 P.m. After I Tell him to Put the Contraband in the locker Each ozony was Found in possession of Contraband Porn and Cell phone in the Entrance. End of Report.

OFFICER'S SIGNATURE

FORM 19

001854

01/04/2006 11:57 FAX  617 989 6892      SUFFOLK CTY. SHERIFF                    ☑023/030
01/03/2006 17:11 FAX                                                            ☑006/006



# Suffolk County Sheriff's Department



Jail
200 Nashua Street
Boston, MA 02114
(617) 635-1100

House of Correction
20 Bradston Street
Boston, MA 02118
(617) 635-1000

ANDREA J. CABRAL
SHERIFF

12/06/05

When I first came in I ask the C.O in the Lobby
that I was going to the restroom On my way back
I caught the C.O Searching my bag. He Knew
what was in my bag and Allowed me to go up
Stairs without Informing me that, I Couldn't brin
my bag upstairs. Knowing that the magazin
were in my bag. He also did'nt tell me to pu
my bag on the Metal Detective

ENOH OZONG

Sir,
The C.O Search my bag
without my Authoring When I left
for the restroom.

001855

01/04/2006 11:58 FAX  617 989 6692      SUFFOLK CTY. SHERIFF                    ☑024/030
01/03/2006 17:12 FAX                                                           ☑006/006



# Suffolk County Sheriff's Department

ANDREA J. CABRAL
SHERIFF

**Jail**
200 Nashua Street
Boston, MA 02114
(617) 635-1100

**House of Correction**
20 Bradston Street
Boston, MA 02118
(617) 635-1000



For the were Porno Magazine in my bag the were no Outside of my bag, When the C.O Came to search Roberto's Room the found them in my bag. I had no intention of Showing the Magazine to him.

ENOH. OZONG

NOTE- the entire in my bag inside.

001856

01/04/2006 11:58 FAX  617 989 6692     SUFFOLK CTY. SHERIFF                      ☑025/030
01/03/2006 16:58 FAX                                                            ☑002/012



# Suffolk County Sheriff's Department



**ANDREA J. CABRAL
SHERIFF**

| | |
|---|---|
| Jail | House of Correction |
| 200 Nashua Street | 20 Bradston Street |
| Boston, MA 02114 | Boston, MA 02118 |
| (617) 635-1100 | (617) 635-1000 |

March 31, 2005

**To:**     Front Lobby
           Central Control

**From:**   Gerald Walsh, Deputy Superintendent

**Date:**   March 31, 2005

**Subj:**   Barred from Entrance

---

Effective immediately and until further notice, Evelyn Castillo is not allowed to enter the facility.
Thank you for your attention to this matter.

cc:  Elizabeth Keeley, Chief of Staff
     Gerard J. Horgan, Superintendent
     Steve Jacobs, Deputy Superintendent
     Shift Commanders

01/04/2006 11:58 FAX  617 989 6692    SUFFOLK CTY. SHERIFF                    ☑ 028/030
01/03/2006 16:59 FAX                                                       ☑ 003/012

July 30, 2004

To: Julie White

From: Evelyn Castillo

RE: Court Appearance


Julie, I have enclosed a copy of the police report and the summons. Please

understand that this was an unpleasant surprise. I am not exactly sure of

how I went from a witness to having a criminal complaint issued against me.

This is an unfortunate incident that I am looking forward to clearing up as

soon as possible. I apologize ahead of time for being in such a situation that

I seem to have to control over. If at any time you have any concerns, please

feel free to ask any question.



Evelyn J. Castillo


001858

01/04/2006 11:58 FAX  617 989 6692      SUFFOLK CTY. SHERIFF                  027/030
01/03/2006 16:59 FAX                                                         004/012

| SUMMONS TO DEFENDANT | DOCKET NO. 0409CR000727 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| DEFENDANT'S DOB 09/20/1980 | SEX F | HOME PHONE | WORK PHONE | NO. COUNTS 2 | COURT NAME and ADDRESS |
|---|---|---|---|---|---|

DEFENDANT'S NAME and ADDRESS

CASTILLO, EVELYN
30 HEMENWAY STREET #20
BOSTON, MA

**Brookline District Court**
360 Washington Street
Brookline, MA 02146

| DATE YOU MUST APPEAR 09/29/2004 | YOU MUST APPEAR AT ABOVE COURT AT THIS DATE and TIME. |
|---|---|
| TIME YOU MUST APPEAR 10:00 AM | |

SCHEDULED EVENT

**ARRAIGNMENT**

FIRST SIX COUNTS:

1. 265/13A/B  A&B c265 §13A(a)
2. 265/15A/A  A&B WITH DANGEROUS WEAPON c265 §15A(b)

## TO THE ABOVE-NAMED DEFENDANT:

You are hereby ordered to appear in this court on the date and time indicated above to answer to a criminal complaint that has been issued against you. Please report to the probation office upon your arrival at the court.

| | TESTE OF FIRST JUSTICE | DATE ISSUED | CLERK-MAGISTRATE |
|---|---|---|---|
| WITNESS: | Hon. Thomas J May | 07/15/2004 | Brian K Lawlor |

### INSTRUCTIONS TO DEFENDANT

1. YOU ARE REQUIRED TO APPEAR IN COURT on the date and time shown above. Please bring this summons with you to the court.

2. IF YOU FAIL TO APPEAR in court on the date and time shown above or on any future scheduled dates, you will be found in default, a warrant for your immediate arrest will be issued, and you may be assessed substantial costs and warrant fees. The Registry of Motor Vehicles will also refuse to renew your driver's license and (if you are charged with a motor vehicle offense) will suspend your driver's license. The court may also issue a new complaint against you under G.L. c.276, §82A, which is separately punishable by up to $50,000 in fines and up to 5 years imprisonment (if you are charged with a felony) or up to $10,000 in fines and up to 1 year imprisonment (if you are charged with a misdemeanor).

3. THE CHARGES AGAINST YOU. The number of counts (charges) in this criminal complaint are shown in the "No. Counts" box above, and the first six counts are listed above. If there are more than six counts, you may obtain the details of them from the clerk-magistrate's office prior to arraignment. At your arraignment, you or your lawyer will be given a copy of the complaint.

4. LAWYER. You have a right to be represented by an attorney at every stage of the proceedings against you. If you are charged with an offense punishable by imprisonment and you are unable to afford an attorney, you may be entitled to the services of a court-appointed attorney at no or reduced cost to you. You may apply for a court-appointed attorney when you report to the probation office on the date and time shown above.

5. TRIAL BY JURY OR TRIAL BY A JUDGE. If your case is not disposed of at arraignment or as a result of a pretrial hearing by a guilty plea or other disposition, it will be scheduled for a jury trial by a jury of six persons. If you waive the right to a jury trial, your case will be scheduled for a trial by a judge without a jury.

Atencion:    Notificación oficial del tribunal; si no entiende inglés, obtenga una traducción.
Attention:    Avis officiel du tribunal. Anglais limite, veuillez faire traduire.
Attenzione:  avviso ufficiale del tribunale. Chi non capisce l'inglese lo faccia tradurre.
Atenção:     Este é um anúncio jurídico oficial. Mande traduzí-lo se você não compreende o inglês.
Atençio:     Es é um anúncio oficial di tribunal. Mandá traduzí si bu ca ta entendê inglês.
Atansyon:    Se avi ofisyèl Tribunal la. Fe tradwi'l souple, si'w pa kon Angle.
Внимание:    Это повестка из суда. Если Вы не читаете по-английски, обратитесь к переводчику.

[Khmer text]
[Lao text]
注意:  這是正式的法院通告,如果您不懂英語,請找人代為翻譯。

**001859**

01/04/2006 11:59 FAX  617 989 6692        SUFFOLK CTY. SHERIFF                    ☑ 028/030
01/03/2006 17:00 FAX                                                             ☑ 005/012

? Police
ie Police Department
shington Street
ie, MA 02445





001860

01/04/2006 11:59 FAX  617 989 6692    SUFFOLK CTY. SHERIFF    ☑029/030

01/03/2006 17:01 FAX

Page 1 of 2

# BOSTON POLICE
# INCIDENT REPORT

| | | | | | |
|---|---|---|---|---|---|
| ORIGINAL ☐ SUPPLEMENTARY ☐ | | | COMPLAINT NO. 040215148 | REPORT DIST. E13 | CLEARANCE DIST |
| KEY SITUATIONS OTHERS | | | STATUS | DATE OF OCCUR. A.07/09/04 | B. |
| TYPE OF INCIDENT | CRIME CODE D | | | TIME OF OCCUR. A.02:30 AM | B. |

LOCATION OF INCIDENT
111 FOREST HILLS ST

| VICTIM-COMP. (LAST, FIRST, MI) CASTILLO, YEREN | PHONE (617)-592-9308 | SEX FEMALE | RACE WHITE HISPANIC | | MARITAL STATUS N/A |
|---|---|---|---|---|---|
| ADDRESS 111 FOREST HILL ST.JAMAICA PLAIN.MA.02130-0000 | APT. 2 | OCCUPATION | | AGE 25 | D.O.B. 6/14/1979 |

| PERSON REPORTING CASTILLO, YEREN | ADDRESS 111 FOREST HILLS ST.JAMAICA PLAIN.MA.02130-0000 | | APT. 2 | PHONE (617)-592-9308 |
|---|---|---|---|---|

WAS THERE A WITNESS TO THE CRIME

| PERSON INTERVIEWED CASTILLO, EVELYN | AGE 23 | LOCATION OF INTERVIEW N/A | APT. | HOME ADDRESS 30 HEMENWAY ST,BOSTON,MA,0211 5-0000 | APT. 2 | TELEPHONE (617)-480-3770 | RES BUS |
|---|---|---|---|---|---|---|---|

NUMBER OF PERPETRATORS: 1 - CAN SUSPECT BE IDENTIFIED AT THIS TIME

| STATUS SUSPECT | NAME (LAST, FIRST, MI) LIRIANO, YOSELIN | | S.S. NO. 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 - | BOOKING NO. 0000000000 | PHOTO NO. | ALIAS |
|---|---|---|---|---|---|---|
| WARRANT NO. | ADDRESS 73 ALEXANDER ST,BOSTON,MA,00000-0000 | SEX FEMALE | RACE BLACK HISPANIC | AGE 26 | HEIGHT/DOB 4-11 1/5/1978 | |
| SPECIAL CHARACTERISTICS(INCLUDING CLOTHING) WHITE SHIRT, WHITE PANTS | | WEIGHT 126 | EURO SLIM | HAIR BLACK | EYES BROWN | |

CAN SUSPECT VEHICLE BE DESCRIBED

| STATUS Vandalized | REG. STATE MA | REG. NO. BV5041 | PLATE TYPE PAN | YEAR(IDGP) | MODEL CIVIC |
|---|---|---|---|---|---|
| VEHICLE MAKE YEAR HONDA - 2000 | VEHICLE NO. | | STYLE SEDAN | COLOR(TOP-BOTTOM) BLUE - BLUE | |
| OPERATOR'S NAME | | | LICENSE NO. | STATE OPERATOR'S ADDRESS | |

OWNER'S NAME
CASTILLO, YEREN

OWNER'S ADDRESS
111 FOREST HILL ST.JAMAICA PLAIN,MA,02130-0000

CAN PROPERTY BE IDENTIFIED

| STATUS DESTROYED / DAMAGED / VANDALIZED | TYPE OF PROPERTY ELECTRONIC DEVICES | SERIAL OR I-DENT-GUARD NO. | BRAND NAME DESCRIPTION HEAD LIGHT | MODEL | VALUE 200.00 | VCR |
|---|---|---|---|---|---|---|

IS THERE A SIGNIFICANT M.O.

| TYPE OF WEAPON-TOOL HANDS/FEET/TEETH | NEIGHBORHOOD COMMERCIAL & RESIDENTIAL | | TYPE OF BUILDING RESIDENTIAL, APT. | PLACE OF ENTRY N/A |
|---|---|---|---|---|
| WEATHER CLEAR | LIGHTING NATURAL | TRANSPORTATION OF SUSPECT FOOT | VICTIM'S ACTIVITY AT HOME | RELATIONSHIP TO VICTIM ACQUAINTANCE |

UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR
SUSPECT ADMITTED TO BREAKING HEAD LIGHT "YA I DID IT"

IS THERE ANY PHYSICAL EVIDENCE (DESCRIPTION AND DISPOSITION IN NARRATIVE)

IS THERE ANY OTHER REASON FOR INVESTIGATION REASON BELOW

BLOCK(NARRATIVE AND ADDITIONAL INFORMATION
NO.  AT ABOUT 4:30PM ON FRIDAY, 7/9/04, OFFICER HICKS TOOK A WALK-IN REPORT FOR VANDALISM TO A MOTOR VEHICLE THAT OCCURRED AT 111 FOREST HILLS ST. JP. THE VICTIM, YEREN CASTILLO, STATED THAT AT AROUND 2:30AM ON FRIDAY, 7/9/04, SHE HEARD HER CAR ALARM SOUNDING AND AT 11:00AM SHE NOTICED HER HEAD LIGHT BROKEN. THE VICTIM STATED THAT AT 3:20PM SHE WENT TO BROOKLYN AVE, UHAL, TO TALK TO AN EX-BOYFRIEND, WHO IS DATING THE SUSPECT), OMAR ORTIZ, AND WAS CONFRONTED BY THE SUSPECT, YOSELIN LIRIANO. THE VICTIM STATED THAT WHEN SHE ASKED THE SUSPECT IF SHE BROKE HER HEAD LIGHT THE SUSPECT ADMITTED TO DOING SO, AND SAID "YA I DID IT" THE VICTIM STATED THAT WHEN SHE TOLD THE SUSPECT SHE WAS GOING TO PAY FOR THE DAMAGES, THE SUSPECT GOT DEFENSIVE AND STATED "HOW ARE YOU GOING TO DO THAT." THE VICTIM THEN STATED TO THE SUSPECT THAT IF SHE DOES NOT PAY, THEN OMAR ORTIZ WILL HAVE TO PAY FOR IT. THE VICTIM THEN STATED THAT THE SUSPECT THEN EXITED A PARKED MOTOR VEHICLE, SWUNG A PUNCH AT HER, AND GRABBED HER HAIR. THE VICTIM STATED THAT THE EMPLOYEES AT THE UHAL BROKE UP THE FIGHT BETWEEN THE VICTIM AND THE SUSPECT. THE VICTIM STATED THAT SHE WAS DATING OMAR ORTIZ FOR ALMOST A YEAR AND DURING THAT TIME THE SUSPECT WAS HARASSING HER AND HER FAMILY. OFFICER HICKS OBSERVED REDNESS, AND SCRATCH MARKS ON THE VICTIMS NECK, FACE, AND RIGHT ARM. VICTIM REFUSED MEDICAL TREATMENT. TO BE FURTHER INVESTIGATED.

| UNIT ASSIGNED JDESK | TOUR OF DUTY 3 | REPORTING OFFICERS NAME BERNARD E HICKS III | REPORTING OFFICER'S ID 82734 | PARTNERS ID | NO |
|---|---|---|---|---|---|
| DATE OF REPORT 07/09/04 | SPECIAL UNITS NOTIFIED (REPORTING) | | | | |
| TIME COMPLETED | PATROL SUPERVISOR NAME | PAT. SUP. ID | DUTY SUP. NAME | DUTY SUP. SIGNATURE | DUTY. SUP. ID |

001861

01/04/2006 11:59 FAX  617 989 6692      SUFFOLK CTY. SHERIFF                    030/030
01/03/2006 17:02 FAX                                                           007/012

BROOKLINE POLICE DEPARTMENT

| rt. Case No. | 2. Supp No. | 3. Chief of Police | r12. Reported Date | r11. Time |
|---|---|---|---|---|
| 2004-0003326A | 000 | Daniel C. O'Leary | 07/05/2004 | 16:18 |

INVOLVED PERSON

| r1. Name Type | r2. Last Name / Business / State of. | r3. First Name | r4. Middle Name |
|---|---|---|---|
| WITNESS | ORTIZ | OMAR | |

| r4. Race | r5. Sex | r6. Age | r7. Date of Birth | r8. Place of Birth - City, State | r9. Soc Sec No. | r10. Operator's License N | r11. State |
|---|---|---|---|---|---|---|---|
| H | M | 027 | 04/18/1977 | | 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 | | |

| r12. Height | r13. Weight | r14. Build | r15. Complexion | r16. Eyes | r17. Hair | r18. Facial Hair | r19. Speech |
|---|---|---|---|---|---|---|---|

| r20. Residence Address 1 | r21. Phone |
|---|---|
| 72 WESTLAND AVE. #103 BOSTON, MA | (617) 799-1842 |

NARRATIVE

On the above date and time I was dispatched to 270 Boylston St. (U-Haul) for a report of an assault with injury. I arrived simultaneously with Fire and Fallon. Upon my arrival I was met by the manager, Omar Ortiz. Ortiz told me that his girlfriend, Yoselin Liriano, had just been assaulted by two Hispanic females in the parking lot. He brought me to Liriano who was in the mechanics bay. I asked Liriano what had happened. She stated that she was sitting in the front seat of her car talking to her boyfriend when his ex-girlfriend, Irene Castillo, came over to the drivers side and pulled her out of the car by her hair. I. Castillo then threw her to the ground and started to beat her about the face and head with her fists. At this time Castillo's sister also started to hit her in the head and face area. I asked Ortiz if he knew Castillo's sister's name and he stated that he only knew her as Bibi.(Upon further investigation by Det. Crespo it was discovered that her name is Evelyn Castillo.) Liriano said that she was unsure of what happened next because she was trying to cover her face and head but that she did receive a kick to the head but was unsure who delivered the blow.

Ortiz then told me that at this time he and another employee of U-Haul, Gerald Ferraras, attempted to separate the group. Ortiz stated that he grabbed I. Castillo and pulled her off of Liriano. He said as Ferraras pulled E. Castillo off of Liriano she kicked her in the head. Ortiz said that the sisters then got into a blue or green Volkswagon Cabrio Convertible and left.

During my interview of Liriano and Ortiz the Fire dept. and Fallon Ambulance arrived. They were treating her as we spoke. During the interview she told Firefighter Thomas Francis that she was feeling nauseous. Francis then pulled a barrel over for her in case she got sick. After I had finished the interview Liriano collapsed into Francis' arms. Ortiz then informed Francis and the EMT's that Liriano was an epileptic. She was transported by Fallon to the Hospital.

I asked Ortiz if he knew where the Castillo sisters lived and he told me that he only knew where Irene Castillo lived. Det. Crespo re-interviewed Ortiz and was given Evelyn Castillo's address.

After conferring with Sgt. Ward it was determined that Irene Castillo will be summonsed into court for A&B and Evelyn Castillo will summonsed into court for A&B and A&B/DW (shod foot).

| r1. Submitted By Officer, I.D. | r2. Approving Officer's Name, I.D. | Page |
|---|---|---|
| AMENDOLA, EDWARD F          10097 | | 2 END |

NCD 6001 Rev. 10/02

001862