# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,<br><br>　　Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, SUFFOLK COUNTY, and CORRECTIONAL MEDICAL SERVICES, INC.,<br><br>　　Defendants. | CIVIL ACTION NO. 04-11935 DPW |

### PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, AND SUFFOLK COUNTY

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Sheila Porter ("Mrs. Porter") hereby requests that Defendants Andrea Cabral, Suffolk County Sheriff's Department, and Suffolk County (collectively, "Defendants") produce for inspection and copying the documents and/or tangible items (collectively "documents"), requested herein, which are in their possession, custody, or control. The production of documents shall take place at the offices of Testa, Hurwitz & Thibeault, 125 High Street, Oliver Street Tower, Boston, Massachusetts 02110, within thirty (30) days of service of this Request.

### DEFINITIONS AND INSTRUCTIONS

1.　Each of the following requests for production of documents is continuing. In the event that Defendants become aware of any document(s) responsive to any of the requests set forth below after their initial production of documents, such additional responsive document(s) should be furnished immediately to Mrs. Porter's attorneys.

2. When responding to this request for production of documents, Defendants are requested to respond in writing and state as to each of the requests:

   (a) that there are documents responsive to the request and that they will be produced;

   (b) that there are documents responsive to the request, but that Defendants refuse to produce them because of a claim of privilege or for some other reason; or

   (c) that there are no documents responsive to the request.

3. In producing documents pursuant to this request for production of documents, please indicate to which numbered request such document is responsive. If a document or any other item is produced pursuant to more than one request, please so designate.

4. As to any document(s) called for in this request for production of documents which no longer exists, but which you are aware existed at one time, please identify such document(s) by stating as to each: (i) the type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) its author(s), addressee(s) and recipient(s); you are further requested to identify the last known location and the reason such document(s) is no longer in existence.

5. If any document is not being produced in response to this request for production of documents based upon a claim of privilege or work-product protection, it is requested that, for each such document, Defendants state the nature of and reasons supporting the claim of privilege and/or protection.

6. The term "document" refers to any and all items identified in Federal Rules of Civil Procedure Rule 34(a) and Local Rule 26.5 and includes, but is not limited to, every writing or record of every type and description (whether printed, recorded or reproduced by manual, mechanical, computer, electrical, optical, or by any other means or process) that is or has been in the possession, custody or control of Defendants or their agents, or of which Defendants have

2

knowledge, including, but not limited to, letters, correspondence, memoranda, bills, invoices, checks, logs, diaries, calendars, journals, ledgers, daytimers, notebooks, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings, maps, reports, surveys, statistical compilations, agreements, communications, reports, telegrams, summaries, computer printouts, electronic mail (e-mail), telegrams, cables, photographs, photograph negatives, films, microfilms, motion picture film, videotapes, tapes, computer discs and/or tapes, CD-ROM discs and/or tapes, voice mails, voice recordings, electronic or other recordings, tapings and/or transcriptions of telephone and/or other conversations, interviews, graphs, reports, notes, charts, plans, sketches, summaries, minutes, notes and/or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, medical records, brochures, advertisements, circulars, press releases, any marginal comment appearing on any of the foregoing, and all other writings or any other recorded computer and/or graphic material in whatever form and from which information can be obtained, as translated by you if necessary into a reasonably usable form, and including copies, drafts and non-identical reproductions of any of the foregoing, as well as anything attached, clipped or connected thereto.

7. "Possession," "custody" and "control" shall mean the ability to transfer or obtain the requested information or document.

8. "Communication" shall mean the transmittal of information, in the form of facts, ideas, inquiries, requests for information or otherwise.

9. "Any" shall include the collective as well as the singular and shall include "each," "all," and "every."

10. The terms "all" and "each" shall both be construed as "all" and "each."

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

12. The singular in these requests shall be deemed to include the plural and the plural shall include the singular.

13. The term "concerning" shall be construed to include without limitation: referring to, describing, evidencing, or constituting.

14. "You," "your" and "Defendants" shall mean and refer to Andrea Cabral, Suffolk County Sheriff's Department, and Suffolk County and the respective directors, officers, employees, servants, agents, representatives, subsidiaries, predecessors, successors and assigns of the Suffolk County Sheriff's Department and Suffolk County.

15. "Department" shall mean and refer to the Suffolk County Sheriff's Department.

16. "HOC" shall mean and refer to the Suffolk County House of Correction and its directors, officers, employees, servants, agents, representatives, subsidiaries, predecessors, successors and assigns.

17. "FBI" shall mean and refer to the Federal Bureau of Investigation and its directors, officers, employees, servants, agents, representatives, subsidiaries, predecessors and assigns.

18. "SID" shall mean and refer to the Sheriff's Investigation Division.

19. "CMS" shall mean and refer to Correctional Medical Services, Inc., and its directors, officers, employees, servants, agents, representatives, subsidiaries, predecessors, successors and assigns.

20. "Answer" shall include the Defendants' Answer to Mrs. Porter's Amended Complaint.

21. "Litigation" shall mean and refer to the lawsuit filed by Mrs. Porter against Defendants.

22.  "Commission" shall mean and refer to the Special Commission formed to investigate the Suffolk County Sheriff's Department, which Commission issued its report on October 15, 2002.

23.  Unless otherwise stated in the specific document request, the time frame for relevant documents shall be the period of Mrs. Porter's tenure at the HOC.

24.  If Defendants are aware of the existence of any document within the scope of these document requests which is not within their custody, possession, or control, please identify any such document in a written response to the request for the production of the document. In identifying a document in this fashion, it is requested that the following information be provided: (i) the name, address and telephone number of the person who has possession, custody, or control over the document; (ii) the type of document; (iii) its general subject matter; (iv) the date of the document; and (v) its author(s), addressee(s) and recipient(s).

## DOCUMENTS TO BE PRODUCED

1. Any and all documents referenced in Defendants' Initial Disclosure Statement.

2. Any and all documents concerning an organizational chart of the Department as it has existed since January 1, 2003.

3. Any and all documents concerning Mrs. Porter's performance while working at the HOC, including, without limitation, any assessment(s) and/or evaluation(s).

4. Mrs. Porter's personnel file and any and all documents concerning such file.

5. Any and all documents concerning Mrs. Porter's Interdisciplinary Progress Notes since April 1, 2003.

6. Any and all documents concerning the Code of Silence, as reported on by the Commission.

7. Any and all documents concerning steps taken by you in response to the Commission's report to implement any of the changes recommended by the Commission.

8. Any and all documents concerning any investigation(s) conducted by the FBI concerning the HOC and/or the Department.

9. Any and all documents concerning the ability of individuals who work at the HOC or the Department to cooperate with the FBI and/or any other outside agency investigating the HOC and/or Department.

10. Any and all documents concerning any policy or practice of encouraging Department personnel to assist the FBI in its investigation(s) of the HOC and/or the Department.

11. Any and all documents concerning the terms and conditions of Mrs. Porter's assignment to the HOC.

12. Any and all policies with which you required Mrs. Porter to comply during her tenure at the HOC.

13. Any and all Department and/or HOC policies that you provided to Mrs. Porter.

14. Any and all documents concerning the Department's S220 Policy.

15. Any and all documents concerning any policies and/or practices in effect during Mrs. Porter's tenure at the HOC concerning the reporting of suspected inmate abuse and/or inmate injuries.

16. Any and all documents concerning any policies and/or practices in effect during Mrs. Porter's tenure at the HOC concerning confidentiality of inmate medical information.

17. Any and all documents concerning any policies and/or practices in effect during Mrs. Porter's tenure at the HOC concerning any guidelines or limitations imposed on workers at the HOC in communicating with persons or entities outside the Department concerning HOC and/or Department matters.

18. Any and all documents concerning reports received by you from or on behalf of Mrs. Porter concerning suspected inmate abuse and/or investigations of physical or sexual harm of inmates during Mrs. Porter's tenure at the HOC.

19. Any and all documents concerning Mrs. Porter's cooperation with the FBI.

20. Any and all documents concerning the dates and times on which Mrs. Porter submitted, and/or the Department received, two reports of suspected inmate abuse in or around May or June 2003.

21. Any and all documents concerning the investigation by you into Mrs. Porter's reports of suspected inmate abuse in or around May or June 2003.

22. Any and all documents concerning the wiring of an HOC inmate performed by Mrs. Porter in 2002 at the request of the FBI.

23. Any and all documents concerning the SID meeting with Mrs. Porter in or about May or June 2003.

24. Any and all documents concerning communications between you and the FBI concerning Mrs. Porter.

25. Any and all documents concerning any SID investigations of individuals who work, or have worked, at the HOC and who were cooperating, or had cooperated, with the FBI.

26. Any and all documents concerning the decision to terminate and/or bar Mrs. Porter from HOC premises.

27. Any and all documents concerning the meeting on or about June 10, 2003 (and/or preparations for that meeting) during which Mrs. Porter was told she was barred from the HOC premises, including, but not limited to, any notes or memos or any communications between Defendants and CMS.

28. Any and all documents concerning your decision to terminate and/or bar any person from working at the HOC for the same reasons for which Mrs. Porter was terminated and/or barred.

29. Any and all documents concerning other individuals who have engaged in activities similar to those activities engaged in by Mrs. Porter, and who were not terminated and/or barred from the HOC, including, but not limited to, any documents concerning the decision not to terminate and/or bar such individuals.

30. Any and all documents concerning the reasons for the barring of the nurses referenced in Defendants' Automatic Disclosures.

31. Any and all documents regarding concerns on your part for Mrs. Porter's safety, including, but not limited to, any communications regarding such concerns.

32. Any and all documents, including, but not limited to drafts, memos and communications concerning the written statement released to WCVB-TV, Channel 5 on or about August 25, 2004.

33. Any and all documents concerning Mrs. Porter, including, but not limited to, notes, created for, used or reviewed by Andrea Cabral in preparation for her September 8, 2004 political debate with Stephen Murphy.

34. Any and all documents concerning Andrea Cabral's interview with The Boston Globe Magazine, published on October 29, 2004, including, but not limited to, any documents created or reviewed in preparation for the interview.

35. Any and all documents concerning and/or supporting your statements that Mrs. Porter has is not a whistleblower.

36. Any and all contracts between Defendants and CMS.

37. Any and all documents concerning communications between or among any of the individuals identified in Defendants' Initial Disclosure Statement concerning Mrs. Porter.

38. Any and all documents concerning communications between you and CMS concerning Mrs. Porter.

39. Any and all documents concerning communications between you and any person or entity (except CMS) concerning Mrs. Porter and/or this Litigation.

40. Any and all documents concerning your coverage under any insurance policy.

41. Any and all documents concerning your document retention policies, including, but not limited to, your electronic mail ("e-mail") retention policies.

9

42. Any and all documents that you intend to offer as evidence at the trial of this litigation.

43. Any and all documents from potential or prospective witnesses, including, but not limited to, notes, transcripts of interviews and/or conversations, deposition transcripts, statements, affidavits -- whether sworn or unsworn -- or any other documents concerning the individual's knowledge of any matters at issue in this Litigation.

44. Any and all documents that you have given or intend to give each person whom you expect to call as an expert witness on your behalf at the trial of this Litigation.

45. Any and all documents, including all correspondence and drafts of the documents, you have received from any expert witness you have retained in this Litigation.

46. Any and all documents concerning the testimony of any expert witness whom you intend to call at the trial of this Litigation.

47. Any and all documents concerning any knowledge or information possessed and/or statements made by any individual whom you believe has been witness to, or has knowledge of, any matters at issue in this Litigation.

48. Any and all documents, including, but not limited to, written statements, transcriptions, oral statements, notes, correspondence, memoranda and/or reports that were not addressed by the requests stated above but that you contend support any of the defenses stated in your Answer.