UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA J. PORTER,<br>    *Plaintiff*<br><br>*v.*<br><br>ANDREA J. CABRAL; SUFFOLK COUNTY SHERIFF'S DEPARTMENT; and<br>SUFFOLK COUNTY,<br>    *Defendant* | **DOCKET NO.**<br>**04-11935-DPW** |

**DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF DEFAMATION**

Now come the Defendants, Andrea J. Cabral, Suffolk County and the Suffolk County Sheriff's Department and moves this Honorable Court *in limine* to preclude the Plaintiff, Sheila J. Porter, from introducing any and all evidence, including testimony, documents, press statement, transcripts, videotapes and media reports (print and broadcast) of the alleged defamatory statements made by Sheriff Cabral concerning the Plaintiff. In support thereof, the Defendant states as follows:

On January 3, 2006 the Court granted the Defendants' Motion for Summary Judgment as to Count IX (Defamation) of the Plaintiff's amended complaint. The Plaintiff's defamation claim was based upon public statements attributed to Sheriff Cabral made approximately fifteen months after the Plaintiff's barring from the HOC. These statements were made in response to the Plaintiff's public accusations, published in the media (print and broadcast) that Sheriff Cabral had illegally barred her from the

1

HOC. In granting the Defendants' Motion for Summary Judgment, the Court found that the statements attributed to Sheriff Cabral were not capable of a defamatory meaning and therefore not actionable.

In the parties Joint Pre-Trial Memorandum, the Plaintiff has identified several proposed exhibits, including the Press Statement issued August 25, 2004 (Ex. T), Tape of debate between Sheriff Cabral and Councilor Murphy (Ex. U), Transcript of the Debate between Sheriff Cabral and Councilor Murphy(Ex. V), Tape of an August 25, 2004 Channel 5 Report (Ex. W), Elaine McCardle, "The New Enforcers," Boston Globe Magazine, October 31, 2004 (Ex. X), and Estes, A., "Nurse Fired From Jail Job Speaks Out…", Boston Globe, August 25, 2004 (Ex. Y)[1] that relate solely and exclusively to the Plaintiff's defamation complaint which has now been dismissed. In a telephone conference on January 4, 2006 counsel for the Plaintiff indicated that, despite the Court's dismissal of the defamation count, he intended to offer these exhibits and testimony concerning them at trial as evidence of the Plaintiff's pain and suffering.

The core issue in the last two remaining counts of the Plaintiff's amended complaint (Count 1, Violation of § 1983, and Count X, Tortious Interference with Advantageous Relations) is whether the Plaintiff's communication with the FBI was a substantial motivating factor in Sheriff Cabral's decision to revoke her security clearance and bar her from the HOC. Exhibits T-Y have no probative value to the Plaintiff on this issue and should be excluded pursuant to Fed. R. Evid. 403.

---

[1] Exhibit Y, the Boston Globe article entitled "Fired Nurse Speaks Out", does not contain any alleged defamatory statements attributed to Sheriff Cabral. It is however, inadmissible hearsay. See Stearns v. Dion, 2005 WL 217037 @* 11 (D.ME.)(citations omitted). In this article the Plaintiff accuses Sheriff Cabral of illegally barring her from the HOC in retaliation for providing information to the FBI. The Press Statement dated August 25, 2003 (Exhibit T) was authorized by Sheriff Cabral and issued by the Department in response to the Plaintiff's public allegations of misconduct.

2

The Plaintiff may claim that such evidence is relevant because the statements contributed to her pain and suffering and are therefore admissible. However, if the Plaintiff prevails on the federal civil rights count of her amended complaint she is only entitled to receive such compensation that the Jury determines reasonably compensates her for any injury sustained by her as a direct result of the Defendants' conduct in barring her from the HOC. Similarly, if the Plaintiff prevails on her tortuous interference claim she is only entitled to receive economic damages that they determine are proximately related to the economic harm sustained by the Plaintiff as a result of Sheriff Cabral's conduct in barring her from the HOC.

Here, the Court has ruled as a matter of law that the Plaintiff is not entitled to recover for the statements attributed to Sheriff Cabral which she now seeks to introduce in support of her two remaining counts. These statements are not relevant to remaining issues and their admission would be unduly prejudicial to the Defendants, particularly Sheriff Cabral, and should accordingly be excluded. Fed.R.Evid. 403. Rule 403 mandates that the use of otherwise relevant evidence must be limited if it has an undue tendency to suggest that the jury make a decision on an improper basis, such as emotion, or hearsay. Stump v. Gates et al, 211 F.3d 527, 532 (2000).

WHEREFORE, the Defendants move that this honorable Court EXLUDE from evidence:

a. Any and all evidence, including testimony, documents, press statement, transcripts, videotapes and media reports (print and broadcast) of the alleged defamatory statements made by Sheriff Cabral concerning alleged defamatory statements attributed to Sheriff Cabral, including the Press Statement issued August 25, 2004 (Ex. T), Tape of debate between Sheriff Cabral and Councilor Murphy (Ex. U), Transcript of the Debate between Sheriff Cabral and Councilor Murphy(Ex. V), Tape of an August 25, 2004 Channel 5 Report (Ex. W), Elaine McCardle, "The New Enforcers," Boston Globe Magazine, October 31, 2004 (Ex. X), and Estes, A., "Nurse Fired From Jail Job Speaks

3

Out…", Boston Globe, August 25, 2004 (Ex. Y).

                                          Respectfully Submitted,
                                          For the Defendants
                                          By their Attorney

                                          <u>/s/ Ellen M. Caulo</u>
                                          Ellen M. Caulo
                                          B.B.O. # 545250
                                          Deputy General Counsel
                                          Suffolk County Sheriff's Department
                                          200 Nashua Street
                                          Boston, MA  02114
Date:   January 5, 2006                (617) 961- 6681