UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA J. PORTER,
    *Plaintiff*

*v.*

ANDREA J. CABRAL; SUFFOLK
COUNTY SHERIFF'S DEPARTMENT;
and
SUFFOLK COUNTY,
    *Defendant*

DOCKET NO.
**04-11935-DPW**

**DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE MEDICAL EVIDENCE AND EXPERT OPINION TESTIMONY**

    Now come the Defendants, Andrea J. Cabral, Suffolk County and the Suffolk County Sheriff's Department and move this Honorable Court *in limine* to preclude the Plaintiff, Sheila J. Porter, from introducing any and all evidence, including testimony, and medical records concerning her diagnosis of pneumonia in March 2004. The Plaintiff is expected to testify and introduce her own medical records[1] (Exhibit R) to establish that she was diagnosed with pneumonia in March 2004, nine months after her barring from the HOC. It is further expected that the Plaintiff will attempt to offer, through her own testimony, that her diagnosis of pneumonia was related to her barring from the HOC. Such evidence should be excluded because the Plaintiff has not been designated as an expert nor is she qualified to offer an expert opinion. Further, the

---

[1] Certain portions of the medical records contain information communicated from the Plaintiff to her treating physician, the content of which is not reasonably related to treatment and diagnosis. It is therefore inadmissible under Fed. R. Evid. 803 (4).

records themselves are devoid of any evidence establishing a causal connection between the Plaintiff's development of pneumonia n March 2004 and her barring from the HOC on June 10, 2003.

The Plaintiff is not qualified to render an expert opinion regarding the causation of the pneumonia she was diagnosed with in March 2004. Rule 702 of the Federal Rules Evidence requires that a witness who testifies to specialized knowledge such as the etiology of a specific medical diagnosis actually be qualified as an expert on the topic. See Fed. R. Evid. 702.  Here, regardless of her experience and training as a nurse practitioner, the Plaintiff was the patient, not the treating physician.  Further, there is no evidence in the record that the Plaintiff is qualified to opine on the causation of the pneumonia that she was diagnosed with in March 2004 and its relationship to her barring from the HOC in June 2003.

Even if the Plaintiff were qualified as an expert, any testimony that she would seek to offer concerning her medical condition in 2004 and its relationship to her barring from the HOC in 2003 must be excluded, because the Plaintiff never designated herself as an expert. See Fed. R. Civ. Pro. 26(a).  Failure to disclose the identity of an expert witness or otherwise comply with the disclosure requirements of Rule 26(a) will result in the exclusion of such expert testimony.  See, Pena-Crespo v. Commonwealth of Puerto Rico, 408 F.3d 10, 13-14 (1st. Cir. 2005) (affirming exclusion of expert witness from testifying at trial because of failure to disclose expert information as required under Rule 26 (a)).

Moreover, the Plaintiff should be prohibited from testifying regarding her medical condition and diagnosis of pneumonia in 2004 because without expert evidence

establishing a nexus between her medical health in 2004 and the barring in 2003 it has no probative value to the issues in this case. See Fed. R. Evid. 403.  The Plaintiff's medical condition in 2004 is not relevant to the remaining issues in this case and any admission of such evidence would be unduly prejudicial to the Defendants and accordingly should be excluded. Fed.R.Evid. 403.  Rule 403 mandates that the use of otherwise relevant evidence must be limited if it has an undue tendency to suggest that the jury make a decision on an improper basis, such as emotion, or hearsay.  Stump v. Gates et al, 211 F.3d 527, 532 (2000).

WHEREFORE, the Defendants move that this honorable Court EXLUDE from evidence Plaintiff's medical records and testimony concerning her diagnosis of pneumonia in 2004.

Respectfully Submitted,
For the Defendants
By their Attorney

/s/ Ellen M. Caulo
Ellen M. Caulo
B.B.O. # 545250
Deputy General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA  02114
Date:   January 5, 2006                (617) 961- 6681

## Local Rule 7.1 Certification

I hereby certify that I conferred with counsel for the Plaintiff in an attempt to narrow the issues raised by this motion.

/s/ Ellen M. Caulo
Ellen M. Caulo