UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and SUFFOLK COUNTY<br><br>Defendants. | Civil Action No.04-11935-DPW |

### PLAINTIFF SHEILA PORTER'S MOTION TO IN LIMINE TO EXCLUDE GERARD HORGAN'S TESTIMONY IN ITS ENTIRETY

Pursuant to Federal Rules of Evidence 402, 403, and 602, plaintiff Sheila Porter hereby moves to exclude the testimony of Gerard Horgan, in its entirety on the grounds that Mr. Horgan has no personal knowledge of any relevant matters, and any relevant testimony is substantially outweighed by the undue prejudice, confusion of the issues, and waste of time that would result from such testimony.

In the pre-trial memorandum, defendants indicate that Mr. Horgan will testify about the department's operations, policies, and procedures. Defendants have conceded that S-220 is a municipal policy, and that Sheriff Cabral had final decision-making authority. The only relevant policy in the present case is Sheriff Cabral's application of S-220 to Ms. Porter, and the only issue, as the case has been narrowed, is whether Sheriff Cabral barred Ms. Porter in retaliation for speaking to the FBI. Mr. Horgan has absolutely no personal knowledge about Sheriff Cabral's application of S-220 to Ms. Porter. *See* Deposition of Gerard Horgan sworn to on May 13, 2005 ("Horgan Depo."), 63:5-9 (Exh. A). Under Rule 602, "[a] witness may not testify to a

matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Personal knowledge can include inference and opinion, but it must be "grounded in personal observations and experience." *U.S. v. Rodriguez*, 162 F.3d 135, 144 (1st Cir. 1998). Mr. Horgan did not participate, personally observe, or experience the barring. He did not even work at the House of Corrections at the time; he was at another facility—the Nashua Street Jail. All his information about Ms. Porter's barring and the reasons for this barring are based on hearsay conversations with other witnesses, such as Elizabeth Keeley and Stan Wotjonski. *See* Horgan Depo. p. 13:3-14.[1] Therefore, he is not competent to testify on this matter under Rule 602.

Testimony about any other policy, operation, or procedure besides Sheriff Cabral's application of S-220 to Ms. Porter is not relevant under Rule 402 and would lead to undue prejudice, confusion of the issues, and wasted time under Rule 403 because this Court has limited the issue in this case to whether Sheriff Cabral applied S-220 to Ms. Porter in an unconstitutional manner. At defendants' insistence, this Court has excluded plaintiffs' custom and code of silence evidence on the grounds that this evidence relates to the practices of others (such as the prior Sheriff or Sheriff Cabral's subordinates), and that this case is about Sheriff Cabral and her conduct. Having excluded evidence of the bad practices of others in the department besides Sheriff Cabral, it would be unfair for this Court to now permit defendants to admit evidence of the good practices of others in the department besides Sheriff Cabral. What's good for the goose is good for the gander—if this case is going to be about only Sheriff Cabral, then it should be about only Sheriff Cabral. Thus, just as this Court ruled that any evidence of a

---

[1] Indeed, Mr. Horgan's second-hand testimony is particularly unreliable because the information communicated by those with first-hand knowledge was inaccurate. For example, Mr. Horgan testified that Mr. Wotjonski told him that Mr. Wotjonski had no idea that Ms. Porter had been speaking with the FBI until after she was barred. *See* Horgan Depo. 23:4-7 (Exh. A).

code of silence or of a retaliatory custom is irrelevant and prejudicial, evidence of department operations, policies, and procedures other than Sheriff Cabral's application of S-220 to Ms. Porter is irrelevant under Rule 402, and in any event any potential relevance is substantially outweighed by the undue prejudice, confusion of the issues, and waste of time that would result from such evidence under Rule 403.

In sum, since Mr. Horgan does not have any personal knowledge on the one relevant policy (*i.e.*, Sheriff Cabral's application of S-220 to Ms. Porter), he should not be permitted to testify.

## **CONCLUSION**

WHEREFORE: The testimony of Gerard Horgan should be excluded in its entirety.

> Respectfully submitted,
>
> SHEILA PORTER
>
> By her attorneys,
>
> */s/ Joseph F. Savage, Jr.*
> Joseph F. Savage Jr. (BBO # 443030)
> David S. Schumacher (BBO # 647917)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA  02109
> (617) 570-1000

Dated: January 5, 2006

3

LIBA/1662557.1