UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>    Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and SUFFOLK COUNTY<br><br>    Defendants. | Civil Action No.04-11935-DPW |

**PLAINTIFF SHEILA PORTER'S OPPOSITION TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Plaintiff Sheila Porter hereby objects to the following jury instructions proposed by defendants:

1. <u>Proposed Instruction Number 2</u>: The final sentence of the second to last paragraph on page 4 uses a misleading passive-voice, which confuses the respective burdens of proof of Ms. Porter and defendants under *Mt. Healthy*. The proposed instruction states that "[i]n other words, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendants' decision." It should read, "[i]n other words, the plaintiff must show that her protected activity was a substantial or motivating cause of her barring, and the defendants then may show that the protected activity did not make a difference in the Defendants' decision." Similarly, the only sentence in the last paragraph on page 5 uses a misleading passive-voice, which masks the defendants' burden of proof. The proposed instruction states that

1

"[l]astly, if it has been proved by a preponderance of the evidence that the Defendants would have revoked the Plaintiff's security clearance and barred her from the House of Correction, regardless of his speech, then your verdict must be for the Defendants." It should read, "[l]astly, if the Defendants prove by a preponderance of the evidence that they would have revoked the Plaintiff's security clearance and barred her from House of Corrections, regardless of her speech, then your verdict must be for the Defendants."

2. Proposed Instruction Number 4: None of proposed instruction number 4 should be used because it is inappropriate for Section 1983 First Amendment retaliation claims. *Gu and Santoro v. Boston Police Dept.*, 312 F.3d 6 (1st Cir. 2002), which is the only case cited in support of the proposed instruction, deals with statutory discrimination claims, not Section 1983 claims. Defendants cite no authority for the proposition that the burden ever shifts back to a plaintiff in the Section 1983 case. Such an instruction is not contained in Sand, *Modern Federal Jury Instructions* §§ 87-94-87-99 ("Sand"). At a minimum, the instruction that plaintiff must show that retaliation was the "sole" reason for her barring is clearly incorrect. This instruction is inconsistent with the instruction that the jury can find that the barring was retaliatory, even if the defendants had a legitimate reason, so long as the defendants fail to show that they would have bared Ms. Porter even if she had engaged in protected activity.

3. Proposed Instruction Number 5: Again, all the cases that defendants cite in support of this instruction are statutory discrimination claims, not Section 1983 First Amendment retaliation claims. Moreover, Sand does not contain such a

2

proposed charge. *See id.* As a result, defendants have not shown that the business judgment rule applies in Section 1983 cases.

4. <u>Passim</u>: References to "employers" and "employees" is confusing, as defendants position is that Ms. Porter was not an employee of the Sheriff's Department. Nevertheless, the First Amendment clearly protects non-employees from retaliation as well. *See Blackburn v. City of Marshall*, 42 F.3d 925, 932 (5th Cir. 1995). Therefore, this Court should use more applicable terms, such as "government" and "individual," or "public employer" and "contract worker." In particular, the first sentence of the first paragraph on page 4 states that "an employer may transfer an employee or otherwise affect an employee." This should be changed to "a public employer may take adverse action against a contract worker."

## **CONCLUSION**

WHEREFORE: To the extent this Court adopts defendants' proposed jury instructions, it should do so with the above modifications and/or deletions.

Respectfully submitted,

SHEILA PORTER

By her attorneys,

*/s/ Joseph F. Savage, Jr.*
Joseph F. Savage Jr. (BBO # 443030)
David S. Schumacher (BBO # 647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

Dated: January 6, 2006

3

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 6, 2006.

                                                  ___*/s/ James R. Sweet*_____
                                                  James R. Sweet