UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,<br>　　Plaintiff<br><br>　　v.<br><br>ANDREA CABRAL, SUFFOLK<br>COUNTY SHERIFF'S DEPARTMENT,<br>SUFFOLK COUNTY, and<br>CORRECTIONAL MEDICAL<br>SERVICES, INC.<br>　　Defendants | Civil Action No. 04-11935-DPW |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIIFF'S PROPOSED EVIDENCE SOUGHT TO BE INTRODUCED UNDER THE BUSINESS RECORD EXCEPTION TO THE HEARSAY RULE**

Defendants move *in limine* to exclude certain documents Plaintiff intends to introduce at trial as the documents contain hearsay and are inadmissible under Fed. R. Evid. 802. Further, the documents do not fall into any exception under the rules. The Defendants seek a ruling *in limine* to exclude Plaintiff's proposed Exhibit D- Memo from Ms. Mastrorilli to Patrick Bradley; Plaintiff's proposed Exhibit E – Mastrorilli Memo to Bradley; Plaintiff's proposed Exhibit H – Theiss Memo to Keeley; and Plaintiff's proposed Exhibit I – Memo from Viktor Theiss re: Rosario Transfer.

The documents do not fall into the business records exception of Fed. R. Evid. R. 803 (6). Under the business records exception, the court is to consider the character of the records and their earmarks of reliability from their source of origin and nature of their compilation. *See* Palmer v. Hoffman, 318 U.S. 109, 114 (1943). The records sought to be introduced are not business records of the Sheriff's Department, but correspondence between Sheriff's Department staff. To of be admissible under the business records exception, the Plaintiff must establish

1

*...that it was the regular practice of that business activity to make the memorandum…, all as shown by the testimony of the custodian or other qualified witness or by certification that complies with Rule 902 (11) …* See, Fed. R. Evid. R. 803 (6). Additionally, pursuant to Fed. R. Evid. 902 (11) a party intending to offer a record into evidence using the Fed. R. Evid. 803 (6) exception, "must provide written notice of that intention to all adverse parties and must make the record *and declaration available* for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them." *See* Fed. R. Evid. R.902 (11) (emphasis added). Here Defendants do not dispute that the documents were authored by Sheriff's Department staff on or around the time specified.  Defendants do dispute the documents were "kept in the course of the regularly conducted activity" and that they were "made by the regularly conducted activity as a regular practice" as required by Fed. R. Evid. 902 (11) (B), (C).  Since the Plaintiff cannot authenticate the documents pursuant to the Rules they must be excluded.

     Courts admit hearsay statements under Fed. R. Evid. 803 because of the supposed reliability of the out of Court statements themselves.  United States v. Trenkler, 81 F 3d 45, 48 (1st Cir. 1995).  A guarantee of reliability under the business record is because it is presumed the document was made in the course of routine business practice. Kassel v. Gannett Co. 875 F 2d 935, 945 (1st Cir. 1989). Any testimony by the authors of the documents relative to their particular practice in keeping and/or producing memorandums documents cannot be imputed to the Sheriff's Department, because to have the indicia of reliability necessary for the exception, it must be it must be the regular practice of the business to make and keep the record at issue.  *See* United States v. Ferber, 966 F. Supp. 90, 98 (D.Mass. 1997). In Ferber, the Court declined to admit an email where the author made it a routine business practice to make email messages

concerning important phone calls, where there was no evidence that the "business" required such a practice. *See also*, Rambus Inc. v. Infineon Technologies AG, 348 F. Supp. 2d 698. (E.D. VA 2004). Absent evidence that it was the business duty to create and maintain a record the exception does not apply. As Judge Young warned in Ferber, "Were it otherwise, virtually any document found in the files of a business which pertained in any way to the functioning of that business would be admitted willy-nilly as a business record. This is not the law" Ferber, 966 F. Supp at 99. The Plaintiff will be unable to establish that the records in questions were made in the course of a routine business practice. Mere presence of a document in the files of a business entity does not by itself qualify that document as a record of regularly conducted business. Standard Oil Co of Calif. V. Moore, 251 F2d 188, 215 n. 24 (9th Cir. 1957). Since the Plaintiff cannot produce evidence that the memos at issue were created pursuant to a routine business practice, the documents must be excluded.

     Even if the Court were to find the Plaintiff satisfied the authentication issue and that the documents qualified as business records, they still should be excluded because they contain unreliable double hearsay. In each instance, the memorandums in question include statements attributable to outside agencies or people that were relied on by Sheriff's Department staff in producing the documents. Double hearsay is not admissible unless each level of hearsay is covered by an exception to the hearsay rule. United States v. Bortnovsky, 879 F.2d 30, 34 (2d. Cir. 1989). *See also*, Fed. R. Evid. R. 805. Here, the reliability of the third party declarants cannot be ascertained. The statements do not fall into any exception to the hearsay rule, thus should be excluded. For example in proposed Exhibit D, Ms. Mastrorilli relates information she learned about Sheila Porter from Donna Jurdak. Further, she relies on information Viktor Thiess

3

received from the FBI. "he told me that the FBI told him". The other documents contain similar totem pole hearsay thus should be excluded.

Defendants request the court rule *in limine* and exclude Plaintiff's proposed Exhibits D, E, H, and I.

|  |  |
|---|---|
|  | Respectfully submitted<br>Andrea Cabral, Suffolk County Sheriff's Department and Suffolk County,<br>By their attorney, |
| Date: January 8, 2005 | /s/ Ellen M. Caulo<br>Ellen M. Caulo<br>BBO# 545250<br>Deputy General Counsel<br>Suffolk County Sheriff's Department<br>200 Nashua Street<br>Boston, MA 02114<br>(617) 961-6681 |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Counsel for the Defendants hereby certifies pursuant to the requirements of Local Rule 7.1(A)(2), she has conferred with counsel for the Plaintiff in order to resolve and/or narrow the issues of the instant motion.

/s/ Ellen M. Caulo
Ellen M. Caulo
Deputy General Counsel

4