UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>      Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and SUFFOLK COUNTY<br><br>      Defendants. | Civil Action No.04-11935-DPW |

### PLAINTIFF SHEILA PORTER'S MOTION TO IN LIMINE TO EXCLUDE REFERENCE TO CERTAIN TOPICS IN DEFENDANTS' OPENING STATEMENT

Pursuant to Federal Rules of Evidence 402 and 403, plaintiff Sheila Porter hereby moves to exclude reference to the following topics in defense counsel's opening statement:

1. Any disadvantages, health, personal issues that Sheriff Cabral has had to overcome, or other "campaign type statements." Any such statements are not relevant to any issue in the present case under Rule 402, and are likely to engender undue sympathy for Sheriff Cabral under Rule 403.

2. The sacrifices of public service. Similarly, whether or not Sheriff Cabral has had to make sacrifices as a public servant is not relevant to any issue at dispute in the case under Rule 402. Moreover, statements about any such sacrifices in opening would create undue sympathy for Sheriff Cabral under Rule 403.

3. The fact that Sheriff Cabral is the first female and first African-American Sheriff of Suffolk County. Such evidence has no bearing on any issue in the present case and is likely to provoke undue sympathy from the jury.

4. Sheriff Cabral's margin of victory in the election or popularity generally. Again, this evidence is not relevant to the issues in the present case, and unduly bolster Sheriff Cabral's credibility and authority.

5. Any of Sheriff Cabral's reforms undertaken at the jail. Any reforms unrelated to retaliation against those who communicate with outside law enforcement agencies are irrelevant under Rule 402 and are likely to confuse the jury under Rule 403.

6. Comparisons of Sheriff Cabral's performance to the prior Sheriff's performance. As discussed above in number 5, this Court already has ruled, at defendants' urging, that evidence of the retaliatory practices and the code of silence that existed under the prior administration are not relevant to the present case and unduly prejudicial.

7. The importance of documenting alleged injuries in the medical record in order to ensure an ability to use that information in any subsequent legal action. This Court already has precluded Sheriff Cabral from offering testimony as to whether Ms. Porter's reporting violated any medical standards. However, at her deposition, Sheriff Cabral also testified that, based on her experience as a prosecutor, it was crucial that allegations of abuse be document in a particular way. *See* Deposition of Andrea Cabral sworn to on May 6, 2005, 113:11-114:3. Defense counsel should be precluded from referencing the importance of documenting allegations of abuse in her opening because Sheriff Cabral has not been qualified as an expert to testify on the subject. Sheriff Cabral was never identified as an expert on this topic, and a foundation for such testimony has never been laid. For example, it is unclear if Sheriff Cabral has ever prosecuted

2

or defended an inmate abuse case, or another case where documentation of an injury was an issue. It is unlikely that this is the case given that, under Federal Rule of Evidence 803(3), (4), testimony regarding a medical condition does not have to be documented at all in order to avoid the hearsay rule, let alone be documented in a particular manner.

## CONCLUSION

WHEREFORE: Defense counsel should be precluded from referring to the above topics in her opening statement.

Respectfully submitted,

SHEILA PORTER

By her attorneys,

*/s/ Joseph F. Savage, Jr.*
Joseph F. Savage Jr. (BBO # 443030)
David S. Schumacher (BBO # 647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

Dated: January 8, 2006