UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER

        Plaintiff,

    v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, and SUFFOLK
COUNTY

        Defendants.

Civil Action No.04-11935-DPW

## PLAINTIFF SHEILA PORTER'S AMENDED PROPOSED JURY INSTRUCTIONS

### I.    Federal Civil Rights - § 1983  (Count One –Defendants Suffolk County, Suffolk County Sheriff's Department, and Cabral)

This case involves a federal civil rights law, U.S.C. § 1983, which provides a remedy for individuals who have been deprived of constitutional rights by a person or entity acting under color of state law.

This federal civil rights statute states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .[1]

To establish a claim under federal civil rights law, a plaintiff must establish, by a preponderance of the evidence, each of the following elements:

    1.    That the defendants were acting under color of law;

    2.    That the defendants' conduct deprived the plaintiff of rights, privileges or

---

[1] *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002).

immunities secured by the Constitution or laws of the United States; and

3.      That the defendants' conduct was a proximate cause for the injuries and damages
        sustained by the plaintiff.[2]

I shall now examine each of these elements in greater detail.

The first element of the plaintiff's claim is that the defendants acted under color of state law. Whether Suffolk County, acting through its Sheriff's Department ("SCSD"), and/or Sheriff Cabral committed the acts alleged by plaintiff is a question of fact for you, the jury, to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that Sheriff Cabral did commit those acts, I instruct you that, since Sheriff Cabral was an official of the state of Massachusetts at the time of the acts in question, she was acting under color of state law. In other words, the first statutory requirement is satisfied as to Sheriff Cabral. Similarly, assuming solely for purposes of this instruction that SCSD committed the alleged acts, I instruct you that SCSD was acting under color of state law. Thus, the first statutory requirement is satisfied as SCSD as well.[3]

The second element of the plaintiff's federal civil rights claim is that defendants' conduct deprived her of a federal right. Plaintiff claims in this case that she was deprived of her First Amendment right to free speech. In order to prove her First Amendment claim, plaintiff must establish two elements:

1.      Her acts or speech was protected by the free speech clause of the First Amendment;
        and,

2.      Those acts or that speech were a substantial or motivating factor in her being barred
        from the House of Corrections.[4]

---

[2] *Parratt v. Taylor*, 451 U.S. 527 (1981).

[3] *Parratt*, 451 U.S. at 534.

[4] *Connick v. Meyers*, 461 U.S. 138, 147-48 (1983); *Mt. Healthy City Sch. Dist. Bd. of Edu. v. Doyle*, 429 U.S. 274, 287 (1977).

2

With respect to the first element of plaintiff's free speech claim, the United States Supreme Court has established that no governmental entity may infringe on an individual's First Amendment right to speak out on matters of public concern. I have ruled that plaintiff's reporting of possible inmate abuse to the FBI was a matter of public concern, and, therefore, is protected speech. I am instructing you that this element is satisfied.

The second element of plaintiff's free speech claim is that the protected speech was a substantial or motivating factor in the decision to bar plaintiff. Plaintiff's protected speech was a substantial or motivating factor in her barring if it played a substantial motivating role in the decision to bar plaintiff.

If the plaintiff proves that the defendants retaliated against her solely because of her exercise of her free speech rights, you must find that her protected speech was a substantial or motivating factor in the decision to bar her.

On the other hand, you may find that the defendants barred plaintiff for several different reasons. If so, then you must determine whether plaintiff's speaking to the FBI was one of those reasons, and if so whether or not it was a substantial reason for the decision to bar plaintiff.[5]

If you find that the plaintiff's protected speech was a substantial or motivating factor in the defendants' decision to take action against the plaintiff, defendants have an opportunity to defend their actions by showing by a preponderance of the evidence, that they would have reached the same decision to take action against the plaintiff even in the absence of the plaintiff's protected speech. In other words, the defendants must show by a preponderance of the evidence that they would have reached the same decision without considering the plaintiff's protected speech. If the defendants show by a preponderance of the evidence that they would have reached the same decision without

---

[5] *Parratt*, 451 U.S. at 534.

considering the plaintiff's protected speech, then you must find in favor of the defendants.

It is important for you to realize that the defendants have not presented an adequate defense if they show merely that they had other, valid reasons for taking action against the plaintiff. It is a defense only if the defendants would have acted on those other reasons in the absence of the plaintiff's protected speech. Therefore, if the defendants offer other, valid reasons for taking action against the plaintiff, the defendants must further show that they would have acted on those reasons. Otherwise, they have not presented an adequate defense. In deciding whether defendants would have acted on those reasons, you may consider, among other things, whether defendants have applied the purported reasons for barring plaintiff to other individuals.[6]

The third element of plaintiff's federal civil rights claim is causation. If you decide that plaintiff's First Amendment rights were violated, you must next decide whether either of the defendants—Sheriff Cabral or SCSD —or both defendants caused those violations. I will address Sheriff Cabral first.

Sheriff Cabral caused any retaliation if she personally participated in any retaliation.[7] Personal involvement does not mean only that Sheriff Cabral directly, with her own hands, deprived plaintiff of her rights. The law recognizes that a supervisor can act through others, setting in motion a series of acts by subordinates that the supervisor knows, or reasonably should know, would cause the subordinates to inflict the constitutional injury. Thus, plaintiff meets her burden of proof as to the personal involvement if she proves by a preponderance of the evidence that the deprivation of her rights took place at the supervisor's direction, or with the supervisor's knowledge, acquiescence or consent.

Turning to the SCSD, in order for you to find that the SCSD is liable to the plaintiff, you must

---

[6] *Mt. Healthy School Dist.*, 429 U.S. at 274.

[7] *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581-82 (1st Cir. 1994); *Diaz v. Martinez*, 112 F.3d 1, 4 (1st

LIBA/1658750.1

find by a preponderance of the evidence that SCSD had a policy that caused the retaliation, if any. A policy is a formal written pronouncement of SCSD. There is no requirement that the action was taken pursuant to a long-standing or regularly applied policy of the SCSD. A government frequently chooses a course of action tailored to a particular situation. Even if you determine that the particular policy was established for a single occasion, you still may find that it represented an official policy of the SCSD, provided that a deliberate choice to follow a course of action was made from among various alternatives by the official responsible for establishing final policy with respect to the subject matter in question. I instruct you that Sheriff Cabral is the official responsible for establishing final policy at the SCSD. I further instruct you that Policy S220 is a policy of the SCSD. However, it is up to you, as the fact-finder, to decide whether or not Policy S220 was unconstitutional as applied to plaintiff, and whether or not it proximately caused plaintiff's barring.

Proximate cause means that there must be a sufficient causal connection between the conduct or policy of the defendants and any injury or damage sustained by the plaintiff. Defendants' conduct or policy is a proximate cause if defendants' acts or policy are a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' acts or policy.

If an injury was a direct result or a reasonably probable consequence of a defendant's act or policy, it was proximately caused by such acts or policies. In other words, if a defendant's act or policies had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act is a proximate cause of the injury.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants. If

Cir. 1997).

5

you find that the injury would have occurred even in the absense of the defendant's conduct, you must find that that defendant did not proximately cause plaintiff's injury.

Now I will turn to the issue of damages. You should not infer that plaintiff is entitled to recover damages merely because I am instructing you on the element of damages. You should only reach the issue of damages if you find that either or both defendants are liable for a federal civil rights violation.

If you return a verdict for plaintiff, you must award her compensatory damages. Compensatory damages are the sum of money that you believe will fairly and justly compensate plaintiff for any injury you believe she actually sustained as a direct consequence of the defendants' conduct. You shall award damages against a particular defendant only for those injuries which you find that that defendant proximately caused.

For the federal civil rights claim, both economic damages and damages for emotional pain and suffering are available.

You shall award actual damages only for those injuries which you find that plaintiff has proved by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of federal civil rights law. You should not engage in speculation or conjecture. Your award of damages, if any, must be based on the evidence presented at trial, and only on that evidence.[8]

I also want to flag for you that plaintiff brings her federal civil rights claim against two defendants—Sheriff Cabral and the SCSD. To award damages against a particular defendant, you must find that the particular defendant's conduct proximately caused the injury to plaintiff.

---

[8] *Memphis Community School Dist. v. Stachura*, 477 U.S. 299 (1986); *Smith v. Wade*, 461 U.S. 30 (1983); *Carey v. Piphus*, 435 U.S. 247 (1978).

Once again, that means that the defendant's action was a substantial factor in causing plaintiff's injury. You may find that Sheriff Cabral, the SCSD, both defendants, or neither defendant injured plaintiff. If you find that both defendants are liable, you must separate out what damages the SCSD is liable for and what damages Sheriff Cabral is liable for. In some areas that may be overlaping. For example, if you find that both were liable, some of the emotional distress may be overlapping, but plaintiff is only entitled to recover once. So I want you to find a total amount of damages that will compensate plaintiff for her injuries. But because the SCSD and Sheriff Cabral might be jointly and severally liable for the overlapping amount, you have to parse it into separate amounts for each the defendants.

If you determine that compensatory damages should be awarded to plaintiff, you also must decide whether to award interest on the damages that she has suffered up to the date the action was filed. You may award pre-judgment interest on the sum which you decide is an appropriate compensatory damage award. Whether you award interest or not should depend upon whether you conclude that interest is necessary to compensate plaintiff fully for any injury suffered, bearing in mind that plaintiff has not had the use of the damages you award during the time this lawsuit has been pending. If you do award interest, the actual sum will be computed by the clerk at the rate provided by law.

If you find that plaintiff's federal civil rights were violated, but she did not suffer any damages, you must award dammages in some nominal or token amount, not to exceed a dollar. Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a federal civil rights violation has occurred is an injury to the plaintiff, and plaintiff is entitled to enjoy that right, even if no actual damages flow from the

7

deprivation.[9]

If plaintiff is entitled to actual or compensatory damages, then you also may make her a separate and additional award of exemplary or punitive damages against Sheriff Cabral. You may not award punitive damages against the SCSD. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like her from committing such conduct in the future.

You may award the plaintiff punitive damages against Sheriff Cabral if you find that Sheriff Cabral's conduct was done maliciously, wantonly or oppressively. Sheriff Cabral acted maliciously if her conduct was prompted or accompanied by ill will, spite, or grudge, either toward the plaintiff individually, or toward all persons in one or more groups of which the plaintiff is a member. Sheriff Cabral acted wantonly if she acted in a reckless manner, or with callous disregard of, or indifference to, the rights of plaintiff. Sheriff Cabral acted oppressively if her conduct was done in a way or manner that injured or damaged the plaintiff or otherwise violated the plaintiff's rights with unnecessary harshness or severity, for example, by misuse or abuse of authority or power, or by taking advantage of some weakness or disability of the plaintiff.[10]

The plaintiff has the burden of proving, by a preponderance of the evidence, that Sheriff Cabral acted maliciously, wantonly, or oppressively with respect to her rights.

An intent to injure exists when a defendant has a conscious desire to violate federal rights of which she is aware, or when a defendant has a conscious desire to injure plaintiff in a manner

---

[9] *Carey v. Piphus*, 435 U.S. 247 (1978).

[10] *Smith v. Wade*, 461 U.S. 30 (1983); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553 (1st Cir. 1989).

8

she knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's

injury does not by itself establish that defendant had a conscious desire to violate rights or injure

plaintiff unlawfully.

If you find by a preponderance of the evidence that Sheriff Cabral acted with malicious

intent to violate the plaintiff's federal rights or unlawfully injured her or if you find that Sheriff

Cabral acted with a callous or reckless disregard of the plaintiff's rights, then you may award

punitive damages. An award of punitive damages, however, is discretionary. That is, if you find

that the legal requirements for punitive damages are satisfied, then you may decide to award

punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages.

Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous

conduct or to deter her and others like her from performing similar conduct in the future. Thus,

in deciding whether to award punitive damages, you should consider whether Sheriff Cabral may

be adequately punished by an award of actual damages only, or whether her conduct is so

extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You

should also consider whether actual damages standing alone are likely to deter or prevent Sheriff

Cabral from again performing any wrongful acts she may have performed, or whether punitive

damages are necessary to provide deterrence. Finally, you should consider whether punitive

damages are likely to deter or prevent other persons from performing wrongful acts similar to

those Sheriff Cabral may have committed.

If you decide to award punitive damages, these same purposes should be considered by

you in determining the appropriate sum of money to be awarded as punitive damages. That is, in

fixing the sum to be awarded, you should consider the degree to which Sheriff Cabral should be

9

punished for her wrongful conduct, and the degree to which an award of one sum or another will deter Sheriff Cabral or persons like her from committing wrongful acts in the future.

## II.    Tortious Interference with Advantageous Relationship (Count Eleven - Defendant Cabral)

The plaintiff claims in this case that she had an advantageous relationship with Correctional Medical Services, Inc. ("CMS"), and that the defendant Sheriff Cabral improperly interfered with plaintiff's performance under this relationship.

In order to prevail on this claim, the plaintiff must prove by a preponderance of the evidence that:

1.    The plaintiff had an advantageous relationship with CMS. Plainitff does not need to prove that she had an existing employment relationship in order to recover;

2.    Defendant Cabral knew about the advantageous relationship and intentionally interfered with the advantageous relationship;

3.    Defendant Cabral's interference, in addition to being intentional, was improper in motive or means. A plainitff need only offer evidence of either improper motive or improper means, not both. A desire to retaliate against the plaintiff is an improper motive; and

4.    The plaintiff was harmed by Defendant Cabral's action.[11]

Now I will turn to the issue of damages. You should not infer that plaintiff is entitled to recover damages merely because I am instructing you on the element of damages. You should only reach the issue of damages if you find that one of the defendants is liable on one of the above counts.

---

[11] *King v. Driscoll*, 418 Mass. 576 (1994); *Draghetti v. Chmielewski*, 416 Mass. 808 (1994); *Owen v. Williams*, 322 Mass. 356 (1948).

LIBA/1658750.1

If you return a verdict for plaintiff, you must award her compensatory damages. Compensatory damages are the sum of money that you believe will fairly and justly compensate plaintiff for any injury you believe she actually sustained as a direct consequence of the defendant's conduct. You shall only award damages against defendant Cabral for those injuries which you find that that she proximately caused. You should not engage in speculation or conjecture.

Only economic damages are available for the intentional interference claim. That means the economic harm proximately caused by Sheriff Cabral.

Respectfully submitted,

SHEILA PORTER

By her attorneys,

/s/ Joseph F. Savage, Jr.
Joseph F. Savage Jr. (BBO # 443030)
David S. Schumacher (BBO # 647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

Dated: January 10, 2006

LIBA/1658750.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 10, 2006.

_____ */s/ Joseph F. Savage, Jr.* _____

Joseph F. Savage, Jr.