UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA J. PORTER,
    *Plaintiff*

*v.*

ANDREA J. CABRAL; SUFFOLK
COUNTY SHERIFF'S DEPARTMENT;
and
SUFFOLK COUNTY,
    *Defendant*

DOCKET NO.
**04-11935-DPW**

### DEFENDANTS' PROPOSED JURY VERDICT FORM

A. **Federal Civil Rights (§1983) Claim Against Andrea Cabral In Her Individual Capacity**

    1.    Did the Plaintiff Shelia Porter establish by a preponderance of the evidence that her protected speech in relaying inmate Rosario's allegations of abuse to the FBI was a substantial or motivating factor in Defendant Andrea Cabral's decision to bar the Plaintiff from the Suffolk County House of Correction?

        Answer:  Yes_____     No _____

        If you answered "Yes" go to question No.2.
        If you answered "No" go to question No. 4.

    2.    Did the Defendant Andrea Cabral establish by a preponderance of the evidence that she would have barred Shelia Porter from the Suffolk County House of Correction even if Porter had not relayed inmate Rosario's allegations of abuse to the FBI?

        Answer:  Yes_____     No _____

        If you answered "Yes" go to question No. 4.
        If you answered "No" go to question No. 3.

**B.     Federal Civil Rights (§1983) Claim Against Suffolk County Though Its Sheriff's Department**

*Answer Question 3 only if you responded "Yes" to Question No. 1 and "No" to Question No. 2.*

    3.     Did the Plaintiff establish by a preponderance of the evidence that it was a policy of the Suffolk County Sheriff's Department to retaliate against individuals that exercised First Amendment rights and that it was pursuant to this unconstitutional policy and for no other reason that Defendant Andrea Cabral decided to bar Shelia Porter from the Suffolk County House of Correction?

        Answer:  Yes_____     No _____

*Proceed*

**C.     Tortious Interference Claim Against Andrea Cabral**

    4.     Did the Plaintiff establish by a preponderance of the evidence that the Defendant Andrea Cabral intentionally interfered with the Plaintiff's employment with Correctional Medical Services, Inc?

        Answer:  Yes_____     No _____

        If you answered "Yes" go to question No. 5.
        If you answered "No" go to question No. 6.

    5.     Did the Plaintiff establish by a preponderance of the evidence that Defendant Andrea Cabral's interference was done with actual malice, spite or a malignant purpose and unrelated to any legitimate interest of the Suffolk County Sheriff's Department?

        Answer:  Yes_____     No _____

*Proceed*

**D.     Damages**

***Answer Question 6 only if you answered " No" to Question 2.***

    6.     Do you find that the Plaintiff Shelia Porter has established by a preponderance of the evidence that the Defendant Andrea Cabral acted with malice, evil intent and spite or acted with a callous and reckless disregard to the Plaintiff's federally protected rights?

        Answer:  Yes_____     No _____

7. If you answered "No" to Question 2 or "Yes" to Question 5:

   What damages do you assess against Defendant Andrea Cabral?

   a. Nominal damages:

   _____
   (Amount in words)

   _____
   (Amount in figures)

   b. Actual damages, if any:

   _____
   (Amount in words)

   _____
   (Amount in figures)

8. If you answered "Yes" to Question 3:

   What damages do you assess against Defendant Suffolk County through the Suffolk County Sheriff's Department?

   a. Nominal damages:

   _____
   (Amount in words)

   _____
   (Amount in figures)

   b. Actual damages, if any:

   _____
   (Amount in words)

   _____
   (Amount in figures)

9. If you answered "Yes" to Question 6:

   Do you choose to award punitive damages against Defendant Andrea Cabral?

   If yes:

   _____
   (Amount in words)

   _____
   (Amount in figures)

|  |  |
|---|---|
|  | Respectfully Submitted,<br>For the Defendants<br>By their Attorney<br><br>/s/ Ellen M. Caulo_____<br>Ellen M. Caulo<br>B.B.O. # 545250<br>Deputy General Counsel<br>Suffolk County Sheriff's Department<br>200 Nashua Street<br>Boston, MA  02114 |
| Date:     January 10, 2006 | (617) 961- 6681 |

4