# Exhibit B

**Page 1**

```
                                    VOL:    II
                                    PAGES:  202-397
                                    EXHIBITS: 8-12


                    UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF MASSACHUSETTS


       * * * * * * * * * * * * * * * *
       SHEILA J. PORTER,              *
                   Plaintiff          *
            -vs-                      *   Civil Action
       ANDREA CABRAL; SUFFOLK COUNTY  *   No. 04-11935-DPW
       SHERIFF'S DEPARTMENT; SUFFOLK  *
       COUNTY and CORRECTIONAL MEDICAL*
       SERVICES, INC.,                *
                   Defendants         *
       * * * * * * * * * * * * * * * *


          CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER


            CONTINUED DEPOSITION OF ANDREA CABRAL, ESQUIRE,
       a witness called on behalf of the Plaintiff, in the
       above-captioned matter, said deposition being
       taken pursuant to the Federal Rules of
       Civil Procedure, before Patricia M.
       McLaughlin, a Certified Shorthand Reporter and
       Notary Public in and for the Commonwealth of
       Massachusetts, at the offices of Goodwin Procter
       LLP, Exchange Place, Boston, Massachusetts, on
       Friday, June 24, 2005, commencing at 10:10 a.m.



                McLAUGHLIN & ASSOCIATES COURT REPORTERS
                     92 DEVIR STREET, SUITE 304
                     MALDEN, MASSACHUSETTS  02148
                             781.321.8922
                        WWW.E-STENOGRAPHER.COM
```

**Page 2**

```
       APPEARANCES:

       JOSEPH F. SAVAGE, JR., ESQUIRE

              and

       DAVID S. SCHUMACHER, ESQUIRE

       GOODWIN PROCTER LLP

       Exchange Place

       Boston, Massachusetts  02109

           On behalf of the Plaintiff

       ELLEN CAULO, ESQUIRE

       GENERAL COUNSEL

       Suffolk County Sheriff's Department

       200 Nashua Street

       Boston, Massachusetts  02114

           On behalf of the Defendants,

           Andrea Cabral, Suffolk County

           Sheriff's Department and Suffolk

           County

       ALEXANDRA B. HARVEY, ESQUIRE

       ADLER, COHEN, HARVEY, WAKEMAN & GUEKGUEZIAN

       230 Congress Street

       Boston, Massachusetts  02110

           On behalf of the Defendant,

           Correctional Medical Services, Inc.
```

**Page 3**

```
       ALSO PRESENT:

       SHEILA PORTER

       JAMES SWEET, GOODWIN PROCTER LLP

       DENNIS D'ANGELO, GOODWIN PROCTER LLP
```

**Page 4**

```
                            I N D E X

       WITNESS             DIRECT   CROSS   REDIRECT   RECROSS

       ANDREA CABRAL, ESQUIRE

       By Mr. Savage         207
```

53

1  Q  In your capacity as Sheriff of Suffolk
2     County. Does that mean he represents you in
3     the context of a Grand Jury investigation of
4     your conduct?
5  A  To the extent that the Grand Jury
6     investigation involves my acting in my
7     capacity as Sheriff and exercising my
8     authority as Sheriff, making a decision in my
9     role as Sheriff, yes.
10 Q  To be sort of just very narrow about it, to
11    the extent there is a Grand Jury
12    investigation about any of your conduct that
13    may relate to Sheila Porter, Walter Prince
14    represents you in that regard?
15       MS. CAULO: Objection. Asked and
16    answered.
17 A  I'm not sure I understand your question.
18 Q  I'm just trying to figure out the
19    significance of the distinction that you're
20    making that he represents you in your
21    capacity as Sheriff of Suffolk County, given
22    that my understanding of a criminal
23    investigation would be that a human being is
24    either charged or not charged as opposed to

54

1     an office being charged or not charged.
2  A  Right. I understand the point that you're
3     making. My position --
4        MS. CAULO: Is there a question?
5        THE WITNESS: What is the question?
6  Q  I'm not sure I know. I'm trying to find out
7     what you're trying to convey to me with the
8     distinction that he is representing you in
9     your capacity as Sheriff of Suffolk County.
10       MS. CAULO: Objection as to the entire
11    relevance of this line of questioning.
12       MR. SAVAGE: That's okay.
13 A  Well, I certainly didn't have the authority
14    to bar Sheila Porter from the institution as
15    a private citizen. I only had that in my
16    capacity as the Sheriff of Suffolk County.
17 Q  Are you aware of Walter Prince making various
18    communications on your behalf and on behalf
19    of the Sheriff's Department to the United
20    States Attorney's Office?
21       MS. CAULO: Objection.
22 A  I think that's privileged. What I'm aware of
23    would come from my conversations with him.
24 Q  Have you reviewed any correspondence that

55

1     went from Mr. Prince on your behalf to the
2     United States Attorney's Office?
3        MS. CAULO: Objection to the extent that
4     it requires the Sheriff to comment on matters
5     that are protected by the attorney-client
6     privilege.
7  Q  I'm being specific in the sense that they are
8     documents that were produced to us, so they
9     are obviously not privileged. I want to
10    limit my question to those.
11 A  I'm aware that he's communicated with the
12    U.S. Attorney's Office.
13 Q  Have you read those communications?
14 A  I'm sure I have.
15 Q  Did you read them at the time they were made?
16 A  At or near the time that they were made.
17 Q  Those were made by Mr. Prince in his capacity
18    of representing you and the Suffolk County
19    Sheriff's Department?
20 A  They were made by Attorney Prince in the
21    capacity that I previously described.
22 Q  Continuing on in your memorandum, you
23    indicated that, "Sullivan stated that it" --
24    I believe that's referring to the

56

1     investigation, but correct me if I'm wrong.
2  A  Where are you?
3  Q  The first full paragraph on the third page of
4     your memorandum, the last sentence before the
5     parenthetical sentence.
6  A  Okay.
7  Q  "Sullivan stated that it had nothing to do
8     with anything except the FBI's desire to
9     protect Sheila Porter"?
10 A  I'm sorry. I'm not on the same --
11 Q  Bates stamped 1052.
12 A  I thought you meant the parenthetical
13    paragraph.
14 Q  No.
15 A  I got it.
16 Q  "Sullivan stated," did I read that correctly?
17 A  Yes.
18 Q  And the "it" is referring to the
19    investigation?
20 A  Yes.
21 Q  Is it your testimony that the United States
22    Attorney told you that the investigation had
23    nothing to do with anything, except the FBI's
24    desire to protect Miss Porter?