UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER

    Plaintiff,

v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, and SUFFOLK
COUNTY

    Defendants.

Civil Action No.04-11935-DPW

## PLAINTIFF SHEILA PORTER'S PROPOSED JURY INSTRUCTION REGARDING PUNITIVE DAMAGES

Plaintiff Sheila Porter proposes that this Court give the model instruction on punitive damages contained in Leonard B. Sand, Modern Federal Jury Instructions, § 87-92. A draft of the proposed instruction is attached as Exhibit A. This model charge is amply supported by Supreme Court precedent. *See Memphis Community School Dist. v. Stachura*, 477 U.S. 299 (1986); *Smith v. Wade*, 461 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Carlson v. Green*, 446 U.S. 14 (1980); *Carey v. Piphus*, 435 U.S. 247 (1978).

At the charging conference, the Court expressed concern that the punitive damages might not be appropriate because the standard for imposing punitive damages is the same as the standard for imposing liability, so punitive damages might be available in all First Amendment retaliation cases. This concern was raised before the Supreme Court in *Smith*, and the Court held that this is not a basis for refusing to charge a jury on punitive damages. The Court states as follows:

> [Defendant] argues that the deterrent and punitive purposes of punitive damages are served only if the threshold for punitive damages is higher in every case than

1

the underlying standard for liability in the first instance. . . . This argument incorrectly assumes that, simply because the instructions specified the same *threshold* of liability for punitive and compensatory damages, the two forms of damages were equally available to the plaintiff. The argument overlooks a key feature of punitive damages—that they are never awarded as of right, no matter how egregious the defendant's conduct. . . . .

Moreover, the rules of ordinary tort law are once more against Smith's argument. There has never been any general common-law rule that the threshold for punitive damages must always be higher than that for compensatory liability. On the contrary, both the First and Second Restatements of Torts have pointed out that in torts like malicious prosecution that require a particular antisocial state of mind, the improper motive of the tortfeasor is both a necessary element in the cause of action and a reason for awarding punitive damages. Accordingly, in situations where the standard for compensatory liability is as high or higher than the usual threshold for punitive damages, most courts will permit awards of punitive damages without requiring any extra showing. . . .

. . . . To put it differently, society has an interest in deterring and punishing *all* intentional or reckless invasions of the rights of others, even though it sometimes chooses not to impose any liability for lesser degrees of fault.

*Smith*, 461 U.S. at 51-55 (emphasis in original).

In the present case, the argument in favor of punitive damages is even stronger than in *Smith* because *Smith* was a deliberate indifference case, while in the present case, as it has developed, the issue for liability purposes is whether Sheriff Cabral herself was motivated by a desire to retaliate against Ms. Porter for exercising her First Amendment rights. Whether or not punitive damages are available in all First Amendment retaliation claims, it is clear that punitive damages are available in retaliation claims such as the one at issue here where a reasonable jury could conclude that the Sheriff herself retaliated against the plaintiff (as opposed to being deliberately indifferent to the retaliation of others), and the Sheriff knew that such retaliation was unconstitutional.[1] In other words, the same evidence that establishes that Sheriff Cabral decided

---

[1] In *Hernandez-Tirado v. Artau*, 874 F.2d 866, 868 (1st Cir. 1989), the Court rejected the argument that punitive damages are available for all intentional deprivations of constitutional rights under *Smith*. However, that case involved a political demotion, and the Court expressly stated that:

2

to bar Ms. Porter for exercising her First Amendment rights may be considered by the jury in deciding whether to award punitive damages because this evidence shows that Sheriff Cabral intended to deprive Ms. Porter of her First Amendment rights.

## CONCLUSION

WHEREFORE: This Court should give the proposed jury charge regarding punitive damages attached as Exhibit A.

Respectfully submitted,

SHEILA PORTER

By her attorneys,

/s/ Joseph F. Savage, Jr.
Joseph F. Savage Jr. (BBO # 443030)
David S. Schumacher (BBO # 647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: January 17, 2006

---

> The conduct at issue, demoting an official [based on political affiliation] is not like an assault or the beating of a prisoner, or retaliation for the content of an employee's speech. *See Fishman v. Clancy*, 763 F.2d 485 (1st Cir. 1985). It is not *obviously* the kind of conduct that society normally will not tolerate; rather, it is conduct that sometimes is lawful and sometimes is not, depending on a complex set of legal rules related to the nature of the particular official's duties . . . .

*Id.* at 869-70 (emphasis in original). In that case, the Court ruled that, even though a defendant who was not an attorney intentionally demoting the plaintiff, he was merely negligent in knowing whether the defendant was entitled to First Amendment protection. On the contrary, *Artau* suggests that where, as in the present case, the First Amendment right to speak without being retaliated against is at issue, this is obviously the kind of conduct that society normally will not tolerate. And indeed, Sheriff Cabral, who is an attorney, has acknowledged that she knows that it is unconstitutional to retaliate against someone for speaking to the FBI. *See* Deposition of Andrea Cabral sworn to on May 6, 2005, 42:6-20 (Exh. B). Therefore, since Sheriff Cabral intended to deprive Ms. Porter of her First Amendment rights, punitive damages are appropriate.

3