# Exhibit A

If you award the plaintiff actual damages, then you also may make her a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like her from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that defendants' had an intent to injure plaintiff. An intent to injure exists when a defendant has a conscious desire to violate federal rights of which defendants are aware, or when a defendant has a conscious desire to injure plaintiff in a manner she knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury does not by itself establish that defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that defendants acted with malicious intent to violate the plaintiff's federal rights or unlawfully injured her or if you find that defendants acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter her and others like her from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether Sheriff Cabral may be adequately punished by an award of actual damages only, or whether her conduct is so

5

extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent Sheriff Cabral from again performing any wrongful acts she may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those Sheriff Cabral may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which Sheriff Cabral should be punished for her wrongful conduct, and the degree to which an award of one sum or another will deter Sheriff Cabral or persons like her from committing wrongful acts in the future.