UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER,  )<br>     Plaintiff  )<br>         v.  )<br>ANDREA CABRAL, SUFFOLK  )<br>COUNTY SHERIFF'S DEPARTMENT,  )<br>SUFFOLK COUNTY,  )<br>     Defendants  ) | Civil Action No. 04-11935-DPW |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DEFER FILING MOTION FOR ATTORNEYS FEES**

Now come the Defendants in the above-entitled matter and file this Opposition to the Plaintiff's Motion to Defer Filing Motion For Attorneys Fees. As grounds therefore, the Defendants state as follows:

On January 23, 2006, after a jury verdict in favor of the Plaintiff, the Court entered judgment for the Plaintiff against Defendants Sheriff Cabral and Suffolk County Sheriff's Department, jointly and severally, for compensatory damages in the amount of $360,000 and against Sheriff Cabral for punitive damages in the amount of $250,000. The judgment also provided for the payment of post-judgment interest, attorneys' fees and costs as provided by law.

On February 2, 2006, the Defendants timely filed Motions for New Trial and Remittitur. The Plaintiff's Opposition is due on February 16, 2006, however she was granted an extension until February 27, 2006 to file her Motion for Attorneys' Fees. At the time that Plaintiff's counsel requested the extension to file their Motion for Attorneys' Fees they knew that the Defendants intended to file motions for post trial relief and the grounds for those motions. Despite this knowledge, Plaintiff's counsel did not request that the Court defer the issue of attorneys' fees until after the appeals process

1

had lapsed on the grounds that it would be more efficient but rather chose to seek an enlargement of time within which to file their Motion for Attorneys' Fees.

On February 8, 2006 the Suffolk County Sheriff's Department received the bill from Plaintiff's counsel containing the time for which they will be seeking compensation in their Motion for Attorneys Fees. The bill is 35-pages long and contains approximately 293 entries concerning the work of 6 attorneys. The total amount of compensation sought in the bill provided by Plaintiff's counsel is $472,296.59.[1] The correspondence accompanying the bill indicated that it was not complete but would provide an idea of what compensation they would be requesting and invited the Defendants to confer. On that same date, however, Plaintiff's counsel left a message indicating that they were almost done with their Motion for Attorneys' Fees but wished to defer filing it until after the appeal process had run.

Defendants' counsel first reviewed the Plaintiff's bill on February 10, 2006 and on that same date spoke with Plaintiff's counsel concerning their request to defer the issue of attorneys' fees until after the appeal period had lapsed. During this phone conversation Defendants' counsel stated that it was the Defendants' preference that the appeal and the issue of attorneys fees be resolved at the same time. Defendants' counsel also indicated that from a cursory review the bill appeared to be excessive but at no time refused to confer concerning the issue of fees.

The focus of the conversation was the Plaintiff's request to defer the issue of attorneys' fees until after the appeal period had lapsed and their previously filed Public Records Request concerning contracts for legal services between the Department and

---

[1] In the correspondence accompanying the bill, Plaintiff's counsel indicated that it was current through January 20, 2006 and may be refined prior to filing the Motion for Attorney Fees and did not include the Bill for Costs.

2

outside counsel for legal services and the hourly rate charged for those services. Plaintiff's counsel made it clear that the information sought in their Public Records Request pertaining to hourly rates paid by the Department to outside counsel for legal services was for the purposes of their Motion for Attorneys' Fees. The Department responded to the Plaintiff's request on February 6, 2006 asserting that the information sought was exempt from disclosure pursuant to the Public Records law and the attorney-client privilege. The Plaintiff filed an appeal of the Department's decision with the Commonwealth of Massachusetts Secretary of State's Office on February 9, 2006.

      Contrary to Plaintiff's assertion in her Motion, there is ample time for the parties to confer on attorneys' fees prior to February 27, 2006. Should the parties be unable to reach consensus on reasonable attorneys' fees, it would be far more efficient to litigate that issue now and have the First Circuit, if necessary, resolve all issues pertaining to this matter at the same time, rather than conducting a second round of litigation at a later date. Moreover, it appears that the Plaintiff's request to defer the issue of attorneys' fees has less to do with efficiency than the desire to obtain information regarding hourly rates of compensation paid by the Department to outside counsel in an effort to justify the exorbitant fees charged in their bill. The *lodestar method* requires that reasonable fees in a civil rights action under 42 U.S.C. § 1988 be calculated according to the prevailing market rate in the community for similar services for attorneys of comparable experience, qualifications and skill, not the rate negotiated by the Department with outside counsel for legal services rendered to the Department. *See McDonough v. City of Quincy*, 353

3

F.Supp.2d 179, 185 (D. Mass. 2005). Indeed, the issue of attorneys' fees is sufficiently ripe now and should be resolved now.[2]

WHEREFORE Defendants respectfully request that the Court deny the Plaintiff's Motion to Defer Filing Motion for Attorneys' Fees and order that the Plaintiff submit her Petition by February 27, 2006.

                                          Respectfully submitted,
                                          For the Defendants,

/s/ Ellen M. Caulo
Ellen M. Caulo
BBO # 545250
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
(617) 961-6681

Date:   February 15, 2006

---

[2] Any additional fees and costs generated in litigating an appeal would be de minimus in light of the significant bill for services already submitted, and accordingly should not entail much in the way of additional briefing.