UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHEILA PORTER, )
    Plaintiff )
        v. )   Civil Action No. 04-11935-DPW
ANDREA CABRAL, SUFFOLK )
COUNTY SHERIFF'S DEPARTMENT, )
SUFFOLK COUNTY, )
    Defendants )

## AFFIDAVIT OF ELLEN M. CAULO

I, Ellen M. Caulo, being duly sworn, do hereby depose and state:

1. I am Deputy General Counsel for the Suffolk County Sheriff's Department.

2. I am the attorney of record in the matter of Sheila Porter v. Cabral, et al, C.A. No. 04-11935-DPW that was tried before a jury on January 9, 2006 through January 18, 2006.

3. I am an attorney in good standing in the Commonwealth of Massachusetts and the District of Massachusetts.

4. On January 26, 2006 Plaintiffs' counsel filed a public records request for all information concerning contracts or agreements with outside counsel for the provision of legal services to the Suffolk County Sheriff's Department (SCSD) from May 2003 to the present; any and all invoices sent to the SCSD reflecting legal services provided to the SCSD since May 2003; and any and all documents reflecting the hourly rate charged by outside counsel for the provision of legal services to the SCSD since May 2003.

5. On February 6, 2006 Assistant General Counsel Russell Homsy notified Plaintiffs' counsel that the records requested were exempt from disclosure pursuant to the public records law and the attorney client privilege.

6. On February 8, 2006 the Suffolk County Sheriff's Department received a bill submitted by Plaintiff's counsel containing the time for which they would be seeking compensation as the prevailing party in the above referenced matter.

7. The bill is 35-pages long and contains approximately 293 entries concerning the work of 6 attorneys.

1

8. The bill did not contain any information to justify the hourly rates of compensation requested for the six attorneys, including rates of $675 and $430 for lead counsel.

9. The correspondence accompanying the bill indicated that the bill only included time charges through January 20, 2006 and may be refined prior to filing the petition, but invited counsel to confer. The correspondence also indicated that a Bill of Costs existed but was not included in this submission.

10. I was out of the office on February 8 & 9, 2006 and did not review Plaintiff's bill until February 10, 2006.

11. On February 9, 2006 Plaintiff's counsel filed an appeal with the Commonwealth of Massachusetts Secretary of States Office of the Department's decision not to disclose the records sought in their Public Records Request.

12. On February 9, 2006 Plaintiff's counsel left me a voice mail message indicating that they were almost done with their Motion for Attorneys' Fees but wished to defer filing it until after the appeal process had run.

13. On February 10, 2006 I spoke with Plaintiff's counsel, David S. Schumacher, Esq., concerning his request to defer the filing of Plaintiff's Petition for fees until 30 days after the appeals period had lapsed. I informed Attorney Schumacher that it was the Defendants' position that the appeal and fee petition be resolved at the same time and that I would not assent to his motion to defer filing the petition for attorneys' fees.

14. During that same conversation and in response to a question from Mr. Schumacher, I indicated that I had briefly reviewed the bill and found it to be excessive. The focus of the conversation was on the Plaintiffs' request to defer the issue of attorneys' fees until after the appeal period had lapsed. At no time during this phone conversation did I refuse to confer with Plaintiff's counsel concerning their bill for attorneys' fees.

15. During this phone conversation Mr. Schumacher inquired about their public records request filed on January 26, 2006, indicating that the information sought was for the purposes of their attorney fee petition. I reminded Mr. Schumacher that Assistant General Counsel Homsy was handling the public records request and that he should discuss the matter with him.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

Date: February 15, 2006                             /s/ Ellen M. Caulo
                                                    Ellen M. Caulo

2