UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>  Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and SUFFOLK COUNTY<br><br>  Defendants. | Civil Action No.04-11935-DPW |

**MOTION FOR ATTACHMENT OF REAL ESTATE**

Pursuant to Fed. R. Civ. P. 64, Mass. R. Civ. P. 4.1 and M.G.L. c. 223 § 42, Plaintiff Sheila Porter ("Ms. Porter") hereby moves for an attachment in the amount of $250,000 on all real property owned by defendant Andrea Cabral ("Ms. Cabral") in Suffolk County, including the property owned by Ms. Cabral located at 172 Greene Street, #2, Jamaica Plain, Suffolk County, Massachusetts. In support of this Motion, Ms. Porter states as follows:

1.  On September 3, 2004, Ms. Porter filed a civil action against Ms. Cabral, the Suffolk County Sheriff's Department ("SCSD"), Suffolk County and Correctional Medical Services, Inc. ("CMS"), bringing claims for, *inter alia*, violations of 42 U.S.C. § 1983 stemming from her wrongful barring from the Suffolk County House of Corrections and termination from CMS. A copy of the Amended Complaint in this action is attached to the Declaration of David S. Schumacher ("Schumacher Decl.") as Exhibit 1.

2.      Between January 9, 2006 and January 19, 2006 a jury trial was held on certain of Ms. Porter's claims against Ms. Cabral and Suffolk County. On January 19, 2006, the jury returned a verdict in Ms. Porter's favor in the amount of $610,000, including $250,000 in punitive damages against Ms. Cabral for violating Ms. Porter's civil rights. A copy of the verdict is attached to the Schumacher Declaration as Exhibit 2.

3.      On January 23, 2006, the Court entered a Judgment in this action (the "Judgment"). The Judgment reflects judgment against Ms. Cabral and the SCSD, jointly and severally, for compensatory damages in the amount of $360,000, not including post-judgment interest, attorneys' fees and costs, and judgment against Ms. Cabral for punitive damages in the amount of $250,000, not including post-judgment interest, attorneys' fees and costs. A copy of the Judgment is attached to the Schumacher Declaration as Exhibit 3.

4.      On February 2, 2006, Ms. Cabral and Suffolk County filed a Motion for a New Trial. The parties are awaiting a hearing on this motion.

5.      Attachment of property is governed by Fed. R. Civ. P. 64, which provides as follows:

> [D]uring the course of an action, all remedies providing for seizure of . . . property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . The remedies thus available include . . . attachment . . .

Fed. R. Civ. P. 64; *see also Johnson v. Koplovsky Foods, Inc.*, 5 F.Supp.2d 48, 51 (D. Mass. 1998) (Harrington, J.).

6. The Massachusetts standard for attachment is contained in Mass. R. Civ. P. 4.1. Pursuant to Rule 4.1(c), an order of attachment may be entered after notice to the defendant and a hearing:

> upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment.

Mass. R. Civ. P. 4.1. Thus, "the central question on the motion for approval of attachment is whether plaintiffs are likely to prevail on the merits and obtain damages in the necessary amount." *See Johnson*, 5 F.Supp.2d at 51, quoting *Anderson Foreign Motors, Inc. v. New England Toyota Distributor, Inc.*, 475 F.Supp. 973, 978 (D. Mass. 1979) (Garrity, J.).[1]

7. Here, Ms. Porter has prevailed on the merits in this action and the Judgment has entered in her favor in the amount of $610,000, which includes $250,000.00 solely attributable to Ms. Cabral.

8. Documents from the Suffolk County Registry of Deeds indicate that Ms. Cabral is the record owner of real property located at 172 Greene Street, #2, Jamaica Plain, Suffolk County, Massachusetts ("the property"). The property was purchased in 2000 for $215,000.00 and was most recently assessed for a value of $229,500.00 by the City of Boston Assessing Department. Copies of the deed to the property and other real estate documents related to the property are attached to the Schumacher Declaration as

---

[1] While attachment is normally sought before a judgment is entered, it is equally available to a judgment creditor. *See* Jordan L. Shapiro, Marc G. Perlin and John M. Connors, 48 *Massachusetts Practice* § 4:1 n. 1 (3d ed. 2000); *cf. Borne v. Haverhill Golf & Country Club, Inc.*, 58 Mass. App. Ct. 306 (2003) (a plaintiff who obtains a money judgment may request from the trial court an attachment of real property to protect the judgment pending appeal).

Exhibit 4. Ms. Porter is unaware of other real estate that Ms. Cabral owns in Suffolk County or elsewhere.

9. Ms. Porter requests that this Court issue a Writ of Attachment on the property and on any other real property that Ms. Cabral owns in Suffolk County, in the full amount of $250,000. *See* Mass. R. Civ. P. 4.1; *see also* M.G.L. c. 223 § 42 ("All real and personal property liable to be taken on execution . . . may be attached upon a writ of attachment in any action in which the debt or damages are recoverable, and may be held as security to satisfy such judgment as the plaintiff may recover . . ."). A draft Writ of Attachment is attached to this Motion. The requested attachment is equal to the amount of the judgment owed to Ms. Porter solely by Ms. Cabral. In addition, Ms. Porter knows of no liability insurance available to satisfy the judgment against Ms. Cabral.

10. The Writ of Attachment should issue based on Ms. Porter's showing that she has prevailed on the merits and obtained damages against Ms. Cabral in an amount equivalent to what is requested in the Motion for Attachment. *See Johnson*, 5 F.Supp.2d at 51. Ms. Porter is entitled to secure her money judgment with Ms. Cabral's assets. *See* 48 *Massachusetts Practice*, § 4:5.

11. Attachment is also justified so that Ms. Porter can preserve her right to collect on the Judgment. Despite the Judgment, Ms. Porter may not have priority over subsequent creditors against Ms. Cabral unless she has attached her property and recorded the lien. *See Hendricks v. Shaw*, 262 Mass. 284 (1928); 48 *Massachusetts Practice*, § 4:6. Here, there is no reason to believe that the Judgment will be satisfied in an expeditious manner. To the contrary, it is apparent that Ms. Cabral and the SCSD have no interest in settlement, and instead are pursuing a strategy of prolonging this case.

*See* Schumacher Decl., ¶ 7.  Under these circumstances, it may be years before Ms. Porter collects on her judgment.  Given the numerous lawsuits the SCSD has been involved with in recent years, and those that may be instituted in the near future, *see* David E. Frank, *Lawyer-Client Calls Recorded By Sheriff's Office*, MASS. LAWYER'S WEEKLY, May 1, 2006, at 1, (Schumacher Decl., Ex. 5), the only reasonable course for Ms. Porter to take is to secure her judgment against Ms. Cabral.

## CONCLUSION

For the reasons stated above, and for the reasons set forth in the Schumacher Declaration, Ms. Porter requests that this Court order that an attachment be placed on the property and any other real property owned by Ms. Cabral in Suffolk County, in the full amount of $250,000.  Pursuant to Mass. R. Civ. P. 4.1(c), Ms. Porter requests a hearing on this Motion.

Respectfully submitted,

SHEILA PORTER

By her attorneys

/s/ David S. Schumacher
Joseph F. Savage, Jr. (BBO # 443030)
David S. Schumacher (BBO # 647917)
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

DATED: May 9, 2006

## LOCAL RULE 7.1(A)(2) CERTIFICATE AND CERTIFICATE OF SERVICE

I certify pursuant to Local Rule 7.1(A)(2) that counsel for Ms. Porter has attempted to confer in good faith with opposing counsel on the matter set forth herein and that opposing counsel has not granted its consent to this motion.

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 9, 2006.


Dated: May 9, 2006                              /s/ *David S. Schumacher*
                                                David S. Schumacher

LIBA/1695120.2