UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER, )<br>)<br>    Plaintiff )<br>)<br>    V. )<br>)<br>ANDREA CABRAL, SUFFOLK )<br>COUNTY SHERIFF'S DEPARTMENT, )<br>SUFFOLK COUNTY, and )<br>CORRECTIONAL MEDICAL )<br>SERVICES, INC. )<br>)<br>    Defendants ) | Civil Action No. 04-11935-DPW |

## DECLARATION OF DAVID S. SCHUMACHER

I, David S. Schumacher, depose and state the following:

1.  I am an attorney with the law firm Goodwin Procter LLP, Exchange Place, Boston, Massachusetts, 02109, and a member in good standing of the Bar of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

2.  Goodwin Procter is counsel to Plaintiff Sheila Porter ("Ms. Porter") in the above-captioned proceeding. I submit this Declaration in support of Ms. Porter's Motion for Attachment of Real Estate.

3.  On September 3, 2004, Ms. Porter filed a civil action against Andrea J. Cabral ("Ms. Cabral"), the Suffolk County Sheriff's Department ("SCSD"), Suffolk County and Correctional Medical Services, Inc. ("CMS"). On December 3, 2004, Ms. Porter filed an

Amended Complaint. A true and accurate copy of the Amended Complaint is attached hereto as Exhibit 1.

4. On January 19, 2006, a jury verdict was returned in Ms. Porter's favor in the amount of $610,000, including $250,000 in punitive damages against Ms. Cabral personally. A true and accurate copy of the Verdict is attached hereto as Exhibit 2.

5. On January 23, 2006, the Court entered a Judgment in this case. A true and accurate copy of the Judgment is attached hereto as Exhibit 3.

6. According to documents from the Suffolk County Registry of Deeds, Ms. Cabral is the record owner of real property located at 172 Greene Street, Jamaica Plain, Suffolk County, Massachusetts ("the property"). The property was purchased in 2000 for $215,000.00 and was most recently assessed for a value of $229,500.00 by the City of Boston Assessing Department. Copies of the applicable real estate documents are attached hereto as Exhibit 4.

7. On January 24, 2006, counsel for Ms. Porter communicated a settlement offer to counsel for the SCSD and Ms. Cabral. Counsel for the SCSD and Ms. Cabral indicated that they would communicate the offer to their client and report back to us. To date counsel for Ms. Porter has not received a counteroffer or any other settlement response from defense counsel. In addition, on February 7, 2006, counsel for Ms. Porter sent to counsel for defendants a copy of the bill containing the attorney time charges and amounts for which Ms. Porter will be seeking compensation pursuant to 42 U.S.C. § 1988. Despite repeated inquiries, counsel for the defendants has refused to communicate an amount that she believes is an appropriate attorneys' fee in this matter.

8.      Attached hereto as Exhibit 5 is a true and accurate copy of David E. Frank,

*Lawyer-Client Calls Recorded By Sheriff's Office*, MASS. LAWYER'S WEEKLY, May 1, 2006, at 1.

Signed under the penalties of perjury this 9th day of May, 2006.

                                                                */s/ David S. Schumacher*_____
                                                                David S. Schumacher

LIBA/1695409.1