UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHEILA PORTER, )
   Plaintiff )
      v. )  Civil Action No. 04-11935-DPW
ANDREA CABRAL, SUFFOLK )
COUNTY SHERIFF'S DEPARTMENT, )
SUFFOLK COUNTY, )
   Defendants )

## AFFIDAVIT OF ELLEN M. CAULO

I, Ellen M. Caulo, being duly sworn, do hereby depose and state:

1. I am Deputy General Counsel for the Suffolk County Sheriff's Department.

2. I am the attorney of record in the matter of Sheila Porter v. Cabral, et al, C.A. No. 04-11935-DPW that was tried before a jury on January 9, 2006 through January 18, 2006.

3. I am an attorney in good standing in the Commonwealth of Massachusetts and the District of Massachusetts.

4. Between February and May 2006 I have had a number of substantive conversations and exchanged correspondence with plaintiff's counsel regarding the issues of settlement and attorneys' fees. The bill for attorneys' fees is 35-pages long and contains approximately 293 entries concerning the work of 6 attorneys.

5. The bill did not contain any information to justify the hourly rates of compensation requested for the six attorneys, including rates of $675 and $430 for lead counsel.

6. During those conversations and in my correspondence I identified numerous areas in counsel's bill for attorneys' fees that I thought were excessive and others that I could not address based on block billing.

7. Specifically, I informed counsel that the hourly rates charged for lead counsel ($675/$430 respectively) and work performed by other attorneys ($450/$385) were excessive and inconsistent with the prevailing rate in the community for attorneys of comparable skill and experience.

8. I pointed out that the bill reflected substantial time billed for non-core work that was not discounted accordingly; substantial hours billed for work on claims that were unsuccessful and/or evidence that was not admitted; and a significant amount of duplication.

9. I further explained to counsel that the practice of block billing made it extremely difficult to evaluate the reasonableness of the hours spent on the tasks described in the bill.

10. I informed counsel that once the bill was revised in accordance with the areas discussed and as summarized in my correspondence I would be able to provide him with a figure that my client believes is reasonable for the time spent on this case.

11. As of the date Plaintiff filed her Motion for Attachment counsel had refused to make any adjustments to their bill in accordance with my suggestions.

12. There have been numerous cases in the First Circuit and Massachusetts where jury awards of punitive damages have been stricken or reduced significantly. (*Shocking to the Conscience: Robert S. Mantell*, Six Figure Punitive Damages Awards in Employment Discrimination Cases, MCLE 2005, attached hereto as Exhibit "A").

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

Date: May 24, 2006          /s/ Ellen M. Caulo
                                  Ellen M. Caulo