Robert S. Mantell
Rodgers, Powers & Schwartz, LLP
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 742-7010
RMantell@TheEmploymentLawyers.com
© 2005

# SHOCKING TO THE CONSCIENCE: SIX FIGURE PUNITIVE DAMAGES AWARDS IN EMPLOYMENT DISCRIMINATION CASES

A survey of punitive damage awards for employment discrimination claims in Massachusetts and the First Circuit has yielded several interesting points.

1. **Punitive Damages are Almost Always Awarded if Liability is Found**

   In cases in which the jury was permitted to award punitive damages, only one case was found in which a jury failed to award punitive damages after concluding that employment discrimination took place. Plaintiff's lawyers should feel confident that a jury will award punitive damages if liability is found.

2. **Punitive Damages Will Likely be Awarded in an Amount of $100,000 or Higher**

   Of the seventy-six cases with awards of punitive damages, the award in forty-four of those cases was in the amount of $100,000 or greater.

   Narrowing that inquiry to jury verdicts in c. 151B, Title VII and ADA claims (excluding other claims such as section 1983 claims against individuals), of fifty-three instances in which punitive damages were awarded, a whopping forty of those cases awarded punitive damages in the amount of $100,000 or greater. Thus, if a c. 151B violation is found, the punitive damages will likely be awarded in a very substantial amount.

119

3. **When Punitive Damages are Awarded in the Amount of $100,000 or Higher, There is a Great Likelihood That Either the Award Will be Reduced, the Underlying Finding of Liability Will be Reversed, or a New Trial Will be Ordered**

Employment discrimination plaintiffs succeeding in obtaining large punitive damages awards at trial are having a hard time defending these awards at the post-trial and appellate levels.

In the context of six figure punitive damages, it appears that the jury is usually "wrong." Of the forty-four cases in which the trier of fact awarded punitive damages of $100,000 or greater, the amount was cut, limited by a damages cap, or the underlying finding was subject to reversal and/or remand, or the jury verdict was otherwise altered to the plaintiff's detriment in twenty-five cases. Thus, 43% of those cases have so far been allowed to stand unaltered. Those statistics could get worse, as some of the successes are being challenged.

4. **When Punitive Damages are Awarded in an Amount Less Than $100,000, There is Only a Small Likelihood That Either the Award Will be Reduced, the Underlying Finding of Liability Will be Reversed, or a New Trial Will be Ordered**

Of the forty-one cases awarding less than $100,000 in punitive damages (or none), the awards and underlying judgments have so far been permitted to stand in twenty-nine cases. Thus, when punitive damages are low or non-existent, the chance that the verdict will be left untouched rises to 71%.

5. **Judicial Hostility to Punitive Damages?**

The bare statistics indicate that a case with a low punitive damages award stands a much greater likelihood of being affirmed than a case with a high award. Does this indicate a judicial intolerance of high punitive damages? Not necessarily.

It should be remembered that sometimes damage awards must be reduced based on grounds not relating to judicial discretion, such as application of the Title VII damages cap. Defendants have a greater incentive to vigorously appeal high awards. Moreover, very high awards may exceed Constitutional or statutory standards of fairness and due process. Therefore, it should be expected that cases with high punitive damages will be permitted to stand with less frequency than those with low damages.

On the other hand, one must be concerned with a system of justice when the primary factfinder is deemed wrong in a majority of a certain category of cases. Jury determinations are supposed to be sacrosanct, and subject to rare interference. See Moose v. MIT, 43 Mass. App. 420, 427 (1997). Judicial interference with jury verdicts awarding substantial punitive damages (the majority of all successful discrimination claims) is the norm and certainly is not rare.

The two possible areas of fault are as follows: [1] that juries are incapable of appropriately considering these types of cases, or [2] that judges are applying an overly heavy hand in reviewing such cases. Regardless of which type of fault is the controlling or greater culprit, each has very disturbing implications. They are at odds with our constitutional system of justice which holds the right to a jury trial as sacred.

Those believing that a high award may prompt greater appellate scrutiny may want to consider asking for less from the jury, in weaker cases. Lawyers are encouraged to review the raw data below to form their own opinions on the extent of judicial hostility toward punitive damages.

6. <u>Despite the Fact that Six Figure Punitive Awards are Usually Not Permitted to Stand, so Many Juries have Awarded High Punitive Awards That it Should be Easier to Convince a Judge That a High Award Properly Reflects the Judgment of the Community</u>

Such a large number of cases have been reported with substantial awards of punitive damages that attorneys are now in a very strong position to argue that future large verdicts are reasonable and properly reflect the appropriate common sense judgment of the factfinder. Plaintiffs' lawyers seeking to uphold sizable punitive damages should not ignore the cases that on first blush go against their position, because the award has been reduced, remanded, or vacated. Massachusetts and First Circuit juries are speaking loudly and clearly that punitive damages awards in the six figures are reasonable, balanced, and proportionate remedies for violations of civil rights laws. As reported above, <u>forty</u> of the <u>fifty-three</u> c. 151B, Title VII and ADA jury verdicts awarding punitive damages included awards of $100,000 or greater. It is important that judges be educated as to what juries are generally awarding in these types of cases, so that they can make informed decisions as to what is beyond the bounds.

6. Raw Data Supporting Conclusions

| Case | Amount of Punitive Damages Awarded By Factfinder | If Jury Verdict Was Altered by Court | If Jury Verdict Was Left Undisturbed |
|---|---|---|---|
| Edwards v. MBTA, C.A. No. 99-0458-F, Suffolk ss. jury verdict, July 8, 2001 | $7,000,000 | | Case settled with post-trial motions pending |
| Clifton v. MBTA, 62 Mass. App. 164 (2004) (c. 151B race harassment case) | $5,000,000 | New trial ordered on liability and damages | |
| Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194, 206 (1st Cir. 1987) (Section 1981 race | $3,000,000 | Award was deemed excessive and reduced to $300,000 | |

| Case | Amount | Outcome | Notes |
|---|---|---|---|
| discrimination) | | | |
| Labonte v. Hutchins & Wheeler, 424 Mass. 813, 826-7 (1997) (c. 151B handicap claim) | $2,500,000 | Remanded to Trial Court to analyze amount in light of due process principles. On remand, Trial Court remitted award to $900,000 | |
| Hill v. Belmont Springs, C.A. No. 00-03983, Omnibus Memorandum of Decision and Order, Middlesex, ss., Giles, J., February 3, 2003 | $2,000,000 | Punitive damages vacated on grounds that conduct was not outrageous | |
| New Boston Select Group v. DeMichele, 15 Mass. L. Rptr. No. 20, 473 (January 13, 2003) (c. 151B retaliation for termination, stoppage of benefits, and initiation of retaliatory lawsuit for misrepresentation and breach of fiduciary duty) | $1,500,000 | | October 2002 jury verdict, affirmed after post trial motions |
| Stephens v. Global NAPS, C.A. No. 01-4149, Suffolk ss. (July 2004 jury verdict in maternity leave discrimination case) | $1,000,000 | Punitive damages remitted to $0, in February 2005 | |
| Massachusetts State Police (c. 151B claim by four women challenging maternity policy) | $1,000,000 | | October 2002 jury verdict |
| Handrahan v. Red Roof Inns, Inc., 43 Mass. App. 13 (1997) (c. 151B handicap claim) | $1,000,000 | Trial Court found award excessive and reduced it to $100,000; lower amount upheld by Appeals Court | |
| Johnson v. Spencer Press of Maine, Inc., 364 F.3d 369 (1st Cir. 2004) (Title VII religious discrimination case) | $750,000 | Punitive award vacated due to salary cap | |

| Case | Award | Notes | Appeal |
|---|---|---|---|
| Daigle v. Rudomin, Memorandum and Order Pursuant to Rule 1:28, 94-P-1848, 41 Mass. App. 1110 (1996) (unpublished) (c. 151B sexual harassment claim) | $750,000 | | Appeals Court upheld award, despite closing argument requesting a "huge" award |
| Abramian v. President & Fellows of Harvard College, 9 Mass. L. Rptr. No. 25, 563 (April 19, 1999), affirmed in part and vacated in part, 432 Mass. 107 (2000) (c. 151B national origin and retaliation claim) | $750,000 for each of two counts | Trial Court ordered new trial solely on issue of punitive damages, on grounds that jury instructions did not require the finding that Harvard's conduct was outrageous. Moreover, Trial Court ruled that only a single punitive award would be permitted, and the two awards would not be cumulated. The SJC affirmed the requirement for a new trial on punitive damages and on the national origin discrimination claim | |
| Walsh v. Carney Hospital Corporation, Memorandum and Order on Defendants' Motion for Judgment Notwithstanding the Verdict, or, in the Alternative, for a New Trial or Remittitur, C.A. No. 94-2583, Norfolk, ss., Cowin, J., June 10, 1998 (perceived homosexuality discrimination case) | $650,000 | | Appeal pending |
| Romano v. U-Haul International, 233 F.3d 655 (1st Cir. 2000) (Title VII and Maine Human | $625,000 | Reduced to $285,000 by District Court to comply with Title VII | |

| | | | |
|---|---|---|---|
| Rights Act sex discrimination claim) | | damages cap | |
| Fontaine v. Ebtec Corp., 415 Mass. 309 (1993) (c. 151B age claim) | $600,000 | Vacated because no punitive damages may be awarded in a c. 151B age discrimination claim, and because amendment providing for the damages is not retroactively applied | |
| Hart v. City of Peabody, 5 Mass. L. Rptr. No. 10, 221, 223 n.2 (June 10, 1996) (c. 151B claim) | $500,000 | | Unappealed |
| Quint v. A.E. Stanley Mfg. Co., 172 F.3d 1 (1st Cir. 1999) (ADA claim for termination of employee with carpal tunnel syndrome) | $420,000 | reduced to $300,000 in light of statutory cap, even though court found the award proper | |
| Carey v. Mt. Desert Island Hospital, 156 F.3d 31 (1st Cir. 1998) (Title VII gender claim) | $400,000 | Reduced in light of statutory cap | |
| Zimmerman v. Direct Federal Credit Union, 2000 U.S. Dist. LEXIS 17107 (D. Mass. November 16, 2000) (c. 151B retaliation claim), aff'd 262 F.3d 70 (1st Cir. 2001) | $400,000 | | Affirmed by First Circuit |
| Blockel v. J.C.Penney Co., 337 F.3d 17 (1st Cir. 2003) (c. 151B retaliation for requesting a reasonable accommodation) | $350,000 | | Affirmed by First Circuit |
| Sampaio v. Agar Supply Company, Inc., Memorandum of Decision and Order of Defendant's Motion for Judgment Notwithstanding the Verdict, and in the Alternative for a New Trial, C.A. No. 91- | $350,000 | A new trial on liability and damages was ordered based in part on the assumption that the jury's punitive damages award of | |

| Case | Award | | |
|---|---|---|---|
| 8389, Suffolk, ss., Barrett, J., August 12, 1993 (c. 151B age/national origin claims) | | $350,000 was based partly on prejudicial statements made by Plaintiff's counsel. | |
| Dalrymple v. Town of Winthrop, 50 Mass. App. 611 (2000) (c. 151B gender and retaliation claim) | $300,000 | | Upheld on appeal where award was similar to the award of compensatory damages and jury instructions were proper |
| Enos v. Brockton, C.A. No. 01 CV 10343 EFH, (D. Mass) February 2, 2004 jury verdict, (42 U.S.C. § 1983 political retaliation) | $300,000 | | Post trial motions pending |
| Acevedo-Garcia v. Vera-Monroig, 368 F.3d 49 (1st Cir. 2004) (42 U.S.C. § 1983 political discrimination case) | $300,000 | Award of reinstatement was vacated | |
| Kerr-Selgas v. American Airlines, Inc., 69 F.3d 1205, 1214-5 (1st Cir. 1995) (Title VII sex discrimination and retaliation) | $300,000 | Vacated because no compensatory or nominal damages were awarded | |
| Contardo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 753 F. Supp. 406 (D. Mass. 1990) (c. 151B) | $250,000 | | Damages awarded by Judge, not jury |
| Babyak v. Smith College, 30 M.L.W. 3753, reverse discrimination gender claim (2001) | $250,000 for gender claim, $250,000 for later retaliatory conduct | | Jury award, appeal contemplated |

| Case | Amount | Notes | Source |
|---|---|---|---|
| Criado v. IBM Corp., 145 F.3d 437, 440 (1st Cir. 1998) (ADA wrongful termination) | $250,000 | With $200,000 compensatory damages awarded, punitive damages reduced in light of $300,000 damages cap | |
| Marcano-Rivera v. Pueblo International, Inc., 232 F.3d 246 (1st Cir. 2000) (handicap discrimination under ADA and Local Law 44) | $225,000, awarded by Judge, pursuant to Puerto Rico law requiring doubling of compensatory damages awarded by jury | Judge would not permit jury to consider question of punitive damages under ADA, although judge later doubled the compensatory award under P.R. law, as there was insufficient evidence to prevail under Kolstad inquiry; verdict vacated with respect to claim brought by employee's husband | |
| Sprague v. United Airlines, Inc., 2002 U.S. Dist. Lexis 14519, 66 (ADA) | $200,000 | | Awarded by Judge |
| Saltzberg v. Medical Weight Loss Center, Suffolk, ss., C.A. No. 97-05310B, 27 M.L.W. 2287 (June 14, 1999) (sexual harassment) | $200,000 | | Jury Verdict |
| Dartt v. Browning-Ferris Industries, Inc., 427 Mass. 1, 16-17 (1998), motion for reconsideration pending (c. 151B handicap discrimination) | $175,000 | Vacated because termination based on handicap was not an outrageous act warranting punitive damages | |
| Nardone v. Patrick Motor Sales, Inc., 1994 WL 902899 (Mass. Super. Nov. 3, 1994) (c. 151B), affirmed 40 Mass. App. 1118 | 160,000 | | Jury verdict |

| Case | Amount | Reason | Outcome |
|---|---|---|---|
| (1996), see also 46 Mass. App. 452 (1999) | | | |
| MacCormack v. Boston Edison Co., 423 Mass. 652 (1996) (c. 151B retaliation) | $150,000 | Vacated because claim as whole was dismissed as lacking adequate supporting evidence | |
| Doty v. Sewall, 908 F.2d 1053, 1056, 1062 (1st Cir. 1990) (suit of union member against a union based on LMRDA violations) | $150,000 | | Upheld |
| Izen v. Toshiba America Consumer Products, Inc., an unpublished opinion noted at 132 F.3d 20 (1st Cir. 1997) (c. 151B retaliation claim) | $150,000 | Vacated because Judge withheld constructive discharge question from the jury | |
| McMillan v. MSPCA, 140 F.3d 288, 307 (1st Cir. 1998) (c. 151B sex discrimination) | $135,662 against employer and $171,200.00 against individual | Vacated because salary disparity was not egregious violation warranting punitive damages | |
| Bandera v. City of Quincy, 220 F. Supp. 2d 26 (D. Mass. 2002) (c. 151B gender discrimination) | $135,000 | | Jury Verdict was "reasonable and modest," even despite lack of compensatory damages |
| DeMichele v. Guardsmark, Inc., Order, C.A. No. 90-10975, Tsoucalas, J., June 15, 1993 (c. 151B handicap discrimination claim) | $125,000 | Vacated because amendment authorizing punitive damages was not retroactive | |
| Bogan v. Scott-Harris, 118 S. Ct. 966 (1998) (Section 1983 free speech claim) | $120,000 against Mayor | Vacated based on legislative immunity | |

| Case | Amount | Notes | Additional |
|---|---|---|---|
| Belanger v. Saint-Gobain Industrial Ceramics, Inc., 9 Mass. L. Rptr. No. 26, 581 (April 26, 1999) | 108,000 | | Two sexually harassing comments support award |
| Bain v. City of Springfield, 424 Mass. 758, 769 (1997) (c. 151B retaliation claim) | $100,000 | Punitive damages award alone was vacated and remanded for retrial, based on introduction of prejudicial evidence | |
| Conetta v. National Hair Care Centers, Inc., 236 F.3d 67, 71 (1st Cir. 2001) (Title VII and R.I. Gen. Laws § 42-112-1 sexual harassment and retaliation claims) | $100,000 | Magistrate did not have authority to assess damages and enter judgment on default case. District Court damages assessment awarding $0 in punitive damages upheld | |
| Salvi v. City of Boston, Suffolk County Sheriffs Dept., C.A. No. 00-3374H, Suffolk, ss. (June 30, 2003) (c. 151B sexual orientation case) | $100,000 | | Jury Verdict |
| Morrison v. Carleton Woolen Mills, Inc., 108 F.2d 429, 432, 440 & n. 6 (1st Cir. 1997) (sexual harassment) | $100,000 | Underlying harassment claim was not supported by sufficient evidence, and punitive award was excessive based on weakness of the sexual harassment alleged | |
| Hogan v. Bangor and Aroostook R. Co., 61 F.3d 1034, 1037 (1st Cir. 1995 (ADA claim) | $100,000 | Vacated in light of statutory damages cap | |
| Beaupre v. Cliff Smith & Associates, 50 Mass. App. 480 | $87,500 | | Awarded against |

| Case | Amount | Notes | Comments |
|---|---|---|---|
| (2000) (c. 151B sexual harassment suit) | | | individual |
| In re C.F. Smith & Assoc., Inc., 235 B.R. 153, 157 (Bkrtcy. D. Mass. 1999) (c. 151B sexual harassment claim based on retaliation of jilted lover/President) | $87,000 | | awarded against harasser/Pres. but not against the company |
| Marrero v. Goya of Puerto Rico, Inc., 304 F.3d 7 (1st Cir. 2002) (Title VII sexual harassment and retaliation) | $75,000 | remanded for new trial due to insufficiency of evidence in support of retaliation claim | |
| Dichner v. Liberty Travel, 141 F.3d 24, 33 (1st Cir. 1998) (c. 151B handicap discrimination) | $75,000 | | Intent to discriminate as to violate c. 151B is sufficient to justify punitive award |
| Hernandez v. Winthrop Printing Co. 99-588 G (c. 151B retaliation claim) (May 2002 jury verdict in Superior Court) | $70,000 | | jury verdict |
| Gomez v. Rodriguez, 344 F.3d 103 (1st Cir. 2003) (section 1983 political discrimination case) | Approx. $60,000 awarded to 24 plaintiffs | New trial ordered on evidentiary issues | |
| Lizzotte-Muise v. Video Merchandisers, C.A. No. 97-4055, Middlesex ss., (c. 151B pregnancy discrimination) | $50,000 | | Jury award upheld after post-trial motions |
| DiMarco-Zappa v. Cabanillas, 238 F.3d 25 (1st Cir. 2001) (42 U.S.C. § 1983 action for discriminatory provision of real estate licensing examination | $50,000 | | Judicial award of punitive damages against individuals |

| Case | Amount | Outcome | Notes |
|---|---|---|---|
| (toward English speaking citizens of the United States) | | | were not excessive |
| Bishop v. Bell Atlantic Corp., 299 F.3d 53 (1st Cir. 2002) (Maine Human Rights Act) | $50,000 | vacated based on lack of evidence of adverse action and causation | |
| Brown v. Freedman Baking Co., 810 F.2d 6, 11 (1st Cir. 1987) (racially discriminatory or retaliatory terminations in violation of 42 U.S.C. § 1981) | $50,000 | | Upheld because terminations were outrageous conduct |
| Miller v. Town of Hull, Mass., 878 F.2d 523, 528, 534 (1st Cir. 1989) (§ 1983 political discrimination claims) | $43,700 | | Upheld |
| Vezquez-Valentin v. Santiago-Diaz, 385 F.3d 23 (1st Cir. 2004) (§ 1983 political discrimination) | $42,000 awarded against various individual defendants | Vacated based on lack of sufficiency of the evidence. | |
| Memphis Community Sch. Dist. V. Stachura, 106 S. Ct. 2537, 2541 (1986) (§ 1983 claim of teacher suspended for teaching sexual education) | $41,000 awarded against nine defendants ranging from $1,000 to $15,000 | Reversed because of improper jury instructions on compensatory damages | |
| Rodriguez Rodriguez v. Munoz Munoz, 808 F.2d 138 (1st Cir. 1986) (§ 1983 wrongful termination case) | $40,000 | Vacated based on qualified immunity | |
| Fishman v. Clancy, 763 F.2d | $39,000 | | Upholding |

Case 1:04-cv-11935-DPW    Document 242-7    Filed 05/24/2006    Page 14 of 19

| Case | Amount | | Disposition |
|---|---|---|---|
| 485, 489 (1st Cir. 1985) (claim for firing and harassing a teacher in violation of 42 U.S.C. § 1983) | and $26,000 | | awards against individuals as high but not shocking |
| Acevedo-Diaz v. Aponte, 1 F.3d 62 (1st Cir. 1993) (§ 1983 wrongful termination cases) | $25,000 | | Reinstated |
| Draper v. Centennial Healthcare Corp., Memorandum of Decision and Order on Defendants' Motions for Judgment Notwithstanding the Verdict and Motions for a New Trial, C.A. No. 00-2180, Middlesex, ss., Brassard, J., October 19, 2001 (sexual harassment) | $25,000 | | Judgment affirmed by trial judge after post-trial motions |
| Wennik v. Polygram Group Distribution, Inc., 304 F.3d 123 (1st Cir. 2002) (c. 151B handicap discrimination claim) | $21,000 | | Judgment affirmed and case remanded for a judicial explanation for the amount of attorneys fees awarded or a recalculation |
| Melnychenko v. Raab, Findings, Rulings and Order for Judgment, C.A. No. 91-876, Ford, J., October 31, 1993, at 22, affirmed, 424 Mass. 285 (1997) (c. 151B same sex sexual harassment case) | $20,000 | | Award of Judge, not jury |
| Brissette v. Franklin County Sheriff's Office, 235 F. Supp. 2d 63 (D. Mass. 2003) (hostile work environment based on gender, under c. 151B and Title VII) | $20,000 | | Award of Judge, not jury |
| Conway Chevrolet Buick, Inc. v. Travelers Indem. Co., 136 F.3d 210, 213 (1st Cir. 1998) | $20,000 | | Trial court denied a JNOV motion |

| Case | Award | Appeal Result | Notes |
|---|---|---|---|
| (reporting jury verdict for Title VII sexual harassment action) | | | |
| Powell v. Pittsfield, 2002 U.S. Dist. LEXIS 15552 (D. Mass. August 21, 2002) (§ 1983 retaliation claim), affirmed, 391 F.3d 1 (1st Cir. 2004) | $10,000 | | Award of Judge, not jury, against individual |
| Acosta-Sepulveda v. Hernandez-Purcell, 889 F.2d 9, 13 (1st Cir. 1989) (§ 1983 wrongful termination case) | $10,000 | | Upheld |
| Campos-Orrego v. Rivera, 175 F.3d 89 (1st Cir. 1999) (§ 1983 and retaliation case) | $10,000 awarded for § 1983 claim | | Upheld despite lack of compensatory damages, and despite numerous challenges to sufficiency of evidence and propriety of damages |
| Lynch v. City of Boston, 180 F.3d 1 (1st Cir. 1999) (§ 1983 wrongful termination) | $10,000 | Reversed, because underlying conduct did not constitute § 1983 violation | |
| Powell v. City of Pittsfield, 221 F. Supp. 2d 119, 152 (D. Mass. 2002) (§ 1983 failure to reinstate) | $10,000 | | District Court decision |
| Kercado-Melendez v. Aponte-Roque, 829 F.2d 255, 267 (1st Cir. 1987) (§ 1983 wrongful termination) | $10,000 | | Upheld |
| Alicea Rosado v. Garcia Santiago, 562 F.2d 114 (1st Cir. 1977) (discriminatory transfer violation of § 1983). | $10,000 | Award of Judge vacated due to lack of aggravating circumstances | |

| Case | Amount | Notes | Outcome |
|---|---|---|---|
| Burroughs v. Hogg Robinson, Inc., C.A. No. 95-6723, Suffolk ss., May 16, 1997 (c. 151B age discrimination wrongful termination claim on which jury was permitted to award punitive damages) | $10,000 | | Jury Verdict, without appeal or post-trial motions |
| Provencher v. CVS Pharmacy, Div. of Melville Corp., 145 F.3d 5 (1st Cir. 1998) (Title VII retaliation claim) | $8,000 | | Upheld, despite lack of compensatory damages |
| Sanchez-Lopez v. Fuentes-Pujols, 375 F.3d 121 (1st Cir. 2004) (section 1983 claim based on political discrimination) | $2,500 per plaintiff up to a total of $12,500 | Vacated and remanded | |
| Lopes v. Town of Mattapoisett, C.A. No. 00-CV-11970 (D. Mass.) (Section 1983 jury verdict in April 2002) | $2,500, $1,500 and $200 against individuals | | Jury Verdict |
| Yung v. Revelation Bra Co., 7 Mass. L. Rptr. No. 6, 121 (August 18, 1997) c. 151B handicap discrimination and coercion case) | $2,166.98 | Punitive award was vacated as plaintiff had not shown that she was a qualified handicapped individual | |
| Lipchitz v. Raytheon, 434 Mass. 493 (2001) (c. 151B sex discrimination) | $0 | Jury failed to find conduct was egregious; therefore, no second, bifurcated trial was held on punitive damages. $500,000 in compensatory damages was reduced by trial judge, and later, a new trial was ordered for failure of the jury instructions to clearly include the requirement that the | |

| | | | |
|---|---|---|---|
| | | termination would not have occurred but for discrimination | |
| Dahill v. Boston Police Department, C.A. No. 98-11441 (2002 jury verdict) (c. 151B handicap discrimination | $0 | | Punitive damages not requested |
| McDonough v. Quincy, C.A. No. 01-11860 (2004 jury verdict) (c. 151B and Title VII retaliation) | $0 | | Judge Young did not let the issue of punitive damages get to the jury |
| Weber v. Community Teamwork, Inc., 1998 Mass. Super. LEXIS 90, p. 57; vacated in part and affirmed in part, 434 Mass. 761 (2001) | $0 | In jury waived trial-- Judge Hamlin refused to award punitive damages. However, SJC later vacated the underlying finding of discrimination | |
| Horney v. Westfield Gage Co., 211 F. Supp. 2d 291 (D. Mass. 2002) (gender discrimination and sexual harassment) | $0 | Judge dismissed punitive damages claims before case went to jury. Remittitur on $750,000 front pay damages ordered. | |
| Cariglia v. Hertz Equipment Rental Corp., Memorandum and Order, C.A. No. 98-12516, Lindsay, J., (D. Mass. October 28, 2004) (c. 151B age discrimination case). | $0 | | Judge failed to award punitive damages after a bench trial, because the actual decisionmakers were innocent, and their decision was influenced by a discriminatory subordinate |

| | | | |
|---|---|---|---|
| Clockedile v. New Hampshire Department of Corrections, 245 F.3d 1 (1st Cir. 2001) (Title VII retaliation claim) | $0 | | First Circuit reinstated verdict despite employee's failure to file retaliation allegation with the EEOC. No punitives may be awarded against a governmental entity |
| O'Rourke v. City of Providence, 235 F.3d 713 (1st Cir. 2001) (Title VII sexual harassment claim) | $0 | | First Circuit fully reinstated jury verdict with $275,000 award of compensatory damages; no punitives may be awarded against a governmental entity under Title VII |
| Williamson v. Raytheon Co., C.A. No. 02-0868, Middlesex, ss. (c. 151B quid pro quo sexual harassment and retaliation) | $0 | | January 2005 jury verdict of $500,000 for emotional distress, but no punitive damages awarded because the Judge refused to allow the jury to consider the issue. |
| Michel v. Factory Mutual Engineering Corp., 9 Mass. L. Rptr. No. 9, 200 (December 21, 1998) | $0 | | No punitives awarded by Judge because conduct |

| | | | occurred prior to punitive damages amendment |
|---|---|---|---|

Punitiveartic5