# EXHIBIT A

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 6/16/2003 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Telephone conference with Porter concerning discharge and possible claim. |
| 6/17/2003 | Savage, Joseph | 380.00 | 2.70 | 1,026.00 | Telephone conference with A. Forman (Testa labor department); emails to/from A. Forman; conference with Porter re: facts of barring. |
| 6/20/2003 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Telephone conference with S. Porter re: facts of barring and relevant statutes. |
| 6/24/2003 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Telephone conference with S. Porter re: § 1983 claim and barring. |
| 6/24/2003 | Goddard, Jennifer | 240.00 | 0.50 | 120.00 | Meeting with J. Savage regarding possible § 1983 claim and strategy. |
| 6/25/2003 | Goddard, Jennifer | 240.00 | 2.50 | 600.00 | Review documents from Sheila; draft demand letter to Suffolk Sheriff's Department. |
| 6/26/2003 | Goddard, Jennifer | 240.00 | 0.10 | 24.00 | Continue drafting and revising demand letter. |
| 6/27/2003 | Goddard, Jennifer | 240.00 | 4.00 | 960.00 | Prepare for and have meeting with Sheila. |
| 7/2/2003 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Review letter to Cabral re: barring and request for relief. |
| 7/7/2003 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Telephone conference with S. Porter; email S. Porter concerning follow-up to barring. |
| 7/13/2003 | Savage, Joseph | 380.00 | 2.50 | 950.00 | Telephone conference with S. Porter re: facts of barring; update re: factual inquiry |
| 7/14/2003 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Send letter to Cabral et al; telephone conference with S. Porter; email S. Porter re: status of demand, likely next steps. |
| 7/14/2003 | Goddard, Jennifer | 240.00 | 0.10 | 24.00 | Finalize and send demand letter to HOC. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 7/28/2003 | Goddard, Jennifer | 240.00 | 2.00 | 480.00 | Office conference with J. Savage regarding strategy relating to § 1983 suit; meeting with Sheila and Joe regarding same. |
| 7/30/2003 | Goddard, Jennifer | 240.00 | 0.20 | 48.00 | Draft follow up letter to HOC requesting response to demand letter and personnel file. |
| 8/5/2003 | Goddard, Jennifer | 240.00 | 0.20 | 48.00 | Begin drafting Complaint (§ 1983 portion). |
| 8/22/2003 | Goddard, Jennifer | 240.00 | 2.70 | 648.00 | Continue drafting and revising Complaint (§ 1983 portion); telephone call with Sheila regarding same and status; review HOC documents for same. |
| 9/4/2003 | Goddard, Jennifer | 240.00 | 1.60 | 384.00 | Meeting with J. Savage regarding strategy for Complaint and comments to same; conference call with JFS and Sheila regarding strategy and status; continue to revise Complaint; revising Complaint with Porter's comments. |
| 9/6/2003 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Review draft Complaint (§ 1983 portion). |
| 9/8/2003 | Goddard, Jennifer | 240.00 | 0.40 | 96.00 | Emails with SP regarding status/strategy issues; conference with JFS regarding same; revise draft Complaint. |
| 9/25/2003 | Goddard, Jennifer | 240.00 | 1.10 | 264.00 | Continue revising Complaint; review additional docs from SP; emails and t/c with SP regarding her decision to take Essex NP position; advise re: law on mitigation of damages. |
| 10/7/2003 | Goddard, Jennifer | 240.00 | 0.10 | 24.00 | Calculate potential damages to be recovered (§ 1983 portion). |
| 1/12/2004 | Goddard, Jennifer | 240.00 | 0.10 | 24.00 | Emails with Sheila regarding new job interview |
| 9/8/2004 | Goddard, Jennifer | 240.00 | 0.50 | 120.00 | Attend to service issues; t/c the process server regarding proper parties to serve |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 9/20/2004 | Goddard, Jennifer | 240.00 | 0.40 | 96.00 | Review transcript of Sheriff's debate for information regarding SP. |
| 9/23/2004 | Goddard, Jennifer | 240.00 | 0.10 | 24.00 | Strategize regarding anticipated deponents and other discovery items; meeting with JFS regarding same and overall case strategy (re: § 1983 portion). |
| 10/21/2004 | Goddard, Jennifer | 240.00 | 0.50 | 120.00 | Review and revise opposition to motion to dismiss; draft settlement proposals to defendants. |
| 10/25/2004 | Goddard, Jennifer | 240.00 | 1.10 | 264.00 | Continue revising settlement proposals; continue revising opposition to motion to dismiss; review research for same; conferences with MMJ and JB regarding same; review Baron decisions; draft outline of discovery schedule and other strategic matters for attorney conference. |
| 10/26/2004 | Goddard, Jennifer | 240.00 | 0.80 | 192.00 | Continue revising opposition to motion to dismiss and reviewing research regarding same; conference with JFS regarding comments to opposition, strategy regarding discovery and settlement, conferences with MMJ and JB regarding follow-up for opposition to dismiss; v-mail to Sheila regarding status. |
| 10/27/2004 | Goddard, Jennifer | 240.00 | 1.00 | 240.00 | T/c with Sheila regarding settlement, ADR status and strategy; t/c with Ellen C. regarding discovery issues; conferences with JFS regarding same. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|------|----------|-------|------------|-----------|-------------|
| 10/28/2004 | Goddard, Jennifer | 240.00 | 2.00 | 480.00 | T/c's government counsel regarding discovery plan and agenda for court conference; t/c Sheila regarding same; revise joint statement; conferences JFS, MMJ and JB regarding same and discovery matters. |
| 11/2/2004 | Goddard, Jennifer | 240.00 | 0.10 | 24.00 | Prepare for motion to dismiss hearing. |
| 11/2/2004 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Review motion for judgment on pleadings; email to/from S. Porter. |
| 11/3/2004 | Savage, Joseph | 380.00 | 2.00 | 760.00 | Conference with S. Porter; conference with Judge Woodlock; court hearing re: motion to dismiss; review Amended Complaint plans. |
| 11/16/2004 | Goddard, Jennifer | 240.00 | 0.40 | 96.00 | Review/revise auto disclosure; conference JMB regarding revising same. |
| 11/17/2004 | Goddard, Jennifer | 240.00 | 0.40 | 96.00 | T/c Sheila regarding facts and answers for Auto Disclosures; conference with J. Burns regarding finalizing same; review same. |
| 11/19/2004 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Email Porter; review auto disclosure. |
| 12/1/2004 | Goddard, Jennifer | 240.00 | 0.20 | 48.00 | Revise discovery requests and Amended Complaint. |
| 12/3/2004 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Review House of Corrections disclosure. |
| 12/14/2004 | Goddard, Jennifer | 240.00 | 0.20 | 48.00 | Revise written discovery requests; conferences with JMB regarding same; review motion to dismiss and answer. |
| 1/13/2005 | Goddard, Jennifer | 240.00 | 0.10 | 24.00 | T/c Ellen C. regarding request for extension to respond to discovery. |
| | **STARTING GOODWIN TIME** | | | | |
| 2/26/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Telephone conference with Mr. McNeil re: obtaining information for § 1983 claim. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 3/1/2005 | Savage, Joseph | 380.00 | 0.50 | 190.00 | Telephone conference with Mr. McNeil; email to and from Mr. Schumacher; email to and from Ms. Porter; review *Touhy* regulations. |
| 3/2/2005 | Schumacher, David | 240.00 | 5.50 | 1,320.00 | Telephone conference with client; review discovery responses; draft *Touhy* letter to Assistant United States Attorney. |
| 3/7/2005 | Schumacher, David | 240.00 | 0.10 | 24.00 | Draft and serve deposition notice |
| 3/8/2005 | Schumacher, David | 240.00 | 1.40 | 336.00 | Review Suffolk County documents; telephone conference with client; review client documents to respond to discovery requests. |
| 3/10/2005 | Schumacher, David | 240.00 | 1.70 | 408.00 | Draft responses to interrogatories (§ 1983 portion). |
| 3/11/2005 | Schumacher, David | 240.00 | 2.30 | 552.00 | Draft Touhy letter to FBI; draft memorandum regarding outline of proof. |
| 3/11/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Emails to and from Mr. Schumacher regarding Touhy letter. |
| 3/13/2005 | Schumacher, David | 240.00 | 4.80 | 1,152.00 | Draft responses to interrogatories; communications with client and Mr. Savage regarding same. |
| 3/14/2005 | Schumacher, David | 240.00 | 5.80 | 1,392.00 | Draft responses to interrogatories and document requests, review documents to produce. |
| 3/15/2005 | Schumacher, David | 240.00 | 1.30 | 312.00 | Interview Dr. Singletary re: SP work history/SCHOC policy; draft memorandum to file regarding same. |
| 3/17/2005 | Schumacher, David | 240.00 | 0.70 | 168.00 | Prepare interrogatory responses and document request responses. |
| 3/17/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Emails with Mr. Schumacher regarding interrogatories; review Singletary Report. |
| 3/18/2005 | Schumacher, David | 240.00 | 0.40 | 96.00 | Prepare interrogatory responses and document request responses |
| 3/20/2005 | Schumacher, David | 240.00 | 3.20 | 768.00 | Prepare interrogatory responses and document request responses |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 3/20/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Emails with Mr. Schumacher regarding Touhy regulations. |
| 3/21/2005 | Schumacher, David | 240.00 | 5.10 | 1,224.00 | Draft responses to discovery requests. |
| 3/22/2005 | Schumacher, David | 240.00 | 3.20 | 768.00 | Draft document responses; communications with Mrs. Porter regarding same |
| 3/22/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Telephone conference with Mr. Giedt re: *Touhy*; email to and from Mr. Schumacher re: same. |
| 3/23/2005 | Schumacher, David | 240.00 | 1.80 | 432.00 | Prepare and file discovery responses. |
| 3/23/2005 | Sweet, James | 240.00 | 1.50 | 360.00 | Research grand jury secrecy and law enforcement privilege; draft memorandum regarding same in anticipation of questions and litigation about Mrs. Porter's communications with the FBI at and after Porter deposition. |
| 3/25/2005 | Schumacher, David | 240.00 | 1.20 | 288.00 | Draft supplemental Interrogatory responses; draft deposition notices; conference with Mr. Savage. |
| 3/29/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Telephone conference with Mr. Kiley regarding Ms. Mastrorilli. |
| 3/31/2005 | Schumacher, David | 240.00 | 0.30 | 72.00 | Telephone conference with client; telephone conference with Sheriff Rouse re: policy at HOC. |
| 4/4/2005 | Schumacher, David | 240.00 | 0.20 | 48.00 | Draft deposition notices; conference with Mr. Savage. |
| 4/7/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Email Mr. Schumacher; telephone conference with McNeil re: *Touhy* request. |
| 4/8/2005 | Schumacher, David | 240.00 | 0.30 | 72.00 | Telephone conference with opposing counsel regarding depositions and discovery. |
| 4/15/2005 | Schumacher, David | 240.00 | 0.20 | 48.00 | Conference with Mr. Savage regarding strategy; communications with opposing counsel regarding discovery. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 4/15/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Telephone conference with Mr. McNeil re: *Touhy* and USAO opposition; review FBI opposition. |
| 4/21/2005 | Schumacher, David | 240.00 | 2.00 | 480.00 | Review motion for stay by Cabral, research for Opposition to stay for Fifth Amendment reasons. |
| 4/22/2005 | Schumacher, David | 240.00 | 2.40 | 576.00 | Research for opposition to motion for stay based on 5th Amendment. |
| 4/22/2005 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Emails with Mr. Schumacher; review motion for stay. |
| 4/24/2005 | Schumacher, David | 240.00 | 6.60 | 1,584.00 | Draft Opposition to motion for stay. |
| 4/25/2005 | Schumacher, David | 240.00 | 5.30 | 1,272.00 | Draft and file Opposition to motion for stay; prepare same. |
| 4/26/2005 | Schumacher, David | 240.00 | 3.20 | 768.00 | Prepare for hearing on motion to stay. |
| 4/27/2005 | Savage, Joseph | 380.00 | 2.20 | 836.00 | Attend hearing on motion to stay; prepare for same; emails regarding deposition schedule; deposition preparation. |
| 5/1/2005 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Review section 1983 memorandum. |
| 5/3/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Review *Touhy* letter; email Mr. Schumacher. |
| 5/4/2005 | Schumacher, David | 240.00 | 10.30 | 2,472.00 | Prepare for Cabral deposition; deposition scheduling. |
| 5/4/2005 | Savage, Joseph | 380.00 | 0.40 | 152.00 | Telephone conference with Mr. McNeil; telephone conference with Mr. Schumacher; deposition preparation; review document produced; prepare and discuss *Touhy* request. |
| 5/5/2005 | Schumacher, David | 240.00 | 9.60 | 2,304.00 | Prepare for Cabral deposition; conference with Ms. Jurdak; memo to file re: same; conference with client. |
| 5/5/2005 | Savage, Joseph | 380.00 | 2.90 | 1,102.00 | Prepare for Cabral deposition; review document production; telephone conference with Mr. Schumacher. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 5/6/2005 | Savage, Joseph | 380.00 | 7.00 | 2,660.00 | Deposition of Ms. Cabral; prepare for same. |
| 5/9/2005 | Schumacher, David | 240.00 | 7.80 | 1,872.00 | Prepare for Keeley deposition; research re: medical records; schedule depositions. |
| 5/10/2005 | Schumacher, David | 240.00 | 8.10 | 1,944.00 | Conference with Ms. Mastrorilli; review documents and testimony to prepare for Keeley deposition. |
| 5/10/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Telephone conference with Mr. Schumacher; telephone conference with Mr. Giedt re: *Touhy* . |
| 5/11/2005 | Schumacher, David | 240.00 | 10.60 | 2,544.00 | Conduct deposition of Ms. Keeley; prepare for same; communications with client and Mr. Savage regarding same. |
| 5/12/2005 | Schumacher, David | 240.00 | 3.60 | 864.00 | Prepare for Horgan deposition; schedule depositions; draft discovery deficiency letters. |
| 5/13/2005 | Schumacher, David | 240.00 | 7.10 | 1,704.00 | Conduct deposition of Gerard Horgan; prepare for same. |
| 5/16/2005 | Schumacher, David | 240.00 | 4.00 | 960.00 | Prepare for Porter deposition; review testimony and exhibits from previous depositions; research re: informant privilege. |
| 5/16/2005 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Telephone conference with Mr. Schumacher; prepare for conference with Ms. Porter; review recently-decided Saugus s. 1983 case. |
| 5/17/2005 | Savage, Joseph | 380.00 | 2.40 | 912.00 | Conference with Mrs. Porter to prepare for deposition. |
| 5/17/2005 | Sweet, James | 240.00 | 0.60 | 144.00 | Research informant's privilege |
| 5/18/2005 | Schumacher, David | 240.00 | 0.60 | 144.00 | Prepare exhibit chart. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 5/18/2005 | Savage, Joseph | 380.00 | 7.60 | 2,888.00 | Defend Porter deposition and prepare for same; telephone conference with Mr. Sinnott re: additional witnesses for § 1983 violations; telephone conference with Mr. Giedt re: *Touhy* opposition; conference with Mr. Schumacher re: same. |
| 5/19/2005 | Schumacher, David | 240.00 | 2.40 | 576.00 | Prepare exhibit chart for outline of proof; communications with Mr. Giedt regarding Touhy request; review recent memoranda on informer's privilege and § 1983. |
| 5/19/2005 | Savage, Joseph | 380.00 | 2.10 | 798.00 | Conference with Mr. Dolan et al.; review Baron decision; telephone conference with Mr. Schumacher; conference with Mr. Schumacher; telephone conference with Mr. Kiley re: Mastrorilli; telephone conference with Mr. Gormley re: Paul Davis' pending § 1983 suit; review Cabral deposition; prepare continued Cabral deposition. |
| 5/20/2005 | Schumacher, David | 240.00 | 4.10 | 984.00 | Review testimony and documents to prepare for Viktor Theiss deposition. |
| 5/20/2005 | Savage, Joseph | 380.00 | 1.20 | 456.00 | Mr. Schumacher emails regarding Touhy letter and case analysis; review Cabral deposition; prepare Cabral deposition II. |
| 5/21/2005 | Savage, Joseph | 380.00 | 0.90 | 342.00 | Review Cabral deposition; telephone conference with Mr. Schumacher re: additional Cabral information. |
| 5/22/2005 | Savage, Joseph | 380.00 | 0.40 | 152.00 | Review additional discovery provided by Cabral; deposition preparation. |
| 5/23/2005 | Schumacher, David | 240.00 | 3.30 | 792.00 | Prepare for Theiss deposition. |
| 5/23/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Prepare for Ms. Porter's deposition. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 5/24/2005 | Schumacher, David | 240.00 | 7.80 | 1,872.00 | Depose Viktor Theiss; prepare for same; communications with United States Attorney Office regarding Touhy request. |
| 5/24/2005 | Savage, Joseph | 380.00 | 0.50 | 48.00 | Prepare for Cabral deposition. |
| 5/25/2005 | Schumacher, David | 240.00 | 6.90 | 1,656.00 | Draft correspondence to opposing counsel and USAO; schedule depositions; telephone conference with client, opposing counsel and United States Attorney's Office; research; review Porter transcript |
| 5/26/2005 | Schumacher, David | 240.00 | 0.20 | 48.00 | Attend Ms. Porter's deposition; prepare for same |
| 5/26/2005 | Savage, Joseph | 380.00 | 6.30 | 2,394.00 | Prepare for and attend Ms. Porter's deposition; strategy meeting and emails w/Ms. Porter. |
| 5/30/2005 | Savage, Joseph | 380.00 | 1.10 | 418.00 | Review documents produced by Sheriff's Department |
| 5/31/2005 | Bapooji, Anita | 240.00 | 2.00 | 480.00 | Draft supplement to automatic disclosures; conference call with opposition counsel |
| 6/1/2005 | Schumacher, David | 240.00 | 0.20 | 48.00 | Draft deposition notices. |
| 6/1/2005 | Savage, Joseph | 380.00 | 0.40 | 152.00 | Review depositions; prepare depositions of Dacey, et al. |
| 6/1/2005 | Bapooji, Anita | 240.00 | 0.40 | 96.00 | Draft Supplemental R.26 Disclosure; email from client with names of witnesses |
| 6/2/2005 | Bapooji, Anita | 240.00 | 1.30 | 312.00 | Telephone calls with Ms. Caulo regarding depositions; voicemails to potential witnesses; draft letter with production of documents; emails with client regarding witnesses. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 6/3/2005 | Bapooji, Anita | 240.00 | 1.10 | 264.00 | Telephone call with client; telephone call with USAO regarding affidavit; conferences with opposing counsel regarding discovery. |
| 6/6/2005 | Bapooji, Anita | 240.00 | 0.40 | 96.00 | Emails with Mrs. Porter regarding discovery |
| 6/8/2005 | Bapooji, Anita | 240.00 | 2.30 | 552.00 | Telephone calls with Mr. Giedt regarding FBI affidavit; telephone call with Suffolk District Attorney's office and Boston TV Station regarding subpoenas; drafting subpoenas; drafting document requests; voicemail and telephone call with Ms. Porter regarding medical records; drafting notices for subpoenas. |
| 6/9/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Review letter from Ms. Caulo. |
| 6/9/2005 | Bapooji, Anita | 240.00 | 3.20 | 768.00 | Telephone call with Mr. Giedt regarding FBI affidavit; telephone call with Ms. Caulo regarding discovery issues; telephone call with moderator for Cabral/Murphy debate; telephone call with Mr. Katz regarding FBI affidavit; read and circulate FBI affidavit; telephone call with Mr. DeMeo; emails with client regarding discovery issues; working on discovery issues |
| 6/10/2005 | Bapooji, Anita | 240.00 | 2.90 | 696.00 | Finalize document requests to Defendant Ms. Cabral and Suffolk; draft cover letter for same; conference with Mr. Savage regarding discovery issues and strategy; telephone call and voicemail with Ms. Caulo regarding motion to quash; email to Mr. Savage regarding same; email to Ms. Porter regarding Mr. DiMeo's deposition |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 6/13/2005 | Bapooji, Anita | 240.00 | 0.70 | 168.00 | Voicemail to Ms. Caulo regarding discovery issues; conference with Ms. Caulo regarding discovery issues; work on discovery issues. |
| 6/14/2005 | Savage, Joseph | 380.00 | 1.20 | 456.00 | Review Theiss records; review DOJ depositions; telephone conferences with Mr. Katz, Ms. Bapooji and Mr. Schumacher re: *Touhy* and FBI affidavit. |
| 6/15/2005 | Savage, Joseph | 380.00 | 0.50 | 190.00 | Preparation for Dacey deposition. |
| 6/15/2006 | Bapooji, Anita | 240.00 | 0.80 | 192.00 | Voicemail to Ms. Caulo; draft letter to Ms. Caulo regarding confidential designation;telephone call and email with Ms. Porter regarding depositions and records. |
| 6/16/2005 | Savage, Joseph | 380.00 | 4.90 | 1,862.00 | Take Dacey deposition; conference with Ms. Porter. |
| 6/16/2005 | Bapooji, Anita | 240.00 | 2.10 | 504.00 | Conferences with Ms. Porter regarding discovery issues; review tape of Ms. Cabral/Mr. Murphy debate; emails with Mr. Savage regarding discovery issues; work on discovery issues. |
| 6/17/2005 | Schumacher, David | 240.00 | 4.10 | 984.00 | Review motion to quash; review transcripts and documents to prepare for Jurdak and Tompkins depositions. |
| 6/17/2005 | Bapooji, Anita | 240.00 | 0.20 | 48.00 | Conferences with Mr. Savage, Mr. Schumacher and Mr. Sweet regarding motion to quash and discovery; review federal rules and calculate due dates for discovery items and motions. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 6/20/2005 | Bapooji, Anita | 240.00 | 0.80 | 192.00 | Telephone calls with Mr. DiMeo; voicemail to Mr. DiMeo's attorney; email and telephone call with Ms. Caulo regarding deposition scheduling; telephone call with Ms. Porter regarding discovery and summary judgment issues |
| 6/21/2005 | Bapooji, Anita | 240.00 | 0.80 | 192.00 | Telephone call with Mr. DiMeo's attorney; revise DiMeo deposition outline; work on discovery matters; revise task list; read Ms. Porter's medical records and emails regarding same. |
| 6/22/2005 | Savage, Joseph | 380.00 | 1.50 | 570.00 | Review letter from Ms. Caulo; conference with Ms. Bapooji; telephone conference with Mr. McNeil re: *Touhy*; deposition preparation. |
| 6/22/2005 | Bapooji, Anita | 240.00 | 5.20 | 1,248.00 | Prepare and take deposition of Mr. DiMeo; conferences with Ms. Porter on discovery and strategy issues; conferences with Ms. Caulo on discovery issues; read correspondence from Ms. Caulo regarding Ms. Powers and advice of counsel issues; work on discovery issues and emails with Mr. Savage regarding same. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|------|----------|-------|------------|-----------|-------------|
| 6/23/2005 | Bapooji, Anita | 240.00 | 4.50 | 1,080.00 | Draft letter to Ms. Caulo regarding document requests; telephone call with Ms. Caulo regarding discovery issues; telephone calls with Mr. Giedt regarding Sullivan subpoena and Touhy request; prepare and draft Sullivan subpoena and Touhy request; emails with Mr. Schumacher and Mr. Savage regarding discovery issues; conference with Mr. Savage and emails with Mr. Schumacher regarding Ms. Powers and advice-of-counsel issue |
| 6/24/2005 | Savage, Joseph | 380.00 | 5.90 | 2,242.00 | Deposition of Cabral; review subpoena to Department of Justice; review damages chart. |
| 6/24/2005 | Bapooji, Anita | 240.00 | 0.20 | 48.00 | Conference with Ms. Porter regarding documents and Mr. DiMeo. |
| 6/25/2005 | Savage, Joseph | 380.00 | 0.50 | 190.00 | Prepare for Mastrorilli deposition. |
| 6/26/2005 | Savage, Joseph | 380.00 | 2.30 | 874.00 | Prepare for Mastrorilli deposition. |
| 6/27/2005 | Savage, Joseph | 380.00 | 4.10 | 1,558.00 | Mastrorilli deposition and prepare for same. |
| 6/27/2005 | Bapooji, Anita | 240.00 | 2.10 | 504.00 | Revise and send letters to Ms. Caulo regarding videotapes; arrange for production of Ms. Porter's medical records and conferences with Ms. Boivin regarding same; telephone calls with Ms. Porter and emails with Mr. Savage regarding medical testimony; revise second set of document requests; emails with Mr. Savage regarding same. |
| 6/28/2005 | Schumacher, David | 240.00 | 7.90 | 1,896.00 | Take Steve Tompkins deposition; prepare for same; prepare 2nd set of discovery requests |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|------|----------|-------|-----------|-----------|-------------|
| 6/28/2005 | Bapooji, Anita | 240.00 | 0.40 | 96.00 | Emails with Mr. Savage and Mr. Schumacher regarding meeting and Dr. Clemente regarding Ms. Porter damages/health; voicemail to Dr. Clemente and telephone calls with his office; voicemail and telephone calls with Ms. Porter regarding Dr. Clemente |
| 6/29/2005 | Schumacher, David | 240.00 | 0.60 | 144.00 | Draft discovery requests; communications with opposing counsel. |
| 6/29/2005 | Bapooji, Anita | 240.00 | 3.10 | 744.00 | Telephone calls with Ms. Porter regarding discovery issues; revise document requests and emails with Mr. Schumacher regarding same; email and telephone call with Mr. Schumacher regarding supplemental initial disclosures; read fax from Ms. Porter; read correspondence from Ms. Caulo regarding document requests; draft letter to Ms. Caulo with second set of document requests; telephone call with Mr. Schumacher regarding requests for admissions; telephone call with Ms. Porter regarding discovery issues; review supplemental initial disclosures and email to Mr. Schumacher regarding same; work on discovery matters |
| 6/30/2005 | Bapooji, Anita | 240.00 | 0.80 | 192.00 | Telephone calls with Ms. Porter regarding discovery items; telephone call with Ms. Porter regarding Dr. Clemente and emails with Mr. Savage and Mr. Schumacher regarding same; draft letter to Ms. Caulo |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 7/1/2005 | Schumacher, David | 240.00 | 1.60 | 384.00 | Review Baron, Feliz and other materials from Jim Brady related to policy of retaliation/analyze and discuss Cabral approach w/Mr. Savage |
| 7/1/2005 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Emails with Mr. Schumacher regarding discovery; telephone conference with Mr. Giedt; telephone conference with Mr. Schumacher. |
| 7/5/2005 | Bapooji, Anita | 240.00 | 4.00 | 960.00 | Emails with Mr. Savage and Mr. Schumacher regarding Mr. Rosario's injuries and discovery responses from U.S. Attorney's office; draft report for Dr. Clemente and research for same; email draft report to Mr. Savage, Mr. Schumacher and Ms. Porter; voicemail to Ms. Porter regarding same; read court order on motion to file under seal; emails with Mr. Schumacher regarding Dr. Clemente report. |
| 7/7/2005 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Emails with Mr. Schumacher; telephone conference with Mr. Katz (FBI). |
| 7/7/2005 | Bapooji, Anita | 240.00 | 0.20 | 48.00 | Telephone call with Mr. Giedt regarding discovery requests. |
| 7/12/2005 | Bapooji, Anita | 240.00 | 0.10 | 24.00 | Telephone call with Ms. Porter regarding status update. |
| 7/14/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Telephone conference with AUSA B. Kelly regarding *Touhy* request. |
| 7/18/2005 | Schumacher, David | 240.00 | 0.50 | 120.00 | Review Sheriff Department's motion to compel; review protective order. |
| 7/21/2005 | Bapooji, Anita | 240.00 | 0.10 | 24.00 | Telephone call with Ms. Porter re: damages; email to Mr. Schumacher and Mr. Savage regarding same |
| 7/25/2005 | Schumacher, David | 240.00 | 0.20 | 48.00 | Communications with USAO re: *Touhy*. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|------|----------|-------|------------|-----------|-------------|
| 7/27/2005 | Schumacher, David | 240.00 | 1.30 | 312.00 | Communications with Mr. Giedt; review *Touhy* letter response; review Jurdak deposition. |
| 7/28/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Telephone conference with Mr. Schumacher regarding subsequent remedial measures/S220 application. |
| 8/1/2005 | Schumacher, David | 240.00 | 0.20 | 48.00 | Communications with Ms. Caulo re:motion to compel and other outstanding discovery issues. |
| 8/1/2005 | Bapooji, Anita | 240.00 | 0.10 | 24.00 | Telephone call with Ms. Porter regarding update re: informer's privilege and damages |
| 8/3/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Review letter from the F.B.I.; telephone conference with Mr. Schumacher. |
| 8/9/2005 | Schumacher, David | 240.00 | 5.60 | 1,344.00 | Review depositions; review Suffolk County Sheriff's Department motion to compel; communications with Mr. Giedt; communications with Mr. Savage regarding motion to compel. |
| 8/11/2005 | Schumacher, David | 240.00 | 3.60 | 864.00 | Research and draft motion to compel discovery from FBI/USAO; telephone conference with Mr. Giedt. |
| 8/20/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Review Responses to Request for Admissions. |
| 8/22/2005 | Schumacher, David | 240.00 | 3.00 | 720.00 | Draft letter to Ms. Caulo; review discovery responses; telephone conference with Ms. Caulo re: discovery issues. |
| 8/26/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Review letters to Ms. Caulo; telephone conference with Mr. Schumacher; emails with Mr. Schumacher regarding Cabral cross examination. |
| 8/28/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Review motion to compel response by the Department of Justice. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 8/29/2005 | Schumacher, David | 240.00 | 5.90 | 1,416.00 | Review FBI's response to motion to compel and document production; review correspondence from Ms. Caulo; communications with Mr. Savage and Ms. Porter. |
| 8/29/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Emails with Mr. Schumacher; review discovery produced by FBI. |
| 9/13/2005 | Schumacher, David | 240.00 | 3.10 | 744.00 | Draft and file motion to compel discovery from SCSD. |
| 9/14/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Conference with Mr. McNeil; emails and telephone conference with Mr. Schumacher regarding motion. |
| 9/21/2005 | Schumacher, David | 240.00 | 0.80 | 192.00 | Communications with Mr. Savage, Mr. Giedt, opposing counsel and client regarding motion hearing. |
| 9/26/2005 | Savage, Joseph | 380.00 | 1.00 | 380.00 | Conference with Mr. Schumacher; prepare for motion hearing; telephone conference with Mr. Giedt. |
| 9/27/2005 | Savage, Joseph | 380.00 | 3.30 | 1,254.00 | Prepare for motion hearing; telephone conference with Mr. Schumacher. |
| 9/28/2005 | Savage, Joseph | 380.00 | 3.40 | 1,292.00 | Prepare for and attend motion to compel hearing. |
| 9/29/2005 | Schumacher, David | 240.00 | 3.90 | 936.00 | Communications with opposing counsel and government regarding motions to compel; draft APA action; communications with client. |
| 9/29/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Emails and telephone conference with Mr. Schumacher; review documents; telephone conference with Mr. Giedt. |
| 9/29/2005 | Sweet, James | 240.00 | 0.90 | 216.00 | Draft APA action. |
| 10/3/2005 | Savage, Joseph | 380.00 | 0.40 | 152.00 | Telephone conference with Mr. Giedt; review discovery material. |
| 10/3/2005 | Sweet, James | 240.00 | 2.60 | 624.00 | Draft APA action. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 10/4/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Telephone conference with Ms. Caulo; emails with Ms. Porter regarding SCSD motion to compel (informant info). |
| 10/7/2005 | Savage, Joseph | 380.00 | 0.40 | 152.00 | Review U.S. Attorney's Office letter; emails with Ms. Porter regarding same; review date requests; emails with Ms. Porter; emails with Mr. Schumacher. |
| 10/11/2005 | Schumacher, David | 240.00 | 3.20 | 768.00 | Communications with Mr. Savage, Mr. Giedt, opposing counsel; review S-220 violations chart. |
| 10/12/2005 | Schumacher, David | 240.00 | 1.20 | 288.00 | Communications with Mr. Savage and Ms. Caulo regarding motion to compel. |
| 10/14/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Review motion to compel; emails with Mr. Schumacher regarding discovery. |
| 10/15/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Review grand jury disclosure memorandum. |
| 10/17/2005 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Emails with Mr. Schumacher regarding 6(e) motion; conference with Mr. Schumacher regarding motion to compel. |
| 10/18/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Telephone conference with Ms. Caulo; review summary judgment motion. |
| 11/2/2005 | Schumacher, David | 240.00 | 8.10 | 1,944.00 | Prepare summary judgment oppositions; review depositions; communications with witnesses. |
| 11/2/2005 | Sweet, James | 240.00 | 1.10 | 264.00 | Draft Section 1983 section of summary judgment opposition. |
| 11/4/2005 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Review summary judgment issues. |
| 11/8/2005 | Schumacher, David | 240.00 | 3.80 | 912.00 | Draft Statement of Disputed Facts for SCSD summary judgment. Opposition |
| 11/15/2005 | Savage, Joseph | 380.00 | 0.70 | 266.00 | Conference with Mr. Schumacher re: summary judgment;  telephone conference with Ms.  Caulo; prepare for hearing. |

LibA/1709181_2.xls                                             19

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 11/16/2005 | Schumacher, David | 240.00 | 7.40 | 1,776.00 | Draft Opposition to motion to compel; research and draft petition for grand jury materials. |
| 11/16/2005 | Savage, Joseph | 380.00 | 0.40 | 152.00 | Emails with Mr. Schumacher regarding motions to compel; review motion response by Department of Justice. |
| 11/17/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Conference with Mr. Giedt; emails with Mr. Schumacher. |
| 11/18/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Review 6(e) motion; prepare for hearing |
| 11/21/2005 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Telephone conference with Mr. Schumacher, Mr. Giedt and Mr. McNeil. |
| 11/22/2005 | Savage, Joseph | 380.00 | 3.00 | 1,140.00 | Prepare for and attend motion hearing; telephone conference with Mr. McNeil. |
| 11/28/2005 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Conference and telephone conference with Mr. Schumacher regarding motions by the U.S. Attorney's office; review Reply Brief by Suffolk County Sheriff's Department. |
| 11/30/2005 | Savage, Joseph | 380.00 | 0.40 | 152.00 | Emails regarding Summary Judgment; prepare for Summary Judgment hearing |
| 12/3/2005 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Prepare for summary judgment argument. |
| 12/4/2005 | Savage, Joseph | 380.00 | 0.50 | 190.00 | Summary Judgment hearing preparation. |
| 12/5/2005 | Savage, Joseph | 380.00 | 2.20 | 836.00 | Conference with Mr. Schumacher; review *Touhy* response; prepare for summary judgment hearing; emails with Mr. Schumacher regarding same; telephone conference with Mr. McNeil. |
| 12/6/2005 | Savage, Joseph | 380.00 | 0.40 | 152.00 | Review *Touhy* responses; emails with Mr. Schumacher regarding same; prepare for hearing. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 12/7/2005 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Telephone conference with Mr. McNeil; emails with Mr. Schumacher regarding Keeley; emails regarding Keeley testimony; prepare summary judgment argument. |
| 12/8/2005 | Savage, Joseph | 380.00 | 0.40 | 152.00 | Review motion to strike; review response to motion to strike. |
| 12/12/2005 | Savage, Joseph | 380.00 | 2.10 | 798.00 | Prepare for summary judgment argument; conference with Mr. Schumacher regarding same. |
| 12/13/2005 | Sweet, James | 240.00 | 1.80 | 432.00 | Prepare research memoranda and talking points for Mr. Savage for summary judgment hearing; attn to Opposition to Motion to Strike |
| 12/14/2005 | Savage, Joseph | 380.00 | 2.10 | 798.00 | Prepare for summary judgment hearing; emails regarding same; review *Touhy* and grand jury materials for same. |
| 12/15/2005 | Schumacher, David | 240.00 | 3.90 | 936.00 | Attend summary judgment hearing, prepare for same. |
| 12/15/2005 | Savage, Joseph | 380.00 | 4.10 | 1,558.00 | Prepare for summary judgment; hearing on summary judgment; review Boston Phoenix article regarding SCSD and Porter. |
| 12/16/2005 | Savage, Joseph | 380.00 | 3.60 | 1,368.00 | Trial preparation: formulate witness list, review jury instructions; telephone conference with Mr. Schumacher; telephone conference with Ms. Caulo; conference with Mr. Schumacher; telephone conference with Mr. MacNeil; telephone conference with Mr. Giedt. |
| 12/17/2005 | Savage, Joseph | 380.00 | 1.90 | 722.00 | Trial preparation: draft opening; review witness list, identify exhibits; emails with Mr. Schumacher regarding same; emails with Ms. Porter. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 12/18/2005 | Savage, Joseph | 380.00 | 1.00 | 380.00 | Trial preparation; deposition review; emails with Mr. Schumacher regarding same; emails regarding Touhy; draft opening/closing; adjust witness order; select exhibits. |
| 12/19/2005 | Schumacher, David | 240.00 | 8.80 | 2,112.00 | Communications with clerk and opposing counsel regarding scheduling; begin drafting joint pre-trial memorandum; contact witnesses; review documents to pick exhibits. |
| 12/19/2005 | Savage, Joseph | 380.00 | 1.10 | 418.00 | Telephone conference and emails with Mr. Schumacher; trial preparation; review draft pretrial order. |
| 12/19/2005 | Sweet, James | 240.00 | 0.90 | 216.00 | Research punitive damages. |
| 12/20/2005 | Schumacher, David | 240.00 | 7.80 | 1,872.00 | Trial preparation; create task list; review pretrial memoranda in other cases, review local rule on pretrial memorandum, draft pretrial memorandum, select exhibits, contact witnesses, review research and pleadings. |
| 12/20/2005 | Savage, Joseph | 380.00 | 6.00 | 2,280.00 | Trial preparation: deposition and document review; conference with Mr. Schumacher et al, consider stipulations; winnow exhibits; review pretrial memorandum draft. |
| 12/20/2005 | Sweet, James | 240.00 | 2.10 | 504.00 | Research municipal liability for deliberate indifference and for policy decision; draft memorandum regarding same. |
| 12/21/2005 | Schumacher, David | 240.00 | 9.70 | 2,328.00 | Trial preparation: draft pretrial memoranda, draft undisputed facts, choose exhibits, contact witnesses. |
| 12/21/2005 | Sweet, James | 240.00 | 5.60 | 1,344.00 | Draft statement of law; draft jury charge; discuss county liability with Mr. Savage. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 12/29/2005 | Schumacher, David | 240.00 | 13.10 | 3,144.00 | Trial preparation: draft motions in limine, final draft of pretrial memorandum; communications with witnesses, draft and serve subpoenas, conference with opposing counsel. |
| 12/29/2005 | Savage, Joseph | 380.00 | 10.70 | 4,066.00 | Trial preparation; conference with Porter family witnesses; conference with Caulo; review trial memorandum; voir dire; jury instructions. |
| 12/29/2005 | Sweet, James | 240.00 | 8.30 | 1,992.00 | Draft jury charge; draft voir dire; draft Motion in Limine (collateral estoppel); draft Motion in Limine (advice of counsel); discuss case with Ms. Caulo; research official v. individual capacity. |
| 12/29/2005 | Boivin, Andrea | 110.00 | 5.00 | 550.00 | Review Pre-Trial Order and Pre-Trial Memorandum; t/cs with Mr. Schumacher re same; review Proposed Witness and Exhibit List from opposing counsel; set up Witness Files; gather and copy all proposed exhibits; review pleadings for Mrs. Porter's interrogatory responses, copy and add to file. |
| 12/29/2005 | Boivin, Andrea | 110.00 | 4.50 | 495.00 | Add Evidentiary Memos to file, create Motions in Limine File, create Trial Exhibit List from all exhibits listed in Pre-Trial Memo, set up copies of Agreed To and Objected To Exhibits in files |
| 12/30/2005 | Schumacher, David | 240.00 | 8.80 | 2,112.00 | Trial preparation: draft and file pretrial memorandum, motions in limine, requests for jury instructions, communications with witnesses. |
| 12/30/2005 | Savage, Joseph | 380.00 | 9.90 | 3,762.00 | Preparation for trial: review depositions and documents; witness outlines. |
| 12/30/2005 | Sweet, James | 240.00 | 4.10 | 984.00 | Draft jury charge; draft verdict sheet; draft Opposition to Motion to Bifurcate. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 12/31/2005 | Savage, Joseph | 380.00 | 7.60 | 2,888.00 | Trial preparation: review depositions and documents; witness outlines; identify cross-examination topics; prepare for potential defense witnesses; assemble cross-examination for each |
| 1/1/2006 | Schumacher, David | 240.00 | 6.80 | 1,632.00 | Trial preparation: review defendants' motions in limine, draft responses. |
| 1/1/2006 | Savage, Joseph | 380.00 | 8.40 | 3,192.00 | Trial preparation; witness outlines (direct and cross); continue preparation for opening and closing; revise order of witnesses; eliminate witnesses, prepare stipulations. |
| 1/2/2006 | Schumacher, David | 240.00 | 12.60 | 3,024.00 | Trial preparation: draft responses to motions in limine; draft witness outlines. |
| 1/2/2006 | Savage, Joseph | 380.00 | 11.30 | 4,294.00 | Trial preparation; witness preparation; strategy review re: witness order; review Cabral deposition; review Keeley witness outline; narrow exhibit list. |
| 1/2/2006 | Sweet, James | 240.00 | 1.60 | 384.00 | Review defendants' proposed jury instructions; review defendants' proposed voir dire. |
| 1/2/2006 | Boivin, Andrea | 110.00 | 6.50 | 715.00 | Meet with Litigation Technology Dept. re electronic issues |
|  |  |  |  |  | Review document productions in Summation; mark each exhibit as Agreed To or Objected To; create index of all Porter reports |
|  |  |  |  |  | Make copy set of all proposed exhibits for Mr. Savage's review |
| 1/3/2006 | Schumacher, David | 240.00 | 11.30 | 2,712.00 | Trial preparation; attend pretrial conference; conference with Ms. Mastrorilli. |
| 1/3/2006 | Savage, Joseph | 380.00 | 6.70 | 2,546.00 | Court hearing; trial preparation; conference with Ms. Mastrorilli. |
| 1/3/2006 | Sweet, James | 240.00 | 1.30 | 312.00 | Draft Opposition to Jury Charge. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 1/4/2006 | Schumacher, David | 240.00 | 9.10 | 2,184.00 | Trial preparation: draft witness outlines, communications with witnesses, review exhibits, edits to pretrial memorandum. |
| 1/4/2006 | Boivin, Andrea | 110.00 | 5.50 | 605.00 | Per Pre-Trial Conference rulings, make further edits to Proposed Trial Exhibit List and adjust exhibits accordingly; issue code the document productions in Summation; create word index of Suffolk County's document production; prepare copies of Objected To exhibits; adjust exhibit binders with latest version of list for hearing; have documents recently produced by Suffolk County uploaded to Summation |
| 1/4/2006 | Savage, Joseph | 380.00 | 7.90 | 3,002.00 | Trial preparation; finalize opening; review and edit demonstrative exhibits; continue witness outlines |
| 1/4/2006 | Sweet, James | 240.00 | 1.10 | 264.00 | Draft Opposition to Jury Charge; draft Amended Opposition to Jury Charge; draft Motion to Reopen Theiss deposition. |
| 1/5/2006 | Schumacher, David | 240.00 | 14.90 | 3,576.00 | Attend pretrial conference; trial preparation; prepare for Leone and Theiss depositions; communications with witnesses. |
| 1/5/2006 | Savage, Joseph | 380.00 | 9.10 | 3,458.00 | Trial preparation; motion hearing. |
| 1/5/2006 | Sweet, James | 240.00 | 0.40 | 96.00 | Draft Motion in Limine (Horgan) |
| 1/6/2006 | Schumacher, David | 240.00 | 11.80 | 2,832.00 | Trial preparation; attend Leone and Theiss depositions. |
| 1/6/2006 | Savage, Joseph | 380.00 | 10.50 | 3,990.00 | Trial preparation and take Leone and Theiss depositions. |
| 1/6/2006 | Sweet, James | 240.00 | 1.70 | 408.00 | Review and prepare exhibits; file Opposition to Jury Charge. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|------|----------|-------|------------|-----------|-------------|
| 1/7/2006 | Boivin, Andrea | 110.00 | 7.00 | 770.00 | Sticker trial exhibits; meet with Litigation Technology Dept. to have all exhibits scanned into Trial Director; emails to Mr. Berriman re same; have all documents in Summation database migrated to Trial Director |
| 1/7/2006 | Schumacher, David | 240.00 | 7.70 | 1,848.00 | Trial preparation; prepare for Leone and Theiss trial testimony; prepare other witness outlines; communications with witnesses. |
| 1/7/2006 | Savage, Joseph | 380.00 | 12.70 | 4,826.00 | Trial preparation; finalize witness selection; refine opening; outline presentation and exhibits. |
| 1/8/2006 | Schumacher, David | 240.00 | 9.20 | 2,208.00 | Trial preparation; finalize witness outlines; draft motion in limine (Snyder). |
| 1/8/2006 | Savage, Joseph | 380.00 | 11.70 | 4,446.00 | Trial preparation; finalize opening; outline presentation and exhibits. |
| 1/8/2006 | Boivin, Andrea | 110.00 | 7.50 | 825.00 | Create copies of Juror Trial Notebooks; re-mark exhibits based on latest changes to Trial Exhibit List; have all exhibits rescanned into Trial Director; prepare copies of exhibits for witnesses direct examinations; meet with Litigation Tech. Dept. to test laptops |
| | | | | | Review and organize all materials for trial |
| 1/9/2006 | Schumacher, David | 240.00 | 13.50 | 3,240.00 | Trial; trial preparation; prepare for voir dire of Mr. Prince; finalize witness outlines |
| 1/9/2006 | Savage, Joseph | 380.00 | 11.80 | 4,484.00 | Trial; pretrial conference; voir dire of W. Prince; prepare for same; continue trial preparation. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 1/9/2006 | Boivin, Andrea | 110.00 | 2.50 | 275.00 | Assist Mr. Berriman with electronic document issues; supervise transportation of materials from court to firm; upload latest deposition transcripts to Summation and Trial Director; set up Stipulations File; prepare copies of exhibits for witness direct examinations |
| 1/10/2006 | Schumacher, David | 240.00 | 10.60 | 2,544.00 | Trial; trial preparation; finalize witness outlines; gather exhibits and demonstratives for opening; gather exhibits for initial witnesses |
| 1/10/2006 | Savage, Joseph | 380.00 | 13.10 | 4,978.00 | Trial; review jury charge; review verdict sheet; continue trial preparation |
| 1/10/2006 | Sweet, James | 240.00 | 0.30 | 72.00 | File proposed jury charge; draft Opposition to Verdict Sheet. |
| 1/11/2006 | Schumacher, David | 240.00 | 12.20 | 2,928.00 | Trial; continue trial preparation; review notes on openings and Jurdak testimony; prepare exhibits for upcoming witnesses. |
| 1/11/2006 | Savage, Joseph | 380.00 | 14.20 | 5,396.00 | Trial and trial preparation. |
| 1/11/2006 | Boivin, Andrea | 110.00 | 3.50 | 385.00 | Assist Mr. Berriman with electronic document issues; supervise transportation of materials from court to firm; review and print financial documents; print Rosario case file documents for Mr. Savage |
| 1/12/2006 | Schumacher, David | 240.00 | 11.80 | 2,832.00 | Trial and trial preparation |
| 1/12/2006 | Savage, Joseph | 380.00 | 11.20 | 4,256.00 | Trial and trial preparation |
| 1/12/2006 | Sweet, James | 240.00 | 0.60 | 144.00 | Draft memorandum on charging conference. |
| 1/13/2006 | Schumacher, David | 240.00 | 9.60 | 2,304.00 | Trial and trial preparation |
| 1/13/2006 | Savage, Joseph | 380.00 | 8.90 | 3,382.00 | Trial and trial preparation. |
| 1/14/2006 | Savage, Joseph | 380.00 | 11.50 | 4,370.00 | Trial preparation; cross examination and closing; jury instructions; emails regarding same. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 1/15/2006 | Savage, Joseph | 380.00 | 12.20 | 4,636.00 | Trial preparation; cross examination; motions in limine; closing. |
| 1/16/2006 | Schumacher, David | 240.00 | 5.80 | 1,392.00 | Trial preparation; review notes of testimony; review Cabral deposition; prepare exhibits for Cabral cross-examination. |
| 1/16/2006 | Savage, Joseph | 380.00 | 10.20 | 3,876.00 | Trial preparation; prepare closing; prepare motions in limine. |
| 1/16/2006 | Boivin, Andrea | 110.00 | 2.70 | 297.00 | Prepare Rosario case file; prepare copies of exhibits for witness cross-examination; review list of admitted exhibits; substitute trial exhibits with redacted versions |
| 1/17/2006 | Savage, Joseph | 380.00 | 9.70 | 3,686.00 | Trial and trial preparation; finalize closing |
| 1/17/2006 | Schumacher, David | 240.00 | 11.30 | 2,712.00 | Trial and trial preparation; review notes of testimony; prepare exhibits for closing argument; review jury instructions and research on damages. |
| 1/18/2006 | Savage, Joseph | 380.00 | 9.20 | 3,496.00 | Trial and trial preparation; finalize closing, prepare for charge conference. |
| 1/18/2006 | Schumacher, David | 240.00 | 6.90 | 1,656.00 | Trial and trial preparation; prepare exhibits for closing; research for charge conference. |
| 1/19/2006 | Savage, Joseph | 380.00 | 3.90 | 1,482.00 | Jury verdict; jury questions; conference with Ms. Porter; review exhibits. |
| 1/19/2006 | Schumacher, David | 240.00 | 3.80 | 912.00 | Research attorneys' fee petition; jury verdict; jury questions. |
| 1/20/2006 | Savage, Joseph | 380.00 | 2.20 | 836.00 | Research and communications re: attorneys' fee petition |
| 1/22/2006 | Savage, Joseph | 380.00 | 0.40 | 152.00 | Review materials re: fee petition; strategize re: post trial motions; emails regarding same. |
| 1/23/2006 | Schumacher, David | 240.00 | 2.50 | 600.00 | Research fee petition; communications with opposing counsel regarding settlement. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 1/23/2006 | Savage, Joseph | 380.00 | 1.00 | 380.00 | Review materials and communications re: fee petition |
| 1/23/2006 | Sweet, James | 240.00 | 0.50 | 120.00 | Draft Opposition to Motion for New Trial. |
| 1/24/2006 | Schumacher, David | 240.00 | 2.50 | 600.00 | Research and draft attorney fee petition; communications with opposing counsel regarding settlement. |
| 1/24/2006 | Savage, Joseph | 380.00 | 1.00 | 380.00 | Fee petition work; settlement conference call. |
| 1/25/2006 | Schumacher, David | 240.00 | 3.50 | 840.00 | Research attorneys' fee petition; communications with civil rights attorneys to discuss rates and hours. |
| 1/27/2006 | Schumacher, David | 240.00 | 2.80 | 672.00 | Research and draft fee petition; prepare Bill of Costs. |
| 1/27/2006 | Savage, Joseph | 380.00 | 0.50 | 190.00 | Review new trial motion; fee petition. |
| 1/30/2006 | Schumacher, David | 240.00 | 2.80 | 672.00 | Draft fee petition; communications with Ms. Caulo regarding settlement and confer on motions; review bill. |
| 1/31/2006 | Schumacher, David | 240.00 | 3.80 | 912.00 | Draft fee petition; draft Savage affidavit; draft affidavits; review bill. |
| 2/1/2006 | Schumacher, David | 240.00 | 1.80 | 432.00 | Draft affidavits for fee petition and draft fee petition; draft motion for extension. |
| 2/2/2006 | Schumacher, David | 240.00 | 1.50 | 360.00 | Draft affidavits; draft fee petition; communications with attorneys regarding same. |
| 2/2/2006 | Savage, Joseph | 380.00 | 1.00 | 380.00 | Fee petition; review post trial motions. |
| 2/2/2006 | Sweet, James | 240.00 | 0.50 | 120.00 | Review Motion for New Trial. |
| 2/3/2006 | Schumacher, David | 240.00 | 2.50 | 600.00 | Review opposition to new trial; draft affidavits for fee petition. |
| 2/3/2006 | Savage, Joseph | 380.00 | 0.50 | 190.00 | Work on new trial motion. |
| 2/3/2006 | Sweet, James | 240.00 | 3.00 | 720.00 | Review Motion for New Trial; draft opposition to same. |
| 2/5/2006 | Schumacher, David | 240.00 | 0.70 | 168.00 | Review withheld Mastrorilli memorandum; draft letter to opposing counsel regarding same. |
| 2/6/2006 | Sweet, James | 240.00 | 3.50 | 840.00 | Draft Opposition to Motion for New Trial. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 2/7/2006 | Schumacher, David | 240.00 | 1.50 | 360.00 | Submit bill to opposing counsel; draft fee petition. |
| 2/8/2006 | Savage, Joseph | 380.00 | 0.50 | 190.00 | New trial motion; fee petition. |
| 2/9/2006 | Schumacher, David | 240.00 | 2.50 | 600.00 | Draft opposition to motion for new trial. |
| 2/9/2006 | Sweet, James | 240.00 | 2.80 | 672.00 | Continue drafting Opposition to Motion for New Trial. |
| 2/11/2006 | Savage, Joseph | 380.00 | 1.20 | 456.00 | New trial brief. |
| 2/13/2006 | Schumacher, David | 430.00 | 3.50 | 1,505.00 | Draft opposition to motion for new trial; draft motion to defer fee petition. |
| 2/13/2006 | Sweet, James | 240.00 | 4.50 | 1,080.00 | Draft Opposition to Motion for New Trial. |
| 2/15/2006 | Schumacher, David | 240.00 | 3.00 | 720.00 | Draft Opposition to Motion for New Trial. |
| 2/15/2006 | Sweet, James | 240.00 | 3.80 | 912.00 | Continue drafting Opposition to Motion for New Trial. |
| 2/16/2006 | Schumacher, David | 240.00 | 1.80 | 432.00 | Draft and file opposition to motion for new trial. |
| 2/17/2006 | Schumacher, David | 240.00 | 0.50 | 120.00 | Communications with Ms. Caulo regarding attorneys' fees; refine bill. |
| 2/22/2006 | Schumacher, David | 240.00 | 0.90 | 216.00 | Communications with Mr. Savage regarding fee petition; update fee petition; refine bill for conference with Ms. Caulo. |
| 3/8/2006 | Schumacher, David | 240.00 | 0.30 | 72.00 | Confer with Ms. Caulo regarding attorneys' fees; communications with Mr. Savage regarding same. |
| 3/9/2006 | Schumacher, David | 240.00 | 0.30 | 72.00 | Communications with Secretary of State regarding Public Records Act request for SCSD attorneys' fees |
| 3/15/2006 | Schumacher, David | 240.00 | 0.50 | 120.00 | Draft letter to opposing counsel regarding fee petition. |
| 3/22/2006 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Emails with Ms. Porter regarding preparation of fee petition; review Ms. Caulo's letter re: refusal to settle |
| 3/28/2006 | Schumacher, David | 240.00 | 0.40 | 96.00 | Draft letter to Ms. Caulo. |
| 4/3/2006 | Schumacher, David | 240.00 | 0.40 | 96.00 | Draft letter to Ms. Caulo attaching recent Goodwin attorney fee decision. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 4/7/2006 | Schumacher, David | 240.00 | 0.80 | 192.00 | Telephone conference with Ms. Caulo regarding attorneys' fees and withheld document; draft letter regarding same; review letter from Ms. Caulo; communications with Mr. Kiley regarding Mastrorilli document. |
| 4/7/2006 | Savage, Joseph | 380.00 | 0.30 | 114.00 | Telephone conference with Mr. Schumacher regarding Ms. Caulo's response; emails regarding same; review letters from Ms. Caulo |
| 4/12/2006 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Review emails regarding SCSD staff changes |
| 4/14/2006 | Schumacher, David | 240.00 | 0.40 | 96.00 | Review Secretary's response to PRA request. |
| 4/24/2006 | Schumacher, David | 240.00 | 0.20 | 48.00 | Communications with Ms. Murphy regarding PRA; review correspondence regarding same. |
| 4/24/2006 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Emails and fax from Attorney General regarding PR request appeal. |
| 4/26/2006 | Schumacher, David | 240.00 | 2.80 | 672.00 | Research attachment; research motion for sanctions. |
| 4/29/2006 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Emails regarding recent s. 1983 verdict. |
| 5/1/2006 | Schumacher, David | 240.00 | 0.30 | 72.00 | Communications with Mr. Homsy regarding Public Records Act |
| 5/1/2006 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Emails with Mr. Schumacher regarding records act response from SCSD |
| 5/3/2006 | Schumacher, David | 240.00 | 1.50 | 360.00 | Review Suffolk County Sheriff's Department billing records for fee petition |
| 5/10/2006 | Schumacher, David | 240.00 | 0.90 | 216.00 | Draft letter to Ms. Caulo regarding settlement; review letter in response. |
| 5/11/2006 | Schumacher, David | 240.00 | 0.40 | 96.00 | Communications regarding attorney fee settlement. |
| 5/19/2006 | Schumacher, David | 240.00 | 1.00 | 240.00 | Update attorneys' fee bill. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 5/22/2006 | Schumacher, David | 240.00 | 3.40 | 816.00 | Draft substituted opposition to motion for new trial; review transcript for same; update fees bill for Ms. Caulo |
| 5/23/2006 | Schumacher, David | 240.00 | 1.60 | 384.00 | Review transcripts for motion for new trial; disseminate correspondence to Ms. Caulo regarding attorney fees. |
| 5/24/2006 | Schumacher, David | 240.00 | 1.80 | 432.00 | Review transcript for opposition to motion for new trial |
| 5/24/2006 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Court order regarding settlement issue; letter to Ms. Caulo regarding fees. |
| 5/26/2006 | Schumacher, David | 240.00 | 0.50 | 120.00 | Attend status conference |
| 5/27/2006 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Update on hearing; review fee petition; review proposal to settle; fee petition. |
| 5/30/2006 | Schumacher, David | 240.00 | 4.10 | 984.00 | Update attorneys' fee bill; draft settlement letter to Ms. Caulo; conference with Mr. Savage regarding same; research remittitur standard for motion for new trial. |
| 5/30/2006 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Conference with Mr. Schumacher regarding new trial motion; email/telephone call regarding fee petition settlement proposal. |
| 5/31/2006 | Schumacher, David | 240.00 | 1.50 | 360.00 | Attention to fee petition; update bill of costs and Mr. Berriman's fees; communications w/Mr. Savage re: Motion for a New Trial. |
| 6/1/2006 | Schumacher, David | 240.00 | 1.80 | 432.00 | Attention to fee petition; update bill and draft another settlement letter to Ms. Caulo. |
| 6/1/2006 | Savage, Joseph | 380.00 | 0.60 | 228.00 | Emails regarding Garcetti case; review same and prepare new trial motion response. |
| 6/8/2006 | Schumacher, David | 240.00 | 2.50 | 600.00 | Draft substituted opposition to motion for new trial. |

| Date | Attorney | Rates | Base Hours | Base Fees | Description |
|---|---|---|---|---|---|
| 6/9/2006 | Schumacher, David | 240.00 | 2.60 | 624.00 | Draft and file opposition to motion for new trial; review SCSD motion; attention to fee petition. |
| 6/10/2006 | Savage, Joseph | 380.00 | 0.20 | 76.00 | Review new trial motion; email Mr. Schumacher regarding same. |
| 6/12/2006 | Schumacher, David | 240.00 | 1.20 | 288.00 | Review SCSD Motion for New Trial. |
| 6/12/2006 | Savage, Joseph | 380.00 | 0.10 | 38.00 | Conference with Mr. Schumacher regarding fee petition. |
| 6/19/2006 | Schumacher, David | 240.00 | 6.20 | 1,488.00 | Draft fee petition; prepare exhibits |
| 6/20/2006 | Schumacher, David | 240.00 | 2.60 | 624.00 | Draft fee petition; settlement conferences |
| 6/22/2006 | Schumacher, David | 240.00 | 4.80 | 1,152.00 | Draft fee petition; prepare exhibits |
| | Total | | 1023.10 | 287,977.00 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# EXHIBIT B

✎AO 133    (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT

District of _____

Sheila Porter

V.

Andrea Cabral, Suffolk County et al.

## BILL OF COSTS

Case Number:  04-11935-DPW

Judgment having been entered in the above entitled action on _____ against  Andrea Cabral et al.                ,
                                                              Date
the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | 250.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 756.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 8,464.55 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 14,664.39 |
| Fees for witnesses (itemize on reverse side) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 150.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . . . . . . . | |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 20.00 |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | |
| Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| TOTAL  $ | 24,304.94 |

SPECIAL NOTE:  Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill was mailed today with postage prepaid to: _____ .

Signature of Attorney: _____

Name of Attorney: _____

For: _____    Date: _____
            Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

_____    By: _____    _____
Clerk of Court                        Deputy Clerk                        Date

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | | |
| Donna Jurdak | 1 | 50.00 | | | | | | $50.00 |
| Mary Ellen Mastrorilli | 1 | 50.00 | | | | | | $50.00 |
| Walter Prince | 1 | 50.00 | | | | | | $50.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | TOTAL | | $150.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
    "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
    "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
    "Entry of the judgment shall not be delayed for the taxing of costs."

# EXHIBIT C

### CHARGES FOR JAMES J. BERRIMAN

| <u>Date</u> | Rate | <u>Base Hours</u> | <u>Base Fees</u> | <u>Description</u> |
|---|---|---|---|---|
| 1/6/2006 | 250.00 | 1.00 | 250.00 | Attend hearing before Judge Woodlock on final pre-trial issues, including electronic evidence presentation; conference with courtroom personnel and opposing counsel to discuss electronic evidence presentation issues. |
| 1/9/2006 | 250.00 | 4.50 | 1,125.00 | Prepare equipment and materials for transport to courthouse; conferences with courtroom clerk and federal IT personnel regarding courtroom setup and final testing of same; attend first day of trial; conference with counsel for defendants regarding electronic evidence presentation; conferences with Mr. Schumacher regarding preparations for next day of trial. |
| 1/10/2006 | 250.00 | 4.50 | 1,125.00 | Present electronic evidence and demonstratives for opening statements and first witnesses. |
| 1/11/2006 | 250.00 | 4.50 | 1,125.00 | Present electronic evidence and demonstratives for direct and cross examinations of witnesses. |
| 1/12/2006 | 250.00 | 4.50 | 1,125.00 | Present electronic evidence and demonstratives for direct and cross examinations of witnesses. |
| 1/13/2006 | 250.00 | 4.50 | 1,125.00 | Present electronic evidence and demonstratives for direct and cross examinations of witnesses. |
| 1/17/2006 | 250.00 | 1.00 | 250.00 | Present electronic Cabral cross evidence and demonstratives. |
| 1/18/2006 | 250.00 | 1.50 | 375.00 | Present electronic evidence and demonstratives for closing argument. |
| **Total** | | **26.00** | **6,500.00** | |
| | | | | |

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER

        Plaintiff,

    v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, and SUFFOLK
COUNTY

        Defendants.

Civil Action No.04-11935-DPW

## DECLARATION OF JOSEPH F. SAVAGE, JR.

I, Joseph F. Savage, Jr., depose and state the following:

### INTRODUCTION/BACKGROUND

1.      I am a partner with the law firm Goodwin Procter LLP, Exchange Place, Boston,

Massachusetts, 02109, and a member in good standing of the bar of the Commonwealth of

Massachusetts and the United States District Court for the District of Massachusetts.

2.      Goodwin Procter is counsel to Plaintiff Sheila Porter ("Ms. Porter") in the above-

captioned proceeding.  I submit this Declaration as lead counsel for Ms. Porter in support of her

Motion for Attorneys' Fees ("Motion").

3.      In June, 2003, Sheila Porter contacted me to discuss her barring from the Suffolk

County House of Corrections and her termination from Correctional Medical Services, Inc.

("CMS").  At the time I was a partner at Testa Hurwitz & Thibeault, LLP ("Testa Hurwitz").  I

agreed to represent Ms. Porter and continued to represent her when I joined Goodwin Procter

LLP in 2005.

## COMPOSITION OF THE LEGAL TEAM

4.      I have been responsible for overall strategy and the lead lawyer trying the case. I have 25 years of experience in complex civil and criminal litigation, including civil rights cases.

5.      I attended Harvard College and graduated *magna cum laude* in 1978. I attended the University of Virginia School of Law where I was a member of the *Virginia Law Review* and was the Order of the Coif, graduating in 1981. After law school, I served as a law clerk for the Hon. A. David Mazzone for the U.S. District Court for the District of Massachusetts from 1981-1982.

6.      I was an associate at Hale & Dorr from 1982-1983. From 1983-1996 I worked for the U.S. Department of Justice. At the DOJ I prosecuted complex white collar criminal matters including fraud, tax, securities, health care, RICO, Health and Safety Act, money laundering and public corruption matters. I tried approximately 50 cases in U.S. District Courts in Massachusetts, New York, West Virginia and the District of Columbia and was, for a time, Senior Litigation Counsel, which recognizes trial expertise. I was a Senior Trial Counsel for the Office of Independent Counsel for the Michael Espy matter from 1996-1997.

7.      From 1996 to 2004 I was a partner at Testa, Hurwitz & Thibeault, LLP. Since 2005 I have been a partner at Goodwin Procter, LLP. My practice focuses on complex civil litigation, white collar criminal defense, and government investigations. I represent companies and individuals in civil litigation, especially complex commercial disputes. I have been active in civil rights activities, including serving as the chairman of the New England Innocence Project, former chair of the Federal Bar Association Criminal Justice Section, former co-chair of the Boston Bar Association Section on Individual Rights and Responsibilities, and a member of the Steering Committee of the Boston Bar Association Criminal Justice Section. I have been

selected for inclusion in *Boston Magazine: Top Ten Massachusetts Super Lawyers*, *Chambers USA: America's Leading Business Lawyers*, *International Who's Who of Business Crime Lawyers*, and *The Best Lawyers In America - Commercial Litigation.* I have given numerous lectures and have authored more than 50 articles. I am a member of the Board of Editors of both the *White Collar Crime Reporter* and *Business Crimes Bulletin: Compliance and Litigation.*

8.      While I do not have extensive experience trying civil rights cases, I have a wealth of trial experience and expertise in complex civil litigation that translates to the civil rights arena. I represent another plaintiff in a § 1983 case pending in the District of Massachusetts.  In addition, I drew upon Goodwin Procter's experience in this area.  Goodwin Procter has litigated a number of high-profile § 1983 cases, including the successful representation of a class of homeless children against the state of New York, *see National Law Center of Homelessness and Poverty, et al. v. State of New York, et al.*, 224 F.R.D. 314 (E.D.N.Y. 2004), and the successful representation on a mentally retarded individual who was wrongfully imprisoned by the District of Columbia. *See Heard v. District of Columbia, et al.*, No. 1:02CV00296 (CKK) (D.D.C. 2005).  The experience gained there contributed to the efficiency with which this matter has been handled.

9.      At Testa Hurwitz my billing was $475 per hour in 2003, $525 per hour in 2004 and $525 per hour in 2005.[1]

10.      I delegated to an associate responsibility for day-to-day management of the case in order to be as cost-effective as possible.  At Testa Hurwitz, that associate was Jennifer Goddard, an experienced employment lawyer.  Ms. Goddard graduated *summa cum laude* from Brandeis University in 1990.  She graduated *magna cum laude* from Boston University School of

---

[1]      The applicable billing rates at Goodwin Procter are set forth in the Declaration of Arthur W. Greenberg.

Law in 1995, where she was a member of the *Boston University Law Review*. She practiced in the employment group at Testa Hurwitz from 1995 to 2005, where she regularly advised Human Resources Directors, CEOs, CFOs and in-house counsel regarding all employment matters. Ms. Goddard, who was elected to the partnership at Testa Hurwitz in 1995, was recognized as an "up-and-coming" employment attorney in the 2004 and 2005 editions of *Chambers USA: A Guide to America's Leading Business Lawyers*. Ms. Goddard's billing rate was $370/hr.

11.    At Goodwin Procter, that associate was David S. Schumacher.[2] Mr. Schumacher also second-chaired the trial. At the height of discovery, when Mr. Schumacher was unavailable, Anita B. Bapooji briefly assumed the role of lead associate on the case. The fee petition seeks no compensation for any "transition time," duplication of effort or reduced efficiency due to Mr. Schumacher's schedule or for the transfer of this case from Testa Hurwitz to Goodwin Procter. At various points, and particularly after a trial date was selected, limited additional services were required. James R. Sweet is an associate who conducted research and drafting from time to time. Andrea N. Boivin is a paralegal at Goodwin Procter who assisted in trial preparation.

12.    The bill submitted in connection with the Motion contains time for one partner, one associate and one paralegal for any given time period or task. I am the only partner who appears on the bill. While there are four associates on the bill, time charges are only included for one associate for any given task. The vast majority of the associate time is attributed to Mr. Schumacher. A portion of Ms. Goddard's time is sought for work at Testa Hurwitz, and Ms. Bapooji and Mr. Sweet filled in limited roles as described above.

13.    Finally, at trial, James J. Berriman provided technology support to both parties.

---

[2]    The credentials of Mr. Schumacher and the other Goodwin Procter personnel who provided legal services for Ms. Porter are more fully described in the Declaration of Mark E. Tully (Ex. F).

14.     At various times, additional tasks were performed on Ms. Porter's behalf in the preparation of her case. That additional research and factual preparation, that involved associates and paralegals, is not claimed in the Motion. The work of those individuals contributed to making the time spent for which compensation is sought to be highly efficient and directly related to essential tasks surrounding the § 1983 litigation, thus making the rates requested for legal time billed here particularly reasonable.

15.     Because Ms. Porter's § 1983 claims arose directly from an employment decision, employment law specialists from Testa Hurwitz and Goodwin Procter were involved at each stage of the litigation. At Testa, I consulted with Adam Forman and John Welsh, two partners in the employment law group. Mr. Forman, who now practices at Littler Mendelson P.C., a leading employment and labor law firm, has been recognized as one of the leading employment attorneys in Massachusetts by *Chambers USA*, the *Guide to the World's Leading Labor and Employment Lawyers* and *Boston Magazine*. Mr. Welsh, who has 25 years of labor law and labor relations experience, was Chair of the Labor and Employment Practice at Testa Hurwitz and now is a name partner at Bello, Black & Walsh, a labor and employment specialty firm. At Goodwin, I often consulted with James W. Nagle, the chair of Goodwin's Labor and Employment practice. Mr. Nagle has 26 years of experience litigating complex age, sex, race and disability discrimination claims. He is a former management chair of the Labor and Employment Law Section of the Boston Bar Association and has been selected for inclusion in *Chambers USA: America's Leading Business Lawyers* and *The Best Lawyers in America*. Ms. Porter has not included any hours billed by Mr. Forman, Mr. Welsh or Mr. Nagle in her fee petition but their expert assistance contributed to the efficiency with which tasks were performed and support the expertise and billable rate for Mr. Schumacher and myself.

## OVERVIEW OF LEGAL SERVICES PROVIDED BY PLAINTIFF'S COUNSEL

16.    This case required a great deal of time and effort from plaintiff's counsel. The case involved a number of complex legal issues and protracted discovery disputes with the SCSD as well as the federal government. At the outset, however, I tried to avoid litigation altogether. Because it was apparent from the outset that Sheriff Cabral and the SCSD violated Ms. Porter's civil rights, the first thing we did was send a demand letter to Sheriff Cabral, asking her to immediately reinstate Ms. Porter. *See* Letter from Joseph F. Savage, Jr. to Andrea J. Cabral, July 14, 2003 (*see* Complaint, Ex. A). I received a one-paragraph response from SCSD counsel refusing to even address any of our demands. *See* Letter from Anne P. Powers to Savage, July 22, 2003 (*see* Complaint, Ex. B). Thus, from the outset, the SCSD dug their heels in and adopted a "take no prisoners" approach to this litigation.

17.    Once it became apparent that the SCSD would not settle, Ms. Porter did everything possible to expedite this matter. This case proceeded from complaint to trial in 16 months. While a large amount of work was performed in this compressed timeframe, Ms. Porter conducted no more discovery than was necessary to prove her case. Ms. Porter took 10 depositions during discovery. She did not move for leave to submit additional interrogatories, propounded only two requests for production of documents and one set of requests for admissions on defendants (the latter aimed at narrowing the issues for trial). Discovery was completed in five months. No expert discovery was required. The summary judgment briefing was completed on schedule, with Ms. Porter requiring only a two-week extension for her Oppositions. Ms. Porter did not file a summary judgment motion of her own. At the summary judgment motion hearing, a trial was set for 26 days later—a deadline that the parties met.

18.    Plaintiff's counsel was required to expend considerable resources during this litigation due to the SCSD's dilatory tactics. First and foremost, the reasons for Ms. Porter's barring constantly shifted throughout this case. Thus, depositions were required of key SCSD personnel to determine the various reasons provided for her barring. Worse, plaintiff's discovery efforts were misdirected, at least in the case of Mr. Theiss, where affirmatively false statements were made under oath, requiring motion practice to reopen his deposition. The SCSD also raised numerous unfounded objections to Ms. Porter's discovery requests and failed to produce all documents responsive to those requests in a timely fashion, resulting in numerous letters and phone calls to prod them into meeting their basic obligation to produce all responsive documents. These tactics have continued even after the trial ended. I recently became aware of another version of a key memorandum in this case (the Mastrorilli-Bradley memorandum, *see* Trial Exhibit 23) that the SCSD had failed to produce to this day. Despite repeated requests, the SCSD has still not explained why it did not produce all versions of this document.

19.    Ms. Porter also had to respond to a number of frivolous motions, including a Motion to Stay the entire case, a Motion to Compel testimony from Ms. Porter related to the specific communications she had with the FBI since 1999, a Motion for Summary Judgment on the § 1983 count when it was obvious that there were facts in dispute, and a Motion to Bifurcate the trial.

20.    Finally, the SCSD's failure—to this day—to engage in more serious settlement discussions with respect to liability or attorneys' fees significantly increased the costs of this litigation. Since the trial ended we have made numerous settlement overtures to defense counsel. For instance, in early February we sent defense counsel a settlement offer and attached the bill in this case. Defense counsel refused to provide us with a counteroffer, claiming the bill was not

detailed enough, even though it contained detailed entries for each time charge. We provided

defense counsel with additional information and additional versions of the bill. Nevertheless,

defense counsel did not make a counteroffer of any sort until June 20th—approximately eighteen

weeks after our initial offer and only three days before the deadline for the Motion to be filed.

We provided defense counsel with a counteroffer, but we were told that the single offer they

made was their only and final offer. We did not view the offer as acceptable so no deal was

reached.

21.     Ms. Porter's lawyers also had to spend an inordinate amount of time seeking

discovery from the FBI and the United States Attorney's Office. Ms. Porter's information

requests were limited: seeking, for instance, confirmation of her status as a FBI informant and

the reasons provided by the SCSD for Ms. Porter's barring at a meeting attended by USAO and

FBI representatives. The government resisted at every juncture, even requiring Ms. Porter to file

a separate action to obtain this information, while releasing only bits and pieces of information.

It was not until the Friday before trial that plaintiff's counsel was able to depose Gerry Leone,

who revealed that Sheriff Cabral stated during this meeting that one of the reasons for Ms.

Porter's barring was that she spoke to the FBI. This case also presented the complexity of

litigating the production of grand jury materials. Again, the plaintiff prevailed, but not without

research, briefing, argument and research.

22.     By any measure, plaintiff's counsel produced excellent results for Ms. Porter,

with a $610,000 jury verdict against Sheriff Cabral and the SCSD. Ms. Porter's § 1983 claim

was completely vindicated by the verdict. Moreover, the jury's assessment of $250,000 in

punitive damages against Sheriff Cabral exposes the egregious nature of the conduct towards Ms.

Porter.

## REASONABLENESS OF HOURS CLAIMED

23.     This matter was more difficult than the typical § 1983 case in a couple of ways. First, there was the added dimension of the involvement of the FBI and the existence of a parallel criminal investigation.  The federal government was particularly resistant to discovery requests that were reasonable and that were ultimately granted.  Second, the existence of grand jury proceedings resulted in successful litigation regarding access to grand jury information as well as having to respond to efforts by the SCSD to avoid discovery by staying the proceedings.

24.     The bill being submitted in connection with this Motion is attached as Ex. 1.  All of the entries on the bill were contemporaneously recorded.  The entries on Ex. 1 have been copied into this table from the actual bill that was generated.  The bill itself is not being submitted because I have exercised billing judgment and am only seeking fees for a fraction of the hours actually expended.  I have carefully reviewed the bill and removed time spent on unsuccessful claims, such as claims against CMS or claims for defamation and under the Whistleblower Statute—even though many of these claims are intertwined with the successful § 1983 claim against Sheriff Cabral and Sheriff's Department and are properly compensable.  This is apparent on the bill from entries where only the "§ 1983" portion of a research or drafting project is claimed.  The fee petition includes no charge for any work that would not have been undertaken if the matter was solely a single-count § 1983 claim.

25.     In addition, the hours that are claimed in the Fee Petition have largely been cut from what was actually expended on each task, in an effort to be conservative.

26.     I have only included time that was absolutely necessary to the case.  For instance, the majority of my time claimed in the petition occurred immediately before and at trial.

27.    I have eliminated duplication in the Petition. For instance, the Petition does not include time spent at internal meetings or the instances where more than one attorney attended a deposition or motion hearing where I was the primary attorney involved, unless the lawyer was actively involved or necessary at the event for a specific reason. I have included all of Mr. Schumacher's hours expended at trial, which is only reasonable given the complexities of the case and that the SCSD had two attorneys at counsel's table for the entire trial, not to mention Sheriff Cabral, an attorney herself.

28.    There are no charges for internal meetings. No charges are included for time related to the transition between Testa Hurwitz and Goodwin Procter. And I have not included charges for unsuccessful discovery efforts, even those that, if successful, would have led to information and materials to impeach SCSD witnesses at trial or otherwise would have led to relevant information.

### COSTS

29.    The Bill of Costs for this matter is attached as Ex. B. Plaintiff is not seeking costs for numerous recoverable items, such as postage, faxes, messenger service, and travel costs. The costs that are claimed are self-explanatory. The two largest items are court reporter and printing costs. The fees of the court reporter represent all fees paid to court reporters for deposition and trial transcripts. The printing costs represent both internal Goodwin Procter printing and copying costs as well as charges for the rare instances when an outside copying vendor was used. Documentation of all of these costs can be provided if necessary.

### LITIGATION TECHNOLOGY

30.    Plaintiff is requesting compensation for the services provided by Jim Berriman, a Senior Counsel at Goodwin Procter and the Executive Manager of Litigation Technology at the

firm. Mr. Berriman was the individual who prepared and presented evidence electronically at trial. Defendants agreed to use this service. Even if Ms. Porter did not prevail at trial, defendants would be required to pay for his services. Because Ms. Porter prevailed, plaintiff is requesting that all of his in-court time be compensated. We have conservatively estimated that Mr. Berriman worked 26 hours at the trial. This does not include time charges for any time spent outside of court. Plaintiff is requesting that Mr. Berriman be compensated at the rate of $250 per hour. This is substantially less than the rate that Goodwin Procter charges for Mr. Berriman's services. Moreover, we have contacted private electronic litigation support consultants, such as Trial Graphix, and we have been advised that $250 per hour is the going rate charged for electronic litigation support at trial.

Signed under the penalties of perjury this 23rd day of June, 2006.

*/s/ Joseph F. Savage, Jr.*

Joseph F. Savage, Jr.

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER

       Plaintiff,

   v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, and SUFFOLK
COUNTY

       Defendants.

Civil Action No.04-11935-DPW

## DECLARATION OF ARTHUR W. GREENBERG

I, Arthur W. Greenberg, depose and state the following:

1.     I am the Chief Operating Officer ("COO") of Goodwin Procter LLP ("Goodwin Procter"), whose main office is located at 53 State Street, Exchange Place, Boston, MA 02109. I serve on Goodwin Procter's Executive and Management Committees and I oversee the implementation and execution of firm policies and procedures. I submit this Declaration in connection with Sheila Porter's Motion for Attorneys' Fees.

2.     As COO I am involved with setting the billing rates of Goodwin Procter's attorneys and paralegals. The billing rates for the Goodwin Procter attorneys and paralegals who worked on this case in 2005 and 2006 were as follows:

       a.    *Joseph F. Savage Jr. (partner)*

           $640/hour (2/05-10/05)

           $675/hour  (10/05-present)

       b.    *David S. Schumacher (associate)*

$390/hour (1/05–10/05)

$430/hour (10/05-present)

c.    *Anita B. Bapooji (associate)*

$425/hour (1/05-10/05)

$450/hour (10/05-present)

d.    *James R. Sweet (associate)*

$310/hour (1/05-10/05)

$385 (10/05-present)

e.    *Andrea Boivin (paralegal)*

$210/hour (10/05-present)

f.    *James Berriman (Senior Counsel and Executive Manager of Litigation Technology)*

$450/hour (10/05-present)

3.    As COO, it is also part of my job to keep track of the billing rates for lawyers of comparable qualifications and experience in the Boston marketplace for legal services. To the best of my knowledge and belief, the billing rates set by Goodwin Procter in 2005 and 2006 were comparable to the rates charged by Boston law firms of similar size and reputation.

4.    The reasonableness of these rates for lawyers of comparable skill, reputation, and experience in the Boston marketplace is supported by a variety of declarations and surveys that are attached to the Motion for Attorneys' Fees

5.    For instance, according to a recent survey by the *National Law Journal*, large national firms such as Cooley Godward, Covington & Burling, Fenwick & West, Greenberg Traurig, Hogan & Hartston and White & Case charge hourly rates in excess of $700 for partners

2

and $400 for associates.  *See* Fortado, Lindsay, "Going Up Still," *National Law Journal*,

December 12, 2005, pp. S1-S8.  Goodwin's rates are also in line with what is charged at large

firms in Boston, according to the "100 Largest Law Firms in Massachusetts" survey conducted

by *Massachusetts Lawyer's Weekly*.  Even though most large firms did not respond to this

survey, it still indicates that firms such as Sullivan & Worcester, Edwards & Angell and DLA

Piper, Rudnick, Gray, Cary charge rates in excess of $600/hr for its top partners and $400 for

junior partners.  Finally, *Westlaw CourtExpress Legal Billing Reports* indicate that Goodwin

Procter's rates are similar to those charged by firms such as Wilmer Hale, Mintz Levin, Foley

Hoag, Greenberg Traurig and Goulston & Storrs.

  6. I understand that Ms. Porter is requesting that her attorneys be compensated at

hourly rates well below what is normally charged by Goodwin Procter.  Because I believe that

Goodwin Procter's standard rates are reasonable for the Boston market, I certainly believe that

the rates requested for this case are more than reasonable.


  Signed under the penalties of perjury this 23rd day of June, 2006.


         *Arthur W. Greenberg*   
         Arthur W. Greenberg

# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER

        Plaintiff,

    v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, and SUFFOLK
COUNTY

        Defendants.

Civil Action No.04-11935-DPW

## DECLARATION OF MARK E. TULLY

I, Mark E. Tully, depose and state the following:

### INTRODUCTION/BACKGROUND

1.     I am a partner with the law firm Goodwin Procter LLP and the co-chair of the firm's General Litigation Group.  I am a member in good standing of the bar of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.  I submit this Declaration for Ms. Porter in support of her Motion for Attorneys' Fees.

2.     In my position within the firm, I have familiarized myself with the education, training, experience and billing rates of the attorneys and paralegals from Goodwin Procter for whom plaintiff Sheila Porter is seeking compensation in this matter.

### *Joseph F. Savage, Jr.*

3.     Joseph Savage, who served as lead counsel in this litigation, is an excellent attorney and trial lawyer with 25 years of experience in complex civil and criminal litigation, including civil rights cases.  Mr. Savage's qualifications are set forth in his declaration.

### David S. Schumacher

4.      David S. Schumacher was the primary associate on this case. Mr. Schumacher graduated *magna cum laude* from Syracuse University in 1993. He attended the University of Virginia School of Law, graduating in 2000, where he was on the editorial board of the *Journal of Law and Politics* and was a semifinalist in the William Minor Lile Moot Court competition. Mr. Schumacher has been an associate at Goodwin Procter since 2000. At Goodwin, Mr. Schumacher has worked on a number of complex civil and criminal matters. He has been involved in three trials at Goodwin Procter, serving as second chair in a criminal trial in the District of Massachusetts. Mr. Schumacher was a Special Assistant District Attorney for Middlesex County in 2004, where he conducted 10 jury trials. He has experience in other civil rights matters, including representing a group of Latino citizens in a voting rights dispute that was referred to Goodwin Procter by the Lawyer's Committee for Civil Rights.

### Anita B. Bapooji

5.      Anita B. Bapooji also worked on this case. Ms. Bapooji received her B.A. from Queens University in 1994 and her J.D. from the University of Toronto Law School in 1997. Ms. Bapooji joined Testa Hurwitz in 1997 and Goodwin Procter in 2005, where she concentrates on general corporate and commercial litigation. She co-chaired the Business Litigation Section of the Boston Bar Association from 2003-2005 and was selected as a "Massachusetts Rising Star" by *Boston Magazine* in 2005.

### James R. Sweet

6.      James R. Sweet conducted research and drafting at various points during the case. Mr. Sweet graduated *magna cum laude* from Georgetown University in 1997. He attended the Stanford University Law School, graduating in 2000, where he was the Executive Editor of the

*Stanford Law Review* and was awarded the Order of the Coif.   Mr. Sweet was a law clerk for the Honorable Nina Gershon for the U.S. District Court for the Eastern District of New York and Jane Roth for the Third Circuit Court of Appeals.  At Goodwin Procter, Mr. Sweet has been involved in a number of complex civil litigation matters.

### Andrea N. Boivin

7.    Andrea N. Boivin is a paralegal at Goodwin Procter who assisted in trial preparation.  Ms. Boivin graduated from the University of New Hampshire in 1987 and received her J.D. from the New England School of Law in 1990.  From 1997 through 2005 Ms. Boivin was a Senior Litigation Paralegal at Testa, Hurwitz.  Since 2005 she has been a Senior Litigation Paralegal and Goodwin Procter.  She has responsible for the case management of complex cases such as securities class actions, SEC investigations and general commercial and patent litigations.  Her duties include assisting in all phases of deposition and trial preparation, management of document productions and electronic databases, and the editing and cite-checking of briefs.  In the Porter case, Ms. Boivin was responsible for managing all exhibits, documents, depositions, and electronic databases for trial preparation and use at trial.

### James J. Berriman

8.    At trial, James J. Berriman provided technology support to both parties.   Mr. Berriman is a senior counsel in the firm's Litigation Department and Executive Manager of its litigation technology resources.  Mr. Berriman received his B.A. from the State University of New York, Potsdam College, in 1980 and his JD from the Boston University Law School in 1990, where he was Articles Editor for the *Boston University Law Review*.  He has practiced at Goodwin Procter since 1990.  He currently supervises the Department's use of litigation support software, hardware, databases and imaging.

3

Signed under the penalties of perjury this 23rd day of June, 2006.


*Mark E. Tully*

Mark E. Tully

# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER

       Plaintiff,

   v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, and SUFFOLK
COUNTY

       Defendants.

Civil Action No.04-11935-DPW

## AFFIDAVIT OF SCOTT P. LEWIS

I, Scott P. Lewis, state as follows under the pains and penalties of perjury:

1.     I am a partner in the law firm of Edwards Angell Palmer & Dodge LLP, 111 Huntington Avenue, Boston, Massachusetts, where I have specialized in complex commercial, regulatory and civil rights litigation for more than 31 years. I have been a member of the bar of the Commonwealth of Massachusetts since 1974, when I graduated from Harvard Law School. I am also admitted to practice in this Court, the United States Courts of Appeals for the First, Ninth and District of Columbia Circuits and the Supreme Court of the United States.

2.     I currently serve as the Chair of the Board of the Lawyers' Committee for Civil Rights and, since 1977, have often prosecuted cases for the Lawyers' Committee as co-counsel with its staff lawyers, including a variety of different cases in this Court. *See, e.g., Alston* v. *Hall*, Civil Action No. 77-3519-G; *Alshrafi* v. *American Airlines, Inc.*, 321 F.Supp.2d. 150 (D. Mass. 2004).

3.    During the past twenty-five years, I served for many terms as a member of the Executive Committee of Palmer & Dodge. Our Executive Committee fixes the standard hourly rates we charge for all the lawyers who work at the firm. From time to time, we gather information about comparable rates in the legal market here in Boston and elsewhere.

4.    I understand that plaintiff's counsel in this matter is seeking an award of attorneys' fees for representing the prevailing party in this case. I am familiar with this case and with Joseph F. Savage, Jr., lead counsel for the plaintiff. Mr. Savage has an established reputation as an outstanding trial lawyer.

5.    It is my understanding that the plaintiff is requesting an hourly rate of $380 per hour for Mr. Savage's services. I understand (and would expect) that this rate is well below the customary hourly rate charged by Goodwin Procter for Mr. Savage's time for his work on cases for the firm's regular clients. Based upon my personal knowledge of Mr. Savage's experience and reputation, and my knowledge of the marketplace, I believe that the hourly rate of $380 being sought for his services in this case is well below prevailing market rates in this community for lawyers of his skill and experience. Private law firms in Boston, including Edwards Angell Palmer & Dodge, would ordinarily charge their clients much higher hourly rates for lawyers of comparable experience working on sophisticated litigation in this Court. Similarly, I believe that plaintiff's proposed hourly rates of $240 for associates and $120 for paralegals are reasonable for this case.

Signed under the pains and penalties of perjury this 23rd day of June, 2006.

Scott P. Lewis

# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER

        Plaintiff,

   v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, and SUFFOLK
COUNTY

        Defendants.

Civil Action No.04-11935-DPW

## DECLARATION OF HARVEY A. SCHWARTZ

I, Harvey A. Schwartz, depose and state the following:

1.     I am an attorney and partner in the law firm of Rodgers, Powers &

Schwartz with offices at 18 Tremont Street, Boston, Massachusetts.

2.     My practice is concentrated in the fields of civil rights and employment

discrimination litigation in the state and federal courts. I am familiar with the usual

hourly rates charged by attorneys in such cases, both from my own experience and the

experiences of the attorneys in my firm, who do similar work, and also from my

experience in reviewing bills submitted by opposing counsel to their governmental clients

in many of the cases I have litigated.

3.     I believe I am one of the more experienced civil rights attorneys in

Massachusetts. My experience and credentials are as follows. In May 2002, I was

awarded the Luther Knight McNair Award by the American Civil Liberties Union of

Massachusetts in recognition of my contribution to civil rights. In 2003, I was selected by

Chamber's "America's Leading Business Lawyers, 2003-2004" as one of Massachusetts' leading plaintiff's employment lawyers. In November 2004, I was selected by Massachusetts "Superlawyers" magazine as one of the state's leading civil rights attorneys. I was chosen as one of ten Lawyers of the Year by Massachusetts Lawyers Weekly in 1995. I have been cooperating counsel for the Civil Liberties Union of Massachusetts in a large number of civil rights cases since 1978, primarily involving First Amendment issues. I was a member of the Board of Directors of the Civil Liberties Union of Massachusetts and am a member of that organization's case screening committee. I have argued civil rights cases before the United States Supreme Court, the First Circuit Court of Appeals, the Supreme Judicial Court and the Massachusetts Appeals Court. In December 1997, I argued a First Amendment case, *Bogan v. Scott-Harris*, in the United States Supreme Court. I have been lead counsel in four petitions for certiorari in civil rights cases to the United States Supreme Court. I was admitted to the Massachusetts bar in 1978.

4.    My present hourly rate for civil rights litigation is $350 per hour. That is the rate at which I charge clients in cases in which I am paid at an hourly rate.

5.    That is also the rate at which I have been awarded legal fees in civil rights cases in which I have prevailed in recent years. For example, I was awarded legal fees at $350 per hour by Judge Keeton in *Change the Climate v. MBTA*, C.A. No. 00-10973-REK, in June 2005. Almost three years ago, in May 2002, I was awarded legal fees at the rate of $330 per hour by Judge Young in a civil rights case, *Paul Lopes v. Town of Mattapoisett*, C.A. No. 00-CV-11970-WGY.

6.    I do not know Attorney Savage personally. I have reviewed his experience, however, and I am familiar with his reputation as an outstanding attorney. It is my opinion that the prevailing hourly rate for an attorney of his experience and reputation in Boston well exceeds $380. I am familiar with the *Porter v. Cabral* case and I understand that it involved a number of aspects that made it more complex than the average civil rights case. I believe that $380 per hour is more than reasonable for Mr. Savage given his experience and reputation and the complexities of this case. I also believe that $240 per hour for an associate and $110 per hour for a paralegal are appropriate rates for this case.

7.    I understand that plaintiff is requesting compensation for approximately 1,000 hours of attorneys' fees in this case. It is my opinion that this is a very reasonable amount of time to spend on this case, considering that it was hard-fought, proceeded to trial, involved multiple parties, and also included extensive motion practice with the federal government.

Signed under the penalties of perjury this 23rd day of June, 2006.

/s/ Harvey A. Schwartz
HARVEY A. SCHWARTZ
BBO. # 448080
Rodgers, Powers & Schwartz
18 Tremont Street
Boston, MA 02108
(617) 742-7010

# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER

        Plaintiff,

   v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, and SUFFOLK
COUNTY

        Defendants.

Civil Action No.04-11935-DPW

## DECLARATION OF HOWARD FRIEDMAN

I, Howard Friedman, make the following declaration under the pains and penalties of
perjury:

1.      I am a member of the Bar of the Supreme Court of the United States, the Supreme
Judicial Court of Massachusetts, the U.S. Court of Appeals for the First Circuit, and the U.S.
District Court for the District of Massachusetts. I graduated from Northeastern University
School of Law and began practicing law in 1977. I have practiced law in Massachusetts
continuously since then.

2.      I have been engaged in the private practice of law since October, 1981. My
private practice emphasizes civil rights litigation. I have lectured on the subject of police civil
liability for Massachusetts Continuing Legal Education, Inc. (MCLE), Massachusetts Academy
of Trial Attorneys (MATA), the Massachusetts Bar Association (MBA), FBI National Academy,
New England Associates, Suffolk Law School Center for Advanced Legal Studies, National
Police Accountability Project (NPAP), Association of Trial Lawyers of America (ATLA) and
several law schools. I am familiar with state and federal civil rights litigation.

3.      I am a member of the Massachusetts Bar Association, Individual Rights and
Responsibilities Section. I served as the as the chair of the Police Misconduct Committee of that

section for five years.  I am currently the President of the National Police Accountability Project of the National Lawyers Guild. I served as a member of the Massachusetts Attorney General's Civil Rights Task Force and on the Police Committee of that Task Force from 1992 until 1998.  I served as the Chair of the Civil Rights Section of ATLA, 1996-1997.  I am often consulted by other attorneys for assistance on issues in civil rights litigation.

4.      I have written and lectured on the subject attorneys' fees in civil rights case.  I have also represented other attorneys in presenting attorneys' fees petitions. In 2004 I represented the Lawyers' Committee for Civil Rights of the Boston Bar Association in a civil rights attorney's fees matter.  I have advised other attorneys on this subject. In January, 2005 I participated in a panel discussion on attorney's fees in civil rights cases at a seminar in Seattle, Washington.

5.      In my opinion, the fair market value of legal services in federal civil rights litigation is best measured by the rates charged for complex litigation by large Boston law firms because this is a complex area of law and vindicating a federal civil rights violation serves the public interest by holding government officials accountable to follow the law. My opinion of the rates requested in this case is supported by published reports of hourly rates charged by Boston law firms. On May 1, 2006, Massachusetts Lawyers Weekly released its annual survey of the 100 largest law firms in Massachusetts.  The survey reported the following range of hourly billing rates for partners and associates at Boston law firms:[1]

| FIRM NAME | PARTNERS' RATES | JR. PARTNERS'/ ASSOCIATES' RATES | PARALEGAL'S RATES |
|---|---|---|---|
| Edwards Angell Palmer & Dodge | $375-$650 | $150-$480 | $100-$175 |
| Foley Hoag LLP | $365-$640 | $220-$445 | $100-$205 |
| Holland & Knight | $325-$550 | $205-$550 | $125-$225 |
| Sullivan & Worcester | $400-$650 | $220-$450 | $145-$230 |

[1] The firms are listed in order of size. Most of the largest firms and many other firms chose not to report hourly billing rates.

| FIRM NAME | PARTNERS' RATES | JR. PARTNERS'/ ASSOCIATES' RATES | PARALEGAL'S RATES |
|---|---|---|---|
| Burns & Levinson | $325-$450 | $185-$330 | $100-$250 |
| Hinckley, Allen & Snyder | $240-$550 | $180-$290 | $100-$225 |
| Robinson & Cole | $310-$490 | $200-$350 | $120-$160 |
| Price, Lobel, Glovsky & Tye | $325-$425 | $185-$300 | $85-$145 |
| DLA Piper, Rudnick, Gray, Cary | $460-$660 | $255-$475 | $135-$245 |
| Murtha Cullina | $220-$455 | $140-$230 | $80-$195 |
| Lawson & Weitzen | $225-$350 | $125-$225 | $50-$100 |
| Lahive & Cockfield | $425-$550 | $250-$375 | $180 |
| Melick, Porter & Shea | $125-$250 | $115-$200 | $50-$75 |
| Bernkopf Goodman | $300-$485 | $190-$285 | $140-$145 |
| Marcus Errico Emmer & Brooks | $290-$360 | $300 | $115 |
| Eckert Seamans Cherin & Mellott | $185-$460 | $185-$460 | $105-$145 |
| Keegan Werlin | $300-$475 | $150-$300 | $80-$120 |
| Barron & Stadfeld | $250-$350 | $160-$230 | $75-$120 |
| Cain Hibbard Myers & Cook | $220-$335 | $150-$200 | $80-$150 |
| Cushing & Dolan | $295 | $225 | |
| Donovan & O'Connor | $140-$210 | $140-$210 | $55-$65 |
| Lowrie, Lando & Anastasi | $335-$440 | $175-$345 | $125-$155 |

6.     I became acquainted with Joseph F. Savage, Jr. through his work for the New

England Innocence Project. I am familiar with his reputation. Mr. Savage has a reputation as an

attorney of the highest caliber. He has been practicing law for twenty-five years. He has

extensive trial experience and expertise in complex federal litigation, particularly in the area of

white-collar crime. In my opinion, the rate requested for his work, $380 per hour, is reasonable.

I understand that this is much lower than the rate his firm normally charges private clients for his

services. I believe this rate is appropriate for this case, particularly considering Mr. Savage's

outstanding credentials. I also believe that $240 per hour for associates and $110 per hour for a

paralegal are appropriate rates for this matter.

7.     I understand that plaintiff is requesting compensation for approximately 1,000 hours in this matter. In my opinion this is a reasonable amount of time in light of the issues raised in this case. I understand that Mr. Savage exercised billing judgment and reduced the amount of time billed eliminating from the bill more than half of the time that he and the associates actually spent on the case. In a case like this it was appropriate to bill for a partner and associate attorney along with paralegal support. I understand that counsel have not billed for more than two attorneys for a task even though frequently more than two attorneys participated. It was certainly reasonable for plaintiff's counsel to have two attorneys at the deposition of Sheriff Cabral because it was the critical deposition. I would expect any firm handling this case to have a senior attorney and an associate participate in the trial. The Suffolk County defendants apparently agreed since they also had two attorneys at trial.

8.     I am familiar with the facts and procedural history of the Sheila Porter matter. I am aware of the complexities concerning this litigation, particularly the difficulty in obtaining information and grand jury testimony from the federal government. I also know that the defendants tenaciously defended the case requiring plaintiff's lawyers to spend more time on the case. I believe that these factors further justify the plaintiff's Motion for Attorneys' Fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 22, 2006

*Howard Friedman*
Howard Friedman

4