UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER, )<br>    Plaintiff )<br>          v. )<br>ANDREA CABRAL, SUFFOLK )<br>COUNTY SHERIFF'S DEPARTMENT, )<br>SUFFOLK COUNTY, and )<br>    Defendants ) | Civil Action No. 04-11935-DPW |

## AFFIDAVIT OF ELLEN CAULO

I, Ellen M. Caulo, being duly sworn, do hereby depose and state:

1. I am Deputy General Counsel for the Suffolk County Sheriff's Department.

2. I am the attorney of record in the matter of Sheila Porter v. Cabral, et al, C.A. No. 04-11935-DPW currently pending in the Federal District Court.

3. I am an attorney in good standing in the Commonwealth of Massachusetts and the District of Massachusetts.

4. I attended all of the depositions taken by the Plaintiff and the Defendants in this matter.

5. On May 6, 2005 (Cabral Deposition, Vol. 1, pgs. 1-201) and June 24, 2005 (Cabral Deposition, Vol. II., pgs. 1- 194) the Plaintiff took the deposition of Sheriff Cabral. Over the course of two days, Sheriff Cabral was deposed for approximately 8 hours.

6. Pages 128 –153 and 167 – 169 of the deposition of Sheriff Cabral on May 6, 2005 concern the press statement issued by the SCSD regarding the Plaintiff and statements made by Sheriff Cabral during a televised debate in September 2004. The press statement and the statements made during the televised debate were the basis for the Plaintiff's defamation claim.

7. Pages 103-126 of the deposition of Sheriff Cabral on June 24, 2005 concerned the Code of Silence and the Stern Commission. The Court excluded any evidence pertaining to those topics at trial. Pages 140 - 173 of the deposition on June 24, 2005 focused on statements made by Sheriff Cabral during the televised debate in September 2004 and the Boston Globe magazine article published in October 2004. These statements formed the basis of the Plaintiff's defamation claim.

8. On May 11, 2005 the Plaintiff deposed Elizabeth Keeley. The deposition commenced at 10:08 a.m. and concluded at 3:29 p.m. The transcript of Ms. Keeley's deposition comprises 202 pages.

9. On pages 150 – 162 of the deposition transcript, Ms. Keeley was questioned about the revisions to Policy S220. At trial the Court ruled that any evidence of revisions to S220 was inadmissible as a subsequent remedial measure. On pages 176 – 193 of the deposition transcript, Ms. Keeley was questioned about statements contained in the Press Statement of August 2004, the Boston Globe Magazine article dated October 2004 and the televised debate in September 2004. These statements formed the basis of the Plaintiff's defamation claim.

10. On May 13, 2005 the Plaintiff deposed Gerard Horgan. The deposition commenced at 10:05 a.m. and concluded at 1:24 p.m. The transcript of Mr. Horgan's deposition comprises 172 pages.

11. On pages 111 – 125 of the deposition transcript, Mr. Horgan was questioned regarding revisions to Policy S220, evidence of which the Court ruled inadmissible at trial. On pages 140 – 154 and 156 – 161 Mr. Horgan was questioned about the contractual and employment relationship between the SCSD and CMS. The Plaintiff's unsuccessful claims for Breach of Contract and Violation of the Whistleblower statute were premised on the theory that she was an employee of the SCSD. Finally, on pages 163 – 167, Mr. Horgan was questioned about statements that formed the basis for the Plaintiff's defamation claim.

12. On June 28, 2005 the Plaintiff deposed Steven Tompkins. The deposition commenced at 10:00 a.m. and concluded at 11:30 a.m. The deposition transcript comprises 75 pages.

13. On pages 29 – 37 of the transcript Mr. Tompkins was questioned about the Press Statement issued in August 2004. On pages 38 – 39 Mr. Tompkins was questioned about the media reports concerning the Press Statement. On pages 40 – 55, 57 – 58, and 70 – 72, Mr. Tompkins was questioned about statements made in the televised debate and statements that appeared in the Boston Globe magazine. All of this information formed the basis of the Plaintiff's unsuccessful defamation claim.

14. The Plaintiff was deposed over the course of two days, May 18, 2005 and May 26, 2005, for approximately 11 hours. The transcripts of the Plaintiff's deposition testimony comprises 462 pages.

15. On pages 16 – 44, 58 – 81 of the transcript the Plaintiff was questioned regarding her employment relationship with the SCSD and CMS. On pages 283 – 312, 316 – 333 of the transcript, the Plaintiff was questioned regarding the interview by SID on May 28, 2003 that formed the basis for her unsuccessful claim under the MCRA. On pages 364 –

402 of the transcript, the Plaintiff was questioned regarding the basis for her unsuccessful claim of defamation.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

<u>/s/ Ellen M. Caulo</u>
Ellen M. Caulo

Dated: July 21, 2006