# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    SUPERIOR COURT
                                                CIVIL ACTION
                                                NO: 04-0497

### L'MAR LAY

vs.

### MOTTI ELECTRIC COMPANY, INC.

### MEMORANDUM AND ORDER ON PLAINTIFF'S PETITION FOR AWARD OF ATTORNEYS' FEES AND COSTS

This is an action for damages for racial discrimination in employment brought under G. L. c. 151B. After a five day trial with several hours of deliberation, the jury returned a verdict for the plaintiff on two of the three claims of discrimination. The jury awarded damages against the defendant for race discrimination based on a hostile work environment and failure to investigate and remedy the discrimination. However, as to the claim of retaliation, the jury found for the defendant. The plaintiff was awarded damages consisting of back pay, front pay, emotional distress damages and punitive damages in the total amount of $87,439.00. Now before the court the plaintiff's petition for an award of attorneys' fees and costs.

In arriving at an attorneys' fee award, the court is required to use the "lodestar" method of fee calculation. See, e. g., Hensley v. Eckerhart, 461 U. S. 424 (1983). That is, the court multiplies the number of hours reasonably spent on the case times a reasonable hourly rate. In making the award in this case, the court reviewed the affidavits and submissions of plaintiff's attorneys, as well as the opposition papers of the defendant. After careful consideration of these submissions, the court has made an independent assessment of the reasonableness of time spent in light of "the nature of the case and the issues presented, the time and labor required, the

amount of damages involved, the result obtained, experience, reputation and ability of the attorneys, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." Fontaine v. Ebtec Corp. 415 Mass. 309, 325 (1993), quoting Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979).

While the issues of law were not novel, this case was thoroughly prepared and ably tried. A review of the time records provided by plaintiff's counsel indicates that the majority of time spent was in preparation for trial, rather than the less rigorous work of discovery and motion practice. Even though three attorneys participated in the trial of this matter, the total hours billed were reasonable and efficient. Counsel for the plaintiff did not bill for certain hours that would have been duplicative of time spent by co-counsel. Counsel also reduced their billable hours significantly in the areas of travel time and in-court time.

There is no question that lead counsel, Attorney Wendy Kaplan, can command an hourly rate of $350. She is a seasoned practitioner whose expertise in the employment discrimination is widely known. Attorney Anne Glennon who acted as second chair to Attorney Kaplan billed at an hourly rate of $225. Although she is a relatively new attorney, she worked for Attorney Kaplan for more than 15 years before becoming a member of the bar. Having observed her superb trial performance and being aware that the hourly rate at Boston firms for attorneys of her experience and level of skill can range between $200 and $250, the court finds that her hourly rate of $225 is reasonable. Attorney Jeremy Cattani has been a member of the bar for nine years. His hourly rate of $250 clearly is not unreasonable as attorneys of this skill and experience can command much higher rates. The billing rate of $100 per hour for the paralegals employed by Attorney Kaplan is fair and reasonable as well.

2

The defendant contends that the court must reduce the amount of attorneys' fees awarded to the plaintiff based on the adverse verdict obtained on the retaliation claim. As the jury received three claims for consideration and found for the plaintiff only as to two, the defendant urges the court to reduce the award of attorneys' fees by one-third. Although the retaliation claim is recognized in the law as a separate cause of action, the question for the court is whether the legal work needed to prosecute this claim was so separate and distinct that it would be unfair to the defendant to require that he pay those legal bills as well.

The claim that the defendant retaliated against the plaintiff because of his complaints of discrimination had two components. One involved the disciplinary action taken against the plaintiff following his complaints. The other component was the defendant's opposition to the plaintiff's claim for unemployment benefits. The evidence relating to the warnings and threats of termination was inextricably bound to the evidence concerning the acts of discrimination. Thus, this aspect of the plaintiff's retaliation claim was based on a common core of factual investigation, such that no reduction for the expense of litigating this issue is necessary. School Committee of Norton v. MCAD, 63 Mass. App. Ct. 839, 854 (2005), citing Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 338 (1st Cir. 1997). On the other hand, the issue of retaliation as it related to the plaintiff's claim for unemployment benefits is to some extent separable. The events that transpired before the Department of Employment and Training, through limited in time and scope, were discrete. Thus, the court reduces the requested attorneys' fees by 5%.

Therefore, based on the foregoing analysis, the court finds and rules that the plaintiff is entitled to an award of reasonable attorneys' fees in the amount of $140,032.37 and costs of

3

$3,570.10.

    So ordered.

                                          Barbara A. Dortch-Okara
                                          Justice of the Superior Court

DATED: December 13, 2005

                                          A TRUE COPY
                                Attest: _____
                                      Deputy Assistant Clerk   12/15/05