UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>      Plaintiff,<br><br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and SUFFOLK COUNTY<br><br>      Defendants. | Civil Action No.04-11935-DPW |

**PLAINTIFF SHEILA PORTER'S MOTION TO
APPLY INTEREST TO ATTORNEYS' FEE AWARD**

Pursuant to 28 U.S.C. § 1961(a) and 42 U.S.C. § 1988, Plaintiff Sheila Porter ("Ms. Porter" or "plaintiff") respectfully submits this Motion requesting that, upon determining the appropriate amount of attorneys' fees in this matter, the Court order that interest be applied to the award at the rate authorized by 28 U.S.C. § 1961(a). In support of this Motion, Ms. Porter states as follows:

1.      On January 19, 2006, the jury in this matter returned a verdict in Ms. Porter's favor against Sheriff Andrea Cabral and the Suffolk County Sheriff's Department ("SCSD") in the amount of $610,000.

2.      On January 23, 2006, the Court entered a Judgment in this action against Ms. Cabral and the SCSD, jointly and severally, for compensatory damages in the amount of $360,000, not including post-judgment interest, attorneys' fees and costs, and judgment against Ms. Cabral for punitive damages in the amount of $250,000, not including post-judgment interest, attorneys' fees and costs.

3. On February 2, 2006, Ms. Cabral and Suffolk County filed a Motion for a New Trial. The parties are awaiting a decision on this motion.

4. On June 23, 2006, Ms. Porter filed a Motion for Attorneys' Fees. Ms. Porter is currently seeking an award of $287,305 in attorneys' fees and $22,838.50 in costs. *See* Plaintiff Sheila Porter's Reply Brief in Further Support of Her Motion for Attorneys' Fees (Docket No. 248).[1] While interest should be applied to a fee award as a matter of course, as described below, Ms. Porter did not explicitly request that interest be applied in her fee petition.

5. 28 USC § 1961(a) provides as follows:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

6. It is well-recognized that an award of attorneys' fees is a "money judgment" for the purposes of § 1961(a). *See Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 300 (awarding interest on attorneys' fees pursuant to 28 U.S.C. § 1961(a)); *Lipsett v. Blanco*, 975 F.2d 934, 944 (1st Cir. 1992) (same); *Jenkins v. Missouri*, 931 F.2d 1273, 1275 (8th Cir. 1991) ("The phrase 'any money judgment' in section 1961(a) is construed as including a judgment awarding attorneys' fees."). Indeed, the First Circuit has held that an award of interest on a fee award is "obligatory." *Foley v. City of Lowell*, 948 F.2d 10, 22 (1st Cir. 1991); *see id.* at 21 ("if an attorneys' fee award is incorporated in a final judgment, as here, interest will thereafter accrue on the amount of the award."). Courts have recognized that allowing interest on attorneys' fee awards is necessary to ensure the effective enforcement of federal civil rights statutes. *See, e.g.*,

---

[1] Ms. Porter has incurred additional fees related to the hearing on the Motion for New Trial and Motion for Attorneys' Fees, the Reply Brief in support of the Motion for Attorneys' Fees and the preparation of the instant Motion. Ms. Porter will be submitting a brief supplemental fee request in connection with these fees.

2

*Preston v. Thompson*, 565 F.Supp. 293 (N.D. Ill. 1983). Consistent with these authorities, interest should be applied on any fee award in this case.

    7.    Interest on an award of attorneys' fees runs from the date of the final determination of fees. *See Foley* at 22; *see also Change the Climate, Inc. v. MBTA*, 2005 WL 3735100, *8 (D. Mass. June 8, 2005).[2]

    8.    The rate of interest to be applied is the weekly average of the one-year constant maturity Treasury yield published by the Board of Governors of the Federal Reserve System. *See* 28 U.S.C. § 1961(a); *see also Gay Officers Action League*, 247 F.3d at 300.[3]

## CONCLUSION

WHEREFORE Ms. Porter respectfully requests that this Court ALLOW the instant Motion and, upon determining the appropriate amount of attorneys' fees in this matter, apply interest on the award at the rate authorized by 28 U.S.C. § 1961(a), running from the date of the award.

    Respectfully submitted,

    SHEILA PORTER

    By her attorneys,

    */s/ Joseph F. Savage, Jr.*
    Joseph F. Savage Jr. (BBO # 443030)
    David S. Schumacher (BBO # 647917)
    GOODWIN PROCTER LLP
    Exchange Place
    Boston, MA 02109
    (617) 570-1000

Dated: August 31, 2006

---

[2] There is authority for the proposition that the fee award should run from the date of the underlying judgment on the merits. *See, e.g., Parker v. Town of Swansea*, 310 F. Supp.2d 376 (D. Mass. 2004). This appears to be a minority view, however, *see Change the Climate, Inc.*, 2005 WL 3735100 at *8; thus, Ms. Porter is not requesting that interest run from the date of judgment in the underlying matter.

[3] Available at http://www.federalreserve.gov/RELEASES/h15/data/Weekly_Friday_/H15_TCMNOM_Y1.txt. The rate for the week ending August 25, 2006 was 5.07%.

## RULE 7.1 CERTIFICATION

Counsel for Ms. Porter certifies that it has conferred with counsel for the defendants, and has attempted in good faith to resolve or narrow the issue addressed herein, and that no agreement was reached.

*/s/ Joseph F. Savage, Jr.*
*Joseph F. Savage, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically via the electronic filing system on counsel for all parties on this 31st day of August, 2006.

*/s/Joseph F. Savage, Jr.*
Joseph F. Savage, Jr.

LIBA/1726622.1