UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and SUFFOLK COUNTY<br><br>　　　　Defendants. | Civil Action No.04-11935-DPW |

**PLAINTIFF SHEILA PORTER'S SUPPLEMENTAL
MOTION FOR ATTORNEYS' FEES**

　　　　Pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2), Plaintiff Sheila Porter ("Ms. Porter" or "plaintiff") respectfully submits this Supplemental Motion for Attorneys' Fees. Recent authority in this Court and in the Superior Court of Massachusetts indicates that Ms. Porter unduly discounted the hourly rate at which her attorneys should be compensated. As such, Ms. Porter' requests that any attorneys' fee award in this matter be increased by 5%. In support of this Motion, Ms. Porter states as follows:

　　　　1.　　On January 19, 2006, the jury in this matter returned a verdict in Ms. Porter's favor against Sheriff Andrea Cabral and the Suffolk County Sheriff's Department ("SCSD") in the amount of $610,000.

　　　　2.　　On February 2, 2006, Defendants filed a Motion for New Trial and a Motion to Alter Judgment or Remittitur. On February 16, 2006, Ms. Porter filed an Opposition to these motions. On June 9, 2006, the parties filed substituted motions, per the Court's request.

3.  On June 23, 2006, Ms. Porter filed a Motion for Attorneys' Fees ("Motion"). *See* Docket No. 245. On July 21, 2006, Defendants filed their Opposition. *See* Docket No. 247. On August 7, 2006, Ms. Porter filed a Reply Brief ("Reply") in which certain minor adjustments were made to the total fee request. *See* Docket No. 250. Ms. Porter sought $287,305 in attorneys' fees, $22,838.50 in costs and $6,500 for electronic litigation support services. *Id.*[1]

4.  On August 17, 2006, the Court held a hearing on Defendants' Motion for a New Trial and Ms. Porter's Motion for Attorneys' Fees. These motions are pending before the Court.

5.  In two recent decisions, this Court the Superior Court have awarded attorneys' fees in civil rights cases at hourly rates exceeding those for which Ms. Porter requested her attorneys be compensated.

6.  Most recently, on January 26, 2007, this Court issued an Order on Petition for Attorneys' Fees and Costs in *Sarsfield v. Marlborough*, No. 03-10319 (Zobel, J.) (attached hereto as Exhibit A). In *Sarsfield*, plaintiff was awarded more than $13 million in connection with a civil action against the City of Marlborough and certain of its police officers after being wrongfully convicted of rape and serving nearly ten years in prison. Plaintiff filed a petition for attorneys' fees pursuant to 42 U.S.C. § 1988, requesting that his attorneys be compensated at hourly rates of $450 and $250 per hour, respectively. The Court awarded the plaintiff $283,907.50 in fees at the hourly rates requested by plaintiff.[2]

7.  In addition, on November 20, 2006, the Massachusetts Superior Court issued an attorneys' fee award in *Pellegrino v. National Ass'n of Gov't Employees*, No. 03-00438

---

[1] Ms. Porter also filed a Motion to Apply Interest to Attorneys' Fee Award, pursuant to 28 U.S.C. § 1961(a). *See* Docket No. 249. Defendants did not file an opposition to this Motion.

[2] The lead attorney in the *Sarsfield* case is Barry Scheck, co-director of The Innocence Project at the Benjamin N. Cardozo School of Law. It should be noted that lead counsel for Ms. Porter, Joseph F. Savage, Jr., is the chairman of the New England Innocence Project. *See* Declaration of Joseph F. Savage, Jr., ¶ 7, attached as Exhibit D to Memorandum in Support of Motion for Attorneys' Fees (Docket No. 246).

(Norfolk) (attached hereto as Exhibit B).  *Pellegrino* was an employment discrimination action in which the plaintiff obtained a jury award of $630,000, including $500,000 for punitive damages. In awarding the plaintiff $110,697 in attorneys' fees, the Superior Court compensated the lead attorney on the case—a partner at Rogers, Powers and Schwartz, LLP—at the rate of $400 per hour.  *See Pellegrino*, p. 2.

8.    These new decisions are instructive for the Court's consideration of Ms. Porter's Motion.[3] Ms. Porter has requested that lead attorney Savage be compensated at an hourly rate of $380 per hour and that junior attorneys and the paralegal on this matter be compensated at the rates of $240 and $110, respectively.  These rates are well below the market rates for these attorneys but were in line with what other courts in this District have awarded in recent years, adjusted for inflation.  *See Bogan v. City of Boston*, No. 02-105220MBB, 2006 WL 1283569, *5 (D. Mass. May 11, 2006) ($300 for lead counsel <u>who did not even attend trial</u> and $200 for the associate who spent the most time on the case); *Change the Climate, Inc. v. MBTA, et al.*, C.A. No. 00-10973-REK (June 8, 2005) (Keeton, J.) (awarding fees at the rate of $350 per hour to lead counsel and $225 for an associate); *Laplante v. Pepe*, 307 F. Supp. 2d 219 (D. Mass. 2004) (Gertner, J.) ($300); *Guckenberger v. Boston Univ.*, 8 F. Supp. 2d 91, 105 (D. Mass. 1998) (Saris, J.) ($325/hr); *Morgan v. Gittens*, 915 F. Supp. 457 (D. Mass. 1996) (Garrity, J.) ($300/hr). *See also* Declaration of Wendy A. Kaplan, attached as Exhibit 1 to Plaintiff's Reply Brief in Further Support of Her Motion for Attorneys' Fees (Docket No. 250) (describing recent fee awards in discrimination cases of $350 for herself and $250 for associates).

---

[3]    *See Martino v. Massachusetts Bay Transp. Authority*, 230 F.Supp.2d 195, 201 (D. Mass. 2002) ("[b]ecause State and Federal antidiscrimination laws prohibit similar conduct, attorney's fees available in both fora should, for the most part, be calculated in a similar manner.... [a] fair market rate for time reasonably spent preparing and litigating a case is the basic measure of a reasonable attorney's fee under State law as well as Federal law.") (quoting *Fontaine v. Ebtec Corp.*, 415 Mass. 309, 325-26, 613 N.E.2d 881 (1993)).

9. The *Sarsfield* and *Pellegrino* decisions illustrate that the rates requested in the Motion are out of line with those awarded in recent civil rights cases. It follows that a modest adjustment of 5% to the attorneys' fees portion of the bill is in order—an adjustment that would still compensate Ms. Porter's lead attorney at a rate below what was awarded in the *Sarsfield* and *Pellegrino* cases. A 5% adjustment to Ms. Porter's previous attorney fee request of $287,305 results in an increase of $14,365.25 to the request, for a total attorneys' fee award of $301,670.25. Ms. Porter continues to request $22,838.50 in costs and $6,500 for electronic litigation support services. *See* Motion, Reply.

WHEREFORE Ms. Porter requests that her Supplemental Motion for Attorneys' Fees be allowed and that the Court order Defendants to pay Ms. Porter $301,670.25 in attorneys' fees, $22,838.50 in costs and $6,500 for electronic litigation support services.

Respectfully submitted,

SHEILA PORTER

By her attorneys,

*/s/ Joseph F. Savage, Jr.*
Joseph F. Savage Jr. (BBO # 443030)
David S. Schumacher (BBO # 647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

Dated: February 12, 2007

**CERTIFICATION UNDER LOCAL RULE 7.1**

I hereby certify that counsel for Ms. Porter has conferred with counsel for the defendants, and has attempted in good faith to resolve or narrow the issue addressed herein, and that no agreement was reached.
Dated: February 12, 2007                              */s/ Joseph F. Savage, Jr.*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served electronically via the electronic filing system on counsel for all parties on this 12th day of February, 2007.

                                                */s/ David S. Schumacher*
                                                David S. Schumacher

LIBA/1758599.1