UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-10319-RWZ

ERIC SARSFIELD

v.

CITY OF MARLBOROUGH, et al.

## ORDER ON PETITION FOR ATTORNEYS' FEES AND COSTS

January 26, 2007

ZOBEL, D.J.

Plaintiff had been unjustly convicted of rape and served nearly ten years in prison before being exonerated and released. He sued the City of Marlborough and several of its police officers for violations of his constitutional rights. The City ultimately agreed to the entry of a judgment of liability together with the payment of a sum certain and the assignment of its rights against third parties. After an evidentiary hearing the court assessed damages in the amount of $13,655,940. Plaintiff now petitions for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 which provides that in a civil rights action like this one "the court, in its discretion, may allow the prevailing party... a reasonable attorney's fee as part of the costs." The petition is unopposed.

First, plaintiff is unquestionably the prevailing party. He succeeded in all aspects of his claim except for the collection of all of the damages awarded.

Second, this case was litigated energetically. Plaintiff necessarily conducted broad discovery; he took and defended numerous depositions. He also had to discover

much of the evidence from the Massachusetts State Police, which vigorously opposed many of plaintiff's requests. The issues raised were not trivial and were well and extensively briefed. Many hours were spent in settlement negotiations and efforts to ascertain the availability of and reach insurance. Finally, plaintiff prepared for and conducted the damages trial. I find the claimed hours to be reasonable.

Third, the requested hourly rates are reasonable under the circumstances of this case. Plaintiff seeks $450 per hour for Barry Scheck and $250 per hour for Deborah Cornwall, the prevailing rates for lawyers with their experience and expertise in New York, the place of their practice. Mr. Scheck is the co-director of the Innocence Project at the Benjamin N. Cardozo School of Law. He has pioneered the use of DNA analysis to right wrongful convictions, he has lectured and written about eyewitness misidentification and has gained a national reputation in this area of law. Ms. Cornwall, although less experienced in years at the bar, has concentrated almost entirely on wrongful convictions cases all around the country with notable success. Although Boston boasts a significant number of excellent civil rights lawyers, at the time this case began, the choice of Mr. Scheck and his partner was fully justified and eminently reasonable. Finally, I note the contingent nature of any fee in this field. Ultimate success is dictated by many factors unrelated to the merits of the case and counsel take the risk of nonpayment.

Based on the affidavits of counsel and the considerations outlined above plaintiff is awarded $283,907.50 in fees.

Plaintiff also claims reimbursement of costs in the total amount of $92,457.48.

He includes travel, investigation and expert fees, deposition expenses, and mailing costs. Plaintiff claims under 42 U.S.C. § 1988, but the costs allowable under that section are only those delineated in 28 U.S.C. § 1920. Specifically, plaintiff is not entitled to recover costs of experts and deposition costs except for depositions of witnesses who testified at trial. Plaintiff's compilation of costs is unclear as to which items are recoverable and which are not. Accordingly, he shall file a revised schedule of costs that encompasses only those allowed by 28 U.S.C. § 1920.


|  January 26, 2007  |  /s/Rya W. Zobel  |
|---|---|
|  DATE  |  RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE  |