UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER, )<br>　Plaintiff )<br> )<br>　v. )<br> )<br>ANDREA CABRAL, SUFFOLK )<br>COUNTY SHERIFF'S DEPARTMENT, )<br>SUFFOLK COUNTY, and )<br>　Defendants )<br> ) | Civil Action No. 04-11935-DPW |

**DEFENDANTS ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT AND SUFFOLK COUNTY'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES**

Now come the Defendants Andrea J. Cabral, Suffolk County Sheriff's Department and Suffolk County and respectfully submit this Opposition to the Plaintiff's Supplemental Motion for Attorneys' Fees. On July 21, 2006 the Defendants filed a lengthy Memorandum in Opposition to the Plaintiff's initial Motion for Attorneys' Fees. *See* Docket No. 247. In that Opposition, Defendants contended that the hourly rates requested for lead attorney, Mr. Savage, and associates, Mr. Schumacher et al., $380 and $240 respectively, were grossly excessive and not consistent with the "prevailing hourly rate in Boston for attorneys of comparable skill, experience and reputation." Mogilevsky v. Bally Total Fitness Corporation, 311 F.Supp. 2d 212, 216 (D.Mass 2004). The new cases cited by Plaintiff in her Supplemental Motion should not persuade the Court to conclude otherwise and certainly do not support the Plaintiff's new contention that she "unduly discounted the hourly rate at which her attorneys should be compensated." In further support of its Opposition the Defendants state as follows:

1

1. In <u>Sarsfield v. Marlborough, No. 03-10319</u>, (Zobel, J.) the Court awarded hourly rates of $450 and $250 for lead counsel (Barry Scheck) and associate (Deborah Cornwall) respectively, because those were the prevailing rates for lawyers with their experience and expertise in **New York**, the place of their practice. In awarding rates that were clearly higher than those prevailing in Massachusetts, the Court noted the depth and breadth of experience and national reputation of the attorneys in the specific area of the litigation: wrongful convictions. The Court concluded that the rates were **reasonable** under the circumstances of that case. Such circumstances do not exist in the instant litigation. Notably, Attorney Savage does not have the comparable depth and breadth of experience and national reputation in civil rights litigation that Attorney Scheck has in DNA analysis, eyewitness identifications and wrongful convictions[1]. The <u>Sarsfield</u> decision is not instructive and should play no part this Court's consideration of the Plaintiff's request for attorneys' fees.

2. In <u>Pellegrino v. National Ass'n of Gov't Employees</u>, No. 03-00438 (Brady, J.), Massachusetts Superior Court Judge Brady concluded that $400 per hour was a reasonable rate for the lead attorney (Kevin G. Powers, Esq.) who had 28 years of experience in employment law and a was a partner in his firm, which specialized in plaintiff-side employment law.[2] In rendering his decision, Judge Brady noted, "it is difficult to compare fees charged or awarded by or to different attorneys from different

---

[1] Indeed, it would appear from the brief description of Attorney Cornwall's successful national practice in the area of wrongful convictions, that she has considerably more experience in her relevant practice area than Attorney Savage has in civil rights litigation. However, the initial hourly rate of $380 requested by Attorney Savage is more than 50% higher than the $250 per hour that Judge Zobel found reasonable for Attorney Cornwall.

[2] The Plaintiff has also requested that Attorney Schumacher, who has been practicing law since 2000 with no demonstrated experience in civil rights litigation, be compensated at the rate of $240 per hour. That rate is 20% higher than Judge Brady considered reasonable in <u>Pellegrino</u> (an employment discrimination case) for an associate who had practiced in the employment law field since 1992.

2

law firms in different cases." *See* Pellegrino, p. 2, fn. 1.  He concluded that the $400 hourly rate was **reasonable** under the circumstances given the fact that the award was consistent with a recent award of fees by the SJC to Attorney Powers and, rates charged by other **experienced, well known, employment lawyers.**  Such circumstances do not exist in the instant litigation.  Neither Attorney Savage nor Attorney Schumacher has the level of experience or reputation in the area of  civil rights litigation that the attorneys in Pellegrino had in the area of employment law.  Accordingly, the Defendants suggest that the Pellegrino decision is not instructive for this Court's consideration of the Plaintiff's request for attorneys' fees.

      WHEREFORE Defendants respectfully request that the Court deny the Plaintiff's Supplemental Motion for Attorneys' Fees, and for all the reasons stated in its initial Opposition to the Plaintiff's Motion for Attorneys' Fees, *see* Docket No. 247, exercise its discretion and award only those fees and costs reasonably expended on the litigation and consistent with the prevailing rates in Boston for civil rights litigation.

                                                  Respectfully submitted,
                                                  For the Defendants,

                                                  /s/ Ellen M. Caulo
                                                  Ellen M. Caulo BBO #545250
                                                  Deputy General Counsel
                                                  Suffolk County Sheriff's Department
                                                  200 Nashua Street
                                                  Boston, MA 02114
                                                  (617) 961-6681

Date: February 13, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically via the electronic filing system on counsel for all parties on the 13th day of February, 2007.

/s/ Ellen M. Caulo
Ellen M. Caulo