UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA PORTER<br><br>       Plaintiff,<br><br>  v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and SUFFOLK COUNTY<br><br>       Defendant. | Civil Action No.04-11935-DPW |

## MEMORANDUM IN SUPPORT
## OF JOINT MOTION FOR RELIEF FROM JUDGMENT

The parties to the above-captioned action[1] have tentatively agreed to settle this action. This settlement, however, is conditioned on the parties seeking and obtaining relief from the Judgment entered in the above case on January 23, 2006 against Sheriff Cabral.[2] To satisfy this condition, the parties jointly move this Court, pursuant to Fed. R. Civ. P. 60(b), and the rule established by the United States Court of Appeals for the First Circuit ("First Circuit"), *see Commonwealth of Puerto Rico v. The S.S. Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979), to issue a "brief memorandum" stating its inclination to grant the requested vacatur, as more fully described below. If this Court issues the prescribed "brief memorandum," the parties will immediately move the First Circuit to remand this case to this Court. After remand, and the re-establishment of jurisdiction in this Court, the parties will formally move this Court to complete

---

[1] On September 17, 2007, the plaintiff passed away. On October 25, 2007, the personal representative of Ms. Porter's estate, John Porter, Sr., filed a suggestion of death and a motion for substitution of a party pursuant to Federal Rule of Appellate Procedure 43.

the prescribed procedure by issuing an order vacating the Judgment.[3]  *See Freedom Wireless, Inc. v. Boston Comm. Group, Inc.*, No. CV-00-12234, 2006 WL 4451477, *2 (D. Mass. October 11, 2006) (Harrington, J.) (issuing brief memorandum stating that Court was inclined to grant the motion; case was remanded and judgment was vacated).

## BACKGROUND

Plaintiff Sheila Porter brought suit under 42 U.S.C. § 1983 against defendants Sheriff Andrea Cabral, the Suffolk County Sheriff's Department, and Suffolk County claiming that she was barred from the Suffolk County House of Correction ("HOC") for communicating allegations of inmate abuse to the FBI.  Defendants claimed that Ms. Porter was barred, not for talking to the FBI, but for failing to provide a written report concerning the inmate's allegations in a timely fashion as directed and for failing to document the inmate's medical records properly. On January 19, 2006, after a seven-day trial, a jury found in favor of Ms. Porter, awarding her $360,000 in compensatory damages (joint and several liability among Suffolk County and Sheriff Cabral) and $250,000 in punitive damages (against Sheriff Cabral only).  On March 23, 2007, defendants filed a Notice of Appeal.  That appeal currently is pending before the First Circuit.

Since the appeal has been pending the parties have engaged in settlement negotiations, including participation in a court-ordered settlement conference before Judge Lynch.  The parties have now reached a tentative settlement.  That settlement, however, is expressly conditioned on this Court granting relief vacating the Judgment as to Sheriff Cabral.

---

[2] The parties do not seek to disturb the judgment against Suffolk County.

[3] The parties will request that the order of vacatur be effective on the date that plaintiff receives payment from defendant, as contemplated in the settlement agreement executed by the parties.

**ARGUMENT**

I.  **PRESCRIBED PROCEDURE TO OBTAIN DISTRICT COURT RELIEF PURSUANT TO RULE 60(B) DURING APPEAL.**

Rule 60(b) is the proper vehicle to seek vacatur of a judgment on the ground that the case has been settled. *See U.S. Bancorp. v. Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994) ("a court of appeals presented with a request for vacatur of a district court judgment [on the basis of settlement] may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b)."); *Novell, Inc. v. Network Trade Ctr., Inc.*, 187 F.R.D. 657, 660 (D. Ut. 1999). The First Circuit has fashioned a procedure for filing Rule 60(b) motions directly with a district court without seeking prior leave from an appellate court. *See Commonwealth of Puerto Rico v. The S.S. Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979). Pursuant to this prescribed procedure, this Court should review the instant Motion "expeditiously, within a few days of [its] filing," and determine whether it is inclined to grant the Motion. *Id.* If so inclined, the Court should issue a "brief memorandum so indicating." *Id.*[4] This Court's indication of its intention to order vacatur and to consummate the parties' settlement will enable the parties to seek an order from the Court of Appeals remanding the action to this Court. After remand, jurisdiction will be re-established in this Court to order the vacatur. *Id.* ("Armed with this [brief memorandum], movant may then request [appellate court] to remand the action so that the district court can vacate judgment and proceed with the action accordingly.")

---

[4] If a district court is unable to act on such a motion "within a few days of its filing because it requires further argument, briefing, or the like, it should issue a brief memorandum to this effect." *Id.* In such a situation, the district court's "memorandum should indicate that the motion is non-frivolous and not capable of being fairly decided solely on the basis of the court's initial screening and that the court will require a specified number of more days to complete its review and issue an order." *Id.* at 42 n.3.

## II. RELIEF UNDER RULE 60(b) IS WARRANTED HERE.

Federal Rule of Civil Procedure 60(b) authorizes district courts, upon motion, to relieve a party from an order or judgment if "(5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Rule 60(b) motions based on settlement while an appeal is pending should be granted where vacatur would serve the public interest. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 26 1994).[5] Although the "mere fact that the settlement agreement provides for vacatur" does not suffice, the appellate court's "determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of [vacatur]." *Id.* at 29. District courts have broad discretion to determine when such exceptional circumstances exist. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 891 (1st Cir. 1997) (citation omitted). Indeed, as discussed below, appellate courts, including the First Circuit, have interpreted and applied the *U.S. Bancorp* holding and have upheld district court orders vacating judgments in connection with settlements in circumstances similar to those presented by the instant Motion. *See Motta v. District Dir. of INS*, 61 F.3d 117, 118-119 (1st Cir. 1995) (*per curiam*); *Wal-Mart Storages, Inc. v. Rodriguez*, 322 F.3d 747, 750 (1st Cir. 2003); *Major League Baseball Properties, Inc. v. Pacific Trading Cards*, Inc., 150 F.3d 149, 151 (2d Cir. 1998).

In the present case, there are "exceptional circumstances" warranting vacatur under Rule 60(b). First, unlike in *Bancorp*, the defendants did not relinquish their right to vacatur. *See Motta*, 61 F.3d at 118. Rather, as in *Motta*, the defendants "at all time sought to pursue [their]

---

[5] *U.S. Bancorp* involved the standard an *Appellate Court* should apply when the parties seek vacatur in the *Appeals Court*. *See id.* Even if the same standard applies in the District Court, as discussed above, the parties satisfy this standard.

appeal; [they have] agreed to consider settlement only at the suggestion of [the Appeals] Court . . . ." *Motta*, 61 F.3d at 118; *see also Major League Baseball Properties, Inc.*, 150 F.3d at 152. As a result, "the same equitable calculus underlying *Bancorp* is not present. Nor, given [the] Court's involvement and initiative in the proceedings, does vacatur in this case implicate the concerns expressed by the *Bancorp* Court about giving parties undue control over judicial precedents." *Motta*, 61 F.3d at 118.

Second, as in *Motta*, the defendants are "repeat player[s]." *Motta*, 61 F.3d at 118; *see also Rodriguez*, 322 F.3d at 750; *Major League Baseball Properties, Inc.*, 150 F.3d at 152; *Novell, Inc.*, 187 F.R.D. at 664. Since the defendants are state actors, it is virtually certain that the defendants will face repeated Section 1983 suits. *See, e.g., Baron v. Suffolk Co. Sheriff's Dept.*, 402 F.3d 225 (1st Cir. 2005); *Inmates of Suffolk Co. Jail v. Kearney*, 928 F.2d 33 (1st Cir. 1991). "[A]s a repeat player before the courts, [each defendant] is *primarily* concerned with the precedential effect of the decision below. If that decision stands, all possibility of a settlement is eliminated." *Motta*, 61 F.3d at 118 (emphasis in original). Moreover, a judgment against an individual and an award of significant punitive damages may have a chilling effect on an elected official's execution of the duties and responsibilities incumbent in their office.

Further, as in *Motta*, the settlement is a "win for both sides." 61 F.3d at 118. The "government saves the costs and risk of litigation," while Ms. Porter's estate acquires "absolute certainty" about recovering. *Id.*[6] It also is a "win" for the courts. Settlement of this case will

---

[6] In this connection, it should be noted that Ms. Porter, who had a personal interest in vindicating her constitutional rights, has, unfortunately, passed away. While her estate still has a financial interest in the outcome of the case, and a right to the recovery, the element of personal vindication of constitutional rights is no longer present. Rather, the estate has a financial interest in resolving this matter expeditiously. *See Major League Baseball Properties, Inc.*, 150 F.3d at 152 (holding that party's financial interest in an expedited decision favors vacatur). Thus, "[u]nlike *Bancorp*, . . . the victor in the district court wanted a settlement as much as, or more than, the loser did." *Id.*; *see also Novell, Inc.*, 187 F.R.D. at 664 (the "appellee initiated settlement to avoid the financial burden and risks of appeal").

5

conserve this Court's and the parties' time, money and other resources – all in furtherance of the public interest. In so doing, settlement will further the public interest of encouraging settlement of private disputes and of fostering judicial economy.[7] *See Freedom Wireless, Inc. v. Boston Comm. Group, Inc.*, No. CV-00-12234, 2006 WL 4451477, *2 (D. Mass. October 11, 2006) (Harrington, J.); *cf. Clever Devices, Ltd. v. Digital Recorders, Inc.*, 2004 U.S. Dist. LEXIS 10494, *12 n.3 (N.D. Tex. June 3, 2004) (noting that "if the further pendency of the case in the district court would expend a massive quantity of resources, the Court's interest in conserving its own judicial resources and the parties' interest in conserving their resources could constitute 'exceptional circumstances'").

Finally, while *U.S. Bancorp* was concerned with the social value of preserving precedent, *see U.S. Bancorp*, 513 U.S. at 26, the social value of the precedent in this present case is minimal. The Judgment did not resolve any novel issues of law. On the contrary, this case ultimately turned on the fact-intensive inquiry into the reason Sheriff Cabral barred Ms. Porter— for speaking to the FBI or for failing to document medical records properly and comply with Department policies. Given the case-specific nature of this inquiry, its precedential value was minimal. *See C&H Sugar Co., Inc. v. Solstice Indus., Inc.*, No. 05-CV-74265, 2007 WL 2870991, *1 (E.D. Mich. Sept. 27, 2007) (holding that the social value of precedent was minimal where a order being vacated was an unpublished decision based on state law).

In sum, there are "exceptional circumstances" present here, and the equities strongly favor granting vacatur to accomplish the parties' settlement.

---

[7] Settlement of this case also will facilitate the resolution of a related matter, *Cabral v. DOJ*, No. 07-1633, which is currently pending in the First Circuit. Once the instant case is settled, the issues raised in *Cabral v. DOJ* will be moot. *See Freedom Wireless, Inc.*, 2006 WL 4451477 at *2 (holding that the fact that a settlement will conserve judicial resources by resolve more than one action constitutes exceptional circumstances favoring vacatur).

**CONCLUSION**

For all the foregoing reasons, the parties jointly move this Court to issue a "brief memorandum" indicating that it is inclined to vacate the Judgment, as requested by the parties.

Respectfully submitted,

SHEILA PORTER,

By her attorneys,

*/s/ David S. Schumacher*
Joseph F. Savage Jr. (BBO #443030)
David S. Schumacher (BBO #647917)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

Dated: November 9, 2007

ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, and SUFFOLK COUNTY,

By their attorneys,

*/s/ Ellen M. Caulo*
Ellen M. Caulo (BBO #545250)
Deputy General Counsel
SUFFOLK COUNTY SHERIFF'S DEPARTMENT
200 Nashua St.
Boston, MA 02114
(617) 961-6681

Dated: November 9, 2007

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 9, 2007.

                                                      */s/ David S. Schumacher*
                                                      David S. Schumacher