UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHEILA PORTER,<br>        Plaintiff<br>v.<br><br>ANDREA CABRAL, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, SUFFOLK COUNTY, and CORRECTIONAL MEDICAL SERVICES, INC.,<br>        Defendants | Civil Action No. 04-11935-DPW |

## AFFIDAVIT OF ATTORNEY WALTER B. PRINCE

I, Walter B. Prince, depose and state the following:

1. I am an attorney admitted to practice in Massachusetts.

2. I represented the Suffolk County Sheriff's Department (the "Department") in connection with a criminal investigation conducted by the U.S. Attorney's Office concerning the barring of Sheila Porter.

3. At the end of 2005, I spoke with Peter Gelzinis about my experiences representing the Department with respect to that investigation. Mr. Gelzinis subsequently described our conversation in an article published on December 2, 2005 under the title, "Plenty Behind U. S. Attorney's Battle vs. Sheriff." He wrote:

> "For two years, I believe (the federal government) tried to leverage (Sheriff Cabral) in a way they never would've dared to do with any other sheriff. And it was done under threat of indictment to suit their own agenda," Prince said.
>
> That "agenda" according to Prince, was to have Cabral step back and allow the FBI to cultivate an informant network in her jail.
>
> "There is simply no way on God's green earth that we could surrender control of the jail to the FBI," Prince said. "What they were looking to do, essentially, was run the jail. That's what this case is really all about in my opinion."

4. When I discussed with Mr. Gelzinis what motive federal prosecutors could have for pursuing a two-year criminal investigation against and seeking to indict Sheriff Cabral — a career law enforcement official with a stellar reputation for integrity – I was describing my own personal opinion, not speaking on behalf of Sheriff Cabral or the Suffolk County Sheriff's Department. I made clear to Mr. Gelzinis during our conversation that the view of the federal investigation and its consequences for the Department that I was describing was my own. Mr. Gelzinis recognized that fact in his article by repeatedly attributing to me phrases like "in my opinion" and "I believe."

5. I did not reach the conclusion that the U.S. Attorney's Office was pursuing an agenda designed to allow the FBI to, in effect, wrest control of the jail away from Sheriff Cabral until after federal prosecutors had spent an unwarranted amount of time and effort investigating the barring of Sheila Porter and seeking to indict Sheriff Cabral.

6. I was not involved in the decision to bar Sheila Porter.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 5 DAY OF JANUARY, 2006.

_____
Walter B. Prince