FILED
Clerk's Office
USDC, Mass.
Date 1-17-06
By mR
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA PORTER

       Plaintiff,

v.

ANDREA CABRAL, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, and SUFFOLK
COUNTY

       Defendants.

Civil Action No. 04-11935-DPW

## PLAINTIFF SHEILA PORTER'S MOTION TO IN LIMINE TO PERMIT CROSS-EXAMINATION OF SHERIFF CABRAL REGARDING A STATEMENT MADE WITH HER KNOWLEDGE TO THE U.S. ATTORNEY

Plaintiff Sheila Porter hereby moves for permission to cross-examine Sheriff Cabral about the statement that she reviewed, and that was sent on her behalf, to the U.S. Attorney, that Policy S-220's confidential communication provision was not in compliance with the law. *See* Exh. A. If allowed, the inquiry essentially will be: "Sheriff Cabral, at some point after your conversation with federal law enforcement on June 16th, did you acknowledge to the U.S. Attorney that the confidential communications clause of Policy S-220 was not in compliance with the law?" If the answer by the Sheriff is "yes," the examination would move on to the next topic; if the answer is "no," the relevant clause in the letter would be read (if the Sheriff were to try to claim that she never saw that, then her deposition testimony to the contrary would be read). The examination would then move on to the next topic and would not touch upon either subsequent remedial measures or that there was a grand jury or other investigation.

As this case has evolved, a crucial factual dispute is whether Sheriff Cabral told the United States Attorney's Office and the FBI at a June 16, 2003 meeting that one of the reasons

for the barring was Ms. Porter's communication to the FBI. Defense counsel indicated in opening that there would be issues of memory in the case with regard to the reasons for Ms. Porter's barring. Now, on direct examination, Sheriff Cabral has affirmatively testified that Ms. Porter's communications with an outside agency played no part in her decision to bar. Thus, Ms. Porter expects that Sheriff Cabral will deny making the statement that Gerard Leone attributed to her at the June 16, 2003 meeting that disclosure of confidential communications to an outside agency were a reason for the barring.

Having Sheriff Cabral acknowledge to the jury that she stated, or was aware that it was stated on her behalf, that Policy S-220 was not in compliance with the law goes to prove that one reason offered to the U.S. Attorney on June 16, 2003 for the barring was, in fact, speaking to an outside agency in violation of S-220. In other words, if S-220's confidential communication provision was not acknowledged by the Sheriff to have played a role in her decision to bar Ms. Porter, there would be no reason for the Sheriff to be acknowledging the flaws in the policy or even discussing the policy with AUSA Huggard. If Sheriff Cabral's present position were the truth, the U.S. Attorney would have been told that this portion of S-220 has nothing to do with this decision, that the Department has never and will never apply that policy in an unlawful manner, and that whatever problem there may be with the decision to bar, it is unrelated to the confidential communications provision of S-220. Thus, the letter on behalf of Sheriff Cabral stating that S-220 was not in compliance with the law goes to both Sheriff Cabral's state of mind, because it demonstrates that S-220's confidential communication provision was acknowledged to be a motivating factor in her decision to bar Ms. Porter, and to what was discussed at the June 16th meeting. This, of course, is highly probative both as to credibility of Sheriff Cabral's

present position and to the true reason for the barring because it is so clearly contrary to the defendant's expected testimony.

Moreover, to the extent that defendants dispute there was a municipal policy that was responsible Ms. Porter's barring, the statements made on behalf of Sheriff Cabral demonstrate that S-220's confidential communication provision was the (illegal) policy that played a role in Ms. Porter's barring.

There are no hearsay issues as the statement was both made within the scope of Sheriff Cabral's counsel's agency, *see* Fed. R. Evid. 801(d)(2)(D), and because Sheriff Cabral testified that she was personally aware of the statements made on her behalf in the various letters to the U.S. Attorney. *See* Deposition of Andrea Cabral, sworn to on June 24, 2005, 55:13-14 (Exh. B).

The statements made on behalf of Sheriff Cabral do not constitute inadmissible subsequent remedial measures under Fed. R. Evid. 407. Pursuant to this Court's earlier ruling, plaintiff's counsel will not inquire about whether policy S-220 was changed. Rather, the sole question will be whether Sheriff Cabral ever conceded the position that S-220 was not in compliance with the federal law preventing retaliation against those who speak to law enforcement.

Moreover, the rationale for a Rule 403 exclusion may be strong when the theory of the case potentially was that Ms. Porter was barred for talking to the FBI, but that reason was outweighed by independent reasons, thus invoking the protection of *Mt. Healthy* and *Pickering*. Now that the case is only about whether a barring consistent with the confidential communications provision of S-220 was the reason, the Sheriff's decision to deny that communications with an outside agency played any role in the barring makes her concession about the noncompliance of S-220 necessary for an accurate portrayal of the Sheriff's conduct.

While potentially prejudicial in the way that all probative evidence can be, it is surely not unfairly so given the trial strategy adopted and testimony being delivered. Finally, since the inquiry will take less than 30 seconds, there is no undue waste of resources or other Rule 403 reason to prohibit the questioning.

## CONCLUSION

WHEREFORE: Plaintiff's counsel should be permitted to inquire of Sheriff Cabral's acquiescence in the position that Policy S-220 was not incompliance with the law.

> Respectfully submitted,
>
> SHEILA PORTER
>
> By her attorneys,
>
> /s/ Joseph F. Savage, Jr.
> Joseph F. Savage Jr. (BBO # 443030)
> David S. Schumacher (BBO # 647917)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA 02109
> (617) 570-1000

Dated: January 16, 2006

LIBA/1666865.2