

FILED
Clerk's Office
USDC Mass.
Date 1-17-06
By  mR
Deputy Clerk.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA J. PORTER,<br>*Plaintiff*<br><br>v.<br><br>ANDREA J. CABRAL; SUFFOLK COUNTY SHERIFF'S DEPARTMENT; and<br>SUFFOLK COUNTY,<br>*Defendant* | **DOCKET NO.**<br>**04-11935-DPW** |

### DEFENDANTS' PROPOSED ADDITIONAL JURY INSTRUCTIONS

Defendants hereby submit the following proposed revisions to the proposed jury instructions that were filed on or about January 2, 2006:

**Proposed Jury Instruction No. 2 (in lieu of the Instruction No. 2 previously submitted)**

With respect to the first element of the plaintiff's free speech claim, I have ruled that the plaintiff's reporting of possible inmate abuse to the FBI was a matter of public concern, and, therefore, is protected speech. I am instructing you that the first element is satisfied.

The second element of the plaintiff's free speech claim is that the protected speech was a substantial or motivating factor in the decision to bar the plaintiff. Plaintiff's speech was a substantial or motivating factor in her barring if it played a substantial motivating role in the decision to bar her.

If the plaintiff proves by a preponderance of the evidence that the defendants retaliated against her solely because of her exercise of her free speech rights, you must

find that her protected speech was a substantial or motivating factor in the decision to bar her.

On the other hand, you may find that the defendants barred plaintiff for several different reasons. If so, then you must determine whether plaintiff's protected speech was a substantial or motivating factor in the decision to bar her.

If you find that the plaintiff's protected speech was not a substantial or motivating factor in the decision to bar her, then you must find in favor of the defendants.

If, on the other hand, you find that plaintiff's protected speech was a substantial or motivating factor in the defendants' decision to bar her, you must consider whether the defendant has presented an adequate defense to the plaintiff's case.

The defendant presents an adequate defense to the plaintiff's case if the defendant can show, by a preponderance of the evidence, that she would have reached the same decision to bar the plaintiff even in the absence of the plaintiff's protected speech. In other words, the defendant must show by a preponderance of the evidence that she would have made the same decision without considering the plaintiff's protected speech.

If the defendant shows by a preponderance of the evidence that she would have reached the same decision without considering the plaintiff's protected speech, then you must find in favor of the defendant.

It is important for you to realize that the defendant has not presented an adequate defense if she shows merely that she had other, valid reasons for barring the plaintiff from the Suffolk County House of Correction. It is a defense only if the defendant would have acted on those other reasons in the absence of the plaintiff's protected speech. Therefore, if the defendant offers other, valid reasons for barring the plaintiff, the

defendant must further show that she would have acted on those reasons. Otherwise, she has not presented an adequate defense.

Sanchez-Lopez v. Fuentes-Pujols, 375 F.3d 121, 137, fn 8 (1st Cir. 2004) (citing 5 L. Sand et al., Modern Federal Jury Instructions 87-284 (Matthew Bender 2000)).

**Proposed Jury Instruction No. 4**

This instruction is withdrawn by the defendants.

**Proposed Jury Instruction No. 5**

Delete first sentence in proposed instruction of January 2, 2006, and replace with:

"When assessing the claims and defenses presented in this action, you should focus on the motivation of the employer, and not its business judgment." [Defendants propose keeping the remainder of this January 2, 2006 Instruction).

**Proposed Jury Instructions No. 11 – 14.**

Defendants withdraw Proposed Jury Instructions No. 11-14 as submitted on January 2, 2006.

**Proposed New Instruction No. 11**

In considering the motivation of Sheriff Cabral to bar Mrs. Porter from the House of Correction, I instruct you that statements by nondecisionmakers and statements by decisionmakers unrelated to the decisional process itself are normally insufficient to prove an employer's improper motivation.

Shorette v. Rite Aid of Maine, Inc., 155 F.3d 8, 13 (1st Cir. 1998); Marcano-Rivera v. Pueblo Intern., Inc., 232 F.3d 245, 253 (1st Cir. 2000).

**Proposed New Instruction No. 12**

The Defendant does not have to prove that she would have discovered the acts or omissions of the plaintiff had she not engaged in protected activity. Keeping in mind the instructions I have already provided you on the motivation for the decision to bar the plaintiff from the House of Correction, it is permissible for the Defendant to take action against the plaintiff for protected disclosures, the content of which led to the discovery of plaintiff's own misconduct, which formed the basis for her barring.

Watson v. Department of Justice, 64 F.3d 1524 (Fed.Cir. 1995)

                                                  Respectfully submitted
                                                  Andrea Cabral, Suffolk County Sheriff's
                                                  Department and Suffolk County,
                                                  By their attorney,

Date: January 16, 2006                    /s/ James M. Davin
                                                  Ellen M. Caulo, BBO# 545250
                                                  James M. Davin, BBO # 566973
                                                  Suffolk County Sheriff's Department
                                                  200 Nashua Street
                                                  Boston, MA 02114
                                                  (617) 961-6681